IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA


UNITED STATES OF AMERICA,          No. 4:02-992-17
    Plaintiff,

vs.

CHADRICK E. FULKS,
    Defendant.


**MOTION FOR APPOINTMENT OF COUNSEL TO PURSUE
POST-CONVICTION REMEDIES, AND
MEMORANDUM OF LAW IN SUPPORT**


The defendant, Chadrick E. Fulks, through undersigned counsel, moves this Court to appoint counsel to represent him in pursuit of any and all post-conviction remedies in the above-styled cause pursuant to 18 U.S.C. § 3599(a)(2). Specifically, Mr. Fulks asks for an order appointing Amy J. Longo, Esq., and Amy J. Laurendeau, Esq., of O'Melveny & Myers, LLP in Newport Beach, California, and Susan K. Marcus, Esq. of New York, New York. In support of same, Mr. Fulks provides the following:

1.      On December 20, 2004, after conviction in this Court of carjacking resulting in death, in violation of 18 U.S.C. § 2119(3) (Count One), and kidnapping resulting in death 18 U.S.C. § 1201(a)(1) and (2) (Count Two), Mr. Fulks was sentenced to death pursuant to 18 U.S.C. § 3591, *et seq.* On direct appeal, the United States Court of Appeals for the Fourth Circuit denied relief on seven claims and affirmed the death sentence. *See United States v. Fulks*, 454 F.3d 410 (4th Cir. 2006). On June 25, 2007, the United States Supreme Court denied his petition for a writ of *certiorari*. *See Fulks v. United States*, No. 06-9232, ___ U.S. ___, 2007 U.S. LEXIS 8369 (June 25, 2007).

2.     Mr. Fulks wishes to pursue every avenue of post-conviction relief, including a petition pursuant to 28 U.S.C. § 2255 and a petition for executive clemency.  In order to do this, Mr. Fulks will need the assistance of competent counsel.  As the Supreme Court already has denied *certiorari* in this case, Mr. Fulks respectfully asks that this Court appoint counsel at the earliest opportunity.  Mr. Fulks seeks the appointment of post-conviction counsel, now, to vindicate his clear right to "pre-application legal assistance" in investigating and preparing his post-conviction claims and obtaining the necessary expert and investigative services.  *See McFarland v. Scott,* 512 U.S. 849, 855 (1994); *see also* ¶¶ 3 to 7, *infra.*

3.     Applicable federal law requires the appointment of qualified counsel in this case. Specifically, 18 U.S.C. § 3599 (effective March 9, 2006) requires the appointment of "one or more attorneys" for indigent inmates seeking relief from their federal capital convictions and sentences of death in § 2255 proceedings or in any other post-conviction proceedings including clemency.  *See* 18 U.S.C. § 3599(a)(2) ("In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and furnishing of such other services in accordance with subsections (b) through (f).").

4.     Mr. Fulks is such an inmate.  His indigent status was previously determined by this Court.  He is, therefore, entitled to the appointment of qualified counsel to pursue all available post-conviction remedies.

5.     Prior to the effective date of § 3599, counsel were appointed for indigent death-sentenced inmates in § 2254 and § 2255 proceedings under the provisions of 21 U.S.C. § 848(q),

which was repealed when § 3599 was enacted, but had identical provisions. In interpreting that provision, the United States Supreme Court also recognized the right to qualified counsel due to "the seriousness of the penalty and . . . the unique and complex nature of the litigation." *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (quoting 21 U.S.C. § 848(a)(7)).

6.    As with the prior § 848(q) right to counsel, the right to counsel under § 3599 attaches prior to the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. To interpret the statute otherwise would leave condemned prisoners without meaningful access to the courts. As the Supreme Court declared with respect to the prior provision:

> Congress' provision of a right to counsel under § 848(q)(4)(B) reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." § 848(q)(7). An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland*, 512 U.S. at 855-56 (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

7.    In construing Section 848(q)(4)(B) to require appointment of counsel prior to the filing of the petition, the Court explained that Congress provided for investigative and expert resources to be made available to counsel upon request and a showing of need, and that since these services "may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," Congress clearly intended counsel to be appointed prior to the filing of the habeas petition. *McFarland*, 512 U.S. at 855.

8.     From this analysis, it is plain that the right to counsel effected by § 3599 is a right to assistance in identifying, developing, and pleading all available claims for relief, including the claims already apparent from the trial and appeal proceedings and the claims not raised in those proceedings because they are derived from non-record facts that require access to investigative and expert resources.

9.     The appointment provision of § 3599 requires appointment of at least one counsel who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years' experience in the handling of appeals in that court in felony cases. 18 U.S.C. § 3599(c).  Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d).

10.     Upon information and belief, in every federal capital case that has reached § 2255 proceedings, the district court has appointed at least two counsel to represent the movant.

11.     Mr. Fulks requests that this Court admit Amy J. Longo, Esq., *pro hac vice* and appoint her as counsel on a *pro bono* basis.  Ms. Longo graduated from Columbia University School of Law in 1996.  She has been admitted to practice in New York since 1996 and California since 1998 and is, in addition, a member of the bars of the United States District Courts for the Southern and Eastern Districts of New York and the Central District of California, and the United States Court of Appeals for the Ninth Circuit.

12.     Ms. Longo served as an associate at Fried, Frank, Harris, Shriver & Jacobson, LLP in New York City from 1996 to 1998.  In 1998, she joined O'Melveny & Myers, LLP in Newport Beach, California, where she became a partner in 2005.

13.     Ms. Longo is a partner in the Securities Litigation Practice and co-chair of the Electronic Discovery and Document Retention Practice.  She represents corporations, their directors and officers in securities class actions, derivative suits, a range of general commercial litigation, as well as internal investigations and enforcement matters.  In addition, Ms. Longo counsels public and private companies on their document retention policies and best practices for electronic discovery and litigation response plans.  Ms. Longo is a leader in the American Bar Association, serving as co-chair of the Section of Litigation's Class Actions and Derivative Suits Committee.  She also writes and lectures frequently at a national level.

14.     Ms. Longo also has been a longtime leader of and is deeply committed to O'Melveny & Myers, LLP's *pro bono* program.  Ms. Longo currently heads O'Melveny & Myers, LLP's partnership with the California Women's Law Center in the California Habeas Project, which provides *pro bono* representation to incarcerated battered women who qualify for habeas relief under California Penal Code § 1473.5 because they were prejudiced by the fact that expert testimony on battering and its effects was not considered in their original trial.

15.     Mr. Fulks requests that the Court admit Amy J. Laurendeau, Esq. *pro hac vice* and appoint her as counsel on a *pro bono* basis.  Ms. Laurendeau graduated from the University of Michigan Law School in 1998.  She has been admitted to practice in California since 1998 and is, in addition, a member of the bars of the United States District Courts for the Central, Eastern, Northern and Southern Districts of California, the Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

16.     Ms. Laurendeau joined O'Melveny & Myers, LLP, Newport Beach, California as an associate in 1998, and she became a partner in 2007.

17.     Ms. Laurendeau is a partner in the Class Actions, Mass Torts, and Aggregated Litigation Practice. Her practice includes representing clients in a variety of complex business litigation matters, including class and mass tort actions involving product liability claims. Ms. Laurendeau also has significant experience litigating unfair competition, fraud, real estate, insurance coverage and contract disputes and she has handled trials and appeals of matters in various federal and state courts.

18.     Ms. Laurendeau has handled a variety of *pro bono* matters throughout her career, including an appeal by a Calipatria State Prison inmate challenging California Department of Corrections' policy of instituting race-based lockdowns, and denying prisoners work and visitation privileges on the basis of their race. Ms. Laurendeau developed the appellate arguments, which ultimately were adopted by the Ninth Circuit in *Walker v. Gomez*, 370 F.3d 969 (9th Cir. 2004), and which have resulted on a modification of the California Department of Corrections' policies.

19.     Mr. Fulks also requests the appointment of Susan K. Marcus, Esq., *pro hac vice*. Ms. Marcus graduated *magna cum laude* from the University of Pennsylvania Law School in 2000. Ms. Marcus is a member in good standing of the bar of New York, and has had significant capital and indigent criminal defense experience. She is currently appointed counsel on a federal death penalty trial, pending in the Northern District of California. She was appointed to that case in June 2004. Prior to accepting that appointment, she was a public defender at the Neighborhood Defender Service of Harlem. She represented clients in serious felony cases and conducted numerous trials and hearings. Prior to working as a public defender, she was a law clerk for the Honorable Martha Vázquez, United States District Court of New Mexico. During law school she worked for the Southern Center for Human Rights, where she worked on capital

6

habeas cases in Georgia and Alabama; the Capital Habeas Unit of the Federal Defender in Philadelphia; and the Public Defender Service of the District of Columbia.  Prior to law school, Ms. Marcus was a mitigation investigator for men and women facing the death penalty. She worked on cases both at trial and on appeal, federal and state cases, in California, New Mexico, Pennsylvania and Arizona.

20.     Ms. Longo, Ms. Laurendeau and Ms. Marcus have advised me that within ten days they will file with the Clerk their applications to appear *pro hac vice* in accordance with the local rules of this District.

21.     The Federal Capital Habeas Project endorses and Mr. Fulks has agreed to Ms. Longo's, Ms. Laurendeau's and Ms. Marcus's representation.  Mr. Fulks therefore respectfully moves for the appointment of Ms. Longo, Ms. Laurendeau and Ms. Marcus *pro hac vice* and *nunc pro tunc* to July 16, 2007, the date on which Mr. Fulks accepted Ms. Longo's, Ms. Laurendeau's and Ms. Marcus's offer to represent him.

## CONCLUSION

For these reasons, Mr. Fulks respectfully requests that this Court appoint Amy J. Longo, Esq. and Amy J. Laurendeau, Esq. of O'Melveny & Myers, LLP in Newport Beach, California, and Susan K. Marcus of New York, New York, *pro hac vice* and *nunc pro tunc* in the above-styled case.

Respectfully submitted,

**JOHN H. BLUME, Fed. I.D. #1360**
**KEIR WEYBLE, Fed. I.D. #7888**
**BLUME WEYBLE & NORRIS, LLC**
1247 Sumter Street, Suite 202
Columbia, S.C. 29202
(803) 765-1044

BY: s/ John H. Blume
    Attorney for Chadrick E. Fulks

July 23 2007.