IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: 4:02-992-17 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHADRICK E. FULKS | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OF THE UNITED STATES IN RESPONSE TO DEFENDANT'S
MOTION FOR APPOINTMENT OF COUNSEL TO
PURSUE POST-CONVICTION REMEDIES**

Comes now the United States of America, by and through its undersigned counsel, and

hereby responds to the defendant's request for appointment of post-conviction relief counsel.

The defendant's motion for appointment of counsel accurately sets forth the statutory provision

applicable to the appointment of post-conviction relief counsel. The government does not

generally oppose the request for appointment of counsel. However, the defendant requests more

than the law requires in some respects and less than the law requires in others.

Title 18, United States Code, Section 3599(a)(2) requires appointment of at least one

attorney for representation during post-conviction relief proceedings of a defendant sentenced to

death. That attorney must have been admitted to the court of appeals for at least five years. 18

U.S.C. §3599(c). While the statute does not specifically require appointment of counsel

admitted to the court of appeals with jurisdiction over any appeal in the case, logic dictates that

the experience requirement set forth in the statute is best satisfied by an attorney admitted to

practice in the court of appeals with jurisdiction of the appeal. None of the attorneys whom the

defendant has requested the Court appoint has been admitted to the Fourth Circuit Court of Appeals for any time. Amy J. Longo, Esq. and Amy J. Laurendeau, Esq. are admitted to the Ninth Circuit Court of Appeals, and the motion does not reflect that Susan Marcus, Esq. is admitted to any court of appeals. Furthermore, the motion does not reflect that Ms. Longo and Ms. Laurendeau have been admitted for five years as required by 18 U.S.C. §3599(c). While it is unclear whether the statute intends to require admission to the Fourth Circuit Court of Appeals for five years, the Court's appointment of attorneys more familiar with the Fourth Circuit and its rulings might better serve the defendant's interests while also having the correlative benefit of being less expensive. Appointment of two lawyers who practice in California would necessarily require increased travel expense in terms of transportation and lodging but also in terms of hourly rates paid during travel times.[1] For these reasons, the government suggests that the Court consider appointment of an attorney admitted to the Fourth Circuit for five years as one of the defendant's post-conviction relief attorneys.

Ms. Marcus would appear to qualify as "another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant . . . ." 18 U.S.C. §3599(d). Ms. Marcus is not admitted to the bar of this Court, though, and there are undoubtedly similarly qualified counsel available who are admitted to this Court. Because Ms. Marcus is not admitted to the bar of this Court, Ms. Marcus' appointment along with the appointment of one or more California attorneys would fail to satisfy this Court's local rule

---

[1]While the motion touts proposed counsel's *pro bono* work, it does not represent that the proposed attorneys would waive their right to any fee to which they are entitled by statute. If they intend to waive such fees, then the cost benefit set forth would be of no consequence to the Court's decision.

requiring association of an attorney admitted to practice in this Court. Local Rule 83.I.05 (DSC). Thus, compliance with the entirety of the defendant's request might in fact require appointment of a fourth attorney admitted to the bar of this Court.

Finally, while Section 3599 does not impose an upper limit on the number of attorneys appointed to represent a defendant, the defendant in this case was represented at trial by competent counsel. He has cited nothing about this death penalty case that suggests that it is particularly complicated justifying the appointment of three counsel for the post-conviction relief representation.

Based on the foregoing, the government suggests that the Court appoint two attorneys to represent the defendant. Those two attorneys should include at least one South Carolina attorney admitted to the bar of this Court and to the Fourth Circuit for more than five years and one additional attorney with expertise in the conduct of death penalty post-conviction relief proceedings.

Respectfully submitted,

REGINALD I. LLOYD
UNITED STATES ATTORNEY


s/ C. Todd Hagins
SCOTT N. SCHOOLS (#4985)
JONATHAN S. GASSER (#8084)
JOHN C. DUANE (#8047)
C. TODD HAGINS (#9218)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
803-929-3000

August 21, 2007