IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | ORDER APPOINTING COUNSEL |
| CHADRICK E. FULKS | ) | UNDER 18 U.S.C. § 3599 |
| | ) | |
| _____ | ) | |

On May 7, 2004, the defendant Chadrick E. Fulks pleaded guilty to, among other things, Counts 1 and 2 of the Superceding Indictment. Pursuant to his guilty plea, the defendant was adjudged guilty of carjacking resulting in the death of Alice Donovan on or about November 14, 2002, a violation of Title 18, United States Code, Section 2119 (Count 1), and kidnapping resulting in the death of Alice Donovan on or about November 14, 2002, a violation of Title 18, United States Code, Section 1201 (Count 2). The jury unanimously voted recommending that the defendant be sentenced to death, and the court entered a judgment sentencing defendant to death on Counts 1 and 2 of the Superceding Indictment. Doc. # 854, aff'd, U.S. v. Fulks, 454 F.3d 410 (4th Cir.2006), cert. denied, 127 S.Ct. 3002 (2007).

This matter is now before the court upon motion of the defendant, made through his trial counsel, John H. Blume, to appoint counsel to represent him in pursuit of any and all post-conviction remedies in this case. Specifically, the motion asks for an order appointing

Amy J. Longo and Amy J. Laurendeau, both of the California firm of O'Melveny & Meyers, and also Susan K. Marcus, an attorney practicing in New York. The court has also received letters of recommendation supporting the appointment of the individuals named in Fulks' motion from David I. Bruck as the Federal Death Penalty Resource Counsel, on behalf of the Office of Defender Services of the Administrative Office of the United States Courts. The government filed a response suggesting that the court appoint two attorneys to represent the defendant, including at least one South Carolina attorney admitted to the bar of this court and to the Fourth Circuit for more than five years and one additional attorney with expertise in the conduct of death penalty post-conviction relief proceedings.

By statute, an indigent habeas petitioner asking the federal court to vacate or set aside a death sentence is afforded a mandatory right to legal counsel and related services. 18 U.S.C. § 3599(a)(2). Although there is no federal constitutional right to the appointment of counsel in habeas corpus cases (Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)), case law suggests that, in some respects, the statutory right to counsel in a federal habeas proceeding is comparable to a defendant's Sixth Amendment right to counsel in a criminal trial. See, e.g., McFarland v. Scott, 512 U.S. 849 (1994). However, even where the Sixth Amendment guarantees appointed counsel, an indigent defendant is not entitled to counsel of his own choosing. Wheat v. United States, 486 U.S. 153, 159 (1988)(holding a defendant may not insist on representation by an attorney he cannot afford). Applicable federal law merely requires the appointment of qualified counsel. 18 U.S.C. § 3599. Section 3599(c) provides

2

"[i]f the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases."

While the statute does not specifically require appointment of counsel admitted to the court of appeals with jurisdiction over any appeal in the case, the court finds that the experience requirement set forth in the statute is best satisfied by an attorney admitted to practice in the court of appeals with jurisdiction of the appeal—here, the Fourth Circuit Court of Appeals. It appears Ms. Long, Ms. Laurendeau and Ms. Marcus are not admitted to the Fourth Circuit, let alone for at least five years as required by 18 U.S.C. § 3599(c).

Furthermore, appointment of out-of-state counsel would not satisfy the District of South Carolina's Local Rule 83.I.05 which requires association of an attorney admitted to practice in this court.

The court finds appointment of South Carolina counsel to be prudent, as qualified post-conviction relief counsel are available locally and who fulfill the requirements of 18 U.S.C. § 3599(c).

Mr. Beattie Ashmore graduated from the University of South Carolina School of Law and was admitted to the South Carolina Bar in 1987. He was admitted to the U.S. District Court for the District of South Carolina in 1990 and to the U.S. Court of Appeals for the Fourth Circuit in 1992. Mr. Ashmore worked as an Assistant United States Attorney for the

3

District of South Carolina from 1990 until 1996. He was a partner in the law firm of Ashmore and Yarborough, P.A. in Greenville, South Carolina from 1996 until 2000, and since 2000, he has been a partner with Price, Ashmore & Beasley, P.A. law firm in Greenville, South Carolina. Mr. Ashmore was appointed by the South Carolina Supreme Court in 2005 to the Commission on Lawyer Conduct.

Mr. Ashmore has had significant capital and indigent criminal defense experience, including handling both appellate matters and general criminal defense in both state and federal court. His trial experience includes serving as lead counsel in dozens of criminal trials. His appellate experience includes more than a dozen appeals at the Fourth Circuit, include several criminal appeals.

Attorney William J. Watkins, Jr. graduated from the University of South Carolina School of Law in 1999, and works at Womble Carlyle Sandridge & Rice, PLLC, in Greenville, South Carolina. He was admitted to the U.S. District Court for the District of South Carolina and to the U.S. Court of Appeals for the Fourth Circuit in 2001. He has substantial experience on issues of federal jurisdiction and appellate procedure. Mr. Watkins clerked two years for the Honorable William B. Traxler, Jr. on the United States Court of Appeals for the Fourth Circuit, and as a member of his firm's appellate litigation team, he devotes a considerable amount of his time to appellate work in the state and federal systems. Mr. Watkins also serves as a pro bono Special Prosecutor for the South Carolina Attorney General's Office, and is a section counsel officer for the South Carolina Bar's Trial and

Appellate Advocacy Committee.

The court finds that Mr. Ashmore and Mr. Watkins are qualified to handle this matter. The court has consulted with the Federal Public Defender for South Carolina, Parks Small, who concurs in the court's assessment of Mr. Ashmore and Mr. Watkins. Therefore, the court appoints Mr. Ashmore and Mr. Watkins as counsel to represent Mr. Fulks in pursuit of any and all post-conviction remedies in this case, with compensation for their time to be paid under the Criminal Justice Reform Act. Their compensation shall not exceed $166 per hour for in-court or out-of court time. To the extent that Ms. Longo, Ms. Laurendeau and Ms. Marcus wish to work pro bono on this matter, they may volunteer their services through Mr. Ashmore and Mr. Watkins.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

September 10, 2007
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge