IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Florence Division

| | |
|---|---|
| **INTERESTED PARTIES:** ) ) ) HUNTINGTON MALL COMPANY, a ) general partnership, CAFARO ) COMPANY, a general partnership, ) J. C. PENNY PROPERTIES, INC., ) and NATIONAL SECURITY ) CONSULTANTS, INC., ) _____) | **PETITION FOR ORDER TO UNSEAL PSYCHOLOGICAL RECORDS** |

**In re:**

UNITED STATES OF AMERICA )     CRIMINAL NO. 4:02-992
                         )
        vs.             )
                         )
CHADRICK E. FULKS        )
_____)
                         )     CRIMINAL NO. 4:02-992
UNITED STATES OF AMERICA    )
                         )
        vs.             )
                         )
BRANDEN L. BASHAM      )
                         )
_____ )

Petitioners are parties in an action pending in United States District Court for the Southern District of West Virginia, Huntington Division, entitled "JOHN BURNS, ADMINISTRATOR OF THE ESTATE OF SAMANTHA BURNS, and SAMANTHA BURNS, individually, v. HUNTINGTON MALL COMPANY, a general partnership, CAFARO COMPANY, a general partnership, J. C. PENNY PROPERTIES, INC., and NATIONAL SECURITY CONSULTANTS, INC.," case number 3:05-0963. This civil action lawsuit involves claims of alleged negligence against the Huntington Mall Company for failing to provide adequate security which resulted in the abduction of

Samantha Burns, a 19 year old college student, from the Huntington Mall Company in West Virginia, which is the subject of the above captioned criminal cases. Ms. Burns was abducted and murdered by two escaped convicts, Branden S. Basham and Chadrick E. Fulks, after they escaped from a Kentucky jail. After the convicts abducted Ms. Burns, they abducted Alice Donovan in the parking lot of the Wal-Mart store in Conway, South Carolina. Fulks pleaded guilty to the indictment. Basham was tried and found guilty to the indictment. Each received the death sentence.

In connection with the above captioned criminal case, there are sealed documents involving psychological evaluations of Fulks and Basham in which the criminals may have made statements during the course of the evaluation regarding their state of mind. This information is critical to the defense of the civil case pending against Huntington Mall Company as one of the allegations against the company is that there was inadequate security to prevent this crime. The state of mind of Basham and Fulks is important as it indicates whether this was a crime of opportunity or a deliberate act, and in turn, whether security could have prevented the act at all. In addition, the evaluation may reveal details of the crime, which would be critical to the defense in the civil case as this information will also determine whether security could have prevented the act.

The state of mind of the criminals, and the extent the crime could have been deterred, is relevant, critical, and necessary for the defense in the civil case. Huntington Mall Company has no other source for this information, and therefore petitions that these records be unsealed. This information is not for public dissemination, but instead will be used specifically in the defense of the civil case stemming from the criminal acts. Huntington Mall Company petitions this court to unseal the documents and provide

access under such terms as the court deems just to protect the information from widespread dissemination. Huntington Mall Company requests this information to use only during the course of the civil trial, and does not intend to make the information public.

The Supreme Court has recognized that a trial court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right to access is outweighed by competing interests." <u>Nixon v. Warner Communications, Inc</u>. 435 U.S. 589 (1978), see also <u>Ashcraft v. Conoco, Inc.</u>, 218 F. 3d 288 (4th Cir. 2000). The trial court may also unseal the records if necessary. <u>Id</u>. Some factors to consider in the balancing test include whether the "records are sought for an improper purpose such as promoting scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." <u>In re The Knight Publishing Company</u>, 743 F.2d 231 (1984). The requested sealed documents are essential to the defense of the civil case which is directly related to the criminal case. Huntington Mall Company does not intend to publicly disseminate the information, and does not have an improper purpose in seeking the information. Huntington Mall Company would be unable to fully investigate and defend the case pending against it without these records, and this information is otherwise unavailable. Courts have allowed access to records to third-parties when necessary for the defense of the case. See <u>Ex Parte Capital U-Drive-It, Inc.</u>, 369 S.C. 1, 630 S.E.2d 464 (2006)(Party in civil action requested financial records in family court be unsealed. Court held that order of family court allowing access to the records was not abuse of

discretion as the order unsealed the file only to allow party to review it and copy information related to financial records, and did not allow unfettered public access).

Wherefore, Huntington Mall Company requests that the records be unsealed as they are crucial to the defense of the civil case pending as a result of the criminal acts.

TURNER, PADGET, GRAHAM & LANEY, P.A.

By:  s/Shannon F. Bobertz
Shannon F. Bobertz
Fed. ID. No. 9399
P. O. Box 1473
Columbia, SC 29202
sbobertz@turnerpadget.com
(803) 227-4203
(803) 400-1548 fax

W. Michael Moore, Esq. (WVSB #5168)
KAY CASTO & CHANEY, PLLC
1500 Chase Tower
P. O. Box 2031
Charleston, WV 26327-2031
(304) 345-8900
(304) 345-8909 fax
*Counsel for Defendants, Huntington Mall Company, Cafaro Company, J.C. Penney Properties, Inc., and National Security Consultants, Inc.*

*October 1, 2007*