IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR No. 4:02-992-JFA |
| | ) | |
| v. | ) | **ORDER REQUESTING** |
| | ) | **RESPONSE** |
| Chadrick E. Fulks and Branden L. | ) | |
| Basham | ) | |
| _____ | ) | |

This matter is before the court on the petition [dkt# 1042] of Huntington Mall Company, Cafaro Company, J.C. Penney Properties, Inc., and National Security Consultants, Inc. ("Petitioners") for sealed documents involving the psychological evaluations of defendants Chadrick E. Fulks and Branden L. Basham ("Defendants"). Petitioners are parties to a civil action pending in the United States District Court for the Southern District of West Virginia, Huntington Division, entitled John Burns, Administrator of the Estate of Samantha Burns, and Samantha Burns, individually, v. Huntington Mall Company, a general partnership, Cafaro Company, a general partnership, J. C. Penny Properties, Inc., and National Security Consultants, Inc., C/A No. 3:05-0963 ("West Virginia Action").

Petitioners represent that the West Virginia Action involves claims of alleged negligence against the Huntington Mall Company for failing to provide adequate security which resulted in the abduction of Samantha Burns, a 19-year old college student, from the Huntington Mall Company in West Virginia. The petition states that Defendants abducted and murdered Ms. Burns, and suggests that the Defendants may have made statements during

1

the course of their psychological evaluations for their criminal cases regarding their state of mind. Petitioners argue, <u>inter alia</u>, that any such information is critical to their defense in the West Virginia Action because insight into Defendants' state of mind would indicate whether their action with respect to Ms. Burns was a crime of opportunity or a deliberate act, and in turn, whether security could have prevented the act at all. Petitioners suggest that Defendants' state of mind, and the extent the crime could have been deterred, is relevant, critical, and necessary for Petitioners' defense in the West Virginia Action.

In light of the Petitioners' arguments delineated in their filing, the court requests Defendants each file a memorandum by October 22, 2007 explaining if they object to the petition, and if so, on what grounds. Should Defendants require more time to respond to the court's request, they may file a short motion for extension of time with a proposed deadline.

IT IS SO ORDERED.

October 2, 2007                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge