IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

#10586
FILED
DEC - 7 2005
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

JOHN BURNS, ADMINISTRATOR OF THE
ESTATE OF SAMANTHA BURNS, and
SAMANTHA BURNS, individually,
      Plaintiff,

v.
                                    Civil Action No. _3:05-963_
                                    Judge_____

HUNTINGTON MALL COMPANY, a general partnership,
CAFARO COMPANY, a general partnership,
J.C. PENNEY PROPERTIES, Inc., and NATIONAL SECURITY
CONSULTANTS, INC.,
      Defendants.

## COMPLAINT

## THE PARTIES

1.     The Plaintiff brings this action under the provisions of the wrongful death statute codified in West Virginia §55-7-5 et seq. The plaintiff is a citizen of West Virginia, and is the duly appointed administrator of the estate of Samantha Burns, Plaintiff's daughter. Plaintiff was appointed administrator by the County Commission of Lincoln County on January 11, 2005 as evidenced by the attached Exhibit "A", and is still acting in that capacity.

2.     Defendant Huntington Mall Company ("Mall Company") and Cafaro Company ("Cafaro") are general partnerships which owned and/or managed the Huntington Mall ("Mall") on November 11, 2002. Upon information and belief, the Mall Company and Cafaro are comprised of one or more individuals, and entities, corporations, and trusts.

3.     The defendant, J.C. Penney Properties, Inc. is a Delaware corporation doing business as J. C. Penney's ("Penney's"), is authorized to do business in West Virginia, and leases or rents and

1

operates a retail store in the Mall. Upon information and belief, Penney's owned all or part of the parking lot in which the crime giving rise to this complaint occurred.

4. Upon information and belief, Defendant National Security Consultants, Inc. ("NSC"), is an Ohio corporation whose principal place of business is in Ohio. Upon information and belief, Defendant NSC provided security services at the Mall on November 11, 2002.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 (a).

6. Venue is proper in this District under 28 U.S.C. §1391 (a).

7. At all times relevant herein, the Plaintiff's decedent was a business invitee of the Defendants.

8. As the owner and/or manager of the Mall, Defendant Mall Company and Cafaro had undertaken responsibility for security functions in the common areas of the Mall on or around November 11, 2003, and for several years prior to that time. The common areas included the parking lots of the Mall. Upon information and belief the Mall Company and/or Cafaro hired NSC to provide such security services.

9. As the owner of the parking lot in which the crime occurred, the defendant Penney's also had responsibility for providing security in its parking lot on or around November 11, 2002.

## THE CRIME

10. On November 11, 2002, Chadrick Fulks and Brandon Basham ("the perpetrators") donned camouflage clothing including a hunting mask, before leaving the Hollywood Hotel in Kenova, West Virginia. They drove to the Huntington Mall in a van with the intent to break into cars, steal money, and they were looking for victims generally.

11.     Around 6:30 p.m., the perpetrators abducted Samantha Burns at gunpoint in the Mall parking lot as she was coming out to her parked car. One of the perpetrators forced Samantha Burns into her car behind the Mall.

12.     The perpetrator then met up with the other perpetrator in front of the mall.

13.     The perpetrators tied up Samantha Burns and bound her with tape. They used Samantha Burns' ATM card at least twice to withdraw funds from her bank account.

14.     The perpetrators forced Samantha Burns to call her mother to lie and reassure her that Samantha would be home soon.

15.     The perpetrators then drove Samantha Burns to an isolated area where one or both of them raped and murdered her. Samantha Burns' body was never found.

16.     Both perpetrators were charged with, and plead guilty to, Carjacking Resulting in Death. Both were sentenced to life without parole.

## FIRST CAUSE OF ACTION

## RECKLESS AND/OR NEGLIGENT FAILURE TO PROVIDE ADEQUATE SECURITY - ASSUMPTION OF DUTY

17.     The allegations of Paragraphs 1-16 are incorporated by reference herein.

18.     Samantha Burns was a business invitee of the Defendants, and as such the Defendants owed Samantha Burns a duty to take reasonable precautions to prevent known risks from occurring and to provide reasonably safe and secure areas in and on the premises for business invitees.

19.     At the time of the abduction and attack on Samantha Burns, the Defendants had voluntarily undertaken a duty to provide measures to protect invitees at the Mall. That undertaking was manifested by, *inter alia*, the Mall Company's and/or Cafaro's actions in hiring NSC.

20.     The decision to undertake security measures reflected a conscious determination by the Defendants that each had in fact foreseen the danger of crimes against the person at the Mall.

3

21. Having undertaken to provide security, the Defendants had a duty to exercise reasonable care in providing security and to warn invitees of the danger of crime at the Mall.

22. The Defendants breached their duty to Samantha Burns by recklessly and/or negligently failing to warn the Plaintiff's decedent and failing to provide reasonable security measures to protect invitees from attack, and such other actions and omissions as discovery and further investigation may reveal.

23. As a direct and proximate result of the Defendants' failure to provide reasonable security measures, the perpetrators abducted, raped, and killed Samantha Burns. As a direct and proximate result of those crimes, Plaintiff's decedent was murdered, and suffered brutal physical injuries, severe emotional injuries and physical pain and suffering before her death, and other damages.

24. At the time of her death, the decedent, Samantha Burns was 19 years old and left as her statutory beneficiaries her father John Burns, her mother Kandi Burns, and her brother, Wesley Burns. At the time of her death, the decedent was a full-time student at Marshall University. As a result of the death of Samantha Burns, her parents and brother have been and will forever be deprived of her society, companionship, comfort, guidance, advice, services, protection, attention, and care. Further, they have suffered and will continue to suffer great mental anguish, sorrow, and grief, and have suffered and will continue to suffer pecuniary losses for decedent's lost wages. Further, the plaintiff, as administrator of the Estate of Samantha Burns, has incurred memorial bills and other expenses.

WHEREFORE, Plaintiff John Burns demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount that is fair and just, and the costs he incurs in

prosecuting this action. Plaintiff further demands judgment against Defendants for punitive damages.

## SECOND CAUSE OF ACTION

## **RECKLESS AND/OR NEGLIGENT FAILURE TO PROVIDE ADEQUATE SECURITY**

25. The allegations of Paragraphs 1-24 are incorporated by reference herein.

26. Samantha Burns was a business invitee of the Defendants, and as such the Defendants owed Samantha Burns a duty to take reasonable precautions to prevent known risks from occurring and to provide reasonably safe and secure areas in and on the premises for business invitees.

27. The Defendants knew or should have known of prior crimes at the Mall and the level of criminal activity. The Defendants failed to take appropriate steps to deter potential criminal attacks.

28. The Defendants breached their duty to the Plaintiff by recklessly and/or negligently failing to warn the Plaintiff's decedent and failing to provide adequate security measures to protect invitees from attack, and such other actions and omissions as discovery and further investigation may reveal.

29. As a direct and proximate result of the Defendants' failure to provide reasonable security measures, the perpetrators abducted, raped, and killed Samantha Burns. As a direct and proximate result of those crimes, Plaintiff's decedent was murdered, and suffered brutal physical injuries, severe emotional injuries and physical pain and suffering before her death, and other damages, including damages specified in paragraph 24 of this Complaint.

WHEREFORE, Plaintiff John Burns demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount that is fair and just, and the costs he incurs in

prosecuting this action. Plaintiff further demands judgment against Defendants for punitive damages.

THIRD CAUSE OF ACTION

**NEGLIGENCE OF DEFENDANT NSC IN ITS
CAPACITY AS PROVIDER OF SECURITY SERVICES**

30. The allegations of Paragraphs 1-29 are incorporated by reference herein.

31. On November 11, 2002, and prior to that date, NSC provided security services for the common areas of the Mall through its own employees.

32. The security function undertaken by NSC included responsibility for protecting the mall's business invitees, such as Samantha Burns, from assault by third persons.

33. Criminal activity in common areas of the Mall was foreseeable to Defendant NSC, since prevention of such activity through the establishment of a security program was a fundamental part of its responsibilities at the mall, and because Defendant NSC had actual and constructive knowledge that crimes were occurring at the Mall.

34. As a result, Defendant NSC had a duty to exercise reasonable care necessary to protect invitees and to warn mall patrons of the risk of crime at the Mall.

35. Defendant NSC breached its duty to the Plaintiff's decedent by recklessly and/or negligently failing to provide adequate security services to protect invitees from attack.

36. As a direct and proximate result of the Defendants' failure to provide reasonable security measures, the perpetrators abducted, raped, and killed Samantha Burns. As a direct and proximate result of those crimes, Plaintiff's decedent was murdered, and suffered brutal physical injuries, severe emotional injuries and physical pain and suffering before her death, and other damages, including damages specified in paragraph 24 of this Complaint.

WHEREFORE, Plaintiff John Burns demands judgment against the Defendant NSC for compensatory damages in an amount that is fair and just, and the costs he incurs in prosecuting this action.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT -
### THIRD PARTY BENEFICIARY

37. The allegations of paragraphs 1-36 are incorporated by reference herein.

38. At the time of the abduction Samantha Burns was on Mall property walking from a Penney's store located in the Mall.

39. At the time of the abduction the plaintiffs is informed and believes that Penney's had entered into a lease with Defendants Mall Company and/or Cafaro. Pursuant to that contract, Defendant Mall Company and/or Cafaro provided security in common areas to protect invitees of Defendant Penney's.

40. Plaintiff is informed and believes that the provisions of the lease under which the Defendants provided security and Penney's paid for security services were clearly intended to benefit invitees of Defendant Penney's, including Ms. Burns.

41. Defendant Mall Company and/or Cafaro breached its obligations under the contract to provide security, as set forth previously in this Complaint.

42. On November 11, 2002, Ms. Burns was an invitee of the Mall, and was an intended beneficiary of the contract between the Defendants.

43. The Defendants breached their obligations under the contract as set forth in this Complaint by their aforesaid negligent and/or reckless acts and omissions.

44. As a direct and proximate result of the Defendants' failure to provide reasonable security measures, the perpetrators abducted, raped, and killed Samantha Burns. As a direct and

7

proximate result of those crimes, Plaintiff's decedent was murdered, and suffered brutal physical injuries, severe emotional injuries and physical pain and suffering before her death, and other damages, including damages specified in paragraph 24 of this Complaint.

WHEREFORE, Plaintiff John Burns demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount that is fair and just, and the costs he incurs in prosecuting this action

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION

JOHN BURNS, EXECUTOR
OF THE ESTATE OF SAMANTHA BURNS
By Counsel

FRANK VENEZIA, ESQUIRE (WVSB No.: 4637)
VENEZIA & ELSWICK LAW OFFICES
2442 Kanawha Boulevard, East
Charleston, WV 25311
(304) 344-9800


LETISHA BIKA, ESQUIRE (WVSB No.: 5489)
114 Monongalia Street
Charleston, WV 25302
(304) 344-0808


OF COUNSEL:

PETER S. EVERETT (VSB No.: 25666)
BLANKINGSHIP & KEITH
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235

# COUNTY COMMISSION OF LINCOLN COUNTY

## HAMLIN, WEST VIRGINIA

IN VACATION, ON THE __11th__ DAY OF __Jan__ 20__05__

On Motion of __Self— John Alan Burns__
is hereby duly appointed __Administrator of the estate of Samantha Nicole Burns__

Deceased __11-12-2002__

Thereupon, the said __John Alan Burns__, together with __Robert L Burns__ surety, entered into and acknowledged a bond in the penalty of __$250.00 Property Bond__ conditioned as the law directs for the faithful performance of his duties as such __Administrator__ which bond is duly approved, and took the oath of office, as required by law.

And it appearing that appraisers should be appointed to appraise the estate of the decedent, _____

and_____ are hereby appointed to make such appraisements, after first being duly sworn according to law, and make report to this Commission, as is required by law.

Execut_____ is hereby referred to _____
Administrat __or__

Commissioner of Accounts for Lincoln County for Settlement.

(SEAL)

Clerk, Lincoln County Commission

By_____, Deputy

CASTO & HARPER, INC., SPENCER, WV RECORDER NO. 3852-01


tabbles
EXHIBIT
A

# CIVIL COVER SHEET

This Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE FOLLOWING PAGE OF THE FORM.)

## I. (a) PLAINTIFFS

Burns, John A.

**(b)** County of Residence of First Listed Plaintiff   Lincoln County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Letisha R. Bika, Bika Law Office, 114 Monongalia Street, Charleston, WV 25302 (304) 344-0808 (See attachment)

## DEFENDANTS

Huntington Mall Company, a general partnership, Cafaro Company, a geneal partnership, J.C. Penney Properties, Inc., and National

County of Residence of First Listed Defendant   Cabell
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Civil Statute 28 USC 1332

Brief description of cause:
Diversity of Citizenship

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  12-7-05

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____