| | | |
|---|---|---|
| United States of America | ) | CR No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Chadrick E. Fulks and Branden L. Basham | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court on the petition [dkt# 1042] of Huntington Mall Company, Cafaro Company, J.C. Penney Properties, Inc., and National Security Consultants, Inc. ("Petitioners") for sealed documents involving the psychological evaluations of defendants Chadrick E. Fulks and Branden L. Basham ("Defendants"). Petitioners are parties to a civil action pending in the United States District Court for the Southern District of West Virginia, Huntington Division, entitled John Burns, Administrator of the Estate of Samantha Burns, and Samantha Burns, individually, v. Huntington Mall Company, a general partnership, Cafaro Company, a general partnership, J. C. Penny Properties, Inc., and National Security Consultants, Inc., C/A No. 3:05-0963 ("West Virginia Action").

Petitioners represent that the West Virginia Action involves claims of alleged negligence against the Huntington Mall Company for failing to provide adequate security which resulted in the abduction of Samantha Burns, a 19-year old college student, from the Huntington Mall Company in West Virginia. The petition states that Defendants abducted and murdered Ms. Burns, and suggests that the Defendants may have made statements during

1

the course of their psychological evaluations for their criminal cases regarding their state of mind. Petitioners argue, inter alia, that any such information is critical to their defense in the West Virginia Action because insight into Defendants' state of mind would indicate whether their action with respect to Ms. Burns was a crime of opportunity or a deliberate act, and in turn, whether security could have prevented the act at all. Petitioners suggest that Defendants' state of mind, and the extent the crime could have been deterred, is relevant, critical, and necessary for Petitioners' defense in the West Virginia Action.

In light of the Petitioners' arguments delineated in their filing, the court requested Defendants file a memorandum responding to the petition. Defendant Fulks filed a memorandum on October 22, 2007 [dkt.# 1045] objecting to the petition on several grounds.

As delineated in Defendant Fulks' memorandum, an individual has a constitutional right to privacy which protects his interests "in avoiding disclosure of personal matters." Whalen v. Roe, 429 U.S. 589, 599 (1977). "There can be no question that ... medical records, which may contain intimate facts of a personal nature are well within the ambit of materials entitled to privacy protection. United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d. Cir. 1980). While the court recognizes that some rights of inmates are limited for legitimate penalogical interests of the corrections system, it does not appear those correctional interests are present in this matter which involves private interests of individuals in civil litigation. This court is charged with balancing Petitioners' right of access to documents within the court record with Defendant Fulks' constitutional right to privacy. In

re Application and Affidavit for a Search Warrant, 923 F.2d 324, 327 (4th Cir. 1991) (balancing right of access with asserted Sixth Amendment rights).

In light of the standard set out above, the court has reviewed the petition, Defendant Fulks' objections thereto, and the applicable law, and is of the opinion that further oral argument would not aid in the decisional process.

The court finds that under the circumstances of this case, Petitioners cannot make a showing of entitlement to the psychological records of Defendants. The court is not persuaded that the psychological records are relevant to the Petitioners' alleged duty to provide security to Ms. Burns. The court agrees with Defendant Fulks that whether the abduction was methodically planned or a spur of the moment decision is not relevant to Petitioners' failure or fulfillment of the duty to take reasonable measures to protect patrons of the mall. Furthermore, the court accepts Defendants' counsel representation that the mental health evaluation of Defendant Fulks at Butner dated March 3, 2004 state that the medical staff did not ask for an account of the alleged offenses and that Fulks did not offer any details of the alleged offense. The court is not otherwise persuaded that Defendants' privacy interests are outweighed by Petitioner's interests in limiting its civil liability through a fishing expedition into Defendants' psychological records.

For the foregoing reasons, the court denies the petition.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

October 25, 2007
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge