IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Florence Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:02-992 |
| | ) | |
| | ) | |
| CHADRICK E. FULKS | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE APPLICATION FOR
FUNDS FOR REASONABLY NECESSARY INVESTIGATION *EX PARTE* AND
UNDER SEAL AND BRIEF IN SUPPORT**

The Defendant, Chadrick E. Fulks, through undersigned counsel, respectfully moves the Court, pursuant to 21 U.S.C.A. § 848(q)(9), for leave to proceed *ex parte*, *in camera*, and on a sealed record with regard to his applications for investigative and expert assistance, for the reasons set forth below and in the accompanying sealed application for funds. Mr. Fulks requests that the Court order the District Clerk to file all motions, documents, and exhibits submitted in connection with such application under seal, and that the Court hold such documents in camera for review exclusively by the Court.

1.      Following a sentencing hearing conducted June 1, 2004 through June 30, 2004, Mr. Fulks was convicted and sentenced to death for his participation in the carjacking, kidnapping, and murder of Alice Donovan. Mr. Fulks' conviction was affirmed on appeal. United States v. Fulks, 454 F.3d 410 (4th Cir. 2006).  The Supreme Court denied Mr. Fulks' petition for a Writ of Certiorari on June 25, 2007. Fulks v. United States, 127 S. Ct. 3002 (2007).

2.      Effective September 10, 2007, undersigned counsel were appointed to represent Mr. Fulks in post-conviction proceedings pursuant to 28 U.S.C.A. § 2255.

1

3. To provide Mr. Fulks with the representation to which he is entitled under the Federal statutes, the undersigned counsel require the assistance of an experienced investigator with special skills necessary to develop evidence in mitigation. Based on their training and experience, and on very preliminary discussions with individuals who were involved in the preparation of Mr. Fulks' defense at trial, undersigned counsel anticipates that a meritorious claim of ineffective assistance of counsel may be raised on Mr. Fulks' behalf. In addition, counsel suspect that a meritorious claim of misconduct by various participants in the trial likewise may exist in this case. These potential grounds for relief demand careful and thorough investigation for the reasons set forth in more detail in the accompanying Application for Funds for Investigation, which we seek leave to file *ex parte* and under seal along with this Motion.

4. It is settled beyond reasonable dispute that "[t]he services of investigators and other experts may be critical in the pre-application phase of a *habeas corpus* proceeding, when possible claims and their factual bases are researched and identified." McFarland v. Scott, 512 U.S. 849, 855 (1944). Congress and the Supreme Court have both recognized that *habeas corpus* claims often turn on factual questions, and that "the procedures by which the facts of the case are determined assume an importance fully as great as the validity of the substantive rules of law to be applied." Wingo v. Weddings, 418 U.S. 461, 468, 474 (1974); McFarland, 512 U.S. at 855.

5. Where a federal capital defendant such as Mr. Fulks has not yet had any opportunity for his counsel to explore facts outside the trial record which might warrant relief from his conviction or sentence, and where this Court's review of any such claim will constitute the only safeguard for Mr. Fulks' constitutional rights, he maintains an

ongoing interest in shielding "the theory of his defense from the prosecutor's scrutiny." United States v. Meriwether, 486 F.2d 498, 506 (5th Cir. 1973). "Dissemination of information critical to the defense permits the government to enjoy unauthorized discovery which is forbidden under our concept of criminal procedure and the statute." State v. Edwards, 488 F.2d 1154, 1162 (5th Cir. 1974).

6. The basis for Mr. Fulks' request for funding will reveal undersigned counsel's strategy in preparing Mr. Fulks' post-conviction motion. Undersigned counsel have reason to believe that it is essential to the full and fair development of the facts, and this Court's reliable and accurate disposition of Mr. Fulks' forthcoming petition that Mr. Fulks' investigative strategy remain confidential.

7. 21 U.S.C.A. §848(q)(9) provides that, upon a proper showing, a death-sentence defendant may seek funds for post-conviction investigation in confidence:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the Court may authorize the defendant's attorney to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under paragraph (10). No *ex parte* proceeding, communication, or request may be considered pursuant to this section <u>unless a proper showing is made concerning the need for confidentiality</u>. Any such proceeding, communication, or request shall be transcribed and made part of the record available for appellate review. (emphasis added).

8. The presence of attorney work-product in a funding application is sufficient to necessitate *ex parte* proceedings. As the Supreme Court has explained, "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be relevant from irrelevant facts, prepare

3

his legal theories and plan his strategy without undue and needless interference." <u>Hickman</u> <u>v. Taylor</u>, 329 U.S. 495, 510-11 (1947).

9.    Accordingly, Mr. Fulks is submitting this motion and serving it on the respondents. Mr. Fulks is also simultaneously submitting his detailed application ex parte and under seal.

Respectfully submitted,

/s/ William J. Watkins, Jr.
William J. Watkins, Jr., Federal Bar #7863
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
550 South Main Street, Suite 400
Greenville, South Carolina 29601
(864) 255-5400


Beattie B. Ashmore, Federal Bar #5215
PRICE, PASCHAL & ASHMORE, PA
644 E. Washington Street
Greenville, SC 29601
(864) 467-1001

Attorneys for Defendant Chadrick E. Fulks


October 29, 2007

4