IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

**FILED**

JUN 3 0 2004

LARRY W. PROPES, CLERK
COLUMBIA, SC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:02-992 (JFA,Jr.) |
| | ) | |
| vs. | ) | |
| | ) | |
| CHADRICK EVAN FULKS | ) | SPECIAL VERDICT FORM |
| | ) | |

## COUNT ONE – CARJACKING RESULTING IN DEATH

### I.    AGE OF DEFENDANT

*Instructions:* *Answer "YES" or "NO":*

1.    Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that:   CHADRICK EVAN FULKS was eighteen years of age or older at the time of the offense (carjacking resulting in death)?

☑ YES        ☐ NO

*Richard Dolerty*
Foreperson

*Instructions:* *If you answered "NO" with respect to the determination in this Section, then stop your deliberations, skip over Sections II, III, IV, V and VI of this form, and proceed to Section VII. Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision. You should then advise the court that you have reached a decision.*

*If you answered "YES" with respect to the determination in this Section I, proceed to Section II which follows.*

1

PA Document #27

## II.   THRESHOLD INTENT FACTOR

*Instructions:*   Select below the Threshold Intent Factor, if any, you unanimously find that the government proved beyond a reasonable doubt. You may not select more than one.

☐   1.   CHADRICK EVAN FULKS intentionally killed Alice Donovan.

☐   2.   CHADRICK EVAN FULKS intentionally inflicted serious bodily injury that resulted in the death of Alice Donovan.

☐   3.   CHADRICK EVAN FULKS intentionally participated in an act, contemplating that the life of Alice Donovan would be taken or intending that lethal force would be used in connection with Alice Donovan, and Alice Donovan died as a direct result of the act.

☑   4.   CHADRICK EVAN FULKS intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to Alice Donovan, such that participation in the act constituted a reckless disregard for human life, and Alice Donovan died as a direct result of the act.

☐   5.   The government failed to prove a threshold intent factor beyond a reasonable doubt.

*Richard Behrif*
Foreperson

*Instructions:*   If you did not find any Threshold Intent Factor with respect to all of the determinations in this Section, then stop your deliberations, skip over Sections III, IV, V, and VI of this form, and proceed to Section VII. Each juror should carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision. You should then advise the court that you have reached a decision.

If you found one of the Threshold Intent Factors in this Section II, proceed to Section III which follows.

2

## III. STATUTORY AGGRAVATING FACTOR

*Instructions:* For the following Statutory Aggravating Factor, answer "YES" or "NO":

1.    Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the death of Alice Donovan, and the injury resulting in the death of Alice Donovan, occurred during CHADRICK EVAN FULKS' commission or attempted commission of, or during his immediate flight from, his commission of a kidnaping?

☑ YES            ☐ NO

*Richard Beehng*
Foreperson

*Instructions:* If you answered "NO" with respect to the Statutory Aggravating Factor in this Section, then stop your deliberations, skip over Sections IV, V and VI of this form, and proceed to Section VII of this form. Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision. You should then advise the court that you have reached a decision.

If you found the requisite age in Section I, the Threshold Intent Factor in Section II, and answered "Yes" with respect to the Statutory Aggravating Factor in this Section III, proceed to Section IV which follows.

3

## IV. NON-STATUTORY AGGRAVATING FACTORS

*Instructions:* For each of the following Non-Statutory Aggravating Factors, answer "YES" or "NO":

I.     Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant, CHADRICK EVAN FULKS:

1.     Escaped from a detention facility in Hopkins County, Kentucky on November 4, 2002, where he was awaiting trial on several serious charges?

☑ YES          ☐ NO          _Richard Hoehring_
                                            Foreperson

2.     Subsequent to his escape, participated in a carjacking and kidnaping that resulted in the death of Samantha Burns, a 19-year-old woman in Huntington, West Virginia?

☑ YES          ☐ NO          _Richard Hoehring_
                                            Foreperson

3.     Subsequent to his escape, participated in a first-degree burglary and other criminal conduct that resulted in the assault with intent to kill Carl Jordan, a citizen in Conway, South Carolina?

☑ YES          ☐ NO          _Richard Hoehring_
                                            Foreperson

4.     Subsequent to his escape, participated in the kidnaping and carjacking of James Hawkins, a citizen of Hanson, Kentucky?

☑ YES          ☐ NO          _Richard Hoehring_
                                            Foreperson

5.     Subsequent to his escape, participated in a high-speed vehicle chase that resulted in endangering the lives and safety of Ohio State Police Officers?

☑ YES          ☐ NO          _Richard Hoehring_
                                            Foreperson

If you find that one or more of the acts in 1-5 occurred beyond a reasonable doubt, do you find, further, that CHADRICK EVAN FULKS participated in additional uncharged murder, attempted murders, or other serious acts of violence, and that this factor is aggravating?

☑ YES          ☐ NO          _Richard Hoehring_
                                            Foreperson

4

II.    Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant, CHADRICK EVAN FULKS, would be a danger in the future to the lives and safety of other persons, including, but not limited to, inmates and correctional officers in an institutional correctional setting, and that this factor is aggravating?

☑ YES        ☐ NO

_Richard Boeling_
Foreperson

III.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt the effect of the death of Alice Donovan on her family, including the extent and scope of the injuries and losses suffered by Alice Donovan and her family, and that this factor is aggravating?

☑ YES        ☐ NO

_Richard Boeling_
Foreperson

_Instructions:_   _Regardless of whether you answered "YES" or "NO" with respect to the Non-Statutory Aggravating Factors in this Section IV, proceed to Section V, which follows._

5

## V. MITIGATING FACTORS

*Instructions:* For each of the following Mitigating Factors, indicate in the space provided, the number of jurors who have found it proved by a preponderance of the evidence and that it is mitigating.

*A finding with respect to a Mitigating Factor may be made by one or more of the members of the jury, and any member of the jury who finds the existence of a Mitigating Factor must consider such a factor in considering whether to impose a sentence of death or a sentence of life in prison without parole, regardless of the number of other jurors who agree. Further, any juror may also weigh a Mitigating Factor found by another juror, even if he or she did not also find that factor to be mitigating:*

| Mitigating Factor: | Number of Jurors Finding the Mitigating Factor: |
|---|---|
| 1.  Chadrick Evan Fulks's mother abused alcohol while she was pregnant with him. | 12 |
| 2.  Chadrick Evan Fulks's brain was permanently damaged by his mother's drinking during her pregnancy. | 9 |
| 3.  Chadrick Evan Fulks has an I.Q. between 77 and 79. | 4 |
| 4.  Chadrick Evan Fulks's ability to process information is impaired because he has Fetal Alcohol Spectrum Disorder. | 0 |
| 5.  Chadrick Evan Fulks's ability to control his impulses is impaired because he has Fetal Alcohol Spectrum Disorder. | 1 |
| 6.  Chadrick Evan Fulks's ability to make good decisions is impaired because he has Fetal Alcohol Spectrum Disorder. | 0 |
| 7.  Chadrick Evan Fulks's ability to understand cause and effect, and predict the consequences of his actions, is impaired because he has Fetal Alcohol Spectrum Disorder. | 0 |
| 8.  Chadrick Evan Fulks's ability to learn from his mistakes is impaired as a result of his neurological damage. | 0 |
| 9.  Chadrick Evan Fulks suffered from learning disabilities as a child. | 12 |
| 10.  Chadrick Evan Fulks tried hard in school but could never do well. | 0 |

6

11. Chadrick Evan Fulks's parents cared so little for his education that they never helped him with homework, and even left him at school with soiled pants. _10_

12. Chadrick Evan Fulks was neglected by both of his parents. _12_

13. Chadrick Evan Fulks lived in a house that was often filthy and infested with roaches and rats. _12_

14. Chadrick Evan Fulks's parents did not provide him with adequate clothing or school supplies. _12_

15. Chadrick Evan Fulks frequently went hungry or was uncertain whether he would get food as a child. _11_

16. Chadrick Evan Fulks's parents sold food stamps to get money for beer. _12_

17. Chadrick Evan Fulks's parents drank to excess almost every day. _6_

18. Chadrick Evan Fulks was often left without supervision. _12_

19. Chadrick Evan Fulks was permitted to roam the streets as a young child. _12_

20. A principal, a police officer, and a probation officer all recommended Chadrick Evan Fulks be removed from the home at the age of nine, but he was not removed. _12_

21. Chadrick Evan Fulks's parents gave him little attention or affection. _12_

22. Chadrick Evan Fulks was subjected to emotional abuse as a child. _12_

23. Chadrick Evan Fulks was subjected to physical abuse as a child. _12_

24. Chadrick Evan Fulks grew up seeing his parents frequently fighting each other. _12_

25. Chadrick Evan Fulks grew up seeing heavy drinking and frequent fighting by other adults in his own house. _12_

26. Chadrick Evan Fulks learned at home that violence and fighting were a normal part of relationships between men and women. _4_

27. Chadrick Evan Fulks grew up seeing graphic photographs of naked women papering the walls and ceiling of his basement. _12_

7

28. Chadrick Evan Fulks's father showed him pornographic movies as young child. _12_

29. Chadrick Evan Fulks's mother was often half dressed around the house. _0_

30. Chadrick Evan Fulks was sexually abused as a child. _0_

31. Chadrick Evan Fulks started drinking at age nine and using marijuana at eleven or twelve, and his parents made no effort to stop him. _12_

32. Chadrick Evan Fulks's brother taught him to inhale gasoline and paint as a young teenager. _12_

33. Chadrick Evan Fulks's father encouraged him to steal. _0_

34. Chadrick Evan Fulks's mother ignored his stealing. _12_

35. Chadrick Evan Fulks's brothers taught him to steal, fight, and break into cars. _12_

36. Chadrick Evan Fulks attempted suicide at age thirteen. _12_

37. Chadrick Evan Fulks was diagnosed with depression, substance abuse, and possible sociopathic tendencies at age fourteen. _10_

38. Chadrick Evan Fulks's capacity to conform his conduct to the requirements of law was impaired. _0_

39. Chadrick Evan Fulks took part in the offenses under mental and/or emotional disturbance. _0_

40. Chadrick Evan Fulks was under the influence of alcohol and drugs at the time of his offenses. _0_

41. Other factors in Chadrick Evan Fulks's childhood, background, or character weigh against imposition of a sentence of death. _1_

42. No one has escaped from a high security federal prison since 1993. _8_

43. Chadrick Evan Fulks pleaded guilty to kidnaping and carjacking resulting in death. _12_

8

## VI. DETERMINATION OF SENTENCE

**Life in prison without possibility of release  (unanimous vote)**

We, the jury, as to CHADRICK EVAN FULKS, **do not** unanimously find that the aggravating factor(s) proved in this case outweigh(s) the mitigating factor(s) as to justify a sentence of death; or that in the absence of any mitigating factor, that the aggravating factor or factors alone justify a sentence of death. We, therefore, unanimously conclude that CHADRICK EVAN FULKS shall be sentenced to life imprisonment without possibility of release.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          Foreperson

                                          _____
                                          Date

*If you answer that a sentence of life in prison without possibility of release shall be imposed, then you must proceed to Section VII.*

**OR**

9

**Death (unanimous vote)**

We, the jury, as to CHADRICK EVAN FULKS, unanimously find beyond a reasonable doubt that the aggravating factor(s) proved in this case outweigh(s) the mitigating factor(s) so as to justify a sentence of death; or, in the absence of any mitigating factor, that the aggravating factor or factors alone justify a sentence of death. We, therefore, unanimously conclude that CHADRICK EVAN FULKS shall be sentenced to death.

Cynthia D. Steele

Lisa J. Harvey

Mary Ellen Huggins

Pearl Gordon

Elizabeth Plyler

Richard Boehring
Foreperson

6/30/04
Date

*If you answer that a sentence of death shall be imposed, then you must proceed to Section VII.*

10

## VII. CERTIFICATION STATEMENT

By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin, or sex of the defendant, CHADRICK EVAN FULKS, or the victim, Alice Donovan, was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crime or crimes in question regardless of the race, color, religious beliefs, national origin, or sex of the defendant, or the victim.

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____
                                                            Foreperson

                                         6/30/04

                                         Date

11