IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4: 02-00992 (JFA,Jr.) |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| CHADRICK EVAN FULKS | ) | |
| | ) | |

## MOTION TO COMPEL GRANT OF USE IMMUNITY TO RONNIE FULKS IN ORDER TO FACILITATE MATERIAL, EXCULPATORY TESTIMONY UNAVAILABLE FROM ANY OTHER SOURCE

Defendant, Chadrick Fulks, by and through undersigned counsel, hereby moves this Court

pursuant to the Sixth and Eighth Amendments to the United States Constitution and other applicable

law for an order compelling the government to grant Ronnie Fulks use immunity with regard to

testimony concerning defendant's disposition of a firearm following his escape from the Hopkins

County Detention Center. The legal principles and facts in support of this motion are set forth

below.

### I.    RELEVANT LEGAL PRINCIPLES.

As a general matter, the government is "vested with the sole discretion to grant immunity,"

and a district court is "without the authority to confer immunity *sua sponte.*" *United States v. Abbas,*

74 F.3d 506, 511-512 (4th Cir. 1996). "On occasion however, the district court can compel the

prosecution to grant immunity when (1) the defendant makes a decisive showing of prosecutorial

misconduct or overreaching *and* (2) the proffered evidence would be material, exculpatory and

unavailable from all other sources." *Abbas,* 74F.3d at 512 (citing *United States v. Mitchell,* 886 F.2d

1

667, 669-670 (4th Cir.1989); *United States v. Gravely,* 840 F.2d 1156, 1160 (4th Cir.1988)). "Prosecutorial overreaching" may be established by a showing of "deliberate denial of immunity for the purpose of withholding exculpatory evidence and gaining a tactical advantage through such manipulation." *Blissett v. Lefevre,* 924 F.2d 434, (2nd Cir. 1991) (citing *United States v. Pinto,* 850 F.2d 927, 935 (2nd Cir. 1988); *United States v. Shandell,* 800 F.2d 322, 324 (2nd Cir.1986); *United States v. Todaro,* 744 F.2d 5, 10 (2nd Cir.1984)); *see also United States v. Mitchell,* 886 F.2d 667, 670 (4th Cir. 1989) (citing *Todaro, supra*).

## II.   RELEVANT FACTS AND DISCUSSION.

In this case, defendant's brother, Ronnie Fulks, is believed to possess material, exculpatory information known only to him about defendant's disposition of a firearm following his escape from the Hopkins County Jail. Specifically, on information and belief, undersigned counsel submit that defendant left a particular firearm in the custody and control of Ronnie Fulks on November 8 or 9, 2002. Because he is a convicted felon, however, Ronnie Fulks could not testify to his receipt and possession of a firearm from defendant without exposing himself to criminal liability. *See* 18 U.S.C. §922(g).

### A.   Prosecutorial overreaching.

The government possesses the authority to grant Ronnie Fulks use immunity in connection with his testimony on these matters, and any refusal to do so would, for several reasons, plainly constitute overreaching. First, the government has been investigating this case and preparing for trials for more than eighteen months, and at no time has it given any indication that Ronnie Fulks is or was a target of the investigation, or a person against whom it has considered filing criminal charges. Thus, the government has no legitimate law enforcement or prosecutorial interest to protect

2

by withholding use immunity.

Second, upon information and belief, Ronnie Fulks has worked for some time as a paid informant for law enforcement officers in Indiana, at least one of whom testified in the trial of this case. According to Ronnie Fulks himself, his status as an informant has caused law enforcement in Indiana to overlook his involvement in at least one offense which could otherwise have resulted in a criminal prosecution. Given that the authorities have seen fit to exempt Ronnie Fulks from legal sanction in exchange for his work as an informant, a refusal by the government to provide him with use immunity in this case would clearly be motivated not by an interest in maintaining evenhanded application of the laws, but by an impermissible desire to thwart defendant's efforts to present his case. This plainly constitutes prosecutorial overreaching of the sort contemplated by the Fourth Circuit in *Abbas, supra*.

**B.     Ronnie Fulks' testimony is material, exculpatory and unavailable from all other sources.**

The government has presented evidence indicating that defendant and Mr. Basham were in possession of four firearms subsequent to their escape from the Hopkins County Detention Center: two .45 caliber revolvers, one .45 caliber automatic, and one .22 caliber revolver. The government has also indicated -- and is expected to argue further -- that only three of these firearms can be accounted for, with the implication being that defendant could have retained possession of the fourth firearm until any time before his arrest, and/or that the fourth firearm could have been the weapon used in the homicides of Alice Donovan and/or Samantha Burns.[1] However, as noted above, Ronnie Fulks is uniquely positioned to provide testimony establishing that defendant in fact left a .45 caliber

---

[1]The accounted for firearms are: a .45 revolver containing ammunition not suitable for firing in that weapon; the .45 automatic, which lacked an ammunition clip; and the .22 revolver.

3

revolver in his possession on November 8 or 9, 2002 -- before the abductions of either Samantha Burns or Alice Donovan, and before the Ohio State Police chase. Because Ronnie Fulks was the actual recipient of this firearm, he is necessarily the only source of testimony about his receipt, possession and disposition of that weapon.

The testimony that could be provided by Ronnie Fulks is exculpatory and material in several ways. First, by establishing that defendant left the .45 revolver in Indiana on November 8 or 9, the testimony would eliminate the possibility that this firearm was the weapon used in either the Burns or Donovan homicide. It would also eliminate the resulting inference that defendant disposed of the murder weapon at some point prior to his arrest. Second, testimony that defendant left a .45 revolver with Ronnie Fulks would, when viewed in light of the fact that the other .45 revolver had inoperable ammunition, and the .45 automatic had no ammunition clip, establish that defendant and Mr. Basham had only one operational firearm: the .22 revolver. This could plainly be expected to influence the jury's findings concerning defendant's actions during the Carl Jordan shooting incident, as well as the jury's conclusions regarding whether one or both defendants participated in the homicides.

In short, the testimony that could be elicited from Ronnie Fulks is essential to defendant's ability to rebut, deny and explain a range of inferences and arguments advanced by the government in support of a sentence of death. *See Gardner v. Florida*, 430 U.S. 339 (1977). Because this testimony is exculpatory, material, and available from no other source, this Court should compel the government to grant Ronnie Fulks use immunity for this testimony concerning receipt of a .45 revolver from defendant on November 8 or 9, 2002.

4

### III.    CONCLUSION.

WHEREFORE, for the foregoing reasons, this Court should enter an order requiring the government to grant use immunity to Ronnie Fulks in order to facilitate his testimony concerning defendant's disposition of a firearm on November 8 or 9, 2002.

Respectfully submitted,

JOHN H. BLUME, Fed. I.D. # 1360
KEIR WEYBLE, Fed. I.D. # 7888
  1247 Sumter Street, Suite 202\
  Columbia, SC 29202
  (803) 767-1044

WILLIAM NETTLES, IV
  Federal Public Defender's Office
  401 W. Evans Street, Room 240
  Florence, SC 29503
  (843) 662-1510

SHERI LYNN JOHNSON
  Cornell Law School
  Myron Taylor Hall
  Ithaca, NY 14853
  (607) 255-6478

BY: _____
    COUNSEL FOR CHADRICK FULKS

June 17, 2004.

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:02-992 |
| | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |
| CHADRICK EVAN FULKS, *Defendant.* | ) | |
| | ) | |

I do hereby certify that I have served upon the attorney for the government defendant's Motion to Compel Grant of Use Immunity to Ronnie Fulks in Order to Facilitate Material, Exculpatory Testimony Unavailable from Any Other Source by hand delivery to Scott Schools, First Assistant United States Attorney, at the United States Courthouse, 901 Richland St., Columbia, South Carolina, 29201

This the _____ day of June, 2004.

_____
JOHN H. BLUME

6