| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 4:02-992 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | The Honorable Joseph F. Anderson, Jr. |
| | ) | U.S.D.J. |
| CHADRICK E. FULKS, | ) | |
| | ) | This is a Capital Case |
| Petitioner. | ) | |

**REPLY OF CHADRICK E. FULKS TO RESPONSE OF THE UNITED STATES IN OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Chadrick E. Fulks, by undersigned counsel, pursuant to Local Rule 7.07, files his Reply to the Response of the United States in Opposition to Petitioner's Motion for Leave to Conduct Discovery.

**I.      The government misunderstands the "good cause" standard.**

The crux of the government's brief is that Petitioner is not entitled to any discovery because Petitioner will not ultimately prevail on the merits of the claims raised in his 2255 petition. For example, in response to the claim that Petitioner's due process rights were violated because of the government's use of inconsistent theories during the Fulks and Basham trials and the request for discovery regarding Basham's leadership during November 2002, the government responds as follows: "Petitioner's argument that he needs discovery to show that Basham was so manipulative that he controlled Petitioner simply collapses under the weight of the evidence presented at trial." Government's Response at 8. In another place, the government argues that because the aggravating evidence introduced at trial outweighs the additional mitigating evidence

identified in the 2255 petition, "discovery demanded by Petitioner is immaterial." Id. at 18.

The government's arguments evince a total misunderstanding of the standard that Petitioner must meet for discovery. The Fourth Circuit succinctly states the rule in Quesinburg v. Taylor, 162 F.3d 273 (4th Cir. 1998): "Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." Id. at 279 (emphasis added). Similarly, the United States Supreme Court has instructed that "good cause" for discovery in habeas proceedings is established "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-909 (1997).

Using the inconsistent theories issue (Claim XX) as an example, Petitioner has provided the Court with specific citations to the record showing that the government presented mutually inconsistent theories of the same case against different defendants, see 2255 Petition at 116-22, shown why factual development of Basham's leadership is necessary to the ultimate development of the claim, and established that the requested information is likely in the hands of the United States. This proves good cause and entitles Petitioner to the discovery requested. Petitioner is not required to show at this stage that he will ultimately prevail on the merits. Both sides are far from a merits hearing.

**II. The "probably all standard" is insufficient to deny Petitioner discovery**.

The government candidly admits in its brief that its knowledge of the case is based "to a large extent on the summary of evidence presented by AUSA Johnny Gasser during closing arguments." Government's Response at 7 n.1. The government then goes on to argue against producing evidence related to Basham because "the Government presented extensive, probably all, evidence of Basham's role in the murders during trial." Id. at 4 (emphasis added).

The undersigned empathize with the government in getting a handle on the voluminous record in this case. The undersigned also recognize that Mr. Gasser is no longer an employee of the federal government and is now in private practice. No stones are cast at the government because of the struggles related to the large record in this case.

However, the argument that "probably all" evidence related to Basham is available to counsel is not especially reassuring when Mr. Fulks' life is at risk. The speculations of the government about what has been produced are not sufficient to override the good cause standard articulated above. If anything, the government's uncertainty about what has been produced and the turnover in personnel indicate that leave to conduct discovery in this proceeding should be liberally granted.

**III. Good cause exists for discovery related to government misconduct with trial witnesses.**

The government argues that a sworn affidavit produced in this proceeding does not establish good cause for discovery related to claims that government agents improperly conducted interrogations of witnesses. According to the government, "[j]ust as counsel for Petitioner acquired a statement from Angela [sic] Roddy, it could also

request statements from other witnesses. Since Petitioner has not provided statements from other witnesses claiming that the F.B.I. attempted to influence their testimony, the Petitioner apparently did not ask the other witnesses for such statements, or the other witnesses do not feel the F.B.I. attempted to influence their testimony." Government's Response at 12-13 n.3.

The Petitioner has (1) made specific allegations warranting relief because of government misconduct and buttressed these with a sworn affidavit from a critical witness, (2) shown why the requested information is essential to the adequate factual development of his claims, and (3) demonstrated that the requested information is likely in the hands of the federal government. This is far from a "fishing expedition" as claimed by the government. Nor does the Petitioner need additional affidavits to establish good cause. Andrea Roddy was one of the four people who traveled from Indiana to Conway, South Carolina, where Alice Donovan was abducted. Other than Tina Severance, Roddy was the only person who spent a substantial amount of time with Fulks and Basham during November 2002.

As an officer of the Court, counsel can state that other important witnesses related government misconduct very similar to that described by Roddy. Unlike Roddy, these witnesses were too afraid to sign declarations. Because counsel could not promise protection from possible government retaliation, additional affidavits were not forthcoming.

Finally, the undersigned also attached to the 2255 petition a letter from law enforcement indicating that all charges against Severance were dropped because of her cooperation in the Fulks case. This letter explains discrepancies between Severance's

4

and Roddy's testimony about alleged threats from Fulks and raises concerns about the government's attempts to influence Roddy's testimony.

In sum, good cause exists for granting discovery related to government misconduct with trial witnesses.

Respectfully submitted,


/s/ William J. Watkins, Jr.
William J. Watkins, Jr., Federal Bar #7863
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
550 South Main Street, Suite 400
Greenville, South Carolina 29601
(864) 255-5400

Beattie B. Ashmore, Federal Bar #5215
PRICE, PASCHAL & ASHMORE, PA
644 E. Washington Street
Greenville, SC 29601
(864) 467-1001

Attorneys for Defendant Chadrick E. Fulks

August 11, 2008