IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA ) Cr. No. 4:02-992-JFA
)
v. )
)
CHADRICK E. FULKS )
)

**Response of the United States to Petitioner's
Supplemental Memorandum in Support of his
Motion for Leave to Conduct Discovery**

Petitioner has filed a Supplemental Memorandum in response to this Court's direction to the parties to submit relevant record citations on the matter of whether Petitioner should be allowed to conduct a deposition of Sheriff Ronald Hewett. The request should be denied for the following reasons.

I.      ARGUMENT

A.      <u>Fulks has failed to show good cause as to why he should be allowed to depose Sheriff Hewett.</u>

Petitioner essentially claims that he needs to depose Sheriff Hewettt in order to gain information to show that the Government intentionally withheld information that would have been exculpatory to Fulks as to the murder of Alice Donovan. Contrary to his assertion, Petitioner had ample opportunity to discover the information. In fact, he knew of the information he claims he is now seeking from Sheriff Hewett through a deposition. Therefore, a deposition would not be proper.

The full substance of Hewett's testimony was known to Fulks before his trial, and his attorneys attempted to use Hewett's testimony to Fulks' advantage in Fulks' trial.

Fulks fails to mention in his supplemental memorandum that Sheriff Hewett testified before the Court prior to Fulks' trial. See Excerpt of Hearing on 02/25/04, Testimony of Sheriff Hewett, pp 52-87, attached hereto as Attachment A. Fulks' trial attorneys were present during this testimony. At this hearing, Sheriff Hewett testified that Basham made the "deer" statement: "You know, I could never kill a deer, and here I have . . ." (Attach. A at p. 62), and that Basham demonstrated how Alice Donovan was strangled using a purse strap and that the strap was thrown into the woods (Attach. A at pp. 66-67; 77-78). Therefore, prior to Fulks' trial, his counsel were fully aware of this testimony.

Fulks' trial attorneys attempted to introduced Sheriff Hewett's testimony regarding certain things that Basham had said to Hewett (i.e., the deer statement), but wanted to keep out any testimony regarding Basham's statements that Fulks participated in the killing of Alice Donovan. See Excerpt of Hearing on 06/22/04, pp 244-56, attached hereto as Attachment B. This Court refused to allow this attempt to pick and choose from Basham's statements to Sheriff Hewett. Regarding the "deer statement," the Court stated: "Now the Defendant [Fulks] wants to isolate one precise, not even a statement, just a fraction of a sentence said by Mr. Basham but disallow the rest of it from coming in." Attach. B at 245. The Court asked: "Why should I be selective and admit part of what Mr. Basham said here and not all of it?" Attach. B at 247. The Government pointed out that "what they want to use that statement to prove, apparently, is that Mr. Basham wasn't putting all the blame on Mr. Fulks when, clearly, he was. . . . It doesn't contradict that testimony unless you take it out of context." Attach. B at 250. The Court observed

2

that it is unknown what Basham was preparing to say, and that, while what he said might have been inculpatory to him, it was not exculpatory to Fulks because he could have been preparing to say "I helped my codefendant kill one . . . I held the woman down while she was killed. He could have said a number of things that still inculpated Mr. Fulks." Attach. B at 250-51.

Fulks' counsel admitted that there was no dispute about what was said, but that there was some dispute about what was meant. Attach. B at 247. The Court inquired: "Put this reference to killing the deer in context for me. This was almost contemporaneously at the time he was putting all of the blame for the actual death on Mr. Fulks, right?" Attach. B at 252. The Government responded that it was the same day, and the Court observed that it was not a situation where one day Basham had a change of heart and said that he killed Alice Donovan. The Government reiterated: "The problem is, the Defendant [Fulks] wants to limit to that one single inference, which is taking it out of context." Attach. B at 253.

After hearing arguments from both parties, the Court found that the danger of confusing the issues substantially outweighed the probative value of the statements by Basham that Fulks sought to have admitted at trial. Attach. B at 255-56.

At Basham's trial, Sheriff Hewett testified as he did at the pretrial hearing on February 25, 2004. See Basham Trial Testimony, 9/27/2004 at 10-1 – 10-54, attached hereto as Attachment C. At Basham's trial, Hewett testified that Basham made the "deer" statement: "You know, I could never kill a deer, and here I have . . ." (Attach. C at 10-24

3

– 10-25)  and that Basham demonstrated how Alice Donovan was strangled using a purse strap and that the strap was thrown into the woods (Attach. C at 10-39 - 10-40; 10-53 – 10-54).  Fulks' suggestion that Hewett "perjured himself" (Supplemental Memorandum at p. 3) is not supported by anything in the record.   Fulks has failed to demonstrate good cause to have Sheriff Hewett sit for a deposition and testify a third time under oath.

     B.     <u>The Government's theory  regarding the death of Alice Donovan was the same during Fulk's and Basham's trials.</u>

Fulks  erroneously argues that, at Basham's trial, the Government "argued to the jury that Basham made all of the life and death decisions and struck the fatal blow that killed Donovan." Mem. of Pet. at 2.   He claims that because of the "inconsistent theories," he needs to depose Sheriff Hewett.  The fact is that the Government maintained the same theory during both trials.  It stressed the particular role of the defendant who was being tried at the time, but always maintained the same overall theory in both.

During closing arguments at Basham's trial, the Government made the same argument made at Fulks' trial.  It argued that Basham and Fulks acted as one , and that, in doing so, each chose to kill Alice Donovan.  The Government told the jury:

> If Brandon Basham was alone, or if Chad Fulks were alone on November 11, 2002 and November 14, 2002, Samantha Burns would be alive today.  . . . Brandon Basham and Chad Fulks were acting together in unison as a team, a death squad . . . the two of them, together, aiding and abetting each other when they kidnaped, and carjacked, and killed Alice Donovan, the two of them.

<u>See</u> Basham Trial Trans., Sept. 29, 2004, p. 12-12, closing Argument by Mr. Gasser, attached hereto as Attachment D.  The Government reminded the jurors: "You jurors do

4

not have to find who, specifically, killed Alice Donovan in order to convict Brandon Basham of carjacking, resulting in death or kidnaping resulting in death. . . . The evidence shows they acted together and killed Alice Donovan." Id. at 12-12 -12-13.  The Government told the jury that it was not claiming that Basham was more culpable or that Fulks was more culpable, because it took both of them to kill Alice Donovan.  Id. at 12-13.  The Government reiterated this theme throughout its closing.  See Id. at 12-20 ("it was a two-man team," "it took two"); 12-22 (each was more aggressive at different times); 12-40 (there was mud on both sides of the car, both Fulks and Basham dumped Samantha Burn's body in a river); 12-41 ("**they** killed her [Samantha], and **they** were disguised"); 12-47 ("**they** targeted Alice. . . . It took the actions of Chad Fulks and the actions of Brandon Basham to carry out that kidnaping, to carry out that carjacking."); 12-52 ("took two of them to get them to the isolated area.  Chad Fulks to drive, Brandon Basham to make sure she didn't get away.  Both of them together acting as a team."); 12-62-63 ("seventeen days in November of 2002, seventeen days of carnage.  Two murders, two attempted murders, three kidnapings, three carjackings, an attempted kidnaping and carjacking of a 15-year-old girl committed by Brandon Basham and Chad Fulks acting as a team in unison.") 12-69 (he [Basham] participated directly in her death"); 12-70 ("Brandon Basham, himself, participated in the killing of Alice Donovan").

    As a last piece of evidence argued in Basham's closing, the Government reminded the jury of Basham's call to his former counselor on Christmas eve, when Basham told his former counselor, and his counselor asked him if he did "what they say you did?"  Id.

at 12-80 -12-81.  Basham responded **We killed them.**  Id. 12-81.   Contrary to Fulks

argument in his memorandum, the Government did not argue to the Basham jury that

Basham made all the life and death decisions.  Rather, the Government argued that Fulks

was the lieutenant and Basham was the foot soldier:

> No question, Chad Fulks was the leader in many aspects of this 17-day
> spree. . . There is no question about that. . . . But there is also no question . . . that
> Brandon Basham was a willing, eager, and reliable foot soldier.  He was eager to
> please his friend.  And he was willing to participate and make choices.

Id. at 12-82.  Finally, the Government summed up its argument: "Like two peas in a pod.

Brandon Basham could not have carjacked, kidnaped, and killed Alice Donovan without

Chad Fulks; Chad Fulks could not have carjacked, kidnaped, and killed Alice Donovan

without Brandon Basham."  Id. at 12-82.

Finally, Fulks claims in his Supplemental Memorandum at pp. 1-2:  "The

government contended that . . .  Petitioner intentionally killed Alice Donovan," and cites

pages 107 and 131 of the trial transcript from June 29, 2004.  What the Government

actually said during closing at Fulks' trial was:

> They both needed each other to abduct Alice Donovan.  They both
> carjacked her, both kidnaped her, both raped her.  Do you honestly believe that, at
> one point in time, that the two of them were not going to act together?
> Circumstantial evidence, both of them, ladies and gentlemen, intentionally killed
> Alice Donovan.

See Fulks Tr. Trans., June 29, 2004 at 107, attached hereto as Attachment E.  The other

part of the closing argument transcript is in keeping with this theme.  The Government

states: "The Government is not saying that Chad Fulks is more culpable. . . . Chad Fulks

and Brandon Basham are, equally, culpable." Id. at 131.

Thus, Petitioner's conclusion that he has shown good cause to depose Sheriff Hewett due to the Government's use of inconsistent theories (Pet.'s Supp. Mem. at 5) does not hold up when viewed in the light of the closing arguments at both Fulks' and Basham's trials. The Government consistently maintained that because both Fulks and Basham had to operate as a team in order to accomplish the murders, each was responsible for the deaths.

II.     CONCLUSION

Fulks has not explained what he hopes to learn of a deposition of Sheriff Hewett. Sheriff Hewett has testified consistently twice under oath.  Fulks fails to explain how a deposition is warranted and how anything resulting from the deposition would change the outcome of these proceedings. For the above-stated reasons, the Court should deny Petitioner's motion to depose Sheriff Hewett.

Respectfully submitted,
W. Walter Wilkins
United States Attorney


  s/ Jimmie Ewing
Robert F. Daley, Jr. (ID No. 6460)
Jimmie Ewing (ID No. 7292)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina  29201
(803) 929-3114

August 28, 2008