IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR No. 4:02-992-JFA |
| | ) | |
| Respondent, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Chadrick Evan Fulks, | ) | |
| | ) | |
| Petitioner. | ) | |
| _____ | ) | |

This matter comes before the court by way of petitioner Chadrick Fulks' motion for leave to conduct discovery as authorized by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* dkt #1096. On August 21, 2008, the court conducted a hearing on the motion. This order memorializes the rulings from that hearing and resolves the questions on which the court requested and has received supplemental briefing.

Petitioner commendably conceded at the hearing that most of his discovery requests were satisfied in light of the Government's representation that all discovery produced at trial has been produced to present counsel and that the Government possesses no impeaching or exculpatory evidence. To satisfy petitioner's request for discovery of all information within the Government's possession or at its disposal regarding promises or deals made with witnesses in exchange for their testimony at Petitioner's capital trial, the court ordered the Government to provide petitioner's counsel with copies of any correspondence from the United States Attorney's Office related to the witnesses Tina Severance, Beth McGuffin, and

Andrea Roddy.

As to the two areas that the parties were not able to resolve by agreement, petitioner seeks access to rough drafts of reports or notes made by government agents including any notes and reports kept on the "I-drive" of FBI's computer system, and petitioner seeks to depose Sheriff Ronald Hewett regarding a statement given to the sheriff by a co-conspirator.

Rule 6 provides that a judge may authorize a party to conduct discovery when good cause is shown. The relevant jurisprudence instructs that good cause is present "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-909 (1997).

Petitioner's request for discovery of information contained on the FBI's "I-drive" is denied pursuant to United States v. Hinton, 719 F.2d 711 (4th Cir. 1983).

Turning to Petitioner's request to depose Sheriff Hewett, the court has reviewed the transcripts from petitioner's trial and from his co-conspirator's trial, as well as the parties' briefs, and the court concludes that allowing petitioner to depose the sheriff would not likely enable petitioner to develop facts demonstrating that he is entitled to relief.

This conclusion is driven by the fact that there is little to no dispute regarding the substance of the sheriff's testimony, which has been given under oath numerous times. The dispute instead relates to the inference to be drawn from the co-conspirator's statement and to what petitioner alleges is an inconsistency in the Sheriff's testimony. The court finds that these are issues on which additional testimony by the sheriff would shed no additional light.

The sheriff's testimony appears in the transcripts of petitioner's trial and in the trial of petitioner's co-conspirator, and to the extent the testimony or the Government's position regarding the testimony at the two trials was consistent or inconsistent, the record must speak for itself.

For the foregoing reasons, petitioner's motion for leave to conduct discovery is granted with respect to the correspondence the Government has agreed to provide petitioner's counsel, and denied as to petitioner's request for an additional deposition and access to the FBI's "I-drive."

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 18, 2008
Columbia, South Carolina