IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA ) 
v. ) Criminal No. 4:02-992-JFA
CHADRICK EVAN FULKS, )
        Defendant, )

DEFENDANT'S SWORN STATEMENT/DECLARATION
IN SUPPORT OF NOTICE TO THE COURT OF DEFENDANT'S WAIVER
OF ALL FURTHER POST CONVICTION PROCEEDINGS AND
DEFENDANT'S MOTION FOR A PROMPT EXECUTION DATE

Comes Now, Chadrick Evan Fulks, Defendant Pro Se and respectfully submits his Sworn Statement/Declaration in support of his Notice to the Court of his Waiver of all Further post Conviction Proceedings and his Motion for a Prompt Execution Date.

Chadrick Evan Fulks, being competent to make this Statement/Declaration and having personal knowledge of matters herein, states and declares pursuant to 28 U.S.C. § 1746 the following:

1. I am the defendant is Criminal Case Number 4:02-992-JFA filed in the United States District Court for the District of South Carolina. On May 4 and 7, 2004 I pled guilty to the Counts contained in the superseding indictment. That included Counts 1 and 2 which charged me with carjacking resulting in death and kidnapping resulting in death. Those charges made me eligible for a sentence of death.

2. Between June 1, 2004 and June 30, 2004 the jury heard evidence in my case relating to the sentence to be imposed, they deliberated and returned a sentence of death. On December 20, 2004 the Court entered judgment imposing the death sentence upon me for the offenses contained in Counts 1 and 2.

3. I took a direct appeal to the United States Court of Appeals for the Fourth Circuit. My conviction (plea of guilty) and the sentences imposed were affirmed by

the Fourth Circuit on July 27, 2006. The Mandate was issued on August 30, 2006. Thereafter, my former counsel John H. Blume, who represented me at trial and on direct appeal, filed a Petition for a Writ of Certiorari with the Supreme Court of the United States (Case No.06-9232). That petition was filed over my objections, without my authorization and despite my specific instructions not to seek Certiorari Review on my behalf. That Petition was denied by the U.S. Supreme Court in 2007.

4. Pursuant to Title 28, United States Code, Section 2255 I had a one-year statute of limitation for filing under this provision. That one-year period began on the date the Petition for a Writ of Certiorari was denied by the U.S. Supreme Court.

5. Prior to the denial of the Cert. Petition by the Surpreme Court I was in contact with attorneys from the Federal Resource Counsel who had located me an attorney with Capital Case experience willing to represent me on my Section 2255 Petition. As a reslut of that contact attorney Susan Marcus began working on my Section 2255 case immediately upon the Supreme Court's denial of the Cert. Petition.

6. During the four months that Susan Marcus was working on my case she and I developed a bond and good attorney/client relationship. I trusted her and wanted her as my attorney. I had confidence in her abilities based in large part upon her past experience in Capital Cases and the respect she has amoungst her peers and the Federal Resource Counsel. Additionally, through my communications with her I saw first hand how devoted to my case she was and how hard she was working to investigate and uncover facts and issues which would form the basis of my Section 2255 Petition.

7. For reasons which I do not know and do not understand, the Honorable Joseph F. Anderson, Chief Judge for the United States District Court for the District of South Carolina refused to appoint Susan Marcus to represent me. He did so over the objections of the Federal Public Defender for the district of South Carolina and the Federal Resource Counsel who regularly make recommendations to the courts about the

(2)

appointment of counsel in federal capital cases.

8. Approximately four months into the one-year statute of limitations period governing my Section 2255 Petition Chief Judge Anderson appointed attorneys Beattie B. Ashmore and William J. Watkins, Jr. to represent me on my Section 2255 Petition.

9. Mr. Ashmore is an attorney from Greenville, South Carolina with absolutely no prior experience in capital cases. He is a social acquaintance of Chief Judge Anderson. They not only socialize together, but have gone on hunting and/or fishing trips together as well. I believe based upon information that Beattie Ashmore was appointed to represent me because of his relationship with Chief Judge Anderson as it certainly could not have been because of his nonexistent capital case experience. It is my belief based upon my conversations with Beattie Ashmore that he is a strong supporter of the death penalty; that he does not like me; and that because he has a daughter who he loves dearly, he is appalled by the facts of my case and that he can not put these personal feelings aside which adversely affect his ability to serve as counsel in my case.

10. On numerous occasions Beattie Ashmore has lied to me about needing to be at emergency court hearings as an excuse to not converse with me on the telephone. I do not trust Beattie Ashmore or in his ability to serve as my attorney in any capacity. I do not trust Beattie Ashmore because of his actions towards me, his association with Chief Judge Anderson, and because of his prior employment with the United States Attorney's Office. I do not have any type of attorney/client relationship with Mr. Ashmore.

11. Attorney William J. Watkins, Jr. is also from Greenville, South Carolina. He has very limited experience in state capital cases, but has never been involved in a federal capital case prior to his appointment into my case by Chief Judge Anderson. Bill Watkins and I had established a meaningful attorney/client relationship during the twelve months he represented me prior to September 2, 2008. I trusted him com-

(3)

pletely and I have discussed the most painful, emotional and gut wrenching episodes and experiences of my life with him. We spent countless hours in conversations both on the telephone and during face-to-face visits discussing all aspects of my case, my life and my confinement on death row. I was led to believe that these detailed communications were required inorder for him and the other attorneys (Pro Bono Counsel and Beattie Ashmore) to represent me on the Section 2255 Petition. I grew to not only consider Bill Watkins to be my attorney but also my friend.

12. Despite Chief Judge Anderson's appointment of attorneys Ashmore and Watkins into my case with only eight months for filing the Section 2255 Petition, they along with Pro Bono Attorneys Amy Laurendeau, David Dalke and Danielle Oakley were able to timely file a 141 page Section 2255 Petition on my behalf. That Petition was filed on June 23, 2008 (Docket Entry Number 1090).

13. Based upon information and belief a hearing was held by Chief Judge Anderson on August 21, 2008 in reference to a Motion for Discovery filed on my behalf as a part of my Section 2255 Petition. At that hearing Chief Judge Anderson stated that both he and the government did all they could to ensure that both me and my co-defendant Brandon Basham received a fair trial. Chief Judge Anderson opined that in all of his years on the bench he had never seen anyone get a more fair trial. The hearing transcript will reflect Chief Judge Anderson's exact words. However, it is my belief that Chief Judge Anderson has already made up his mind about the issues raised in my Section 2255 Petition and that he is only going through the motions of considering the merits of that Petition prior to denying all relief.

14. In a related context Chief Judge Anderson has used his influence and position as Chief Judge against me in my Civil Litigation filed in the United States District Court for the Southern District of South Carolina. That case is styled as Fulks v. Metts, et al, Civil Action No.2:06-0980-PMD. I have sued several employees of

(4)

the Lexington County, South Carolina Sheriff's department, including Sheriff James Metts a politically connected elected official, for physically assaulting me, denying me medical attention and for holding me in a mold covered, dark, wet cell without personal hygiene items. That case is slated for trial in early 2009.

15. In an order dated January 24, 2008 the Honorable Patrick Michael Duffy, U.S. District Judge for the District of South Carolina appointed Attorneys Brian A. Calub and Paul T. Collins from the law firm of Nelson, Mullins, Riley & Scarborough to represent me in the Civil Litigation.

16. Several months after that appointment Chief Judge Anderson intervened and insisted that those attorneys be removed from the case because some attorney in their firm had previously worked for one of my co-defendant's attorneys albeit in a position which never brought her into contact with Brandon Basham. The attorneys offered the court their assurences that a Chinese Wall could be erected that would screen them from their colleague, that she worked in a different section of the firm on a different floor doing criminal cases. Nevertheless Judge Anderson insisted that the attorneys be removed and they were.

17. The importance of the Civil Action can not be overstated. Some of the defendants in that case were allowed by Chief Judge Anderson to testify during my sentencing hearing in the capital prosecution against me. When some of the jury members who voted to sentence me to death were interviewed by my legal team prior to the filing of my Section 2255 Petition they revealed that it was the testimony of the Lexington County Sheriff's Department employees about the alleged assault by me upon them which led to their votes to sentence me to death.

18. Those same Lexington County Sheriff's Department employees have now provided Sworn Depositions in the Civil Litigation which directly disputes their earlier testimony. Additional evidence has been uncovered to demonstrate they committed perjury at my

Capital Sentencing Trial. Based upon information and belief it is my opinion that Chief Judge Anderson would prefer that this evidence never be presented in the Civil Litigation so that his errors of allowing the testimony into evidence at my Capital Sentencing Trial will never come to light.

19. Based upon information and belief the Chief Judge has shown his personal and judicial bias towards me and my case which is presently pending before him. As such there is no need for me to continue on with this pretense of justice.

20. During a face-to-face visit with my attorney William (Bill) Watkins, Jr. on Tuesday, September 2, 2008 I received the shock of a lifetime. After having had a lengthly legal visit on that day I was informed by Bill Watkins towards the end of the visit that he had accepted a new job offer, that he would no longer be able to work on my case and that he had decided to accept a position with the United States Attorney's office. The same United States Attorney's Office which prosecuted me and who are actively opposing my Section 2255 Petition and all related litigation. He presented me with a three page unsigned letter outlining his decision. That letter is attached to this Statement/Declaration.

21. Bill Watkins stated to me that a "Chinese Wall" will be errected between him and anyone in the U.S. Attorney's office working on my case. However, Chief Judge Anderson would not accept such a Chinese Wall in my Civil Litigation how in the world can he now allow such a thing in my Capital Case? He can only do so by showing his bias towards me. I have no faith in Bill Watkins or Chief Judge Anderson. It appears to me that they may be acting in concert to ensure that I am executed. Bill Watkins and Beattie Ashmore were Chief Judge Anderson's appointments made over the advice and objections of experienced Death Penalty Resource Counsel inorder to keep South Carolina attorneys in my case. The deck is surely stacked against me and I see no reason to continue with this farce.

(6)

22. After learning of Bill Watkins intentions to leave my case for the U.S. Attorney's office I drafted a letter to him and all of my attorneys including those appointed by the court and Pro Bono attorneys who have volunteered to work on my case. I explained my thoughts and feelings in detail. A copy of that letter is attached to this Statement/Declaration and is incorporated into this Statement/Declaration.

23. During a telephone conversation with attorneys David Dalke and Danielle Oakley on September 17, 2008 I was informed that Mrs. Oakley is also leaving my case due to her pregnancy. If needed she will be replaced by another attorney from her firm.

24. While the provisions for 28 U.S.C. § 2255 petitions/motions now allow for the document to be filed without the signature of the petitioner it still must be signed under penalty of perjury and be signed by an attorney or someone authorized to file the petition. At no time did I authorize the filing of the Section 2255 Petition as it now exists. I specifically instructed Attorney Bill Watkins to remove certain sections from the Petition/Motion because they are untrue. He promised me that he would do so, but several days after the Section 2255 Petition was filed I received a copy and those pages remained.

25. I have addressed some of my conditions of confinement in the Notice to the Court and My Motion for a Prompt Execution Date. Those conditions of confinement have influenced my decision to waive all further post conviction proceedings and to seek a prompt execution date, but they are not the reason I have elected to make this choice. My decision has been made based upon the totality of my circumstances as outlined in this Statement/Declaration and my Pro Se Pleadings filed with the Court on September 9, 2008.

26. Some may attempt to challenge my mental competency to make this decision. I am willing to be evaluated by any Court Appointed psychiatrist for the specific purpose of determining my competency to waive all further proceedings. I will not submit

(7)

to any evaluation by any other doctor on behalf of the defense or the government.

27. By waiving any and all further post conviction proceedings in this case and by requesting a prompt execution date on which my death sentence will be implemented I will gain a certain amount of control over my life and my death. This is a rational decision when one is faced with the never ending uncertainty of the death penalty.

28. I fully accept responsibility for my actions relating to the carjacking and kidnapping of Alice Donovan. However, as I have always maintained I did not Kill Mrs. Donovan and I never intended that she be killed. If society wants to execute me for my actions then that's their choice, but I will go to my death with a clear conscience knowing that I have never killed anyone intentionally or otherwise.

29. I am willing to answer any questions posed by the Court at a hearing if one is scheduled. I do not want or need the services of Attorneys Ashmore or Watkins at any hearing. As far as I'm concerned neither of these attorneys represent me or my interests.

30. While I have outlined herein that I believe Chief Judge Anderson has shown bias against me, I do not mean for my Statement/Declaration to be taken as disrespect towards the Court. I only include that information because it has influenced my decision to waive all further proceedings in this case. That is only one of many factors which have influenced my decision.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this _22nd_ day of September, 2008 at Terre Haute, Indiana.

Respectfully Submitted,

Chadrick Evan Fulks, Pro Se
Federal Correctional Complex, SCU
Post Office Box 33 #16617-074
Terre Haute, IN 47808-0033

C.F.

(8)

CERTIFICATE OF MAILING

This is to certify that on this 22ⁿᵈ day of September, 2008 a true and correct copy of Defendant's Sworn Statement/Declaration in Support of Notice to the Court of Defendant's Waiver of all Further Post Conviction Proceedings and Defendant's Motion for a Prompt Execution Date was sent by First Class prepaid mail to each of the following:

Robert F. Daley, Jr. Assistant U.S. Attorney
Jimmie Ewing, Assistant U.S. Attorney
1441 Main Street
Columbia, South Carolina   29201

Beattie Ashmore, Attorney
Price, Paschal & Ashmore, PA
644 East Washington Street
Greenville, South Carolina   29601

William J. Watkins, Jr. Assistant U.S. Attorney
C/O Womble, Carlyle, Sandridge & Rice, PLLC 550
550 South Main Street, Suite 400
Greenville, South Carolina   29601

Amy Laurendeau, Attorney
David Dalke, Attorney
Danielle, Oakley, Attorney
O'Malley & Myers, LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California   92660

Chadrick Evan Fulks, Pro Se

(9)