IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Chadrick E. Fulks, | ) | |
| Petitioner. | ) | |
| _____ | ) | |

On May 7, 2004, Chadrick E. Fulks pleaded guilty to, among other things, Counts 1 and 2 of the Superceding Indictment. Pursuant to his guilty plea, he was adjudged guilty of carjacking resulting in the death of Alice Donovan on or about November 14, 2002, a violation of Title 18, United States Code, Section 2119 (Count 1), and kidnapping resulting in the death of Alice Donovan on or about November 14, 2002, a violation of Title 18, United States Code, Section 1201 (Count 2). The jury unanimously voted recommending that Fulks be sentenced to death, and the court entered a judgment sentencing him to death on Counts 1 and 2 of the Superceding Indictment. Doc. # 854, aff'd, U.S. v. Fulks, 454 F.3d 410 (4th Cir.2006), cert. denied, 127 S.Ct. 3002 (2007). Petitioner is now a death-row inmate at the United States Penitentiary in Terre Haute, Indiana.

Pursuant to 18 U.S.C. § 3599(a)(2), the court appointed petitioner habeas counsel, who filed a motion to vacate under 28 U.S.C. § 2255 on June 23, 2008.

Subsequently, habeas counsel submitted the instant "Motion to Compel the Bureau of Prisons to Provide Necessary and Essential Medical Treatment" [dkt. #1120]. The motion,

improperly filed under the caption of petitioner's criminal proceedings, appears to be a complaint of denial of medical care.

Prisoners are entitled to reasonable medical care, and officers having custody of a prisoner have a duty to procure such care. Blanks v. Cunningham, 409 F.2d 220 (4th Cir. 1969); Edwards v. Duncan, 355 F.2d 993 (4th Cir. 1966). A willful denial of medical treatment to a prisoner may rise to the level of cruel and unusual punishment, and thus support a claim cognizable under 42 U.S.C. § 1983. It is well-settled that such complaints are civil rights claims, properly brought against the prison officials in the relevant jurisdiction. "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." 28 U.S.C. § 1391(b).

The events that petitioner complains about in his motion took place in Indiana. The court has not been presented with any statutory or case law that otherwise supports this court's jurisdiction of petitioner's claim for denial of medical care. Accordingly, the motion is dismissed without prejudice to the petitioner's right to bring a civil rights action in the proper venue and jurisdiction with respect to any incidents of denial of medical care at his place of confinement.

Furthermore, because no right to counsel exists for civil rights actions pursuant to 42 U.S.C. § 1983, the court will not compensate habeas counsel for their work in connection with this motion.

2

IT IS SO ORDERED.

November 13, 2008                    Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge