| | |
|---|---|
| United States of America, | Case No. 4:02-992-JFA |
| Respondent, | |
| vs. | **MOTION TO EXPAND THE RECORD** |
| Chadrick E. Fulks, | |
| Petitioner. | |

Petitioner Chadrick E. Fulks ("Mr. Fulks"), by and through his undersigned counsel, moves to expand the record pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). In support of this motion, Mr. Fulks would show as follows.

## FACTUAL BACKGROUND

On January 18, 2009, a search team led by Monica Caison of the CUE Center for Missing Persons (www.cuecenter.org) recovered human remains near the intersection of Long Bay and Water Tower Roads in Horry County, South Carolina. Mr. Fulks had directed Ms. Caison to this location through photographs, a map, and letters. The remains were found in the same area identified by Mr. Fulks in early 2003, and to which he has directed search efforts ever since. While DNA testing is ongoing, it is widely believed that the remains are those of Alice Donovan.

At the time of trial, the body of Alice Donovan had not been recovered, despite Mr. Fulks's efforts to help authorities locate Ms. Donovan's remains. Throughout the penalty-phase proceedings, the government argued that it was because of Mr. Fulks's "successful actions" that

Ms. Donovan's remains were not recovered. Furthermore, the government specifically argued that the crime was aggravated by Mr. Fulks's alleged conduct in leading authorities away from the true location of the body:

> And to add insult to injury, they dispose of her body. Think of the thousands and thousands of man hours in North Carolina and South Carolina trying to find Alice Donovan's body to bring her home to her final resting place
>
> …
>
> Let's talk about the searches. First, with regard to the searches, Chad Fulks knew in April of 2003, he knew they had been searching the Savannah Bluff area, didn't find the body in November. Knew they had been searching Bee Tree Farm area up in North Carolina, no body found. So he sends them to another location. Does that make it true? No.

TT (6/29/04) at 119, 126.

## ARGUMENT

Rule 7 of the § 2255 Rules permits expansion of the record on motion of a party or by the District Court on its own motion. See § 2255 Rules 7(a); Paters v. United States, 159 F.3d 1043, 1049 (7th Cir. 1998) (noting that Rule 7 "permit[s] the parties to expand the record"); United States v. Bates, 2008 WL 80048, at *2 (M.D. Penn. Jan. 7, 2008 ) (granting party's motion to expand the record);[1] Expansion of the record under Rule 7 is appropriate "to clarify the relevant facts." Vasquez v. Hillery, 474 U.S. 254, 258 (1986).

Rule 7 does not limit the types of materials that may be the subject of a motion to expand the record. See § 2255 Rules, Rule 7(b) (providing that the materials that may be the subject of expansion "*include* letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge" (emphasis added)); Rules Governing Section 2254 Cases, Rule 7 advisory committee note ("materials which may be added

---

[1] Pursuant to Local Rule 7.05(A)(4), unpublished decisions are attached as an exhibit to this Motion.

to the record … include, *without limitation*," materials listed in Rule 7(b) (emphasis added)).[2] Consistent with the text of Rule 7 and the advisory committee note, courts have accepted a broad array of materials upon a motion to expand the record. See, e.g., Vasquez, 474 U.S. at 259 (computerized statistical analysis); Ruiz v. United States, 339 F.3d 39, 41-42 (1st Cir. 2003) (police report); United States v. Chacon-Palomares, 208 F.3d 1157, 1160 (9th Cir. 2000) (affidavits); United States v. Nieuwsma, 779 F.2d 1359, 1360 n.3 (8th Cir. 1985) (presentence report). The only requirement is that the materials be relevant to the issues before the court. See § 2255 Rules, Rule 7(a) (providing that record may be expanded with "materials relating to the motion" to vacate sentence); § 2254 Rules, Rule 7 advisory committee note ("[A] court may wish to expand the record in order to assist it in deciding an issue *other than the merits of the petition*." (emphasis added)).

Mr. Fulks seeks to expand the record with the following documents, all of which are relevant to the issues raised in the Amended Motion, particularly Claims VII and XXXI:

| PA # | Document |
|---|---|
| 42. | TheSunNews.com article 4/6/09 |
| 43. | Satellite image of Long Bay and Water Tower Roads |
| 44. | Map generated by Monica Caison |
| 45. | Map from Mr. Fulks to Ms. Caison |
| 46. | SCNow.com article 1/28/09 |
| 47. | Reports and Map by Heather Roche |
| 48. | Letter from Mr. Fulks to Mr. Gasser 1/25/06 |
| 49. | Letter from Mr. Fulks to Mr. Gasser 8/8/06 |
| 50. | SCNow.com article 1/29/09 |
| 51. | Letter from Mr. Fulks to Mr. Bailey 10/28/08 |
| 52. | Starnewsonline.com article 1/27/09 |
| 53. | Letter from Mr. Fulks to Ms. Caison 12/18/08 |
| 54. | Map sent to Conway Police Department |
| 55. | Exerpts of Fulks v. Metts trial transcript |
| 56. | Conway Police Department Report of Interview of 4/21/03 |

---

[2] See § 2255 Rules, Rule 7 advisory committee note ("See the advisory committee note to Rule 7 of the § 2254 rules for a full discussion of the reasons and procedures for expanding the record.").

**CONCLUSION**

For the reasons set forth above, Mr. Fulks respectfully requests that this Court grant the motion to expand the record. Pursuant to Local Rule 7.02, undersigned counsel for Mr. Fulks have consulted with opposing counsel, who have not consented to the granting of this motion.

/s/ Kirsten E. Small
Kirsten E. Small (Fed ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
PHONE:  864.370.2211
Ksmall@nexsenpruet.com

/s/ Beattie b. Ashmore
Beattie B. Ashmore (Fed. ID No. 5215
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE:  864.467-1001
Beattie@beattieashmore.com

Attorneys for Petitioner

July 17, 2009
Greenville, South Carolina