# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>    Respondent,<br><br>vs.<br><br>Chadrick E. Fulks,<br><br>    Petitioner. | Case No. 4:02-992-JFA<br><br><br>**MOTION TO SUPPLEMENT THE PLEADINGS AND MEMORANDUM IN SUPPORT** |

COMES NOW Petitioner Chadrick E. Fulks ("Mr. Fulks"), pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, and seeks leave to file the attached supplemental claim (Claim XXXIII) to allege facts relevant to this action that occurred since he filed the *Amended Motion of Chadrick E. Fulks to Vacate Conviction and Sentence and For a New Trial Pursuant to 28 U.S.C.A. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure and Memorandum in Support* ("Amended Motion") on October 21, 2008, and to raise an additional claim based on those facts.[1]  The additional facts and the Claim XXXIII are directly related to the parties' claims and defenses in this action.  Pursuant to Local Rule 7.02, counsel for Mr. Fulks have consulted with opposing counsel, who have not consented to the granting of the motion.  Given the generally liberal standard that federal courts follow in granting parties leave to supplement their pleadings and the absence of prejudice to the Respondent ("government"), Mr. Fulks respectfully requests that the Motion be granted.

---

[1] Claim XXXIII is attached hereto as Exhibit A; supporting exhibits, enumerated as Petitioners Appendix (PA) #42-54, are also attached.

1

## FACTUAL BACKGROUND

At the time of the penalty-phase proceedings, the remains of victim Alice Donovan had not been recovered notwithstanding numerous searches of an area identified by Mr. Fulks. During Mr. Fulks's penalty-phase proceedings, the government liberally used the inability of searchers to find the remains of Alice Donovan as powerful evidence that Mr. Fulks deliberately steered authorities away from the location of the remains. This "evidence" was used throughout the proceedings as key support for the non-statutory "Victim Impact" aggravator that was used in the weighing process to counter the mitigation case and was meant to cast aspersions on Mr. Fulks's character and to undermine any argument that he felt remorse for his involvement in the crimes.

On October 21, 2008, Fulks filed the Amended Motion. Three months later, on January 18, 2009, a search team recovered human remains widely believed to be those of Alice Donovan from the *same* area identified by Mr. Fulks in early 2003, and to which he has consistently directed search efforts ever since. Because the jury was allowed to consider materially false information regarding his involvement in the search efforts, Mr. Fulks's constitutional rights were violated. Accordingly, Mr. Fulks seeks leave to file a Claim XXXIII, setting forth claims of violations of his constitutional rights under the Fifth and Eighth Amendments, which claims could have not have been part of the Amended Motion.

## LEGAL ARGUMENT

### A.     Applicable Standard

Under Rule 15(d) of the Federal Rules of Civil Procedure, the court may, upon a motion by a party, reasonable notice, and just terms, "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be

2

supplemented." FED. R. CIV. P. 15(d).  Courts routinely grant such motions because "Rule 15(d) *allows a party to bring the case up to date*." Ohio Valley Envtl. Coal. v. United States Army Corps of Eng'rs., 243 F.R.D. 253, 255 (S.D.W.V. 2007) (emphasis added).[2]  "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." Id. (internal quotation marks omitted).

Courts in this Circuit, and elsewhere, apply a liberal standard in adjudicating these motions and instruct that motions to supplement should be freely granted. See Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (explaining that the standards applied to amended pleadings and supplemental pleadings are "nearly identical" and that "[i]n either situation, leave should be freely granted, and should be denied only where good reason exists, such as prejudice to the defendants" (internal quotation marks & alteration omitted)); New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963) ("So useful they [Rule 15(d) motions] are and of such service in the efficient administration of justice that *they ought to be allowed as of course*, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them." (emphasis added)).  Courts should give leave to file a supplemental pleading under Rule 15(d) when doing so will "promote the economical and speedy disposition of the controversy." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  Mr. Fulks's supplemental claim will bring the action up to date, will not cause undue delay or trial inconvenience, and will not prejudice the government's rights.

---

[2] Pursuant to Local Rule 7.05(a)(4), this decision is attached as an exhibit to this motion.

3

### B.     Claim XXXIII Brings this Action Up to Date

The Fourth Circuit has explained, "While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but should only be a factor to be considered by the court in the exercise of its discretion …." Rowe v. United States Fid. & Guar. Co., 421 F.2d 937, 943 (4th Cir. 1970) (internal quotation marks omitted)); see Keith, 858 F.2d at 475 ("The Supreme Court has stated that new claims, new parties, and events occurring after the original action *are all properly permitted* under Fed.R.Civ.P. 15(d)." (emphasis added)).

Claim XXXIII sets forth two new claims that Mr. Fulks could have not have raised in the Amended Motion.  The Court should grant Mr. Fulks's motion to file Claim XXXIII in order to convey the complete story of Mr. Fulks's involvement in efforts to recover Alice Donovan's remains by setting forth material facts that have been discovered since the Amended Motion was filed.  The recent discovery of the remains in the same location to which Mr. Fulks has consistently directed search efforts for nearly six years shows that the jury was allowed to consider materially inaccurate evidence—namely, the government's factual claim that Mr. Fulks misled authorities regarding the location of Ms. Donovan's body—in violation of Mr. Fulks's Fifth and Eighth Amendment rights.

### C.     Granting Leave to File the Claim XXXIII Will Not Prejudice the Government

The government will not suffer prejudice by the addition of Claim XXXIII.  First, the government has had ample notice regarding the newly discovered facts, and the impact these facts have had on the pending litigation.  The government learned about the discovery of Ms.

4

Donovan's remains at the same time as defense counsel. News of the discovery received extensive local and national press coverage.

Additionally, Mr. Fulks's counsel contacted the government shortly after the remains were discovered to explain the significance of the discovery on Mr. Fulks's Amended Motion. Then, on April 23, 2009, Mr. Fulks's counsel met with government representatives to discuss the impact of the discovery of the Donovan remains. During that meeting, Mr. Fulks's counsel advised the government that Mr. Fulks would seek to include this information in its Reply in Support of the Amended Motion.

The government also received notice of Mr. Fulks's intent to incorporate this newly discovered evidence on June 10, 2009, when it was served with Mr. Fulks's "Third Motion for Extension of Time to Reply." (Docket Entry #1181.) Paragraph five of this document put the government on specific notice that Mr. Fulks intended to move to supplement the pleadings pursuant to Rule 15(d), that counsel for Mr. Fulks intended to draft claims based upon this evidence, that counsel would move to expand the record to include these facts, and that counsel would add these facts to relevant portions of the Reply. Accordingly, government has had ample notice of both the facts supporting Claim XXXIII and Mr. Fulks's express intent to incorporate this newly discovered evidence into his briefings.

Second, the government will not suffer prejudice because the litigation is still ongoing and the government may be afforded an opportunity to respond to Claim XXXIII should the Motion to Supplement be granted. This litigation is still in the briefing stage. It is within the Court's discretion to afford the government an opportunity to respond to Claim XXXIII, and the Court may enter a scheduling order providing time periods for the government to respond to Claim XXXIII and for Mr. Fulks to reply. See Fed. R. Civ. P. 15(d) ("The court may order that

the opposing party plead to the supplemental pleading within a specified time."); See also Ohio Valley Envtl. Coal., 243 F.R.D. at 256 (granting a motion to supplement even though the parties had mislabeled the pleading because the standards for amendments and supplements differ little and the filing of the additional complaint would have no prejudicial effect because "the [c]ourt may impose any condition on its grant of leave to ensure that it is fair and just to all parties").

## CONCLUSION

Because Claim XXXIII will bring the action up to date, will not cause undue delay or inconvenience, and will not prejudice the government's rights, Mr. Fulks respectfully requests that the Court grant his Motion to Supplement the Pleadings.

/s/ Kirsten E. Small_____
Kirsten E. Small (Fed. ID No. 10005)
NEXSEN PRUET, LLC
55 E. Camperdown Way, 4th Floor (29601)
P.O. Drawer 10648
Greenville, South Carolina 29603
PHONE:  864.370.2211
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore_____
Beattie B. Ashmore (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, South Carolina 29601
PHONE:  864.467.1001
Beattie@beattieashmore.com

Attorneys for Petitioner

July 17, 2009
Greenville, South Carolina

6