**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | |
|---|---|
| United States of America,<br><br>            Respondent,<br><br>vs.<br><br>Chadrick E. Fulks,<br><br>            Petitioner. | Case No.  4:02-cr-992-JFA<br><br><br>**PETITIONER CHADRICK E. FULKS'S MEMORANDUM REGARDING SCHEDULING OF EVIDENTIARY HEARING** |

COMES NOW Petitioner Chadrick E. Fulks ("Mr. Fulks") and files this memorandum regarding the scheduling of the evidentiary hearing, which is currently set to begin on August 3, 2009. See Order of July 21, 2009 (Docket No. 1194). Mr. Fulks respectfully suggests that the Court is mistaken in its belief that it is bound by the strict time limitations set forth in 28 U.S.C. § 2266(b)(1)(A), and therefore need not decide this case by September 15, 2009, as it supposed.

**ARGUMENT**

During a telephonic conference on July 20, 2009, the Court expressed its view that it was required by 28 U.S.C. § 2266(b)(1)(A) to render a decision regarding Mr. Fulks's Amended Motion within 60 days of the filing of Mr. Fulks's Reply Brief, *i.e.*, by September 15, 2009. This view is the underpinning for the Court's Order setting the evidentiary hearing for August 3, 2009, a mere 11 days from the date of this filing. As explained below, this Court is not bound to decide this case by any date certain.

**A.     Section 2266(B)(1)(A) Does Not Apply To Motions To Vacate Pursuant To 28 U.S.C. § 2255.**

The proper application of the provisions of 28 U.S.C. § 2266 is a question of statutory construction. The first task of the Court, then, is to determine the plain meaning of the statutory text. See Brown & Williamson Tobacco Corp. v. FDA, 153 F.3d 155, 162 (4th Cir. 1998). "[I]f the statutory language is unambiguous and the statutory scheme is coherent and consistent," the Court's inquiry is at an end. Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997).

Section 2266 was enacted, along with the other provisions of Chapter 154 of Title 28, as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] Chapter 154 allows states that meet certain stringent criteria in the administration of their capital sentencing schemes to benefit from strict time limits applicable to the decisions of federal courts considering applications for habeas relief by state prisoners under capital sentences pursuant to 28 U.S.C. § 2254.[2] See 28 U.S.C. § 2261(a) ("This chapter shall apply to cases arising under section 2254

---

[1] Section 2266(b)(1)(A) was amended in 2006 by the USA PATRIOT Improvement and Reauthorization Act, Pub. L. No. 109-177, Part V § 507(e). The amendment deleted the original requirement that a § 2254 petition be decided within 180 days of filing and replaced it with the current time frame of 450 days from filing or 60 days from submission. See id.

[2] Chapter 154 has its genesis in the Report of the United States Judicial Conference Ad Hoc Committee on Federal Habeas Corpus in Capital Cases ("Powell Committee Report"). See 135 Cong. Rec. S13471-04, at S13481-S13485 (daily ed. Oct. 16, 1989). The Committee noted two problems that plagued states' administration of their capital punishment schemes: (1) unnecessary delay and repetition in state and federal habeas corpus proceedings arising from state-court convictions, see id. at S13482 (noting that an analysis of five states showed "that 80% of the time spent in collateral litigation in death penalty cases occurs outside of state collateral proceedings"); and (2) an absence of representation by qualified counsel in state collateral proceedings. The Powell Committee recommended the adoption of special procedures to streamline federal review of capital § 2254 petitions, which procedures would be available to states that opted to ensure the appointment of competent counsel on state collateral review. These recommendations were eventually embodied in Chapter 154.

As this legislative history makes clear, Chapter 154 is intended to ensure that a state capital defendant has received a full and fair hearing regarding all collateral issues *in state court*, thereby allowing a more streamlined review of a petition for writ of habeas corpus under § 2254. Such concerns obviously have no application to a motion to vacate sentence pursuant to § 2255,

brought by prisoners in State custody who are subject to capital sentence."); Baker v. Corcoran, 220 F.3d 276, 284 (4th Cir. 2000) (describing "opt-in" provisions of Chapter 154 and noting that "chapter 154 … applies to habeas petitions filed by state prisoners subject to capital sentences."). Consistent with the purpose of Chapter 154, 28 U.S.C. § 2255, which governs applications for relief from *federal* sentences, is mentioned only once in the entire chapter.  28 U.S.C. § 2266(a) contains a general exhortation that the adjudication of a state capital habeas petition subject to the opt-in provisions of Chapter 154, and a § 2255 motion "by a person under sentence of death," "shall be given priority by the district court and by the court of appeals over all non-capital matters."  28 U.S.C. § 2266(a).

28 U.S.C. § 2266(b)(1)(A) sets forth time limitations for decisions by district courts "on any application for a writ of habeas corpus brought under this chapter," *i.e.*, a § 2254 petition by a state capital defendant arising from a state which has satisfied the opt-in requirements of § 2261(b), (c).  As is clearly recognized in the text of § 2261(a), an "application for a writ of habeas corpus" is not the same as a "motion under section 2255."  Accord United States v. Frady, 456 U.S. 152, 182 & nn. 5, 6 (explaining that a motion pursuant to 28 U.S.C. § 2255 is not a habeas corpus remedy like that provided in 28 U.S.C. § 2254 but rather is "in the nature of, but much broader than, the ancient writ of *coram nobis*").   Section 2266(b)(1)(A) makes no mention of motions pursuant to § 2255.  By its own terms, then, § 2266(b)(1)(A) does not apply to this Court's ruling on Mr. Fulks's Amended Motion.  See INS v. Cardoza-Fonseca, 480 U.S. 421, 432 (1987) ("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" (quoting Russello v. United

---

which is a federal capital defendant's *only* opportunity for collateral review.

States, 464 U.S. 16, 23 (1983))); see United States v. Bly, 510 U.S. 453, 461 n.11 (4th Cir. 2007) (recognizing this principle).  Indeed, several district courts have held that § 2266(b)(1)(A) does not apply to § 2255 motions.  See, e.g., Order, United States v. Holder, No. 4:03CV00923ERW (Dec. 2, 2004) ("The Court notes that the 180-day time limit in 28 U.S.C. § 2266 does not apply to § 2255 motions.  Section 2266 states that the 180-day limit applies to "any application for a writ of habeas corpus brought *under this chapter*. . ." 28 U.S.C. § 2266 (emphasis added).  Section 2266 is in Chapter 154, and Chapter 154 encompasses only § 2254 motions, unless otherwise specifically noted.  *See* 28 U.S.C. § 2261(a).").[3]

The plain meaning of the text of § 2266(b)(1)(A) is confirmed by § 2266(b)(2), which provides:

> The time limitations under paragraph (1) shall apply to—
>
> (A) an initial application for *a writ of habeas corpus*;
>
> (B) any second or successive application for *a writ of habeas corpus*; and
>
> (C) any redetermination of an application for *a writ of habeas corpus* following a remand by the court of appeals or the Supreme Court for further proceedings, in which case the limitation period shall run from the date the remand is ordered.

28 U.S.C. § 2266(b)(2) (emphasis added).  Again, Congress elected to refer *only* to writs of habeas corpus, not to motions to vacate pursuant to § 2255, even though—as established by § 2266(a)—Congress clearly understood the difference between the two proceedings.

### B.     Judicial Council Order No. 113 Does Not Require Application Of § 2261(B)(1)(A) To These Proceedings.

Order 113 of the Fourth Circuit Judicial Council adopts, as a hortatory guideline, that capital post-convictions proceedings should be resolved in accordance with the time limitations

---

[3] Pursuant to Local Rule 7.05(A)(4), this order is attached hereto as Exhibit A.

set forth in 28 U.S.C. § 2266.  See Fourth Circuit Judicial Council Order No. 113 ¶3.  The purpose of the Order is not to redefine the requirements of § 2266, but rather simply to apply them to courts within the Fourth Circuit.   The Order itself does not purport to define what those limitations are, simply referring the reader to § 2266.  As discussed above, the *statute* imposes no time limitation on the rendering of a decision in a capital § 2255 motion; at most, § 2266(a) requires that the matter be given priority on the Court's docket over non-capital matters.  Importantly, the Order does not identify—much less authorize the imposition of—any sanction for failure to comply with its terms; it simply allows the Circuit Executive to "inquire into the reasons for any noncompliance." Id.  While it is clear that the Order is intended to encourage the prompt resolution of capital cases, it is equally clear that the Fourth Circuit Judicial Conference did not intend to prevent district courts from engaging in the full and careful examination of issues—particularly in proceedings under § 2255, which represents the movant's *only* opportunity for post-conviction review, *cf. supra* note 2—by imposing arbitrary and inflexible limitations on the time for decisionmaking.

That the Order is hortatory, and not binding, is evident from the numerous capital cases in the Fourth Circuit that remained pending far longer than the strictures of § 2266(b)(1)(A) would allow, without a word of criticism from the Court.  For example, in United States v. Roane, involving a § 2255 motion to vacate in a capital case, the Fourth Circuit recounted as part of the procedural history that the district court conducted an evidentiary hearing on June 21, 2002 and rendered a decision nearly a year later, on May 1, 2003.  Roane, 378 F.3d 382, 393 (4th Cir. 2004).  Similarly, in United States v. Stitt, the petitioner filed his § 2255 motion on May 12, 2003, and the district court issued its decision two years later, on April 1, 2005, after conducting two evidentiary hearings.  Stitt, 552 F.3d 345, 348 (4th Cir. 2008) (citing Stitt v. United States,

5

369 F. Supp. 2d 679 (E.D. Va. 2005)).  In neither case did the Fourth Circuit comment on, much less express concern about, the time taken by the district court to render a fully considered decision.

## CONCLUSION

For the reasons set forth above, Mr. Fulks respectfully suggests that neither 28 U.S.C. § 2266(b)(1)(A), nor Fourth Circuit Judicial Council Order No. 113, require decision of this case by any date certain.

/s/ Kirsten E. Small
Kirsten E. Small  (Fed. ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
PHONE:  864.370.2211
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore
Beattie B. Ashmore  (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE:  864.467.1001
Beattie@beattieashmore.com

Attorneys for Petitioner
Chadrick E. Fulks

July 22, 2009
Greenville, South Carolina

6