IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| CHADRICK E. FULKS | ) | |
| | ) | |

GOVERNMENT'S MOTION FOR A RULING ON WAIVER OF THE ATTORNEY-
CLIENT PRIVILEGE RESULTING FROM DEFENDANT'S MOTION FOR POST-
CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255, AND FOR AN ORDER
REQUIRING DISCLOSURE OF TRIAL COUNSEL'S PAPERS AND FILES

The United States of America, by undersigned counsel, respectfully moves this

Court for an order ruling that Defendant, Chadrick E. Fulks, has waived the attorney-

client privilege by filing his motion for post-conviction relief pursuant to 28 U.S.C. §

2255. The United States further moves this Court to compel the production of all

materials relating to Fulks' trial counsel's representation of Fulks, held by trial counsel or

any of Fulks' counsel on the post-conviction motion, which is necessary for the

government's preparation for the hearing on the post-conviction motion, set for September

28, 2009. Additionally, the United States moves this Court to determine that Fulks'

waiver of the attorney-client privilege allows his former trial counsel to discuss his case

with the undersigned. As grounds for this request the United States states as follows:

1. On April 23, 2003, a federal grand jury returned an eight-count Superseding

Indictment charging Chadrick E. Fulks ("Fulks," "Petitioner") and Brandon Basham

("Basham") with Count 1, carjacking resulting in death, in violation of 18 U.S.C. §

2119(3); Count 2, kidnaping resulting in death, in violation of 18 U.S.C. § 1201; Count 3,

interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312; Count 4, conspiracy to commit the offenses charged in Counts 1-3 and 7-8, in violation of 18 U.S.C. § 371; Count 5, conspiracy to use and carry firearms during and in relation to crimes of violence, in violation of 18 U.S.C. § 922(o); Count 6, using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); Count 7, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and Count 8, possession of stolen firearms, in violation of 18 U.S.C. § 922(j). The Superseding Indictment, filed on April 23, 2003, alleged aggravating factors and special findings to support the imposition of the death penalty for the offenses charged in Counts 1 and 2. On May 4, 2004, Fulks tendered his plea to the Superseding Indictment. Fulks admitted in his plea colloquy to raping murder victim Alice Donovan, but denied any knowledge of or participation in her murder. The Court accepted his plea on May 7, 2004. The jury for Fulks' sentencing trial was selected on May 21, 2004. During its three-week-long presentation of evidence, beginning on June 1, 2004, the Government presented the testimony of over a hundred witnesses. United States v. Fulks, 454 F.3d 410, 419 (4th Cir. 2006). From June 22 to June 25, 2004, Fulks presented testimony consisting primarily of mitigating evidence, detailing his miserable childhood and asserting his alleged mental deficiencies. Id. at 420. The Government and Fulks gave closing arguments on June 29, 2004. Id. The following day, the jury returned a unanimous verdict, finding the threshold intent factor, a statutory aggravating factor, and

non-statutory aggravating factors for count 1, carjacking resulting in death, and count 2, kidnaping resulting in death.  TT, Vol. XXII, pp. 17-19, 26-29.  Even though the jury found the existence of a number of mitigating factors, it nonetheless determined that Fulks should be sentenced to death.  Id.  Fulks sought a new trial based on juror misconduct, and the Court held a hearing on the motion on July 16, 2004.  On December 20, 2004, the Court held another hearing, during which it denied Fulks' motion for a new trial and imposed a death sentence.

Fulks appealed his sentence, raising issues regarding the testimony of witnesses identified after the Government submitted its witness list, qualification of jurors, omission of polygraph evidence, admission of victim impact testimony, and the constitutionality of the death penalty.   The Fourth Circuit Court of Appeals rejected all of Fulks' contentions of error and affirmed the judgment of this Court.  454 F.3d at 438.  On June 23, 2008, Fulks filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, and on  October 21, 2008, he filed an Amended Motion.  The Government filed its Response in opposition on March 20, 2009, and Fulks filed a Reply on July 17, 2009.  An evidentiary hearing has been scheduled to begin on September 28, 2009.

2.  In his motion for post-conviction relief, Fulks challenges the adequacy of the representation provided by the defense attorneys, John Blume, Sherri Johnson, and William Nettles, claiming that they were ineffective for failing to present a meaningful mental health case in mitigation; failing to realize that the Ward/Bruning testimony could

come in as rebuttal testimony; failing to undertake an adequate mitigation investigation; using "untrained" law students to assist in the investigation;  failing to appeal the district court's mitigation instruction;  advising Fulks to give a statement to the FBI with no proffer agreement; failing to offer additional information that Basham was the leader; failing to present meaningful evidence that Fulks would not be dangerous in the future to fellow inmates or to BOP personnel; failing to conduct voir dire more effectively; incorrectly relying on the holding of <u>Pinkerton</u> to attach liability for carjacking; failing to read juror questionnaires and to examine prospective jurors;  seating "automatic death venire members" instead of moving for additional peremptory strikes; advising him to plead guilty;  failing to prepare key witnesses; failing to object to the government's insertion of religion into the trial; failing to explain to the jury the concept of acceptance of responsibility;  and failing to introduce evidence of his artistic talent.  <u>See</u>, Amended Motion at 29-195.

3.  As explained in the Memorandum of Law filed herewith,  applicable law makes clear that Fulks' exhaustive claims of ineffective assistance of counsel waive Fulks' attorney-client privilege attaching to the communications and advice passing between Fulks and counsel in the matter.

4.  On July 28, 2009, undersigned counsel contacted Mr. Fulks' present counsel on the post-conviction motion, Beattie Ashmore, to inquire whether post-conviction counsel will voluntarily provide undersigned counsel relevant materials in their possession.

Fulks' post-conviction counsel advised undersigned counsel that they will release the materials only upon court order indicating that Fulks has waived his attorney-client privilege. On July 30, 2009, the undersigned spoke with John Blume to request access to his files regarding representation of Fulks and to request a meeting to discuss Fulks' claims of ineffective assistance of counsel. Mr. Blume stated that he had transferred his files to Fulks' post-conviction counsel, and that he would require a court order waiving the attorney-client privilege in order to discuss his representation of Fulks.

5. The United States respectfully requests that the Court issue an Order finding that Defendant, Chadrick E. Fulks, has waived the attorney-client privilege by filing his motion for post-conviction relief pursuant to 28 U.S.C. § 2255, and directing defendant and his current and previous counsel to disclose to the undersigned counsel a copy of all materials pertaining to communications and advice passing between Fulks and trial counsel, John Blume, Sherri Johnson, and William Nettles, and finding that Fulks' waiver allows his trial counsel to discuss the parts of their representation pertinent to Fulks' claims of ineffective assistance. A proposed order is attached, directing that all present and prior counsel for Fulks, including John Blume, Sherri Johnson, William Nettles, Beattie Ashmore, and Kirsten Small,[1] to comply with the disclosures directed in the order, unless they have first obtained a protective order from the court in accordance with the attached order.

_____

[1] The Government has been informed that Kirsten Small currently has custody of trial counsel's files.

WHEREFORE, the United States respectfully requests that the Court issue an Order finding that Defendant, Chadrick E. Fulks, has waived the attorney-client privilege by filing his motion for post-conviction relief pursuant to 28 U.S.C. § 2255, and directing defendant to disclose to the undersigned counsel a copy of all materials pertaining to communications and advice passing between Fulks and trial counsel, John Blume, Sherri Johnson, and William Nettles.

Respectfully submitted,

W. Walter Wilkins
United States Attorney

s/Robert F. Daley, Jr.
Robert F. Daley, Jr. (ID No. 6460)
Jimmie Ewing (ID No. 7292)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina  29201
(803) 929-3000