IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Cr. No. 4:02-992-JFA |
| | ) |
| v. | ) |
| | ) |
| CHADRICK E. FULKS | ) |
| | ) |

MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION FOR A RULING
ON WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE RESULTING FROM
DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28
U.S.C. 2255 AND FOR AN ORDER REQUIRING DISCLOSURE OF TRIAL
COUNSEL'S PAPERS AND FILES

The United States of America, by undersigned counsel, submits this memorandum in support of its motion for an order ruling that Defendant, Chadrick E. Fulks, has waived the attorney-client privilege by filing his motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The United States seeks to compel the production of all materials relating to Fulks' trial counsel's representation of Fulks, held by trial counsel or any of Fulks' counsel on the post-conviction motion, which is necessary for the government's preparation for the hearing on the post-conviction motion, set for September 28, 2009. The United States further seeks a determination by the Court that Fulks' waiver permits his former trial counsel to discuss their representation of Fulks with undersigned counsel.

It is well settled that when a defendant moves to vacate his conviction by claiming ineffective assistance of counsel, he waives the attorney-client privilege. See Johnson v. Alabama, 256 F.3d 1156, 1178-1179 (11th Cir. 2001)(a party waives its attorney-client privilege when it injects into the litigation an issue that requires testimony from its

attorney); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1984); Laughner v. United States, 373 F.2d 326, 327 & n.l (5th Cir. 1967)(noting that the rule that a client waives his privilege by attacking the attorney's performance has been adopted unanimously by courts considering the issue).  While some cases note that waiver is appropriate because it would be unconscionable to preclude an attorney from defending himself against allegations of ineffectiveness, see Tasby, 504 F.2d at 336; United States v. Wiggins, 184 F. Supp. 673, 677-678 (D.D.C. 1960), others make it clear that waiver also occurs whenever the client has put privileged matters at issue and not just in those cases where counsel seeks to defend himself against such allegations. See, e.g., Byers v. Burleson, 100 F.R.D. 436, 440 (D.D.C. 1980) (privilege waived because information was necessary to resolve issue plaintiff raised); Laughner, 373 F.2d at 327 (defendant cannot preclude government's inquiry into the one area of evidence likely to contradict his claims in support of motion for new trial).

By attacking the representation of his trial counsel, Fulks has publicly assailed counsel's competence and put at issue privileged communications with them. Accordingly, the United States, which must now respond to defendant's allegations, should be able to review any material related to the defendant's specific allegations that trial counsel were ineffective for failing to present a meaningful mental health case in mitigation; failing to realize that the Ward/Bruning testimony could come in as rebuttal testimony; failing to undertake an adequate mitigation investigation; using "untrained"

law students to assist in the investigation;  failing to appeal the district court's mitigation instruction;  advising Fulks to give a statement to the FBI with no proffer agreement; failing to offer additional information that Basham was the leader;  failing to present meaningful evidence that Fulks would not be dangerous in the future to fellow inmates or to BOP personnel; failing to conduct voir dire more effectively; incorrectly relying on the holding of Pinkerton to attach liability for carjacking; failing to read juror questionnaires and to examine prospective jurors;  seating "automatic death venire members" instead of moving for additional peremptory strikes; advising him to plead guilty;  failing to prepare key witnesses; failing to object to the government's insertion of religion into the trial; failing to explain to the jury the concept of acceptance of responsibility;  and failing to introduce evidence of his artistic talent.  Review of the materials pertaining to communications and advice passing between Fulks and trial counsel in the matter, John Blume, Sherri Johnson, and William Nettles, is especially important in this case, given that this is a death penalty case in which the advice counsel gave occurred a number of years ago and over the course of an extended trial and sentencing.

Furthermore, Rule 6 of the Rules Governing Section 2255 Cases specifically authorizes the conducting of discovery by any party, with leave of the district court.  Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure.

Consequently, the Court may order post-conviction discovery requested by the

government, where, as here, such discovery is necessary to a fair and meaningful consideration of defendant's request that his conviction and sentence be vacated. The United States, therefore, respectfully requests that the Court issue an order finding that Defendant, Chadrick E. Fulks, has waived the attorney-client privilege by filing his motion for post-conviction relief pursuant to 28 U.S.C. 2255, and directing defendant to disclose to the undersigned counsel a copy of all materials pertaining to communications and advice passing between Fulks and trial counsel, John Blume, Sherri Johnson, and William Nettles. The United States further requests that the Court find that Fulks' waiver permits his former trial counsel to discuss their representation of Fulks, to the extent that it relates to his claims of ineffectiveness, with the undersigned. A proposed order is attached, directing that all present and prior counsel for Fulks, including John Blume, Sherri Johnson, William Nettles, Beattie Ashmore, and Kirsten Small, comply with the disclosures directed in the order, unless they have first obtained a protective order from the court in accordance with the attached order.

<div style="margin-left: 45%;">

Respectfully submitted,

W. Walter Wilkins
United States Attorney

s/Robert F. Daley, Jr.
Robert F. Daley, Jr. (ID No. 6460)
Jimmie Ewing (ID No. 7292)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
(803) 929-3114

</div>

July 29, 2009

<div style="text-align: center;">4</div>