# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 4:02-992 JFA |
| | ) |
| Respondent, | ) The Honorable Joseph F. Anderson, Jr. |
| | ) U.S.D.J. |
| v. | ) |
| | ) OPPOSITION TO MOTION FOR A |
| CHADRICK E. FULKS, | ) RULING ON WAIVER OF THE |
| | ) ATTORNEY-CLIENT PRIVILEGE |
| Petitioner. | RESULTING FROM DEFENDANT'S |
| | MOTION FOR POST-CONVICTION |
| | RELIEF PURSUANT TO 28 |
| | U.S.C. § 2255 AND FOR AN ORDER |
| | REQUIRING DISCLOSURE OF TRIAL |
| | COUNSEL'S PAPERS AND FILES |

## INTRODUCTION

The government has sat on its rights for over fourteen months and waited until the eleventh hour to request petitioner Chadrick E. Fulk's trial counsel's files and records and to speak to Mr. Fulks's trial counsel. <u>First</u>, in light of the accelerated scheduling of the evidentiary hearing just a mere seven weeks away, the government's inexplicable and unreasonable request can only be categorized as untimely and unduly burdensome. Furthermore, any alleged benefit the government might claim cannot be that significant in light of the fact that it already deemed this information inconsequential to the arguments set forth in its Opposition to Mr. Fulks's Amended Motion to Vacate. <u>Second</u>, to the extent that the government is entitled to trial counsel's files at all, such entitlement is strictly limited to documents related to the claims of ineffective assistance of counsel ("IAC claims") raised in Mr. Fulks's Amended Motion to Vacate. <u>Finally</u>, the government's request to speak informally to Mr. Fulks's trial counsel is a transparent attempt to avoid the proper vehicles of discovery. Granting this request would

deprive Mr. Fulks of his right to assure the attorney-client privilege, where appropriate, is preserved.

Consequently, Mr. Fulks respectfully requests the Court deny the government's motion in its entirety.

**ARGUMENT**

**I.    THE GOVERNMENT'S DISCOVERY REQUEST IS UNTIMELY AND UNDULY BURDENSOME**

Rule 6 of the Rules Governing Section 2255 Cases allows a district court, "for good cause," to authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure. The government's motion to compel production of documents and request to speak to Mr. Fulks's trial counsel should be denied for lack of good cause because (1) the government has unjustifiably delayed in making its request and (2) the minimal benefit of the requested discovery to the government would be heavily outweighed by the prejudice it would cause to Mr. Fulks and his ability to adequately prepare for the evidentiary hearing a mere seven weeks away.

**A.    The Government's Motion to Compel is Untimely.**

Rule 26 of the Federal Rules of Civil Procedure instructs a district court to foreclose discovery if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). Such is the case here. The government has been on notice of Mr. Fulks's IAC claims for fourteen months, but not once has it requested an inspection of trial counsel's files or issued a subpoena to depose Mr. Fulks's trial counsel. Instead, the government has waited to compel this discovery until the parties completed their briefing, with the evidentiary hearing only seven weeks away. The law does not countenance such delay. See Wakehouse v. Goodyear Tire & Rubber Co., 2007 WL 1340788, at *6 (D. Neb.

2

Apr. 5, 2007) (deeming a motion to compel untimely on the grounds that the plaintiff proffered no explanation for the lateness — just two months before trial — and granting the motion might re-open other discovery issues); see also AG Equip. Co. v. AIG Life Ins. Co., 2008 WL 5205192, at *6 (N.D. Okla. Dec. 10, 2008) (denying motion to compel because plaintiffs waited ten months to move to compel production of documents); see also Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). Significantly, the government has not proffered *any* reason for the untimeliness of its request. This is simply because it has none. Accordingly, because the government has already had ample opportunity to conduct the requested discovery, its unreasonable and untimely request must be denied. Fed. R. Civ. P. 26(b)(2)(C)(ii); see also In Re Zyprexa Prods. Liability Litig., 2009 WL 1310890, at *3 (E.D.N.Y. May 8, 2009) (denying the state's broad requests for production where the state made its request just before the close of discovery after delaying for almost a year); Rafano v. Patchogue-Medford Sch. Dist., 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009) (affirming magistrate judge's denial of plaintiff's request to reopen discovery where plaintiff had over a year to conduct discovery and failed to explain why the discovery at issue was not sought at an earlier date); Glesenkamp v. Nationwide Mut. Ins. Co., 71 F.R.D. 1, 2-3 (N.D. Cal. 1974) (denying plaintiff's request for additional depositions where plaintiff had filed a certificate of readiness, defendant had already filed a motion for summary judgment, and the proposed deponents were either known to plaintiff for over a year or easily identifiable during that period).

    **B.**    <u>**The Minimal Benefit Discovery Might Provide to the Government Is Far Outweighed By the Prejudice It Would Cause to Mr. Fulks.**</u>

Rule 26 also instructs the district court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

The government filed its Opposition in March 2009 and, evidently, did not deem review of trial counsel's files or contact with trial counsel important to its arguments. The government cannot now contend in good faith that the discovery requested is essential to prepare for the evidentiary hearing, when the hearing will address the very arguments the government made in its Opposition.[1] Moreover, to the extent the government now claims it will reap a substantial benefit from the requested discovery, any such benefit is trumped by the prejudice it will cause to Mr. Fulks.

Indeed, Mr. Fulks's counsel, given only seven weeks to prepare for the evidentiary hearing, is interviewing and locating witnesses, reviewing documents (notably, documents already in their possession), and creating a strategy to effectively present evidence on behalf of Mr. Fulks. If the Court grants the government's motion, Mr. Fulks's counsel's preparation for the evidentiary hearing will be thwarted. Instead of engaging in the requisite hearing preparation, Mr. Fulks's trial counsel will be forced to spend numerous hours sifting through thousands of pages of documents to determine which documents are responsive to the government's request. Moreover, simply turning over *all* files without review would not only be reckless, but would also deprive Mr. Fulks's counsel of physical possession of the evidence currently in its possession.

Additionally, in determining whether to limit discovery under Rule 26(b)(2)(C)(iii), courts have considered the breadth of the request and the burden imposed. See <u>Am. Int'l</u>

---

[1] Indeed, Mr. Fulks has not been afforded all the discovery necessary to the proper adjudication of his claims at the evidentiary hearing despite the fact that his discovery requests were timely filed.

Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401, 412 (N.D. Ill. 2007). Both of these factors weigh heavily in favor of denying the government's request. The government's request could not be broader — "*all* materials *relating to* Fulks' trial counsel's representation of Fulks." Motion at 1 (emphasis added). Even assuming, *arguendo*, that the government's request is proper, the burden of producing and copying the requested discovery is overwhelming. The time it would take Mr. Fulks's counsel to review every page in trial counsel's files would be extremely wasteful, when all available time should be allocated to presenting an effective analysis at the rapidly approaching evidentiary hearing. In addition, copying the voluminous amount of documents would cost thousands of dollars.

Thus, because the cost and burden of producing the requested materials is so high, and the corresponding benefit of any discoverable materials is likely minimal, the Court should deny the government's request. Fed. R. Civ. P. 26(b)(2)(C)(iii).

## II. IF AN IMPLIED WAIVER EXISTS, IT IS LIMITED TO THOSE COMMUNICATIONS *DIRECTLY* RELEVANT TO SPECIFIC CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

The attorney-client privilege exists in order to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). Although the privilege may be implicitly waived when a client places the lawyer's performance at issue in litigation, such an implied waiver is "no broader than needed to ensure the fairness of the proceedings." Bittaker v. Woodford, 331 F.3d 715, 718-720 (9th Cir. 2003) (en banc). The rationale underlying the doctrine of implied waiver is one of fairness — to prevent a party from abusing the privilege by asserting claims that cannot be adequately refuted by the opposing party without access to the privileged materials. Id. at 719. This rationale "only supports a waiver broad enough to serve that purpose." Id. at 720.

The scope of the implied waiver thus depends on the content of the claims of ineffective assistance.  See Johnson v. Alabama, 256 F.3d 1156, 1179 (11th Cir. 2001) ("[T]he precise boundaries of the waiver will vary from case to case, and in many instances will require careful evaluation by the district court.").  Further, courts have "consistently construed [implied waivers] narrowly," In re: Lott, 424 F.3d 446, 453 (6th Cir. 2005), and have "closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question," Bittaker, 331 F.3d at 720; see Johnson, 256 F.3d at 1168 & n.4 (requiring *in camera* hearing in order to determine "whether and to what extent appellant's communication presumptively protected by the attorney-client privilege is relevant to the specific ineffective assistance of counsel claims raised by appellant in his habeas petition" (internal quotation marks omitted)); Waldrip v. Head, 532 S.E.2d 380, 387 (Ga. 2000) (holding that an ineffectiveness claim is not an absolute waiver, but rather a limited waiver and that the government "is entitled only to counsel's documents and files relevant to the specific allegations of ineffectiveness").  In fact, even when the petitioner's attack on trial counsel's representation is "rather broad-ranging and extensive in nature," an unlimited waiver is still not appropriate.  State v. Taylor, 393 S.E.2d 801, 805 (N.C. 1990).  The waiver may be correspondingly broad, but is still limited to materials relevant to the claims asserted.  See id.  Thus, even in the most extreme cases, the government is not entitled to discovery of trial counsel's *entire* file.

Despite the well-established policy behind the attorney-client privilege and the corresponding case law limiting its waiver, the government requests "all materials pertaining to communications and advice passing between Fulks and trial counsel, John Blume, Sherri Johnson, and William Nettles."  Motion at 6.  This request flies directly in the face of established law.  Indeed, *none* of the cases cited by the government stands for the proposition that a claim of

6

ineffective assistance acts as a blanket waiver of attorney-client and/or work-product privilege. In Johnson, the question before the Eleventh Circuit was whether privilege was waived as to *specific communications* that trial counsel had had with the client pertaining to the factual basis of *the particular claim* of ineffectiveness (failure to pursue a particular theory at trial). See Johnson, 256 F.3d at 1179. The court did not hold that a claim of ineffectiveness waives privilege absolutely, nor did it hold that the government was entitled to trial counsel's entire file. Similarly, in Tasby v. United States, 504 F.2d 332 (8th Cir. 1984), the Eighth Circuit did not hold that the petitioner's claim of ineffective assistance acted as a blanket waiver of privilege. Rather, the court found a limited waiver covering only those communications pertaining to the claim at issue (counsel's advice to the petitioner about testifying in his own defense). See id. at 336. Laughner v. United States, 373 F.2d 326 (5th Cir. 1967), also involved a waiver of privilege only as to the petitioner's discussions with counsel that formed the factual basis of petitioner's specific ineffective assistance claim (that trial counsel's advice to petitioner to plead guilty was not competent). See id. at 327. Finally, trial counsel in United States v. Wiggins, 184 F. Supp. 673 (D.D.C. 1960), was limited to testifying regarding his *observations* of the client during discussions and was not permitted to testify as to the *contents* of any communications between himself and the client. See id. at 677.

Not one of these cases stands for the extremely broad proposition asserted by the government that Mr. Fulks has waived privilege absolutely simply by claiming ineffective assistance of counsel. Rather, the cases are consistent with the entire body of case law holding that such implied waivers are to be construed narrowly and limited to communications relevant to specific claims of ineffective assistance. Whether a particular communication is affected by the waiver requires a balancing of the interest in encouraging open dialogue between attorneys

and clients, on the one hand, and the interest in full and fair litigation of collateral review of convictions, on the other. See Bittaker, 331 F.3d at 721-722. The key question is "whether allowing the privilege would deny the opposing party access to information vital to its defense." United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (internal quotation marks omitted). In this case, the government has certainly made no showing that *all materials* related to trial counsel's representation of Mr. Fulks are "vital to its defense." This determination must be made individually as to each document in trial counsel's file. See id. at 1196 ("[W]e trust that the district court will conduct an *in camera* review of all privileged documents so that only those documents or portions of documents relating to [the petitioner's claims] are disclosed."). Thus, the government's overbroad request for an order requiring production of trial counsel's entire file must fail.

**III.    MR. FULKS'S IMPLIED WAIVER DOES NOT PERMIT THE GOVERNMENT TO SPEAK INFORMALLY WITH TRIAL COUNSEL WITHOUT THE PRESENCE OF CURRENT COUNSEL AND THE COURT**

In a surreptitious attempt to avoid a formal deposition and the nuances of discovery, the government has requested that Mr. Fulks's trial counsel be permitted to "discuss" their representation of Mr. Fulks with the government. Motion at 1. This is absurd. Mr. Fulks has not made a blanket waiver of privilege, and as a result, trial counsel cannot be permitted to speak informally with the government regarding trial counsel's representation of Mr. Fulks. Such informal discussion would deprive Mr. Fulks of any assurance that certain information remains privileged. Mr. Fulks must be afforded the opportunity to object to any questioning by the government regarding potentially privileged information and the Court must be permitted to rule on those objections. See Johnson, 256 F.3d at 1179 (11th Cir. 2001) ("[T]he precise boundaries of the waiver will vary from case to case, and in many instances will require careful evaluation by the district court."). The proper vehicle to speak with Mr. Fulks's trial counsel, therefore, is

8

*not* informal discussion but rather a formal deposition or an evidentiary hearing. The former request has not been made (but would otherwise be untimely), and the latter is set to occur in seven weeks. Thus, the government's request for an order permitting trial counsel to speak with the government should be denied.

## CONCLUSION

Neither law nor equity condone the government's overbroad and untimely request for additional discovery, particularly when its request will harm Mr. Fulks by impeding his ability to prepare for the rapidly approaching evidentiary hearing. Accordingly, and based on the foregoing reasons, Mr. Fulks respectfully requests that the government's motion be denied in its entirety.

Respectfully submitted,


/s/ Kirsten E. Small_____
Kirsten E. Small (Federal Bar No. 10005)
NEXSEN PRUET, LLC
55 E. Camperdown Way, 4th Floor (29601)
P.O. Drawer 10648
Greenville, SC 29603
Phone: 864.370.2211
Fax: 864.477.2619
KSmall@NexsenPruet.com

/s/ Beattie B. Ashmore_____
Beattie B. Ashmore (Federal Bar No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
Phone: 864.467.1001
Fax: 864.242.6560
Beattie@beattieashmore.com
Attorneys for Chadrick E. Fulks

August 10, 2009
Greenville, South Carolina