IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA,        ) Cr. No. 4:02-992-JFA
                                 )
            Respondent,          )
                                 )
    vs.                          )
                                 )
CHADRICK E. FULKS,               )
                                 )
            Petitioner.          )


REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR A RULING ON WAIVER OF
THE ATTORNEY-CLIENT PRIVILEGE RESULTING FROM DEFENDANT'S MOTION
FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 AND FOR AN ORDER
REQUIRING DISCLOSURE OF TRIAL COUNSEL'S PAPERS AND FILES

The government makes a simple request to interview Fulks' trial attorneys and

look through their files in preparation for the evidentiary hearing set for September 28, 2009.  In

his Amended Motion to Vacate pursuant to 28 U.S.C. § 2255, Mr. Fulks has asserted far-ranging

allegations of ineffective assistance of counsel that touch every aspect of trial counsel's

representation of Mr. Fulks.  Accordingly, he has waived the attorney-client privilege and any

protection under the work-product doctrine to the extent necessary for his trial attorneys to

address the broad allegations set forth in Fulks' ineffective assistance of counsel claims.   The

government simply desires to do what any party preparing for a trial or hearing does--interview

potential witnesses to prepare to address the disputed issues and obtain any underlying

documents from these witnesses that would address the relevant issues.  In order to alleviate

nearly all of Fulks' concerns, the government agrees to not have any discussions with trial

counsel regarding matters that are not subject to attack in Fulks' two-hundred (200) page § 2255

petition.  Additionally, the government will not make use of any of trial counsel's documents that do not relate to Fulks' ineffective assistance of counsel claims.

In his opposition to the government's motion for a ruling on waiver of the attorney-client privilege, Fulks first claims that the government should not be allowed to speak with Fulks' trial counsel in preparing for the hearing because the government has waited until now to ask the Court to do so.  Opposition, at pp. 2-3.  Fulks overlooks the fact that this Court only recently determined that it would hold an evidentiary hearing.  Until the last few weeks, it was not clear that trial counsel would be needed to testify.[1]  Importantly, Fulks points to no § 2255 action or federal habeas proceeding case to support his contention that the government should be prohibited from interviewing trial counsel in preparation for a recently scheduled evidentiary hearing.  The government simply desires to interview Fulks' trial counsel as the government would be entitled to do with any other witness.  Fulks' attempt to transform this request into a full blown discovery battle misses the mark.  Fulks appears to desire that trial counsel be called to the stand "cold" without the benefit and opportunity to discuss the allegations and go back through their files to refresh their memories.  Such an approach would benefit no one and would greatly enlarge the potential time the hearing would take.[2]  Fulks also claims that his counsel would be unduly burdened in producing trial counsel's files.[3]  Opposition, at pp. 3-5.  This

---

[1]It is the undersigned's experience as a former South Carolina Assistant Attorney General that it is the common practice to interview trial counsel prior to evidentiary hearings in death penalty post-conviction relief cases.

[2]Such an approach would be contrary to the stated purposes of the Federal Rules of Civil Procedure.  They are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.  Fed.R.Civ.P. 1.

[3]Attorney John Blume's files are in the possession of present counsel Kirsten Small.

2

contention is without merit. The government would bear the burden in this regard. Therefore, it would be the government that would have to take on the burden of going through the attorneys' files.[4] As noted above, the government agrees that it will not be allowed the use of any of trial counsel's documents that do not relate to any of Fulks' ineffective assistance of counsel claims.

Second, Fulks contends that Fulks' waiver by asserting ineffective assistance of counsel should be found to be limited to the extent communications and matters are necessary to resolve the ineffective assistance of counsel claims. Opposition, at pp. 5-8. The government agrees. **The government will not go into any discussions with trial counsel regarding matters that are not the subject to attack in Fulks' two-hundred (200) page § 2255 petition. Additionally, the government would not make use of any of trial counsel's documents that do not relate to any of Fulks' ineffective assistance of counsel claims.** Fulks can not dispute that a petitioner waives the attorney-client privilege when asserting ineffective assistance of counsel. In re Lott, 424 F.3d 446, 453 (6th Cir.2005). An implied waiver occurs when an issue is raised that requires testimony from the petitioner's attorneys as to the reasonableness of the attorney's conduct. Id. See Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir.2001)(attorney-client privilege is waived when the petitioner asserts ineffective assistance of counsel). In the context of challenging the assistance of counsel in a criminal matter, a habeas corpus petitioner implicitly waives the attorney-client privilege by putting his attorney's performance at issue. In re Lott, 424 F.3d 446, 453 (6th Cir.2005) ( citing Mason v. Mitchell, 293 F.Supp.2d 819, 823-24 (N.D.Ohio 2003)). The privilege is waived to the extent necessary to resolve the ineffective

---

[4]Additionally, Fulks may be overstating the potential burden. At present in this action, Fulks has two-court appointed attorneys and five attorneys at a very large law firm working on his case pro bono.

3

assistance of counsel claim. <u>Mason v. Mitchell</u>, 293 F.Supp.2d 819, 823 (N.D.Ohio 2003). The government agrees that the waiver must be no broader than needed to ensure the fairness of the proceeding. <u>Bittaker v. Woodford</u>, 331 F.3d 715, 720 (9th Cir. 2003). However, "the attorney-client privilege cannot at once be used as a shield and a sword." <u>In re Lott</u>, 424 F.3d at 454 (quoting <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1292 (2nd Cir.1991)). In such a circumstance, the waiver is limited to the extent necessary to litigate the claims of ineffective assistance of counsel. For example, an implicit waiver of the work-product privilege regarding a "psychiatric examination did not extend to the privilege surrounding any inculpatory statements ... made to the psychiatrist." <u>Lott</u>, 424 F.3d at 454. Accordingly, the government will not stray beyond the areas in which Fulks has claimed his counsel were ineffective. It is clear that other courts have found such an assurance to be sufficient. <u>See e.g.</u>, <u>Wharton v. Calderon</u>, 127 F.3d 1201 (9th Cir. 1997) (noting "there is no evidence here that the [government] attorneys would seek to induce [Petitioner's] former attorneys to violate their ethical duties to [the petitioner] during the proposed interviews").

Finally, Fulks asserts in his opposition that the government is making a "surreptitious attempt to avoid a formal deposition and the nuances of discovery" by seeking to discuss with trial counsel their representation of Mr. Fulks. Opposition, at p. 8. This characterization is curious. Fulks overlooks the right of parties to interview potential witnesses before trial or a hearing. Perhaps the best example of this principle can be found in <u>Wharton v. Calderon</u>, 127 F.3d 1201 (9th Cir. 1997). In <u>Wharton</u>, in a death penalty § 2254 action, the Ninth Circuit reviewed the propriety of a district court protective order in which the district court prohibited the State from interviewing trial counsel outside the context of a deposition setting. The

protective order prohibited the State "from communicating with Petitioner's former trial counsel or appellate counsel and their agents about matters relating to Petitioner's [Petition] for a Writ of Habeas Corpus except in a deposition setting, with Petitioner's counsel present."  Wharton, 127 F.3d at 1203.   Even the Ninth Circuit found that the district court had gone too far.  The court made the straight forward observation that "a party's right to interview witnesses is a valuable right" and a district court is prohibited from issuing a protective order that prevents the government from interviewing witnesses without the presence of or consent of opposing counsel. The Ninth Circuit determined that the district court's protective order could not be supported by the Federal Rules of Evidence, the attorney ethical rules, or the inherent authority of the court. Id. at 1204-1207.

For the foregoing reason, the United States requests that this Court find that (1) the attorney client privilege has been waived to the extent Fulks has asserted that his trial counsel were ineffective, (2) the government may interview the trial attorneys regarding the allegations set forth in Fulks' Amended Motion to Vacate pursuant to 28 U.S.C. § 2255, and (3) the government may inspect and copy the files of trial counsel provided that the government will not be allowed to make use of any of trial counsel's documents that do not relate to any of Fulks' ineffective assistance of counsel claims.

<div style="margin-left: 50%;">

W. WALTER WILKINS
United States Attorney


BY: s/Robert F. Daley, Jr.
ROBERT F. DALEY, JR.
Assistant United States Attorney

</div>

August 10, 2009