| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 4:02-992-JFA |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHADRICK E. FULKS, | ) | |
| | ) | |
| Petitioner. | ) | |

**SUPPLEMENTAL MEMORANDUM REGARDING THE NECESSITY TO CALL SHERIFF RONALD HEWETT**

The government submits this memorandum in further support that there is no reason to call Ronald Hewett to testify for a third time under oath in the upcoming evidentiary hearing about statements made to him by Branden Basham.

At a status hearing on August 11, 2009, Mr. Fulks' present counsel again requested that Sheriff Hewett be called to testify regarding what Basham said to Sheriff Hewett about the alleged use of a purse strap to kill Alice Donovan. Sheriff Hewett has testified under oath about this statement twice. The first time was at a pretrial hearing (before Fulks' trial) on February 25, 2004, at which both Fulks' and Basham's trial counsel were present. See transcript of Pre Trial Hearing on February 25, 2004.[1] Sheriff Hewett also testified about this statement in Basham's trial. Basham Trial Transcript, Vol. 10, 9/27/04, at pp10-4 -54.

There is no reason to call Sheriff Hewett to testify for a third time about the "purse strap"

---

[1] The government pointed out this fact last year when Fulks asked to depose Sheriff Hewett. See Response of U.S. to Petitioner's Memo in Support of Motion for Leave to Conduct Discovery, at pp.1-2 ("The full substance of Hewett's testimony was known to Fulks before his trial . . . Fulks fails to mention in his supplemental memorandum that Sheriff Hewett testified before the Court prior to Fulks' trial.") (Docket Entry # 1110).

statement by Basham.  The only mention that Fulks has made about the "purse strap" in this habeas action is in a sub-point to support his Claim XIX that his due process rights were violated by the Government's presentation of allegedly inconsistent theories in Fulks' and Basham's trials.  See Amended Motion to Vacate, at pp. 171-73.  There is no additional testimony needed from Sheriff Hewett to resolve this purely legal issue.  The substance of Hewett's testimony is not at issue in Claim XIX. The only issue is the prosecution's use of the "purse strap" demonstration.  As this Court noted in its Order, dated 9/18/08 (Docket Entry # 1115): "[T]here is little to no dispute regarding the substance of the sheriff's testimony . . . The dispute instead relates to the inference to be drawn from the co-conspirator's statement and to what petitioner alleges is an inconsistency in the Sheriff's testimony.  **The court finds that these are issues on which additional testimony by the sheriff would shed no additional light**."  Order, at p. 2 (emphasis added).  Claim XIX is a legal claim for which there is absolutely no need for Sheriff Hewett to testify yet again about a matter he has testified to previously.

Additionally, with regard to the "deer" statement issue raised in Fulks' Claim XVIII, Hewett's testimony has been clear both times he has testified about this statement.  The issue raised in Claim XVIII is whether appellate counsel was ineffective for failing to raise on appeal this Court's refusal to admit the "deer" statement.  See Amended Motion to Vacate, at pp. 162-165.  The focus in this claim is on appellate counsel's actions and the propriety of this Court's evidentiary ruling.  Additional testimony about the "deer" statement from Sheriff Hewett would not impact this issue.

Therefore, there is no reason for Sheriff Hewett to testify because there are no material facts in dispute about the substance of his testimony that would impact any of Fulks' claims.

<div style="margin-left:45%">

W. WALTER WILKINS
United States Attorney


BY: s/Robert F. Daley, Jr.
ROBERT F. DALEY, JR.
Assistant United States Attorney

</div>

August 12, 2009