# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

United States of America,

        Respondent,

vs.

Chadrick E. Fulks,

        Petitioner.

Case No.  4:02-992-JFA

**REPLY IN SUPPORT OF MOTION
FOR RECONSIDERATION**

In light of the unanimous view of the courts that the waiver of a post-conviction petitioner's attorney-client privilege is limited to the scope of the petitioner's ineffective assistance claims, the government's insistence that it is entitled to review every scrap of paper in trial counsel's files is mystifying and somewhat disturbing.  The Court's order regarding waiver is overbroad; further, it is unnecessary because there are readily available means to satisfy the government's entitlement to information without endangering Mr. Fulks's right to the confidentiality of privileged communications with trial counsel.  Mr. Fulks respectfully asks the Court to reconsider its ruling.

## ARGUMENT

### A.  Waiver Of Attorney-Client Privilege

Throughout its Opposition, the government repeatedly contrasts the undisputedly limited nature of the attorney-client privilege with its assertion that Mr. Fulks bears the burden of demonstrating the applicability of the privilege, as if these two rules were somehow inconsistent. That is simply not the case.  Mr. Fulks acknowledges that he bears the burden of establishing that

the privilege applies to the extent there is a dispute. At the same time, however, this Court must acknowledge that the scope of the waiver of attorney-client privilege is limited to those claims actually raised by Mr. Fulks and that his right to the sanctity of his communications with counsel must be protected.

The government cannot be heard to complain about Mr. Fulk's "failure" to identify privileged documents.[1] Mr. Fulks is not required to describe such documents precisely because they are privileged. Should the Court reconsider its ruling, counsel for Mr. Fulks will diligently and expeditiously review the relevant documents, create a privilege log, and provide responsive documents, precisely as is done in the ordinary course of litigation. Having reviewed the contents of at least half of the boxes, counsel can represent to the court that the universe of documents responsive to the government's production request is manageable. Counsel will not need to pore over and redact every single page in 44 boxes. Certainly, the volume of responsive documents does not approach the huge amount of discovery that is contemplated by the Rule 502 procedure mentioned by the Court during the August 11 status conference.

The government cites two cases for the proposition that the attorney-client privilege is disfavored. *See In re Grand Jury Subpoena*, 341 F.3d 331 (4th Cir. 2003); *United States v. Aramony*, 88 F.3d 1369 (4th Cir. 1996). Both cases are distinguishable. In *In re Grand Jury Subpoena*, the question was whether the putative defendant had waived the attorney-client privilege. *See In re Grand Jury Subpoena*, 341 F.3d at 336-37. There is no dispute here that Mr. Fulks has waived the attorney-client privilege as to communications relating to his claims that trial counsel were ineffective. In *Aramony*, the court was concerned with the question of

---

[1] Privileged documents include budget documents and invoices from experts, which this Court has previously refused to provide to the government, and documents regarding issues other than those raised by Mr. Fulks in any of his claims of ineffective assistance of counsel.

whether an attorney-client relationship existed that would give rise to the privilege. *See Aramony*, 88 F.3d at 1389-92. Here again, there is no question of the existence of an attorney-client relationship. What is at issue—and what is not addressed by *In re Grand Jury Subpoena* or *Aramony*—is whether this Court has violated Mr. Fulks's right to the protection of the privilege by ruling that the government may review every document in trial counsel's files, whether the documents are related to Mr. Fulks's ineffective-assistance claims or not.

In contrast, *Kelly v. Ford Motor Co. (In re Ford Motor Co.)*, 110 F.3d 954 (3d Cir. 1997), which the government attempts to distinguish, is precisely on point. The danger Mr. Fulks faces from wholesale disclosure of trial counsel's files is that the information will be used, directly or indirectly, in a reprosecution if relief is granted. Such use of privileged information was precisely the danger the court addressed in *In re Ford Motor Co. See id.* at 963 ("Attorneys cannot unlearn what has been disclosed to them in discovery; they are likely to use such material for evidentiary leads, strategy decisions, or the like." (internal quotation marks & alteration omitted)).

The government's promise "it will not use information received from Fulks' trial counsel in any re-prosecution of Fulks," Opposition at 14, is cold comfort. *See In re Ford Motor Co.*, 110 F.3d at 963 ("[T]he limited assurance that the protected material will not be disclosed at trial will not suffice to ensure free and full communication by clients who do not rate highly a privilege that is operative only at the time of trial." (internal quotation marks omitted)). Even a child knows that what has been seen cannot be unseen. If the government were serious about protecting Mr. Fulks's privileged communications, it would pledge to "wall off" any attorneys who view unexpurgated files from any reprosecution of Mr. Fulks—a step it notably refuses to take. At the very least, the government should not scoff at the suggestion of a "taint team" to

3

review trial counsel's files. Taint teams are quite commonly used in federal capital proceedings when the court orders a psychiatric examination of the defendant. Rule 12.2 of the Federal Rules of Criminal Procedure prohibits the disclosure of the "results and reports" of such examinations until after the defendant has been convicted of a capital crime and has re-asserted his intent to rely on mental health evidence. *See* Fed. R. Crim. P. 12.2(c)(2); *United States v. Wilson*, 493 F. Supp. 2d 348, 350 (E.D.N.Y. 2006). However, the Rule "does not resolve how, as a practical matter, the government experts are to conduct their mental health examinations while adhering to the prohibition against early disclosure." *United States v. Sampson*, 335 F. Supp. 2d 166, 244 (D. Mass. 2004). In order to accommodate the need of the government to prepare its rebuttal case, courts routinely appoint a taint team, or a single firewalled attorney, to coordinate the mental health examinations and to litigate any issues that arise. *See United States v. Lujan*, 530 F. Supp. 2d 1224, (D.N.M. 2008) (requiring appointment of "at least one fire-walled attorney … to handle any issues that may arise before, during, or after the Government's expert's examination" of the defendant); *Wilson*, 493 F. Supp. 2d at 355-57 (ordering disclosure of certain information regarding defendant's mental health evidence to firewalled attorney, who "will not be involved in any way in the guilt phase of the trial"); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1075 (N.D. Ia. 2005) (noting that "the government will create a 'taint team' in the prosecutor's office to work with the government's expert or experts to coordinate examinations and to ensure that the results and reports are sealed in whatever manner the court instructs"), *affirmed in part, vacated and remanded in part on other grounds*, 495 F.3d 951 (8th Cir. 2007); *Sampson*, 335 F. Supp. 2d at 244 & n.45 (explaining need for taint teams and setting forth in footnote order appointing taint team). The government thus cannot complaint that taint team procedures are "unprecedented." To the contrary, they are routine.

Although the district courts in *Wilson* and *Johnson* appointed taint teams from outside the district, Mr. Fulks does not suggest that such a course is necessary here.  Mr. Fulks believes that it will be sufficient if the taint team consist of attorneys from a different *office* within the District of South Carolina.  Given that government counsel are based in the Columbia office, and trial counsel's files are located in Greenville, Mr. Fulks requests appointment of a taint team from the Greenville office.  However, particular caution should be taken to "wall off" William Watkins, a former attorney for Mr. Fulks who is now employed in the Greenville office of the United States Attorney.

In summary, the wholesale invasion of Mr. Fulks's privileged communications with trial counsel is both improper and unnecessary.  Mr. Fulks respectfully requests reconsideration of this Court's order.

**B.    Witnesses**

The government asserts that expert Andrea Lyon should not be allowed to testify because expert testimony on the "ultimate issue" of counsel's ineffectiveness is inappropriate.  Mr. Fulks does not seek to present such testimony, however.  Professor Lyon will testify regarding the nature of the strategic decisions faced by trial counsel in a capital case and whether certain decisions made by Mr. Fulks's trial counsel were consistent with pertinent standards and procedural considerations.  The ultimate question of whether trial counsel were constitutionally ineffective—*i.e.*, whether their performance fell below professional norms and whether Mr. Fulks suffered prejudiced thereby—will be determined by the Court.  *Accord Jackson v. United States*, ___ F. Supp. 2d ___, 2009 WL 1796998, at *7 (W.D.N.C. June 19, 2009) (excluding proffered affidavits from attorney experts because the affidavits did no more than state the attorneys' legal conclusion that trial counsel were ineffective).

**CONCLUSION**

For the reasons previously articulated in Mr. Fulks's Motion to Reconsider and the reasons state above, Mr. Fulks respectfully requests that the Court reconsider the rulings set forth in its Order of August 19, 2009.

/s/ Kirsten E. Small
Kirsten E. Small  (Fed ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
PHONE:  864.370.2211
KSmall@Nexsenpruet.com

 /s/ Beattie B. Ashmore
Beattie B. Ashmore  (Fed ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 West Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@Beattieashmore.com

Attorneys for Petitioner
Chadrick E. Fulks

September 2, 2009
Greenville, South Carolina