IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| Chadrick E. Fulks | ) | |
| | ) | |

**Order Denying Petitioner's Pro Se Motions**

This matter comes before the court on the following two pro se filings by Petitioner

Chadrick E. Fulks: (1) Dkt. #1224 Motion to Reconsider the Court's Rulings in Hearing

dated August 11, 2009 and followup order dated August 12, 2009; and (2) Dkt. #1231

Response to Beattie Ashmore and Kirsten Smalls' Response to Pro Se Motion to Reconsider.

Petitioner asked the court to revisit its rulings on the following matters:

1) to allow Petitioner to appear in person rather than via satellite;

2) to allow Petitioner to "speak freely and share with this court several issues that [he has] with this appeal filed on [his] behalf 'without [his] permission" and to allow him to "speak on [his] own behalf;"

3) to allow Monica Wolowinski, Nathan Fulks, and Christina Kirkman to testify live, rather that by declarations, and to permit Petitioner himself "ask them questions concerning their claims;" and

4) that he does not "need any counsel whom this court has appointed to do this for [him] because the attempts that [he has] made over the 15 months to resolve this issue has gone unheard and ignored."

In light of the Petitioner's pro se filing, the court directed his counsel to file a response

explaining their position with respect to the issues outlined above. In their filing dated

August 31, 2009 [dkt. #1228], Petitioner's counsel described the pro se motion as one

appearing to have been borne of "frustration and disappointment," and which advised the court to "respond accordingly."

The court finds the pro se motion does not raise any issues that have not been properly considered and addressed previously by the court. Therefore, the same is denied. As his counsel recognizes, an evidentiary hearing on a § 2255 motion is not a criminal trial, and therefore, Petitioner has no right to appear and no constitutional right to testify on his own behalf.

The court will permit Petitioner to participate in the hearing via satellite. Petitioner complains that guards insisted on being in the room at all times with him during his satellite participation in his civil Fulks v. Metts trial. The court defers to the judgment of the security personnel at the U.S. Penitentiary in Terra Haute where Petitioner is housed as to the setup and necessity for guards' presence in the room containing the satellite equipment allowing his participation. Petitioner will have telephone access to consult with counsel during the course of the evidentiary hearing.

Petitioner's second filing styled "Response to Beattie Ashmore and Kirsten Smalls' Response to Pro Se Motion to Reconsider," appears to be another complaint of his counsels' performance and of the strategy they are employing in their representation of him. To the extent that Petitioner seeks replacement counsel, the court denies the request. As discussed in the court's order appointing counsel, an indigent defendant is not entitled to counsel of his own choosing. Wheat v. United States, 486 U.S. 153, 159 (1988)(holding a defendant may not insist on representation by an attorney he cannot afford). Applicable federal law merely requires the appointment of qualified counsel. 18 U.S.C. § 3599.

Further, in light of qualified counsel having been appointed to represent Petitioner, the court expects all future filings to be directed through counsel. If Petitioner submits any further pro se documents, they will be forwarded to Petitioner's counsel and will not be docketed in the case or considered by the court.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

September 11, 2009
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge