| | |
|---|---|
| United States of America, | Case No. 4:02-992-JFA |
| Respondent, | |
| vs. | **MOTION FOR HEARING TO BE CONDUCTED *EX PARTE* AND IN CHAMBERS** |
| Chadrick E. Fulks, | |
| Petitioner. | |

On Thursday, September 24, 2009, this Court docketed Mr. Fulks's pro se motion for a copy of his entire case file and set a hearing on the motion for Monday, October 5, 2009, at 2:30 pm. The Court provided that Mr. Fulks will appear at the hearing by satellite.

Counsel respectfully request that the hearing be conducted *ex parte* and in chambers. Mr. Fulks's request for a copy his file necessarily involves undersigned counsel's communications with Mr. Fulks and implicates the attorney-client relationship. Ordinarily, when the subject matter of a hearing is likely to involve disclosure of attorney-client communications or the state of the attorney-client relationship, the practice is for such a hearing to be held *ex parte* and in camera to preserve the confidentiality of the communications. *See, e.g., United States v. Vaid*, 153 F.3d 724, 1998 WL 469176, at *1 (4th Cir. 1998) (per curiam) (unpublished table decision) (noting that the district court conducted an *ex parte* hearing to discuss defendant's concerns about his attorney); *United States v. Duklewski*, 567 F.2d 255, 255-56 (4th Cir. 1977) (describing *ex parte*, in camera procedure used by district court to resolve issue of whether counsel was obligated to discontinue representing client); *see also United States v. Moore*, 159 F.3d 1154,

1160 n.4 (9th Cir. 1998) (noting that district court held in camera, *ex parte* hearing regarding claims of conflict of interest and breakdown in attorney-client relationship); *Bogdan v. Eggers*, 2000 WL 1847608, at *2 (N.D. Ill. Dec. 14, 2000) (noting that hearing regarding issues about representation was *ex parte* "[b]ecause of the sensitive nature of this issue (involving attorney-client and work product privileged information)"). Counsel for Mr. Fulks respectfully submit that the same procedure ought to be adopted here because discussion of Mr. Fulks's motion necessarily will involve internal communications between Mr. Fulks and counsel regarding Mr. Fulks's desire for a copy of his trial file.

Additionally, an *ex parte* hearing in chambers is warranted because the government simply has no interest and no stake in this matter. The resolution of Mr. Fulks's motion has no relevance to the government's ability to litigate the defenses it has asserted in its Opposition to Mr. Fulks's Amended Motion to Vacate. The government will suffer no prejudice from being prevented from learning about confidential, internal communications between counsel and Mr. Fulks regarding his request for his file. Thus, the government has no reason to participate in the hearing.

Finally, the purpose of the hearing is likely to be advanced by not conducting it in a formal, adversarial setting.

Pursuant to applicable local rules, the undersigned have consulted with counsel for the government regarding this motion, and are authorized to state that the government would like to make a brief statement to the Court at the beginning of the hearing after which the government consents to have the remainder of the hearing conducted *ex parte*.

Respectfully submitted,

/s/ Kirsten E. Small
Kirsten E. Small          Fed ID No. 10005
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
PHONE:  864.370.2211
FACSIMILE:  864.282.1177
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore
Beattie B. Ashmore (Fed ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@beattieashmore.com

Attorneys for Petitioner
Chadrick E. Fulks

October 4, 2009
Greenville, South Carolina

3