# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No. 4:02-992-JFA |
| Respondent, | |
| vs. | **MOTION FOR APPOINTMENT OF COUNSEL** |
| Chadrick E. Fulks, | |
| Petitioner. | |

COMES NOW Petitioner Chadrick E. Fulks, by and through undersigned counsel, and moves for the appointment of Michael Wiseman and Amy Donnella ("CHU Counsel"), of the Capital Habeas Unit of the Federal Community Defender for the Eastern District of Pennsylvania ("Philadelphia CHU"), as supplemental counsel. Appointment of CHU Counsel will be of material benefit to the litigation, will be at no cost to the Court, and in fact is likely to result in cost savings.

### BACKGROUND

1. Presently pending before this Court is Mr. Fulks's *Amended Motion of Chadrick E. Fulks to Vacate Conviction and Sentence and for a New Trial Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure* ("Amended Motion to Vacate"). The Amended Motion to Vacate challenges the legality and constitutionality of Mr. Fulks's capital convictions and death sentence for the abduction and murder of Alice Donovan. The Government has filed an Opposition to the Amended Motion to Vacate, and Mr. Fulks has filed a Reply. The recent proceedings in the Supreme Court and the Court of Appeals have been concluded, and the government is scheduled to review trial counsel's files on January 5-7, 2010.

On December 30, 2009, this Court notified counsel of its intention to conduct the evidentiary hearing on Mr. Fulks's claims beginning on February 17, 2009.

2. Mr. Ashmore and Ms. Small are counsel appointed by this court. In addition, several attorneys from the law firm of O'Melveny & Myers, LLP, serving pro bono, have been involved in this litigation from the outset of post-conviction proceedings. All of these attorneys have substantial litigation experience; Mr. Ashmore and Ms. Small additionally have extensive experience with criminal law and (in the case of Ms. Small) with federal appellate review of capital post-conviction proceedings. Throughout this litigation, because of the highly specialized nature of federal capital habeas litigation and to best serve their client, counsel have sought the advice and assistance of attorneys with the Federal Capital Habeas Corpus Project. At the suggestion of Project attorneys, counsel for Mr. Fulks recently met with Mr. Wiseman, Ms. Donnella, and other attorneys with the Philadelphia CHU to discuss this litigation.

3. The Philadelphia CHU was formed in 1995 as an office of the Federal Community Defender (*i.e.*, Public Defender) for the Eastern District of Pennsylvania and is comprised of attorneys and investigators whose efforts are dedicated solely to capital habeas litigation. The Philadelphia CHU, which has its own budget to pay the costs of involvement in such litigation, works with the Federal Capital Habeas Corpus Project to identify cases that will benefit from the assistance of CHU attorneys and investigators. Formal appointment by the court is required, however, before any services can be provided.

4. Since its formation, the Philadelphia CHU has represented dozens of death-sentenced prisoners in Pennsylvania's federal district courts[1] and the United States Court of

---

[1] *See, e.g.*, *Albrecht v. Beard*, 2009 WL 2047894 (E.D. Pa. July 14, 2009); *Judge v. Beard*, 611 F. Supp. 2d 415 (E.D. Pa. 2009); *Breakiron v. Horn*, 2008 WL 4412057 (W.D. Pa. Sept. 24, 2008); *Saranchack v. Beard*, 2008 WL 80411 (M.D. Pa. Jan. 4. 2008); *Hardcastle v. Horn*, 521 F. Supp.

Appeals for the Third Circuit,[2] and it has also participated in the litigation of four cases argued before the United States Supreme Court.[3] Attorneys with the Philadelphia CHU have been faculty in numerous national and regional training programs on capital post-conviction litigation and have served on the Third Circuit's Task Force on Death Penalty Litigation.

5. Currently, the Philadelphia CHU, as either sole counsel or supplemental counsel, represents individuals in capital § 2255 proceedings pending in multiple federal jurisdictions. Because such representations are funded by the Administrative Office of the United States Courts, the appointing court incurs no additional cost when making such appointments.

**ARGUMENT**

6. As this Court is aware, Mr. Fulks's case is a complex one involving numerous claims, many of which involve procedural and legal issues peculiar to capital habeas litigation, with which the Philadelphia CHU has long experience. Many of the events underlying Mr. Fulks's convictions and sentence occurred in West Virginia, Indiana, and Ohio. Additionally, virtually all of the fact and expert witnesses relevant to Mr. Fulks's post-conviction claims reside

---

2d 388 (E.D. Pa. 2007); *Lark v. Beard*, 495 F. Supp. 2d 488 (E.D. Pa. 2007); *Bond v. Beard*, 2006 WL 1117862 (E.D. Pa. Apr. 24, 2006); *Wilson v. Beard*, 2006 WL 2346277 (E.D. Pa. Aug. 9, 2006); *Simmons v. Beard*, 356 F. Supp. 2d 548 (W.D. Pa. 2005); *Albrecht v. Horn*, 314 F. Supp. 2d 451 (E.D. Pa. 2004); *Wallace v. Price*, 265 F. Supp. 2d 545 (W.D. Pa. 2003); *Kindler v. Horn*, 291 F. Supp. 2d 323 (E.D. Pa. 2003); *Fahy v. Horn*, 2003 WL 22017231 (E.D. Pa. Aug. 26, 2003); *Porter v. Horn*, 276 F. Supp. 2d 278 (E.D. Pa. 2003); *Peterkin v. Horn*, 176 F. Supp. 2d 342 (E.D. Pa. 2001).

[2] *See, e.g., Hardcastle v. Horn*, 2009 WL 1683335 (3d Cir. June 17, 2009); *Bond v. Beard*, 539 F.3d 256 (3d Cir. 2008); *Wallace v. Price*, 243 Fed. Appx. 710 (3d Cir. 2007); *Stevens v. Horn*, 2006 WL 1876652 (3rd Cir. July 6, 2006); *Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005); *Laird v. Horn*, 414 F.3d 419 (3d Cir. 2005); *Jacobs v. Horn*, 395 F.3d 92 (3d Cir. 2005); *Holloway v. Horn*, 355 F.3d 707 (3d Cir. 2004); *Hardcastle v. Horn*, 368 F.3d 246 (3d Cir. 2004); *Carpenter v. Vaughn*, 296 F.3d 138 (3d Cir. 2002); *Jermyn v. Horn*, 266 F.3d 257 (3d Cir. 2001).

[3] *See Beard v. Kindler*, 2009 WL 4573277 (U.S. Dec. 9, 2009); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003).

outside the District of South Carolina, including three of the four attorneys involved as trial counsel, who live (exclusively or primarily) in Ithaca, New York.

7. Because CHU Counsel have extensive experience in capital post-conviction proceedings, their participation in Mr. Fulks's case will aid current counsel in the preparation for, and presentation of, Mr. Fulks's claims. Further, because the Philadelphia CHU has its own budget for use in capital § 2255 proceedings, its involvement will not only come at no cost to the Court, but also is likely to result in savings through, for example, the payment of expert witness fees and travel expenses.

8. If appointed, CHU Counsel would serve in the role of supplemental counsel and would conduct a number of important tasks, including some that would otherwise be performed by appointed counsel at Court expense. It is understood among appointed counsel, pro bono counsel, and CHU Counsel that the primary litigation team will consist of appointed counsel and pro bono counsel, and that appointed counsel will retain final decision-making authority in the case. The undersigned have discussed the matter with Mr. Fulks and explained the parameters of CHU Counsel's involvement. Having been fully informed, Mr. Fulks desires that Mr. Wiseman and Ms. Donnella be appointed as supplemental counsel.

9. If this Motion is granted, Mr. Wiseman and Ms. Donnella will promptly move for admission *pro hac vice*.

## CONCLUSION

For the reasons set forth above, Mr. Fulks respectfully moves for the appointment of Michael Wiseman and Amy Donnella as supplemental counsel in this matter. The undersigned have consulted with counsel for the government, which takes no position regarding the motion.

Respectfully submitted,

/s/ Kirsten E. Small
Kirsten E. Small (Fed ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
PHONE:  864.370.2211
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore
Beattie B. Ashmore (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@Beattieashmore.com

December 31, 2009
Greenville, South Carolina