IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 4:02-992-JFA |
| | ) | |
| v. | ) | ORDER ON MOTION |
| | ) | FOR APPOINTMENT OF |
| Chadrick E. Fulks. | ) | SUPPLEMENTAL COUNSEL |
| | ) | |
| _____ | ) | |

This matter comes before the court on the motion filed by petitioner Chadrick E. Fulks, by his counsel, for the appointment of Michael Wiseman and Amy Donnella ("CHU Counsel"), of the Capital Habeas Unit of the Federal Community Defender for the Eastern District of Pennsylvania ("Philadelphia CHU"), as supplemental counsel [dkt. # 1270]. Petitioner suggests that "appointment of CHU Counsel will be of material benefit to the litigation, will be at no cost to the Court, and in fact is likely to result in cost savings." For the reasons that follow, the court denies the motion.

On May 7, 2004, defendant pleaded guilty to, among other things, two counts of a superseding indictment involving carjacking resulting in death (in violation of 18 U.S.C. § 2119) and kidnapping resulting in death (in violation of 18 U.S.C. § 1201). After two weeks of jury selection and five weeks of trial, the jury unanimously voted to recommend that the defendant be sentenced to death, and the court entered a judgment on December 20, 2004, sentencing defendant to death. Defendant appealed the judgment and sentence on December 20, 2004. The Fourth Circuit affirmed by opinion dated July 27, 2006 (*U.S. v. Fulks*, 454

F.3d 410 (4th Cir.2006)), and a mandate and judgment issued on September 1, 2006. The United States Supreme Court denied *certiorari* on June 25, 2007 (*Fulks v. U.S.*, 551 U.S. 1147 (2007)).

On July 23, 2007, defendant, through his trial counsel John Blume, filed a motion for appointment of counsel to pursue his post-conviction remedies. Specifically, defendant requested the court appoint attorneys Amy J. Longo and Amy J. Laurendeau, both of the Newport Beach, California firm of O'Melveny & Meyers, and also Susan K. Marcus, a solo practitioner in New York.

After full briefing, the court issued an order dated September 10, 2007, appointing South Carolina attorneys Beattie Ashmore and William J. Watkins, Jr., as 18 U.S.C. § 3599 habeas counsel to represent defendant in pursuit of any and all post-conviction remedies. In rejecting defendant's proposed out-of-state counsel, the court considered the relevant statute.

Specifically, 18 U.S.C. § 3599, entitled "Counsel for financially unable defendants," provides that an indigent habeas petitioner asking the federal court to vacate or set aside a death sentence is afforded a mandatory right to legal counsel and related services. Under the statute, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of "one or more attorneys" and the furnishing of such other services. Subsection 3599(c) provides that "[i]f the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less

2

than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases." As detailed in the court's order appointing counsel, Mr. Ashmore fulfills the requirements of 18 U.S.C. § 3599(c). The proposed counsel suggested by Mr. Blume did not.

Initially, the court was concerned over the fact that petitioner's trial (and appellate) counsel was the one making a recommendation to the court regarding the appointment of his § 2255 counsel, given the fact that one of the primary responsibilities of § 2255 counsel is to evaluate, and quite possibly challenge, the effectiveness of trial counsel. In a later conversation with Mr. David Bruck of the Federal Death Penalty Resource Counsel to the Federal Public Defender System, the court was told that it was the "2255 Project" who actually recruited Ms. Marcus, Ms. Longo and Ms. Laurendeau to serve as § 2255 counsel. This fact was not, however, disclosed in the motion filed with the court. To have acquiesced in the appointment of Ms. Marcus, Ms. Longo and Ms. Laurendeau would have, for purposes of the court record, at least, set what this court views as an undesirable precedent: trial counsel selecting the successor counsel who would review his or her work.

In making the appointment of habeas counsel, the court recognized that it has an inherent obligation to act as a trustee of public funds. *United States v. Smith*, 76 F.Supp.2d 767, 769 (S.D. Tex. 1999). The court's obligation is particularly strengthened by the fact that there is no appellate review of the court's administrative decisions in approving CJA vouchers. Thus, if this court "shirks its responsibility to safeguard taxpayer funds, there is

3

no other body capable of performing that crucial oversight function." *Id*. at 770. The court found that competent post-conviction relief counsel were available locally, whose appointment would necessarily lower the expenses associated with out-of-state counsel.

Mr. Beattie Ashmore graduated from the University of South Carolina School of Law and was admitted to the South Carolina Bar in 1987. He was admitted to the United States District Court for the District of South Carolina in 1990 and to the United States Court of Appeals for the Fourth Circuit in 1992. Mr. Ashmore worked as an Assistant United States Attorney for the District of South Carolina from 1990 until 1996. He was a partner in the law firm of Ashmore and Yarborough, P.A. in Greenville, South Carolina from 1996 until 2000, and since 2000, he has been a partner with Price, Ashmore & Beasley, P.A. law firm in Greenville, South Carolina. Mr. Ashmore was appointed by the South Carolina Supreme Court in 2005 to the Commission on Lawyer Conduct. He has had significant indigent criminal defense experience, including handling both appellate matters and general criminal defense in both state and federal court. His trial experience includes serving as lead counsel in dozens of criminal trials. His appellate experience includes more than a dozen appeals at the Fourth Circuit, include several criminal appeals.

Mr. Watkins graduated from the University of South Carolina School of Law in 1999 and worked at Womble Carlyle Sandridge & Rice, PLLC, in Greenville, South Carolina. He was admitted to the United States District Court for the District of South Carolina and to the United States Court of Appeals for the Fourth Circuit in 2001. He has substantial experience

4

on issues of federal jurisdiction and appellate procedure. Mr. Watkins clerked two years for the Honorable William B. Traxler, Jr. on the United States Court of Appeals for the Fourth Circuit, and as a member of his firm's appellate litigation team, he devoted a considerable amount of his time to appellate work in the state and federal systems. Mr. Watkins also serves as a pro bono Special Prosecutor for the South Carolina Attorney General's Office, and is a section counsel officer for the South Carolina Bar's Trial and Appellate Advocacy Committee.

In its appointment order, the court stated that to the extent that the Ms. Marcus and the O'Melveny & Meyers attorneys wished to work pro bono on this matter, they could volunteer their services through Mr. Ashmore and Mr. Watkins. The court was informed that the O'Melveny & Meyers attorneys agreed to serve in a pro bono capacity that would not result in any additional fees or expenses. Therefore, the court approved their pro hac vice motions to participate in this case. The court subsequently approved the pro hac vice motions of Ms. Danielle Nicole Oakley, Mr. David P. Dalke, Ms. Kymberleigh Damron-Hsiao, and Ms. Stephanie L. Noble of O'Melveny & Meyers, as well.

On June 23, 2008, petitioner timely filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which stated 33 Claims for relief. The court granted leave for petitioner to file his memorandum in support of his motion by October 21, 2008, and established a briefing scheduling for the remaining memoranda.

By motion dated September 19, 2008, petitioner filed a Motion for Appointment of

Counsel to substitute for Mr. Watkins, who had accepted a position with the United States Attorney's Office. In considering that petitioner's memorandum in support of his § 2255 Motion was due by October 21, 2008, the court directed Mr. Watkins to complete his responsibilities with preparing the memorandum for filing by the deadline, and, at former Chief Judge William W. Wilkins' recommendation, appointed attorney Kirsten E. Small as additional counsel for petitioner, to replace Mr. Watkins once the memorandum was filed.

Ms. Small graduated from Georgetown University Law Center in 1994 and is admitted to the bars of Maryland, North Carolina and South Carolina, and to the United States District Court for the District of South Carolina, the United States Court of Appeals for the Fourth Circuit, and the United States Supreme Court. She served as a law clerk to Judge Wilkins of the United States Court of Appeals for the Fourth Circuit from 1994 until 2007, and she currently works at Nexsen Pruet, LLC, in Greenville, South Carolina. She has been appointed to serve on the United States Court of Appeal's Criminal Justice Appellate Panel Committee for the Fourth Circuit, and has substantial experience on issues of federal jurisdiction and appellate procedure. As a member of her firm's appellate litigation team, she devotes a considerable amount of her time to appellate work in the state and federal systems. The court found that Ms. Small was qualified to handle this matter in conjunction with Mr. Ashmore. The court also consulted with the Federal Public Defender for South Carolina, who concurred in the court's assessment of Ms. Small.

On October 21, 2008, petitioner filed an "Amended Motion to Vacate under § 2255,"

together with a memorandum in support. The Amended Motion modified some of the claims, ultimately stating 32 Claims for relief. Approximately nine months later, on July 17, 2009, petitioner filed a Motion to Expand the Record and for Leave to File a Supplemental Claim Number 33. The court has not ruled on these pending motions.

After full briefing of the Amended Motion to Vacate on July 17, 2009, the court held a telephone conference with counsel and set the hearing for argument on the § 2255 Motion for August 3, 2009. Pursuant to habeas counsel's request, the court rescheduled the hearing to September 28, 2009. By motion dated August 4, 2009, the government requested a ruling on petitioner's waiver of the attorney-client privilege and sought an order requiring disclosure of trial counsel's papers and files. After briefing on the issue, the court granted the government's motion and ordered petitioner to disclose his trial counsel's papers and files on August 21, 2009.

On September 15, 2009, habeas counsel appealed the court's ruling on the attorney-client waiver and requested a stay of the scheduled hearing on the § 2255 Motion which was to take place less than two weeks later. The court denied the motion to stay, but in light of petitioner's appeal, the court was forced to cancel the hearing. On September 28, 2009, the Fourth Circuit denied the motion to stay pending appeal and the motion to place the case in abeyance. By Order dated October 19, 2009, the United States Supreme Court stayed the portions of this court's order compelling production to the government of attorney-client materials pending further order of the Supreme Court. On December 11, 2009,

the Supreme Court vacated its order of stay. The Fourth Circuit dismissed the appeal on December 23, 2009, with the mandate issuing on January 5, 2010.

On December 31, 2009, habeas counsel filed this instant motion for the appointment of CHU Counsel of Philadelphia as supplemental counsel.

Prior to the issuance of the mandate on January 5, 2010, restoring this court's jurisdiction, the undersigned lacked authority to consider any pending matters. The court has since scheduled the hearing on the § 2255 motion for February 22, 2010. In light of the upcoming hearing, habeas counsel on January 13, 2010, asked the court to consider the motion for appointment of CHU Counsel at its earliest convenience. That day, the court scheduled a hearing on the motion for January 15, 2010. By email on January 13, 2010, Fourth Circuit Executive Sam Phillips informed the undersigned of correspondence from Mr. Theodore J. Lidz of the Office of Defender Services and from Chief Judge Traxler in which the latter asked Mr. Lidz that no appointment be made for the time being while he gained a better understanding of the situation.

The undersigned has discussed this matter in detail with Chief Judge Traxler, and has determined that the motion for supplemental counsel should be denied. All that remains in this matter is the hearing on February 22, 2010. The parties have not presented any authority, and the court has not been able to independently find any law that requires a hearing in a § 2255 proceeding. The undersigned sincerely believes that the memoranda in this case fully and exhaustively address all possible claims that Petitioner could lodge. As the recitation of

the procedural history of this matter reveals, habeas counsel have zealously and effectively representative Petitioner in his § 2255 proceeding since their appointment over two years ago. The court finds that appointment of supplemental counsel at this late stage of the case, just one month prior to the scheduled hearing in this matter, would not serve any beneficial purpose. Petitioner's § 2255 motion has been fully briefed, and bringing in another set of attorneys for the purposes of the hearing is unnecessary. The court has full confidence in Petitioner's current counsel, consisting of appointed counsel Mr. Ashmore and Ms. Small, together with the pro hac vice-admitted pro bono counsel from the law firm of O'Melveny & Myers, LLP, who have been involved in this litigation from the outset of post-conviction proceedings, including Ms. Longo, Ms. Laurendeau, Ms. Oakley, Mr. Dalke, Ms. Damron-Hsiao, and Ms. Noble. Petitioner's current team of eight lawyers appears to this court to amply suffice in representing his interests in this proceeding.

Therefore, the court plans to proceed with the hearing on the § 2255 Motion as scheduled on February 22, 2010 with current habeas counsel.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

January 19, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge