**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| United States of America,<br><br>   Respondent,<br><br>vs.<br><br>Chadrick E. Fulks,<br><br>   Petitioner. | Case No. 4:02-992-JFA<br><br><br>**REQUEST FOR STATUS**<br>**CONFERENCE** |

Petitioner Chadrick E. Fulks, by and through undersigned counsel, requests that this court conduct a telephonic status conference or issue an order concerning the evidentiary hearing scheduled for February 22, 2010. In support of this Request, Mr. Fulks would show as follows:

**BACKGROUND**

1. Presently pending before this Court are the *Amended Motion of Chadrick E. Fulks To Vacate Conviction and Sentence and For A New Trial Pursuant to 28 U.S.C.A. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure* ("Amended Motion to Vacate") and Mr. Fulks's *Motion To Supplement the Pleadings* ("Motion to Supplement"). These matters have been fully briefed and the Court has scheduled an evidentiary hearing to begin on February 22, 2010.

2. In an Order filed on August 21, 2009, the Court ruled that it would accept live testimony on Mr. Fulks's behalf from the following witnesses: John H. Blume, William F. Nettles, IV, Sherri Lynn Johnson, Dr. Seymour L. Halleck, and Dr. James H. Hilkey. The Court held under advisement the proposed live testimony of Monica Caison, Pete Skidmore, and Heather Roche, deferring a ruling in anticipation of "the government's brief opposing the

anticipated testimony of these witnesses on the grounds that no testimony was presented at the sentencing trial that Petitioner obstructed the search for Ms. Donovan." Order (Aug. 21, 1009) at 2. Further, the Court noted its understanding that Andrea Lyon and Dr. Margaret Melikian would not testify.

3.      The Court declined to allow the testimony of the lay witnesses who had provided affidavits in support of the Amended Motion to Vacate, ruling that it "will receive the affidavits with the government's stipulation that the testimony is what the witnesses would have testified to if called live, but not that the facts in the affidavits are necessarily true." Order (Aug. 11, 2009) at 4. The Court provided that if circumstances warranted, it would set a subsequent date for resumption of the hearing for the purpose of receiving live testimony from these witnesses. Mr. Fulks continues to believe that live testimony must be received from the lay witnesses in order for the Court to determine the credibility of the information contained in the affidavits but recognizes that the Court has made its ruling.

4.      In a subsequent Order dated September 11, 2009, the Court amended its prior ruling regarding the testimony of Andrea Lyon, stating that Ms. Lyon would be permitted to testify regarding "the nature of the strategic decisions faced by trial counsel in capital cases generally and in Petitioner's case specifically." Order (Sept. 11, 2009) at 2.

5.      On January 6, 2010, the Court entered a docket notation scheduling the evidentiary hearing to begin on February 22, 2010.

## NEED FOR A STATUS CONFERENCE

Undersigned counsel request a status conference for the purpose of clarifying procedures for the hearing and to discuss the presentation of live testimony from Heather Roche and Dr. Margaret Melikian. Specifically, counsel request an opportunity to discuss with the Court the following matters:

Length of Hearing and Procedures:  Counsel anticipate that witness testimony supporting the Amended Motion to Vacate and the Motion to Supplement will occupy four days of in-court time.  Further, counsel request the opportunity to present argument in support of the Amended Motion to Vacate and the Motion to Supplement.  While counsel will endeavor to be succinct, argument, together with response by the government and rebuttal on Mr Fulks's behalf, is likely to take several hours.  Additionally, as noted in Paragraph 3 above, it is possible that the Court will elect to reconvene the hearing at some later date to receive additional testimony.  In light of the foregoing, counsel request clarification from the Court regarding the time set aside for the evidentiary hearing and any provisions for additional court days, if needed.

Counsel additionally request clarification from the Court regarding the procedure for admitting into evidence the affidavits of lay witnesses and non-testifying experts previously filed with the Amended Motion to Vacate.  Specifically, counsel desire to know whether the affidavits (previously filed with the Court as Petitioner's Appendix Nos. 1-23, 39, and 40) should be moved into evidence during the February 22 hearing, or whether the Court will deem the affidavits as having been admitted by virtue of their previous filing.

Undersigned counsel have discussed with counsel for the government the need to have a pre-hearing meeting for the purpose of exchanging exhibits and identifying any exhibits to which either party objects.  Any unresolved conflicts will be brought to the attention of the Court in advance of the evidentiary hearing.

Pending Motions:   As of the date of this filing, Mr. Fulks intends to file certain motions, including:

- *Ex parte* requests for funding;

- A request for reinstatement of Claim I(H) relating to allegations of sexual abuse; and

- A motion to transport Mr. Fulks present in South Carolina for the evidentiary hearing, or in the alternative for allocation of funds to allow counsel to visit Mr. Fulks.

Mr. Fulks will file these motions as soon as possible to provide adequate time for the Court to rule before the evidentiary hearing.

Additional Witnesses: Counsel request that the Court allow the presentation of live testimony from Heather Roche and Dr. Margaret Melikian.

Proposed Claim 33 alleges that Mr. Fulks's Due Process and Eighth Amendment rights were violated by the presentation of testimony and argument that was subsequently revealed to be false by the recovery of Alice Donovan's remains in the same area to which Mr. Fulks had directed searchers prior to trial. In support of this claim, counsel plan to submit into evidence the affidavit of Monica Caison, attached hereto as Exhibit A, regarding the information provided by Mr. Fulks and her discovery of the remains. The government has stated that it has no objection to the introduction of Ms. Caison's affidavit.

Counsel request leave to present live testimony from Heather Roche, who conducted two cadaver dog searches of the area in early 2004, and who testified during the penalty-phase proceedings that one of her dogs had indicated an odor of human decomposition in an area off Water Tower Road. Presentation of additional live testimony from Ms. Roche is critical to the Court's understanding of the factual underpinnings for Claim 33. Ms. Roche's testimony will provide the Court with details regarding the search process in which she engaged and the geographic relationship between her dogs' indications and alerts and the location in which the remains were discovered. Additionally, Ms. Roche's testimony is responsive to the government's claim, at trial and in its Opposition to the Motion to Supplement, that Mr. Fulks's statements regarding the location of the remains varied over time. Because of the technical and detailed nature of Ms. Roche's anticipated testimony, an affidavit is not an adequate means of

4

presenting this information to the Court. The government opposes the presentation of live testimony from Ms. Roche.

In its Order of September 11, 2009, the Court directed undersigned counsel to determine Dr. Melikian's availability to testify, to consult with counsel for the government, and to make a request of the Court for a ruling on Dr. Melikian's testimony. Dr. Melikian is available to testify during the week of February 22, and undersigned counsel hereby request that she be allowed to testify. Dr. Melkian is a highly qualified psychiatrist with particular experience in criminal forensic psychiatry. *See* Declaration of Margaret Melikian (P.A. No. 3) at ¶ 2-3. She is a compelling witness whose testimony would have had a major impact on the trial. It simply is not possible for the Court to make an informed ruling on Mr. Fulks's Claim I (failure to present mental health testimony) without first hearing Dr. Melikian's testimony. The government consents to the presentation of live testimony from Dr. Melikian.

### CONCLUSION

Counsel respectfully request that the Court schedule a status conference to address the matters set forth above. The government concurs with the request for a status conference.

/s/ Kirsten E. Small (Fed. ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
PHONE: 864.370.2211
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@beattieashmore.com

January 29, 2010
Greenville, South Carolina