# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No. 4:02-992-JFA |
| Respondent, | |
| vs. | **MOTION FOR AN ORDER AND *WRIT OF HABEAS CORPUS AD TESTIFICANDUM* TO PRODUCE MR. FULKS AT THE EVIDENTIARY HEARING ON HIS MOTION PURSUANT TO 28 U.S.C. 2255** |
| Chadrick E. Fulks, | |
| Petitioner. | |

COMES NOW Petitioner Chadrick E. Fulks, by and through undersigned counsel, and moves for (1) an order directing the United States Marshal Service to transport Chadrick E. Fulks, Inmate No. 16617-074, from the United States Penitentiary in Terre Haute, Indiana, to the Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina and to produce Mr. Fulks at the Courthouse on February 22, 2010, at 9:30 a.m. and each day thereafter until the conclusion of the Evidentiary Hearing; and (2) a *Writ of Habeas Corpus ad Testificandum* directing the Federal Bureau of Prisons to release Mr. Fulks to the United States Marshal Service in order to secure Mr. Fulks's presence at his Evidentiary Hearing. In support of this motion, Mr. Fulks states as follows:

1. Presently pending before this Court is Mr. Fulks's *Amended Motion of Chadrick E. Fulks to Vacate Conviction and Sentence and for a New Trial Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure* ("Amended Motion to Vacate"). The Amended Motion to Vacate challenges the legality and constitutionality of Mr. Fulks's capital

convictions and death sentence for the abduction and murder of Alice Donovan. The Government has filed an Opposition to the Amended Motion to Vacate, and Mr. Fulks has filed a Reply.

2. This Court has scheduled an evidentiary hearing on the Amended Motion to Vacate. The hearing is set to begin on February 22, 2010, in Columbia, South Carolina. Mr. Fulks has consistently expressed his strong desire to attend the evidentiary hearing.

3. Mr. Fulks is presently confined at the United States Penitentiary in Terre Haute, Indiana, in the custody of the Federal Bureau of Prisons. At a status conference on August 11, 2009, counsel acknowledged the logistical and security concerns attendant to Mr. Fulks's presence at the hearing and stated their belief that the video conferencing system employed during a previous civil trial involving Mr. Fulks was an adequate substitute for his physical presence. See Transcript of Aug. 11, 2008 Status Conference at 44 (attached hereto as Exhibit A). The Court's decision not to transport Mr. Fulks for the hearing was likewise premised on this understanding. Id. at 45.

4. Following the August 11 hearing, counsel learned from Mr. Fulks that during the civil trial, a prison guard remained in the room at all times, compromising Mr. Fulks's ability to speak in confidence with his attorney. Upon information and belief, this will occur again if Mr. Fulks attends the evidentiary hearing via video conference. Video conferencing is therefore inadequate to provide Mr. Fulks a meaningful opportunity to assist counsel during his evidentiary hearing.

5. District courts have discretion to order a petitioner's presence at an evidentiary hearing regarding a motion to vacate sentence. See 28 U.S.C. § 2255(c); Sanders v. United States, 373 U.S. 1, 20-21 (1963); United States v. Witherspoon, 231 F.3d 923, 926 n.2 (4th Cir.

2000).  The Supreme Court has held that a petitioner should be produced at his § 2255 hearing when "there are substantial issues of fact as to events in which the prisoner participated."  United States v. Hayman, 342 U.S. 205, 223 (1952); see Walker v. Johnston, 312 U.S. 275, 285 (1941) ("[I]f an issue of fact is presented, the practice appears to have been to issue the writ, have the petitioner produced, and hold a hearing at which evidence is received.  This is, we think, the only admissible procedure." (footnote omitted)).

6.      At Mr. Fulks's evidentiary hearing, the Court will hear testimony regarding substantial issues of fact raised in the Amended Motion to Vacate, including most or all of the following:

- Trial counsel will testify as to their investigation of the case and actions taken prior to trial; their actions with respect to Mr. Fulks's guilty plea and during the penalty-phase proceedings; their communications with Mr. Fulks; and other matters.  Trial counsel will be adverse witnesses in that they will be responding to Mr. Fulks's accusations that their performance was constitutionally inadequate;

- Mental health experts who were not called at trial will testify as to their examinations and analysis of Mr. Fulks; the information they would have imparted to the jury had they been called to the stand; and the circumstances under which they learned that trial counsel did not intend to call them as witnesses;

- Post-conviction counsel will present evidence and testimony regarding Mr. Fulks's involvement in efforts to locate the body of Alice Donovan.  Such testimony will concern, *inter alia*, what Mr. Fulks told law enforcement officers and his attorneys, and when;

- The prosecuting attorneys will dispute the factual claims in the Amended Motion to Vacate; and

- Law Enforcement personnel will testify as to their version of the facts of Mr. Fulks's attempts to help authorities locate the body of Alice Donovan.

Mr. Fulks's presence at counsel table will enable him to communicate and assist counsel in the presentation of evidence and testimony on his behalf and in the refutation of evidence and testimony adverse to his claims.  See Ladner v. United States, 358 U.S. 169, 179 (1958) (holding

3

that if "there is a necessity for the determination of … a factual question ... there must be a hearing at which the petitioner is entitled to be present." (brackets omitted)). Indeed, Mr. Fulks may be the best source for critical information. His ability to impart that information to counsel, immediately and confidentially, is critical to a fair hearing and an accurate resolution of the issues.

7. Mr. Fulks's attendance at the hearing is supported by the Confrontation Clause, which guarantees a criminal defendant "[t]he right … to be confronted with the witnesses against him." U.S. Const. amend. VI; see Pennsylvania v. Ritchie, 480 U.S. 39, 51 (1987) (plurality opinion) ("The Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination."). Accord R. Gov. § 2255 Proc. 1, advisory committee note (noting that "a motion under § 2255 is a further step in the movant's criminal case"). Because the Amended Motion to Vacate raises questions of fact, and because fact witnesses will testify to dispute Mr. Fulks's version of the events, the Confrontation Clause applies to the evidentiary hearing and entitles Mr. Fulks to be present.

8. The importance of these proceedings fully justifies the cost of transporting Mr. Fulks to South Carolina for the evidentiary hearing. Upon information and belief, courts presiding over capital § 2255 proceedings frequently order the transport of petitioners to evidentiary hearings in federal district courthouses far from the facility in which those petitioners were confined.[1]

---

[1] For example, Mr. Fulks is informed and believes that orders were issued in the following cases to transport the petitioners from federal death row in Terre Haute, Indiana to an evidentiary hearing in the indicated district: Ortiz v. United States, Civ. No. 04-8001 (W.D. Mo.); Holder v. United States, Civ. No. 03-923 (E.D. Mo.); Stitt v. United States, Crim. No. 98-47 (E.D. Va); United States v. Roane, Crim. No. 92-68 (E.D. Va.); United States v. Hammer, Crim. No. 96-239

**CONCLUSION**

For the reasons set forth above, Mr. Fulks respectfully requests that this Court enter an Order and a *Writ of Habeas Corpus ad Testificandum* to produce Mr. Fulks at the Section 2255 Evidentiary Hearing that will commence on February 22, 2010. Mr. Fulks further requests that he be transported to South Carolina in sufficient time for counsel to consult with him prior to the hearing. The undersigned have consulted with counsel for the government, who have stated that the government leaves the matter to the Court's discretion.

/s/ Kirsten E. Small (Fed. ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
PHONE: 864.370.2211
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@beattieashmore.com

Attorneys for Petitioner
Chadrick E. Fulks

February 1, 2010
Greenville, South Carolina

---

(E.D. Pa.); United States v. Battle, 1:95-CR-528 (N.D. Ga.).