**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | |
|---|---|
| United States of America, | Case No. 4:02-992-JFA |
| Respondent, | |
| vs. | **NOTICE OF REINSTATEMENT OF CLAIM I(H)** |
| Chadrick E. Fulks, | |
| Petitioner. | |

COMES NOW Petitioner Chadrick E. Fulks, by and through undersigned counsel, and hereby gives notice that he reinstates Claim I(H) of the *Amended Motion of Chadrick E. Fulks to Vacate Conviction and Sentence and for a New Trial Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure* ("Amended Motion to Vacate").

Mr. Fulks's reinstatement of Claim I(H) is supported by the following considerations:

1.      The Amended Motion to Vacate challenges the legality and constitutionality of Mr. Fulks's capital convictions and death sentence for the abduction and murder of Alice Donovan.  Claim I(H) asserts that Mr. Fulks's trial counsel were constitutionally ineffective for failing to adequately investigate and meaningfully present evidence that Mr. Fulks suffered extensive sexual abuse as a child.

2.      During a hearing held before this Court on October 5, 2009, Mr. Fulks informed the Court that he wished to withdraw Claim I(H).  The withdrawal was prompted by Mr. Fulks's embarrassment and shame at the prospect the abuse being discussed in open court.  Declaration of Chadrick E. Fulks ¶ 2 (attached hereto as Exhibit A).  Since then, Mr. Fulks has discussed the matter at length with counsel, and he now wishes to pursue this claim.  See id. ¶¶ 3, 6.

3.      Attached to this Notice as Exhibit B is the Declaration of Harry D. Krop, Ph.D. Dr. Krop is a clinical psychologist who has worked in the field of sexual abuse for over thirty years.  He has been qualified as an expert in sexual abuse and in clinical and forensic psychology, and he has testified on behalf of both the state and the defense in state and federal courts.  See Declaration of Harry D. Krop, Ph.D. ("Krop Decl.") ¶¶ 1-2.  Because the disclosure pattern for victims of child sexual abuse often seems counterintuitive to laypersons unfamiliar with the particular dynamics of such abuse, Dr. Krop has provided his Declaration to aid the Court's understanding of why Mr. Fulks previously withdrew Claim I(H).  Dr. Krop has consulted with counsel and provided the Declaration free of charge.

4.      As Dr. Krop explains, Mr. Fulks's ambivalence regarding pursuit of Claim I(H) is consistent with behavior commonly observed in victims of childhood sexual abuse.  Krop Decl. ¶ 5 ("The protracted and variable disclosure pattern must be understood as the natural reaction to the type of psychological trauma the victim has suffered.").  Unlike victims of most other crimes, victims of childhood sexual abuse often disclose the abuse only after a prolonged delay.  This reluctance to reveal the abuse results from a number of factors, such as dissociation, repression of memories of abuse, or a learned expectation that the victim will be blamed and punished for both for the abuse and the consequences of disclosure.  Id. ¶¶ 5, 9.  Victims experience "intense shame" and "tremendous guilt," particularly if the abuse replaced appropriate adult attention.  Id. ¶ 7.  These factors are magnified when the abuse occurs in a familial setting, because fear of the consequences of disclosure is augmented by the certain understanding that revealing the abuse "will result in the family being torn apart, both emotionally and literally."  Id. ¶ 9.  Thus, disclosure is often not a straightforward process and may require professional help for the victim to overcome these psychological hurdles to thinking and talking about the abuse and the abuser.

5. There can be no question that adequate investigation and proper presentation of evidence that Mr. Fulks was sexually abused as a child by multiple adults should have been a critical aspect of the penalty-phase proceedings. Evidence of childhood sexual abuse can change the entire landscape of a capital sentencing determination, and the failure of trial counsel to investigate and present such evidence has been held to constitute ineffective assistance of counsel. See, e.g., Wiggins v. Smith, 539 U.S. 510, 534-35 (2003). Claim I(H), alleging the very type of ineffective assistance found to require a new trial in Wiggins, is thus a critical part of the Amended Motion to Vacate.

**CONCLUSION**

After reflecting and considering Dr. Krop's opinions as an experienced mental health professional, and upon the advice of counsel, Mr. Fulks hereby reinstates Claim I(H) of the Amended Motion to Vacate.

/s/ Kirsten E. Small (Fed. ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
PHONE:  864.370.2211
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@beattieashmore.com

February 12, 2010
Greenville, South Carolina