**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | |
|---|---|
| United States of America, | Case No. 4:02-992-JFA |
| Respondent, | |
| vs. | **MOTION FOR PARTIAL CONTINUANCE AS TO CLAIMS I(H), XX, AND XXI** |
| Chadrick E. Fulks, | |
| Petitioner. | |

COMES NOW Petitioner, Chadrick E. Fulks, by and through undersigned counsel, and moves for a 60 day continuance of those portions of the evidentiary hearing that will address Claims I(H), XX and XXI. Counsel have consulted with counsel for the government, who states that the government opposes this motion.

In support of this motion, Mr. Fulks states as follows:

1. Presently pending before this Court is Mr. Fulks's *Amended Motion of Chadrick E. Fulks to Vacate Conviction and Sentence and for a New Trial Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure* ("Amended Motion to Vacate"). The Amended Motion to Vacate challenges the legality and constitutionality of Mr. Fulks's capital convictions and death sentence for the abduction and murder of Alice Donovan. The Government has filed an Opposition to the Amended Motion to Vacate, and Mr. Fulks has filed a Reply. An evidentiary hearing is scheduled to commence on February 22, 2010.

2. Among the claims raised in the Amended Motion to Vacate is Claim I(H), which alleges that trial counsel were constitutionally ineffective for failing to adequately investigate and present evidence that Mr. Fulks suffered extensive sexual abuse as a child. Mr. Fulks

1

expressed his intent to withdraw this claim in October 2009, in a pattern that counsel now understand is common to victims of sexual abuse. In a Notice of Reinstatement filed contemporaneously herewith, Mr. Fulks makes known to the Court his intent to pursue Claim I(H). Evaluation of Mr. Fulks and investigation of the factual basis for Claim I(H) cannot be completed before the February 22 hearing date.

3.      Good cause exists for the timing of this request. As explained in the Notice of Reinstatement, victims of childhood sexual abuse often repress their memories and dissociate from the trauma. Even in the absence of such psychological defense mechanisms, victims of sexual abuse suffer from intense guilt and shame, which makes disclosing the abuse difficult even in the most comforting setting. Mr. Fulks's present situation is anything but that. In view of the particular psychological manifestations of childhood abuse, *see* Notice of Reinstatement ¶ 4, Mr. Fulks should be granted the time necessary for a complete investigation, with expert assistance, of the abuse suffered by Mr. Fulks.

4.      In an *ex parte* motion filed contemporaneously herewith, Mr. Fulks has requested funding to investigate certain matters related to Claims XX and XXI, alleging that the government violated Brady v. Maryland, 373 U.S. 83 (1963). This investigation cannot be completed before the February 22 hearing date.

**CONCLUSION**

Mr. Fulks's case is extraordinarily complex, involving a large number of witnesses located in multiple states, a lengthy record, and 33 claims that present various factual, procedural, and legal issues. Counsel for Mr. Fulks have worked diligently to prepare this case for a full and complete evidentiary hearing. It appears, however, that presentation of Claims I(H), XX, and XXI at the February 22 hearing is not possible in light of critical work that remains to be done. Therefore, Mr. Fulks respectfully asks this Court for a 60-day continuance of the evidentiary hearing as to Claims I(H), XX and XXI.

/s/ Kirsten E. Small (Fed. ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC 29603-0648
PHONE: 864.370.2211
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@beattieashmore.com

February 12, 2010
Greenville, South Carolina