IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.: 4:02-992-JFA |
| | ) | |
| CHADRICK E. FULKS, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| _____ | ) | |

GOVERNMENT'S RESPONSE TO
PETITIONER'S NOTICE OF REINSTATEMENT OF CLAIM I(H) AND
MOTION FOR PARTIAL CONTINUANCE AS TO CLAIMS I(H), XX, AND XXI

On February 12, 2010, Petitioner Chadrick E. Fulks filed a "Notice of Reinstatement of

Claim I(H)" and a "Motion for Partial Continuance as to Claims I(H), XX, and XXI." In his "Notice

of Reinstatement," Fulks asks to reinstate Claim I(H) of his Amended Motion to Vacate, in which

he argues that his "trial counsel were constitutionally ineffective for failing to adequately investigate

and meaningfully present evidence that Mr. Fulks suffered extensive sexual abuse as a child."

Petitioner's Notice of Reinstatement at 1. Fulks has offered nothing more than a highly speculative

basis, involving his own self-serving statements and highly questionable hearsay, for his claim that

he suffered "extensive sexual abuse as a child."[1] In his "Motion for Partial Continuance," Fulks asks

---

[1] Fulks trial counsel did in fact present evidence at Fulks' sentencing hearing that Fulks was molested by an older man, that Fulks had a sexual relationship with a woman in her late twenties when he was only fifteen, and that Fulks was exposed to extensive pornographic videos and magazines at his home.

for a sixty-day continuance of the evidentiary hearing so his counsel can conduct further investigation and preparation as to Claim I(H) and Claims XX and XXI. The Government does not oppose Fulks's request to reinstate Claim I(H), but the Government does oppose Fulks's request for a continuance.

Fulks claims that his psychological evaluation "and investigation of the factual basis for Claim I(H) cannot be completed before the February 22 hearing date." Motion for Partial Continuance at 2. But Claim I(H) was included in Fulks's original Motion to Vacate filed on June 23, 2008, at pp. 44-45.[2] Fulks's counsel have had more than two years[3] to conduct the "complete investigation, with expert assistance" that they say is necessary to develop this claim. Even if "psychological manifestations of childhood abuse" may explain Fulks's ambivalence in withdrawing his sex-abuse claim and then requesting to reinstate it, these psychological phenomena cannot explain why there was inadequate time for Fulks's counsel to explore the claim prior to Fulks's request to withdraw it on October 7, 2009.

In his Declaration attached to the motion to reinstate Claim I(H), Fulks indicates that his lawyers "would like [him] to talk to a doctor who has done a lot of work with people who have been sexually abused as children" and that his defense team should have the opportunity to interview "neighbors and relatives" to determine "[i]f there were things that happened to [him] when [he] was too young to remember them or if there are things that happened that [his] mind has shut out because they were too painful to think about." Notice of Reinstatement, Exhibit A. There is no indication why Fulks's defense team did not conduct this line of inquiry in the one year prior to filing the initial

---

[2]In Fulks original Motion to Vacate, this claim was labeled I(F).

[3]Habeas counsel were appointed September 13, 2007. (Docket Nos. 1032 & 1033)

Motion to Vacate or in the thirteen-month period between his initial Motion to Vacate and his withdrawal of the sex-abuse claim.

Moreover, there is no indication that Fulks has recently divulged information on this subject that his attorneys did not previously know. In fact, Fulks states only that he "remember[s] some things happening that [his] lawyers wrote about in Claim I(H) in [his] Motion for Section 2255 Relief" and "that other things [his] lawyers said happened to [him] are based on things that certain people told them." Id. Because this type of investigation does not depend on Fulks's recall (and actually is necessitated by Fulks's alleged lack of recall), it could have been conducted much earlier, as soon as Fulks's counsel knew they planned to raise Claim I(H).

As for the continuance requested to investigate facts underlying Claims XX and XXI, Fulks does not offer a reason why more time is needed; his counsel simply note that they have "requested funding to investigate certain matters" related to those claims and state that "[t]his investigation cannot be completed before the February 22 hearing date." Motion for Partial Continuance at 2.

The claims addressed in Fulks's Motion for Partial Continuance have been pending before this Court for almost eighteen months. Fulks had an additional year prior to the filing of his initial motion to vacate to investigate potential claims. Fulks's request for a continuance was filed just ten days before what is anticipated to be a week-long evidentiary hearing. The Government has focused considerable resources in preparing to address all of Fulks's claims at the February 22 hearing.

Without any indication of why Fulks's team was unable to do the same, their "eleventh-hour" request

for a continuance should be denied.

Respectfully submitted,

KEVIN F. McDONALD
ACTING UNITED STATES ATTORNEY


By: s/ Robert F. Daley, Jr.
Robert F.  Daley, Jr.
Jimmie Ewing
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
(803) 929-3000

February 21, 2010