IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA )            Criminal No: 4:02-992-JFA
                         )
          V.             )
                         )
CHADRICK E. FULKS        )
                         )

**Memorandum re: Supplemental Authority**

Since the Government filed its initial memorandum in opposition to Petitioner's

§2255 Petition, the following additional cases have come to light which lend further

support to the Government's position that appellate counsel was not ineffective for failing

to appeal the Court's jury instructions regarding mitigation evidence (Petitioner's Claim

V):

•   United States v. Higgs, 353 F.3d 281, 327 (4th Cir. 2003) ("the Constitution only

    requires that the jury be allowed to *consider* evidence that is proffered as

    mitigating.  There is no constitutional requirement that the jury find a mitigating

    factor even when it is supported by uncontradicted evidence.") (emphasis in

    original; citations omitted)

•   United States v. Jackson, 549 F.3d 963, 983 (5th Cir. 2008) (approving mitigating

    evidence instructions that required the jury to determine first that the facts

    established a factor and second that "this factor is mitigating") (citation omitted):

Further, and more fundamentally, the jury was not required to find that a factor was mitigating, even if it believed the factor's factual predicate to be true. All the law requires is that jurors be aware that they can consider a factor to be mitigating. For example, no juror found that Jackson "experienced persistent falling when trying to walk until he was 5 years old and this factor is mitigating." In reaching that conclusion, the jurors could have believed Jackson experienced problems walking but that the factor did not weigh against a sentence of death.

- United States v. Bernard, 299 F.3d 467, 485-86 (5th Cir. 2002) (finding

appropriate a jury instruction telling the "jury to consider whether each listed

circumstance mitigates the defendant's culpability"):

"Neither the FDPA nor Lockett and Eddings require a capital jury to give mitigating effect or weight to any particular evidence ... There is only a constitutional violation if there exists a reasonable likelihood that the jurors believed themselves precluded from considering mitigating evidence." United States v. Paul, 217 F.3d 989, 999-1000 (8th Cir. 2000) (citing Boyde v. California, 494 U.S. 370, 386 (1990)). In Paul, the Eighth Circuit found no constitutional error where six jury members refused to find the defendant's age a mitigating factor although it was undisputed that the defendant was eighteen at the time of his offense. Id. ("The jury was certainly not precluded from considering Paul's youthful age as a mitigating factor [and] Paul has not cited authority for the proposition that a jury is somehow required to give mitigating effect to any factor, let alone this one.").

Appellants contend that Paul is inapposite, because the form of the verdict here misled the jurors by allowing them to find-irrationally-that neither defendant was chronologically 18 or 19 at the time of the offense, and by then preventing them from considering youthfulness as a mitigating factor. We do not read the verdict form this way, and in any event, appellants did not object to the jury instructions or verdict form regarding this mitigating factor. The jury instruction accompanying the list of mitigating factors clearly tells the jury to consider whether each listed circumstance mitigates the defendant's culpability. Thus, they were instructed to write down the number of jurors, if any, who found that the fact that Christopher Vialva was nineteen at the time of the offense was mitigating as to Vialva, and likewise for Bernard. The government plainly

2

explained the impact of these questions in its closing argument.

The jurors necessarily decided that these appellants' ages were not mitigating, as they were entitled to do. While the defendants' tender years may lead a jury to exercise clemency, it need not do so. The jury had ample evidentiary basis to believe that these appellants' acts climaxed a pattern of gang activities and made them older, criminally, than their chronological ages. The jury did not have to balance youthfulness, since they did not regard it as mitigating, against the aggravating factors.

- Kansas v. Marsh, 548 US 163, 176 (2006) (finding a death penalty jury instruction consistent with the required "individualized sentencing requirement" in stating that "the determination of what are mitigating circumstances is for you as jurors to resolve under the facts and circumstances of this case")

- Matthews v. Sirmons, No. CIV-03-417-R, 2007 WL 2286239, at *32 (W.D.Okla. Aug. 6, 2007) (approving instructions that read" "Mitigating circumstances are those which, in fairness, sympathy, and mercy, may extenuate or reduce the degree of moral culpability or blame. The determination of what circumstances are mitigating is for you to resolve under the facts and circumstances of this case.")

Respectfully Submitted,

KEVIN F. MCDONALD
ACTING UNITED STATES ATTORNEY

s/ Robert F. Daley, Jr.
Robert F. Daley, Jr. (ID No. 6460)
Jimmie Ewing (ID No. 7292)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
(803) 929-3000

February 25, 2010

3