# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No. 4:02-992-JFA |
| Respondent, | |
| vs. | **CITATION OF SUPPLEMENTAL AUTHORITY** |
| Chadrick E. Fulks, | |
| Petitioner. | |

COMES NOW Petitioner Chadrick E. Fulks, by and through undersigned counsel, and provides to this Court additional authority in support of his argument that his claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), is timely because it relates back to the factual allegations at pages 17, 171-176 of the Amended Motion to Vacate:

1.      ***Mayle v. Felix*, 545 U.S. 644 (2005)**.  In *Mayle*, the Supreme Court addressed the question of when a new claim, alleged after the expiration of the one-year limitations period applicable to federal habeas corpus petitions, "relates back" to a timely filed original petition under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure.[1]  The Court concluded that a claim relates back, and is thus timely, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle*, 545 U.S. at 664.  The *Mayle* Court explicitly recognized that a "new" legal theory relates back when it is premised on facts previously alleged. *Id.* at 664 n.7.

---

[1] When *Mayle* was decided, the Rule was codified as Rule 15(c)(2).

2. ***Hodge v. United States*, 554 F.3d 372 (3d Cir. 2009)**.  Hodge timely filed a § 2255 motion alleging in part that he was denied his right to appeal.  After the expiration of the limitations period, Hodge sought to amend his petition to allege ineffective assistance of counsel based on trial counsel's erroneous advice that the time to appeal was tolled by the filing of a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure.   The Third Circuit held that the new claim related back to the original motion because "the facts underlying Hodge's ineffective assistance claim differ in neither type nor time from those supporting the right-to-appeal claim:  both concern the erroneous advice that Hodge's counsel provided about the filing deadline for the appeal." *Hodge*, 554 F.3d at 378.

Mr. Fulks maintains that his *Brady* claim arises from the same core of operative facts as Claim 19 in the Amended Motion to Vacate, and is therefore timely under *Mayle*.  This Court should therefore address the claim on its merits.

Respectfully submitted,

/s/ Kirsten E. Small (Fed. ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
PHONE:  864.370.2211
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@beattieashmore.com

February 28, 2010
Greenville, South Carolina