# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> RESPONDENT, <br><br> VS. <br><br> CHADRICK E. FULKS, <br><br> PETITIONER. | CASE NO.  4:02-992-JFA <br><br><br> MOVANT'S MOTION TO VACATE ENTRY OF JUDGMENT PENDING COMPLETION AND DELIVERY OF OFFICIAL TRANSCRIPTS OF §2255 HEARING |

**COMES NOW** movant, Chadrick E. Fulks, by and through counsel, and hereby moves the Court to vacate entry of its judgment, pending completion and delivery of the official transcripts of the §2255 hearing held in February, 2010.  In support of this Motion, movant shows this Court the following:

1.  Movant timely filed a Motion for post-conviction relief from his sentence of death, pursuant to 28 U.S.C. §2255 on June 23, 2008, which was subsequently amended to supplement his original petition.  The final amended motion contained thirty three claims for relief.

2.  Having found that some issues presented in the §2255 petition contained disputed material facts, this Court held an evidentiary hearing which began on February 22, 2010 and lasted for six days.  During this hearing, the Court heard from eight witnesses and received into evidence approximately 150 exhibits.  Moreover, during this hearing, the Court held two *ex parte* conferences to allow movant to be heard on various matters.

3.  On August 3, 2010, the Court issued a final Order in this case, addressing and denying each of the thirty three claims movant has raised.  The Order, which is 175 pages long, makes reference throughout to testimony and exhibits received during the §2255 hearing.  It does not make reference, however,  to any matter raised by the movant in the *ex parte* proceedings.

4.  To date, movant has received neither a copy of the official transcript of the §2255 hearing nor any form of the transcript of the second of the *ex parte* hearings.  Accordingly, undersigned counsel contacted Gary Smith, the court reporter responsible for preparing the transcripts, on August 5, 2010, and learned that these transcripts would not be finished for another ten days.

5.  The date of entry of judgment under 28 U.S.C. §2255 begins the running of several critical time periods.  For example, a motion for amended or additional factfindings, permitted pursuant to Rule 52(b) of the  Federal Rules of Civil Procedure, or a motion to alter or amend judgment, permitted pursuant to Rule 59(e) of the Federal Rules, must be filed within 28 dates of the entry of judgment.  This time period is statutory and, by virtue of Rule 6(b)(2), cannot be extended by the Court.

6.  Rule 52(b) permits a party to request that a court amend or supplement its factual findings.  Rule 59(e) permits a party to request that a court amend or alter its judgment.  While the rule itself does not specify the grounds for making such a request, the Fourth Circuit has identified three bases upon which such a request may be made.  These include: (1) an intervening change of law; (2)  new facts that could not have been discovered at the time of trial; (3) a clear error of law or a manifest injustice. *See e.g. Hutchinson v. Staton***,** 994 F.2d 1076, 1081(4th Cir. 1993).  The Federal Rules of Civil Procedure provide that a Rule 52(b) motion may accompany a

Rule 59 motion.

7. Without access to the official transcript of the §2255 hearing, and with no access to the *ex parte* hearing transcript, movant is at a considerable disadvantage in determining whether he has a valid basis upon which to file a motion to alter or amend, and in drafting such a motion, should he decide he has a valid basis for doing so. The United States Supreme Court has long realized that access to a transcript is the "obvious starting point" in preparing any request for relief or rehearing and that there is no "adequate substitute for a full stenographic transcript." *Gardner v. California,* 393 U.S. 367, 370 (1969). *See also Griffin v. California*, 351 U.S. 12 (1956).

8. The date of entry of judgment also triggers the 60 day period movant has within which to file his Notice of Appeal to the Court of Appeals under Rule 4(B).

9. This is a capital case the outcome of which will spell the difference between life and death for the movant. Counsel would be remiss, were they to file any form of challenge to, or appeal from, the judgment of this Court without having first scrutinized the hearing transcripts and compared them against this Court's factfindings and conclusions of law. This Motion is being filed in good faith and without the intent to cause unnecessary delay.

10. The Government will suffer no burden by this brief delay. However, the Government will be given an undue advantage should the Court's Order not be vacated because, by the time it files its next pleading, the transcripts will be complete and the Government will have had full access to them for the entire period allotted for its response. Thus, vacating the Order for this brief period of time merely levels the playing field.

11.  Accordingly, movant asks this Court to vacate its judgment until such time that he receives the official transcript of the entire §2255 hearing, including the *ex parte* portions of it. This will simply have the effect of "re-setting the clock" on the entry of judgment for purposes of the twenty-eight day period permitted by statute for filing a motion pursuant to Rules 52 and 59(e), and any other time periods triggered by the entry of judgment, including the filing of a Notice of Appeal with the Fourth Circuit Court of Appeals.  *See e.g. Sidebottom v. Delo*,  46 F.3d 744, 749 -750 (8th Cir. 1995)(Withdrawing order left petitioner with nothing to appeal and anything filed until reinstatement of the order would be a nullity.)  Movant would then notify the Court as soon as the transcripts are received with the expectation that the Court would re-enter its judgment, thereby restarting the clock.

Respectfully submitted,


/s/ Beattie B. Ashmore
Beattie B. Ashmore #5215
Price, Ashmore & Beasley, P.A.
644 East Washington Street
Greenville, SC  29601


/s/ Kirsten E. Small
Kirsten E. Small #10005
Nexsen Pruet, LLC
PO Box 10648
Greenville, US 29603

August 11, 2010