# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>Respondent,<br><br>vs.<br><br>Chadrick E. Fulks,<br><br>Petitioner. | Case No. 4:02-992-JFA<br><br><br>**MOTION FOR CLARIFICATION** |

COMES NOW Petitioner Chadrick Evan Fulks, pursuant to Federal Rule of Civil Procedure 52(b), and moves for clarification of this Court's Order of August 20, 2010. Specifically, Mr. Fulks requests that the Court clarify its intent to grant or deny a Certificate of Appealability (COA) as to Claim 33. In support of this motion, Mr. Fulks shows as follows:

1. Mr. Fulks' Amended Motion to Vacate his capital convictions and death sentence, filed October 21, 2008, contained 32 enumerated claims for relief. On July 17, 2009, Mr. Fulks moved for leave to supplement the pleadings with an additional claim (Claim 33).

2. This Court granted the motion for leave to supplement and addressed Claim 33 on the merits in its Order Denying Petition For Relief Under 28 U.S.C. § 2255 ("Order"). Order at 157 (granting motion); Order at 1 (recognizing that the Amended Petition comprises 33 claims for relief).

3. Rule 11(a) of the Rule Governing Section 2255 Proceedings provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." On the final page of its Order, this Court concluded as follows:

The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, issues a certificate of appealability as to Claims 1 through 28, and 32. As to Claims 29, 30, and 31, the Petitioner has not made a substantial showing of the denial of a constitutional right, and therefore, a certificate of appealability is denied as to these Claims.

Order at 175. Thus, the Court neither granted nor denied a COA as to Claim 33.

4.      With respect, Mr. Fulks suggests that the grant of a COA as to Claim 32, rather than as to Claim 33, may have been a scrivener's error.[1] The Court's terse rejection of Claim 32 (asserting that the manner of carrying out Mr. Fulks' execution would violate the Eighth Amendment) is in marked contrast to its lengthy analysis of Claim 33, which occupies 17 pages of the Order.

5.      Based upon the foregoing, it appears that the Court may have intended to grant a COA as to Claim 33.

6.      Counsel for Mr. Fulks has conferred with counsel for the government and is authorized to state that the government does not object to this motion for clarification.

WHEREFORE, Mr. Fulks respectfully requests clarification of this Court's Order as it relates to the granting or denial of a COA as to Claim 33.

---

[1] If, in fact, the Court intended to deny a COA as to Claim 32, Mr. Fulks reserves the right to seek a COA from the Fourth Circuit on this and all other claims as to which a COA was denied. *See* Fed. R. App. P. 22(b).

Respectfully submitted,


/s/ Kirsten E. Small  (Fed. ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
PHONE:  864.370.2211
FACSIMILE:  864.282.1177
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@beattieashmore.com

Attorneys for Petitioner
Chadrick E. Fulks

August 24, 2010
Greenville, South Carolina