# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

UNITED STATES OF AMERICA,

RESPONDENT,

VS.

CHADRICK E. FULKS,

PETITIONER.

CASE NO. 4:02-992-JFA

MOTION FOR SUBSTITUTION OF COUNSEL

**COMES NOW** Petitioner Chadrick E. Fulks, by and through counsel, and moves this Court: 1) to permit Beattie B. Ashmore to withdraw as counsel of record for Mr. Fulks and 2) to appoint in substitution for Mr. Ashmore, Billy H. Nolas, Senior Litigator, Capital Habeas Unit of the Federal Community Defender for the Eastern District of Pennsylvania ("Philadelphia CHU"), who is a member of the bar of the United States Court of Appeals for the Fourth Circuit. Mr. Nolas' office has its own budget to cover the costs of this litigation; therefore, Mr. Nolas will not seek from the Court any attorney's fees or expenses related to his involvement in this case. This motion is made pursuant to Section V(B) of this District's Plan For Implementing the Criminal Justice Act of 1964 and Local Civil Rule 83.I.07. In support of this motion, Petitioner states as follows:

1. On June 23, 2008, Petitioner timely moved to vacate his capital convictions and death sentence pursuant to 28 U.S.C. § 2255. Petitioner filed an amended motion on October 21, 2008, and a supplemental claim on July 17, 2009. As amended and supplemented, the Amended Petition contains 33 claims for relief.

2. On January 19, 2010, this Court denied Petitioner's motion for appointment of supplemental counsel. The Court's Order stated, *inter alia*, that "appointment of supplemental

counsel at this late stage of the case, just one month prior to the scheduled hearing in this matter, would not serve any beneficial purpose." Order of Jan.19, 2010 at 9. The Court also noted its belief that Petitioner's team of attorneys—appointed counsel Beattie B. Ashmore and Kirsten E. Small (hereafter "Appointed Counsel") and six attorneys from the law firm of O'Melveny & Myers, LLP ("the O'Melveny Attorneys"), serving *pro bono*—was adequate to handle the upcoming evidentiary hearing. *Id.* On April 28, 2010, several weeks after the conclusion of Petitioner's evidentiary hearing, this Court granted the O'Melveny Attorneys' motion to withdraw, which cited irreconcilable differences between them and Petitioner.

3. Since that date, Petitioner has been represented by Ms. Small and Mr. Ashmore.

4. On August 3, 2010, this Court issued a 175-page Order denying the Amended Petition. The Court granted Certificates of Appealability ("COAs") on 30 of the 33 claims raised.

5. On August 12, 2010, this Court vacated the August 3 judgment pending filing of the official transcript of the evidentiary hearing. The Court re-entered judgment on August 20, 2010.

6. Petitioner must file any post-judgment motion (such as a motion to alter or amend pursuant to Rule 59(e)) no later than 28 days after the entry of final judgment. Petitioner must file his notice of appeal within 60 days of the disposition of any post-judgment motion or, if no post-judgment motion is filed, 60 days after the final judgment. Because the record on appeal will be complete at that time, the Fourth Circuit will promptly enter a briefing order.

7. Mr. Ashmore hereby requests that the Court allow him to withdraw as counsel of record for Petitioner.[1] There is a history of irreconcilable differences between Mr. Ashmore and

---

[1] Ms. Small's continued representation of Petitioner will ensure continuity of counsel.

Petitioner, some of which history Petitioner has recited in *pro se* submissions to this Court.

8.      As a practical matter, pursuit of an appeal in this highly complex capital case would be greatly aided by counsel with substantial federal habeas and appellate experience. Appointed Counsel, therefore, move to substitute Mr. Nolas for Mr. Ashmore to represent Petitioner in any future proceedings before this Court, with the expectation that Mr. Nolas will seek appointment from the Fourth Circuit to continue representing Petitioner on appeal.

9.      Mr. Nolas' appointment would well serve the interests of justice and efficiency in this case. The Philadelphia CHU is an organization devoted to the representation of death-sentenced clients. The Philadelphia CHU was formed in 1995 and is part of the Federal Community Defender (*i.e.*, the Federal Public Defender) for the Eastern District of Pennsylvania. The CHU has its own budget to cover the costs of capital post-conviction litigation. Thus, if appointed, Mr. Nolas will not seek payment from this Court for attorney's fees, travel, or other expenses associated with his representation of Petitioner.

10.     Since its formation, the Philadelphia CHU has represented dozens of habeas corpus petitioners in proceedings in United States District Courts[2] and Courts of Appeal.[3] The

---

[2]     *See, e.g.*, *Albrecht v. Beard*, 2009 WL 2047894 (E.D. Pa. July 14, 2009); *Judge v. Beard*, 611 F. Supp. 2d 415 (E.D. Pa. Mar. 13, 2009); *Breakiron v. Horn*, 2008 WL 4412057 (W.D. Pa. Sept. 24, 2008); *Saranchak v. Beard*, 2008 WL 80411 (M.D. Pa. Jan. 4, 2008); *Hardcastle v. Horn*, 521 F. Supp. 2d 388 (E.D. Pa. 2007); *Lark v. Beard*, 495 F. Supp. 2d 488 (E.D. Pa. 2007); *Bond v. Beard*, 2006 WL 1117862 (E.D. Pa. April 24, 2006); *Wilson v. Beard*, 2006 WL 2346277 (E.D. Pa. Aug. 9, 2006); *Simmons v. Beard*, 356 F. Supp. 2d 548 (W.D. Pa. 2005); *Albrecht v. Horn*, 314 F. Supp. 2d 451 (E.D. Pa. 2004); *Wallace v. Price*, 265 F. Supp. 2d 545 (W.D. Pa. 2003); *Kindler v. Horn*, 291 F.Supp.2d 323 (E.D. Pa. 2003); *Fahy v. Horn*, 2003 WL 22017231 (E.D. Pa. Aug. 26, 2003); *Porter v. Horn*, 276 F. Supp. 2d 278 (E.D. Pa. 2003); *Peterkin v. Horn*, 176 F. Supp. 2d 342 (E.D. Pa. 2001).

[3]     *See, e.g.*, *Hardcastle v. Horn*, 2009 WL 1683335 (3d Cir. June 17, 2009); *Bond v. Beard*, 539 F.3d 256 (3d Cir. 2008); *Wallace v. Price*, 243 Fed. Appx. 710 (3d Cir. 2007); *Stevens v. Horn*, 2006 WL 1876652 (3rd Cir. July 6, 2006); *Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005); *Laird v. Horn*, 414 F.3d 419 (3d Cir. 2005); *Jacobs v. Horn*, 395 F.3d 92 (3d Cir. 2005); *Holloway v. Horn*, 355 F.3d 707 (3d Cir. 2004); *Hardcastle v. Horn*, 368 F.3d 246 (3d

CHU and Mr. Nolas, in particular, has litigated and argued four substantive cases before the United States Supreme Court.[4] Moreover, the Philadelphia CHU has responded to requests from the Administrative Office of the United States Courts ("the AO") to undertake capital federal post-conviction representation in districts and circuits outside of Pennsylvania. For example, the AO provided the CHU with supplemental funding (which was approved by the Defender Services Committee of the Judicial Conference) to provide representation to capital habeas petitioners in the Eighth Circuit, *e.g. United States v. Arboleda Ortiz*, 08–1748 (8th Cir.) (§2255 proceeding); *Wooten v. Norris*, 578 F.3d 767 (8th Cir. 2009) (§2254 proceeding); and in the Fourth Circuit, *e.g., Winston v. Kelly*, 592 F.3d 535 (4th Cir. 2010) (§2254 proceeding); *United States v. Roane* (4th Cir.) (§ 2255 proceeding).[5]

11. Mr. Nolas, Senior Litigator and litigation supervisor for the Philadelphia CHU, has been a capital litigator since 1986, and has represented capital clients in trials, penalty phases, direct appeals, post-conviction proceedings, and federal habeas cases. He has argued on behalf of clients in state and federal trial and appellate courts and in the United States Supreme Court. He is a member of the state bars of Florida, New York, Pennsylvania, and the District of

---

Cir. 2004); *Carpenter v. Vaughn*, 296 F.3d 138 (3d Cir. 2002); *Jermyn v. Horn*, 266 F.3d 257 (3d Cir. 2001).

[4] *Kindler v. Beard*, 130 S. Ct. 612 (2009); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003).

[5] The Fourth Circuit has expressed a preference for the involvement of federal defender offices in capital § 2255 cases. *See* Order No. 113, Judicial Council, United States Court of Appeals for the Fourth Circuit (Oct. 3, 1996; amended Oct. 1, 2008) (adopting Report of the Death Penalty Committee, including Recommendation B, which provides, "It is recommended that Federal Public Defenders be utilized for representation of individuals charged with federal capital crimes and collateral attacks on federal capital convictions.... Providing representation for defendants charged with federal crimes punishable by the death penalty is within the statutory responsibility of the Federal Public Defender (FPD) to provide representation for all indigents charged with federal crimes.").

Columbia, and is admitted to practice in the United States Supreme Court and the Second, Third, Fourth, Fifth, Eighth, Eleventh, and District of Columbia Circuits. Before joining the Philadelphia CHU in 1999, Mr. Nolas served as the Chief Assistant in the Office of Capital Collateral Representation in Florida from 1986 to 1990, was responsible for capital trials in a five-county region of Florida, and was the litigation director at the Center for Legal Education, Advocacy and Defense Assistance, a capital defense organization, from 1995 to 1999. Mr. Nolas also has provided training on the faculty of numerous training programs in capital habeas litigation.[6]

12. Members of the Philadelphia CHU established a positive relationship with Petitioner when he initially sought their appointment in late 2009. Moreover, should Mr. Nolas be appointed, he will receive all necessary funding through the AO. Thus, Mr. Nolas and the Philadelphia CHU are uniquely positioned to provide valuable, cost-effective representation to Petitioner, with an established relationship with Petitioner, the requisite experience and expertise to litigate his claims, and funding to do so without cost to this Court or the Fourth Circuit.

13. It is preferable to substitute counsel now, rather than after the filing of a notice of appeal. As this Court is well aware, the record of this case is massive, comprising many volumes of jury selection proceedings; 22 volumes of trial transcripts recording the testimony of scores of witnesses; thousands of pages of discovery, investigative, and other records of trial counsel; the transcript of the six-day evidentiary hearing, and more than 150 exhibits from that hearing. As this Court is undoubtedly also aware, the Fourth Circuit has expressed a preference for the rapid disposition of capital cases. The CHU's funding guidelines do not permit it to commit resources

---

[6] CHU attorneys serve as faculty in training programs sponsored by the Court of Appeals for the Third Circuit; the Administrative Office of the United States Courts Habeas Corpus

(including attorney time for review of the record) to a case on which it has not been appointed. Appointing Mr. Nolas now will serve the interests of the courts in promoting the fair and efficient administration of justice and will protect Petitioner's interests on appeal.

14. For all of the foregoing reasons, Petitioner and Appointed Counsel request that Billy H. Nolas be permitted to substitute as counsel for Beattie Ashmore, who will be permitted to withdraw from this case immediately. Upon his appointment, Mr. Nolas will promptly move for admission *pro hac vice.*

15. Pursuant to Local Rule 83.I.07, Appointed Counsel hereby certify that a copy of this motion has been served on Petitioner. Further, Petitioner has been consulted and fully informed regarding this Motion, and he has indicated his consent to Mr. Ashmore's withdrawal and substitution by Mr. Nolas.

16. Pursuant to Local Rule 7.02, Appointed Counsel have conferred with counsel for the government regarding this motion. Nevertheless, the government has no standing to object to the relief requested herein. The appointment of counsel "is a matter between [Petitioner], the Court, and [his] prospective lawyers"; the government is a stranger to these issues "and indeed, it [would be] inappropriate for [it] to seek to stand in the way of that appointment." *Death Row Prisoners of Penn. v. Ridge*, 948 F. Supp. 1278, 1279 n.2 (E.D. Pa. 1996); *see Walter v. Beard*, No. 09-CV-2465, 2010 WL 936466 at *2 (M.D. Pa. Mar. 15, 2010) (unpublished) ("Petitioner's motion seeks grant of *in forma pauperis* status and appointment of federal counsel and involves no issues on which the state Respondent has standing."). *Accord Wright v. Angelone*, 944 F. Supp. 460, 463 (E.D.Va. 1996) (noting that Va. Code §19.2-163.7, Counsel in Capital Cases,

Training and Assistance Project; the Federal Judicial Center; the National Institute for Trial Advocacy and the American Bar Association.

specifically provides that "[t]he Attorney General shall have no standing to object to the appointment of counsel for the petitioner.").

<strong>CONCLUSION</strong>

For the reasons set forth above, Petitioner and Appointed Counsel respectfully request that Mr. Ashmore be permitted to withdraw from representation and that Mr. Nolas be substituted for Mr. Ashmore.

Respectfully submitted,


/s/ Kirsten E. Small (Fed. ID No. 10005)
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
PHONE:  864.370.2211
KSmall@nexsenpruet.com

/s/ Beattie B. Ashmore (Fed. ID No. 5215)
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, SC 29601
PHONE: 864.467.1001
Beattie@beattieashmore.com

Attorneys for Petitioner
Chadrick E. Fulks

August 25, 2010
Greenville, South Carolina