**Declaration of James H. Hilkey**
**Pursuant to 28 U.S.C. §1746**

I, James H. Hilkey, being of full age, do hereby declare the following:

1.    I am a clinical forensic psychologist with a practice based in Durham, North Carolina.   Prior to my retirement from Federal service, I was Chief of Psychological Services at the Federal Correctional Institution at Butner, North Carolina, where I conducted forensic psychological evaluations for Federal Courts.   I have received a Masters degree in Counseling Psychology from Arizona State University and a Ph.D. in Counseling Psychology from Indiana State University.    A curriculum vitae is attached to this declaration as exhibit A.

2.    I began an evaluation of Chadrick Fulks in August 2003 after two North Carolina attorneys retained me with regard to murder and kidnapping charges that were pending against Mr. Fulks at that time in the North Carolina state court system.   When those charges were later transferred to the federal system, I was retained by John Blume to continue my evaluation of Mr. Fulks.

3.    As part of my evaluation of Mr. Fulks in 2003 and 2004, I conducted interviews and administered a variety of psychological tests.   I was not called to testify at Mr. Fulks' sentencing hearing in 2004, though I was prepared to testify at that time.   However, I did put the results of my evaluation into a declaration for Mr. Fulks' postconviction counsel in June 2008, and I testified about the results of my evaluation at postconviction hearing in February 2010.

4.    I have been asked by Mr. Fulks' attorneys to consider a declaration written by Dr. Harry Krop and to offer an opinion on whether the information in Dr. Krop's declaration would have affected my assessment of Mr. Fulks, which was the subject of my February 2010 testimony. Indeed it would have.

5.    I reviewed Dr. Krop's declaration this week. Although Mr. Fulks reported a few relatively minor incidents of sexual abuse during my evaluation, and I had heard some second- and third-hand references to possible abuse, the information I received prior to reading Dr. Krop's declaration gave no hint of the overwhelming extent of the sexual abuse committed upon Mr. Fulks at a young and vulnerable stage of his life. Therefore, I was not able to consider Mr. Fulks' full history of sexual abuse when I gave my testimony in February 2010.  It would have been important for me to have all available information about Mr. Fulks' history of abuse so that I could have related that history to my clinical findings clearly evident from clinical interviews and results obtained on psychological testing.

6.    I testified that I administered a personality test called the Millon Clinical Multiaxial Inventory, Third Edition (MCMI-III), to Mr. Fulks and that he scored high on the clinical scale for dependency.  I also testified that Mr. Fulks is developmentally very young and has a childlike affect.  These are all signs of a dependent personality, which is consistent with Mr. Fulks' significant history of sexual abuse.  His dependant personality would have been formed by traumatic breaks in early bonding and attachment, in this case as a result of victimization as a child.  The extensive sexual abuse that Mr. Fulks suffered as a child also is consistent with the poor judgment and impulsivity that Mr. Fulks exhibits as an adult.

7.    I also testified that Mr. Fulks has symptoms of Posttraumatic Stress Disorder. This too is consistent with his history as a victim of sexual abuse.

8.    In fact, all of the results of my testing were consistent with findings one would expect from a person who had suffered extreme trauma at a young age.  Thus, while I am terribly troubled to learn these heretofore accounts of the sexual abuse experienced by Mr. Fulks, I am not surprised to find out that he was subjected to genuinely traumatic events as a child.

9.     I give all of these opinions based upon my training and expertise and to a reasonable degree of psychological certainty.

10     I hereby certify that the facts set forth above are true and correct to the best of my personal knowledge, information, and belief, subject to the penalty of perjury, pursuant to 28 U.S.C. § 174

James H. Hilkey, Ph.D.

Dated:   September 16, 2010
Durham, North Carolina