| | |
|---|---|
| United States of America, | Case No. 4:02-992-JFA |
| Respondent, | |
| vs. | **REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND** |
| Chadrick E. Fulks, | |
| Petitioner. | |

Mr. Fulks' motion to alter or amend, filed pursuant to Federal Rule of Civil Procedure 59(e), seeks to alert this Court to flaws in these proceedings by demonstrating (1) the prejudice Mr. Fulks suffered as a result of the Court's restrictive funding rulings and (2) the degree to which this Court was given a mistaken impression of Mr. Blume's very limited experience in capital jury trials. The motion raises no new claims and thus should not be treated as a "successive application" for collateral relief. This Court should decline the government's invitation to make new Fourth Circuit law by extending *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), to Rule 59(e) motions.

## ARGUMENT

### I. Mr. Fulks' Rule 59(e) motion is not a "second or successive" motion to vacate because it raises no new claims.

Mr. Fulks' Rule 59(e) motion raises no new claims but rather explains to this Court why its denial of Mr. Fulks' motions—requesting funds for additional investigative and expert services and for a continuance—deprived him of the ability to prove the claims properly raised in his Amended Petition. All of the materials submitted by Mr. Fulks in support of his Rule 59(e)

motion support his claims that trial counsel was constitutionally ineffective and that the prosecution engaged in misconduct and suppressed material exculpatory evidence. The submission of these materials is consistent with the core purpose of a Rule 59(e) motion: to allow this Court to "rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).

### A. Evidence of Sexual Abuse

First, Mr. Fulks seeks to show how this Court's declining to appoint the Capital Habeas Unit of the Philadelphia Federal Defender's Office to represent Mr. Fulks prior to the evidentiary hearing, and the Court's subsequent denial of funding for an expert in sexual abuse and for additional investigative services, prevented Mr. Fulks from completing his investigation into the sexual abuse he suffered as a child. In the absence of such funding, Mr. Fulks was unable to demonstrate to this Court that it had actually foreclosed exploration into a rich source of mitigating evidence that trial counsel had failed adequately to investigate.

It was only upon the appointment of the Philadelphia CHU in late August 2010—a week after this Court had rendered judgment on Mr. Fulks' claim of ineffective assistance of counsel—that Mr. Fulks finally had the resources to engage a sexual abuse expert, Dr. Harry Krop, and gather proof that Mr. Fulks had been sexually abused on multiple occasions at a young age by people ranging from strangers to neighbors to school teachers to family members. Armed with this information, Dr. Krop and each of the mental health and social history experts hired by trial counsel were then in a position to explain to this Court what significance this extensive history of sexual abuse had on Mr. Fulks' development and later conduct. Of particular note, Drs. Melikian and Hilkey have attested that the information uncovered by the Philadelphia CHU

2

would have been highly relevant to their testimony at the evidentiary hearing. Melikian Dec. ¶¶ 6-7; Hilkey Dec. ¶¶ 5-8.

Thus, Mr. Fulks submitted the declarations of both lay and expert witnesses in order to demonstrate to the Court its error in denying the motions to appoint the CHU or to fund investigation into these matters in the absence of the CHU. This is an issue that goes directly to the propriety and fairness of the proceedings, and is undertaken to allow this Court to correct the error before his case proceeds to the Court of Appeals. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (holding that a Rule 59(e) motion "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings" (internal quotation marks omitted)).

**B.      Suppression of Exculpatory Evidence**

Second, Mr. Fulks has submitted with his Rule 59(e) motion the declarations of several people who testified as Government trial witnesses. These declarations show that witnesses were given deals and benefits, or were otherwise coerced by law enforcement and prosecuting authorities, in exchange for their testimony. The benefits received by these witnesses were never revealed to the defense, in violation of *Brady v. Maryland* and its progeny.

Mr. Fulks has consistently asserted that the Government failed to disclose to him benefits that were extended to several of the government's witnesses. In an attempt to uncover any undisclosed benefits, Mr. Fulks requested discovery from the Government early in these proceedings. During a hearing August 21, 2008, former AUSA Jonathan Gasser represented to Mr. Fulks and this Court in unequivocal terms that no undisclosed deals had been made, nor any undisclosed benefits conferred on any government witness.[1]

---

[1] Mr. Gasser was no longer employed by the government at the time of the hearing. This Court

3

> [T]his was the most transparent criminal prosecution that I was involved in in the 20 years that I was a prosecutor ….

> [E]verything was provided, … everything was transparent. From a discovery perspective, every single negativity or wart, if you will, or anything potentially negative, we brought out on direct examination.

> And every single potential benefit they were getting, smoking cigarettes, eating pizza, the clothes on their back when they testified … that's how meticulous we were in bringing out the facts about all of our witnesses during the Fulks trial.

Hearing Tr. 8/21/08 at 30-32.

On the basis of these uncategorical representations, this Court understandably denied Mr. Fulks' request for discovery into potential deals and benefits, other than requiring the government to turn over correspondence to witnesses Beth McGuffin and Tina Severance "about trial efforts to help them on their criminal trials." *Id.* at 34. Presumably, Mr. Gasser's representations to this Court also played a role in this Court's decision not to appoint the Philadelphia CHU or provide additional funding for investigative services to § 2255 counsel to seek additional evidence of *Brady* violations by the Government prior to the February 2010 evidentiary hearing.

With the appointment of the CHU, however, Mr. Fulks was finally able to undertake an investigation which revealed that post-conviction counsel's concern—that a deal might have been concluded "by a nod and a wink," Hearing Tr. 8/21/08 at 33, or that a witnesses at trial said one thing when in fact something else had transpired—was precisely the case. Thus, the declarations of Amanda Oswalt, Beth McGuffin, Veronica Evans, and Amber Fowler have been submitted to protect the integrity of these proceedings by demonstrating that additional *Brady* evidence was withheld from Mr. Fulks.

---

overruled Mr. Fulks' objection to Mr. Gasser's being allowed to speak to the Court. Hearing Tr. 8/21/08 at 29-30.

In further support of the *Brady* claim set forth in the Amended Petition, Mr. Fulks attaches hereto, as Exhibit T, the second declaration of Amber Fowler.

### C. John Blume's Lack of Jury Trial Experience

Finally, Mr. Fulks' Rule 59(e) motion seeks to correct the misimpressions made by trial counsel, John Blume, when he took credit for having tried capital cases to juries. Mr. Blume's testimony to this Court was misleading. Accordingly, Mr. Fulks has brought before this Court proof that, contrary to the impression he gave through his testimony, Mr. Blume had virtually no capital jury trial experience. Each of the deficiencies in performance noted in the declarations attached to the Rule 59(e) motion is tied specifically and directly to Mr. Blume's lack of capital jury trial experience.

### II. The strictures on "second or successive" § 2255 motions do not apply to motions to alter or amend under Rule 59(e).

The government asks this Court to make new law by holding that Mr. Fulks' Rule 59(e) motion is a "second or successive" motion to vacate under 28 U.S.C. § 2255(h). Contrary to the government's argument, a timely filed Rule 59(e) motion is not subject to the statutory restrictions on second or successive § 2255 motions. *See Howard v. United States*, 533 F.3d 472, 474-75 (6th Cir. 2008) (holding that "a Rule 59(e) motion is not subject to the strict procedural requirements imposed on second or successive habeas petitions"); *Curry v. United States*, 307 F.3d 664, 665-66 (7th Cir. 2002) (holding that because a Rule 59(e) motion "does not seek collateral relief, it is not subject to the statutory limitations on such relief"). *But see Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010).

Neither the Supreme Court nor the Fourth Circuit has held that that a Rule 59(e) motion constitutes a "successive application" under § 2255(h). In *Gonzalez v. Crosby*, 545 U.S. 524

(2005), the Supreme Court addressed only the question of when a Rule 60 motion—filed after the judgment was indisputably final—may constitute a "second or successive habeas corpus application" under 28 U.S.C. § 2244(b). *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), addressed the question of when a Rule 60 motion may be a "successive application" under § 2255(h). In neither decision did the court consider—much less rule upon—the question of whether a Rule 59(e) motion seeking to amend a non-final judgment may constitute either a "second or successive habeas corpus application" or a "successive application." Indeed, in *Winestock* the Fourth Circuit expressly reserved the question of whether the limits on successive § 2255 applications govern Rule 59(e) motions. *See Winestock*, 340 F.3d at 203 n.1 (citing *Curry* for the proposition that "different types of [post-judgment] motions may be subject to different treatment" under Rule 2255(h)).[2]

The Fourth Circuit has recognized the "substantial" differences between a motion to alter or amend under Rule 59(e), and a motion for relief from judgment under Rule 60(b). *Zinkand v. Brown*, 478 F.3d 634, 636 (4th Cir. 2007). The most critical difference for present purposes is the fact that a timely filed Rule 59(e) motion suspends the finality of the judgment, *see Carolina Power & Light Co. v. Dynegy Mktg. & Trade*, 415 F.3d 354, 359 (4th Cir. 2005), "in essence, giv[ing] the district court a chance to correct its own mistake" before the judgment becomes final, *Zinkand*, 478 F.3d at 637. In contrast, a Rule 60(b) motion "is a collateral attack on a judgment … that has become final through exhaustion of judicial remedies."[3] *Curry*, 307 F.3d at 665.

---

[2] Thus, the government's claim that *Winestock* "made it clear that its ruling covered all motions for reconsideration, including Rule 59(e) motions," Opp. at 15 n.6, is incorrect.

[3] Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) provides that a Rule 60 motion filed within 28 days of entry of judgment suspends the time for filing a notice of appeal. Based on this, some courts distinguish between Rule 59 and Rule 60 motions based on their substance rather than

The Sixth and Seventh Circuits have recognized that "[t]he purposes behind Rule 59(e), as well as the mechanics of its operation, counsel in favor of the non-applicability of second-or-successive limitations" to Rule 59(e) motions. *Howard*, 533 F.3d at 474; *see Curry*, 307 F.3d at 665. First, a Rule 59(e) motion is not a collateral attack on the § 2255 proceedings, and should not be treated as one. *See Howard*, 533 F.3d at 475; *Curry*, 307 F.3d at 665. Second, "extending the holding of *Gonzalez* to Rule 59(e) motions would attribute to Congress the unlikely intent to preclude broadly the reconsideration of just-entered judgments." *Howard*, 533 F.3d at 475. Such a holding would make it "effectively impossible for a district court to correct flaws in its reasoning, even when the problems were immediately pointed out and could be easily fixed by that court." *Id.*

In any event, Mr. Fulks' Rule 59(e) motion does not raise any new claims and thus is not a "successive application" even under the government's erroneous reasoning. This Court should decline the government's invitation to make new law by extending *Winestock* to Rule 59(e) motions.

**CONCLUSION**

Mr. Fulks' Rule 59(e) motion is not an attempt to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." *Winestock*, 340 F.3d at 206. Mr. Fulks properly seeks the correction of this Court's decision to prematurely foreclose his ability to support the claims contained in his Amended Petition. Mr. Fulks also seeks to correct the misimpression with which Mr. Blume left

---

their timing. *See, e.g.*, *Jennings v. Rivers*, 394 F.3d 850, 855-56 & n.4 (10th Cir. 2005). In the Fourth Circuit, however, a post-judgment motion filed within the time provided for a Rule 59(e) motion is treated as a Rule 59(e) motion even when it is labeled as a Rule 60 motion. *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008). Thus, in the Fourth Circuit a Rule 59 motion always pertains to a non-final judgment, while a Rule 60 motion always pertains to a final judgment.

this Court—that he had genuine capital jury trial experience and that the deficiencies in his representation of Mr. Fulks were the result of strategic choices rather than this critical lack of jury trial experience.

For all of the foregoing reasons, Mr. Fulks respectfully requests that this Court consider his Rule 59(e) motion in its entirety, together with the exhibits attached thereto, and to vacate Mr. Fulks' conviction and sentence or to conduct further evidentiary hearings.

Respectfully submitted,

s/Kirsten E. Small
Kirsten E. Small, Fed ID No. 10005
NEXSEN PRUET, LLC
55 East Camperdown Way (29601)
Post Office Drawer 10648
Greenville, SC  29603-0648
Phone: 864.370.2211
KSmall@nexsenpruet.com

s/Billy H. Nolas
Billy H. Nolas, *pro hac vice*
Federal Community Defender Office
Capital Habeas Unit
Suite 545 West
Curtis Center
Philadelphia, PA 19106
Phone: 215.926.0520
billy_nolas@fd.org

November 1, 2010
Greenville, South Carolina

Attorneys for Petitioner
Chadrick E. Fulks