**Declaration of Arlene Bowers Andrews**
**Pursuant to 28 U.S.C. §1746**

I, Arlene Bowers Andrews, being of full age, do hereby declare the following:

1.  I am a Professor of Social Work at the University of South Carolina School of Social Work. I have a B.A. from Duke University. I have received a Masters in Social Work and a Ph.D. in Clinical Community Psychology from the University of South Carolina.

2.  I was retained by John Blume at the time of Chadrick Fulks' 2004 trial. At the request of Mr. Blume, I met with Mr. Fulks on one occasion in 2004. I saw that Mr. Fulks was raised by alcoholic parents in dysfunctional circumstances.

3.  I have now been asked by Mr. Fulks' current attorneys to consider the declaration of Dr. Harry Krop Ph.D. and offer an opinion on the information contained therein. Dr. Krop is a psychologist and specializes in the area of sexual abuse. Mr. Blume did not employ an expert to specifically address Mr. Fulks' sexual abuse history and its psychological effects.

4.  Having reviewed Dr. Krop's declaration, I can see that there is additional, significant information regarding Mr. Fulks' development: sexual abuse. A history of sexual abuse is a sensitive area that needs an investment of many hours and special expertise for proper development. In 2004, I believed that Mr. Fulks had a history of sexual abuse. However, my role was not to focus specifically on sexual abuse. Dr. Krop's declaration demonstrates that sexual abuse was a far more pervasive and traumatic problem in Mr. Fulks' childhood than I was aware of. I would, in fact, describe it as a defining element of Mr. Fulks' childhood. I have been in social work for over 30 years. In terms of the numbers and different roles occupied by the perpetrators, I can safely say that Mr. Fulks' history of sexual abuse is one of the most extreme

1


Pet's EXHIBIT
118

that I have seen.

5. Had I known of these incidents of abuse in 2004, I would have testified that Mr. Fulks' extensive history of sexual abuse was undoubtedly mitigating.

6. In 2004, I informed trial counsel, Mr. Blume, that sexually inappropriate behavior in Mr. Fulks' house would have caused Mr. Fulks to be prematurely sexualized. Had I known about the actual extent of Mr. Fulks' sexual victimization, it would have put a different light on the facts of this case and I would have featured this aspect of his dysfuntional development far more prominently in my 2004 testimony. The extent of his premature sexualization is far more extreme and inappropriate than what Mr. Blume developed at trial.

7. New evidence concerning Mr. Fulks' sexual abuse would also have affected my testimony on Mr. Fulks' life in a more general sense. In 2004, I testified that most children can handle one or two stressors without a significant impact on their well being. But Mr. Fulks had significantly more than one or two stressors in his life, as a result of which he was pushed past the breaking point. Had I had Dr. Krop's report in 2004, I would have testified that significant, repeated sexual abuse is one of the most powerful stressors that exists and that this made it exponentially more difficult for Mr. Fulks to ever develop properly.

8. I offer these opinions based upon my training, experience, and expertise, to a reasonable degree of psychological certainty.

9. I hereby certify that the facts set forth above are true and correct to the best of my personal knowledge, information, and belief, subject to the penalty of perjury, pursuant to 28 U.S.C. § 1746.

Arlene Bowers Andrews, Ph.D.

Dated:                    10/1              , 2010
                          , South Carolina

3