UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

USDC CLERK, FLORENCE, SC  RECEIVED

2011 MAY 19  P 1: 04

UNITED STATES OF AMERICA

V.

BRANDON LEON BASHAM,
                Defendant,

Criminal Case No. 4:02-cr-00992-JFA

**CAPITAL CASE**

DEFENDANT'S WAIVER OF ANY AND ALL PEOCEEDINGS

PURSUANT TO 28 U.S.C. § 2255

---

Comes Now Brandon Leon Basham, Defendant Pro Se and hereby gives formal notice to this Court that he maintains his position that no Post Conviction Proceedings pursuant to 28 U.S.C. § 2255 be filed in this case. In support of this Waiver, Mr. Basham respectfully submits the following:

Mr. Basham is one of two defendants in the above styled case. He was sentenced to death by this court pursuant to the Federal Death Penalty Act of 1994, 18 U.S.C. §§ 3591-3594 and the Special Findings of the jury, and the jury's unanimous vote recommending that the defendant be sentenced to death. In the Judgment and Order Implementing Judgment, this Court states in part " it is the judgment of the court that the defendant, Brandon Leon Basham, is sentenced to death on Counts 1 and 2 of the Superseding indictment." Mr. Basham was also committed to the custody of the Attorney General of the United States or his authorized representative for detention until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence. Mr. Basham's detention was ordered pursuant to the provisions of 18 U.S.C. § 3596.

The defendant has exhausted his direct appeal of his conviction and sentence. The U.S Court of Appeals for the Fourth Circuit affirmed Mr. Basham's conviction  and

sentence of death. See: United States v. Basham, 561 F.3d. 302 (4th Cir.2009). The petition for Rehearing and Suggestion for Rehearing en banc was denied. Mr. Basham then filed a Petition for a Writ of Certiorari in the Supreme Court of the United States. That Petition was denied on June 1, 2010. See: United States v. Basham, 130 S.Ct. 3353; 176 L.Ed. 2d 1245.

In a Notice to the Court and Counsel dated June 10, 2010 Mr. Basham advised the Court that he did not want to pursue any further appeals (post conviction relief authorized pursuant to 28 U.S.C. § 2255); and he requested a "speedy execution". See: attachment 1 hereto.

The court took no action on Mr. Basham's Notice and Request for a Speedy Execution. Instead of conducting any type of hearing on his request, this court appointed attorneys to represent the defendant in Section 2255 proceedings.

Pursuant to the statutes governing Section 2255 Petitions, the Motion/Petition must be filed within one year of the date upon which the Supreme Court of the United States denied Certiorari.

Counsel appointed by this court to represent Mr. Basham in the Section 2255 proceedings are preparing a Petition/Motion which they plan to file in this court. The defendant has informed his lawyers that he does not want any such petition to be filed on his behalf. He does not want or need the services of these court appointed attorneys and he does not want any type of post conviction review of his conviction or sentence. Any such petition or motion is not authorized and if filed, will not be with the consent of the defendant, and will be filed over his specific objections.

Once the one year statute of limitation for seeking relief or correction of his sentence under Section 2255 has passed, Mr. Basham will have no further avenues to challenge his sentence. This court will be free to schedule a date for the implementation of his sentence of death. The one year period will end on May 31, 2011.

2.

Mr. Basham requests that this court appoint an independent mental health professional to conduct a comptency evaluation on him inorder to determine whether or not the defendant is competent to make a knowing, intelligent and voluntary waiver of his rights to post conviction review of his conviction and sentence. Such an evaluation by a doctor with no association with the government and defense counsel is in the interest of justice and will assist this court in accepting Mr. Basham's waiver. It is requested that any such evaluation be completed and the findings be provided to the court and all counsel within 45 days .

Mr. Basham also request that he be allowed to appear by way of video-conferencing for a hearing at which time he will state for the record his desire to waive all Section 2255 proceedings and to have a date set for his execution. The court will be able to engage in a colloquy with the defendant to determine if his decision to waive his rights is a knowing, intelligent and voluntary one.

There is no legal authority which requires the defendant to pursue post conviction relief. A defendant must be allowed to waive any such proceedings as long as he is competent to do so. At no time has Mr. Basham been found incompetent in any of the legal proceedings before this court. A competency evaluation as requested above will demonstrate that the defendant is competent to waive his rights at this time. In Rees v. Peyton, 384 U.S. 312 (1966), a capital defendant requested to withdraw his petition for Certiorari before the Supreme Court. The Court remanded the case to the district court to "make a judicial determination as to Rees' mental comptency...."Id at 313-314. The court directed the district court as follows:

"The district court (should) determine Rees' mental competence in the present posture of things, that is, whether he has the capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation". Id at 314.

3.

The U.S. Court of Appeals for the Third Circuit held in United States v. Hammer, 226 F.3d 229, 236 (3rd Cir. 2000) that the Federal Death Penalty Act, 18 U.S.C. §§ 3591, 3592-3595 did not require a direct appeal. Id. at 235.

Although Hammer and Rees deal respectively with appeal and petition for Certiorari instead of post conviction relief proceedings, the holdings are analogously applicable. The FDPA is silent with respect to post-conviction proceedings. Thus, the statute in no way suggests mandatory post-conviction review nor does it even provide for post conviction review. Therefore, Title 28 U.S.C., Section 2255 creates the only mechanism for seeking post-conviction review of the conviction and sentence. Section 2255 provides:

> A prisoner in custody under a sentence of a court established by act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The appeal right that the FDPA provides is triggered only "upon appeal by the defendant." 18 U.S.C. § 3595 (a); Hammer, 226 F.3d at 235-236.

Similarly, Section 2255 merely provides an avenue for redress without requiring that courts undertake to consider the validity of the conviction until and unless the defendant invokes the provisions. In both instances the defendant must act to trigger the provided review, therefore a competent defendant can waive that review. There is simply no authority for the proposition that a capital defendant cannot waive his right to file a post conviction petition for relief.

This assessment that Section 2255 remedies are waivable by a death-sentenced capital defendant is consistent with Surpreme Court cases that recognize waivers of federal post conviction rights in state death penalty cases. In at least three

4.

cases, the Court considered requests from third parties attempting to intervene on the behalf of state death-sentenced defendants who had foregone post conviction relief. In each case the Court determined that a third party has no legal standing to intervene on behalf of the defendants who had been found mentally compentent to forego post conviction review of their respective death sentences See: <u>Whitmore v. Arkansas,</u> 497 U.S. 149 (1990) (fellow death-sentenced inmate sought to intervene); <u>Demosthenes v. Baal,</u> 495 U.S. 731 (1990)(the parents of a death-sentenced defendant sought to intervene as "next friend" and to file a federal habeas corpus petition); <u>Gilmore v. Utah,</u> 429 U.S. 1012 (1976) (Mother of death-sentenced defendant Mark Gilmore sought to intervene on behalf of her son after he waived his appeals).

The Court noted in <u>Whitmore</u> as follows:

> Although we are not here faced with the question whether a hearing on mental competency is required by the United States Constitution whenever a capital defendant desires to terminate further proceedings, such a hearing will obviously bear on whether the defendant is able to proceed on his own behalf.

....Id. at 165. This observation by the Court clearly presupposes that such a waiver is not constitutionally prohibited and suggests only that the Constitution may require certain precautions prior to acceptance of such a waiver.

Mr. Basham seeks not only to forego post conviction proceedings, but his right to counsel as well. It appears that the courts have determined that inorder to waive such rights a two-pronges inquiry is required. First, the trial court must determine if a defendant is competent to waive the relevant right, and then the court must determine that the waiver is knowingly and voluntarily entered. See: <u>Godinez v. Moran,</u> 509 U.S. 389, 396-402 (1993); <u>Westbrook v. Arizona,</u> 384 U.S. 150 (1963)(holding that when a defendant seeks to waive his right to counsel, a determination that he is competent to stand trial is not enough; the waiver must also be intelligent and voluntary before it can be accepted.); <u>Mata v. Johnson,</u> 210 F.3d 324, 329

5.

(5th Cir. 2000) (After discussing knowing and voluntary standards for accepting waiver of constitutional rights, the court adopted the same standard regarding the waiver of a state death-sentenced defendant's waiver of federal post conviction relief proceedings.).

The Fourth Circuit has held that "Waiver of the statutorily created right of appeal cannot be judged on a stricter standard than waiver of constitutional protections." See: United States v. Davis, 945 F. 2d 182, 185 (4th Cir. 1990).

In this case, the Court has appointed counsel to represent Mr. Basham specifically for the purpose of Section 2255 proceedings. Those attorneys are pursuing those efforts over the objections of the defendant. Therefore, the court-appointed lawyers are acting in a way which is in direct conflict with Mr. Basham's stated position. The defendant seeks to waive the services of those attorneys. At this juncture the appropriate course of action seems to be that an attorney be appointed to represent Mr. Basham in his efforts to waive all post-conviction proceedings. In the only other Federal Death Penalty case to address this issue, standby counsel was appointed by the district court to represent the defendant in his efforts to waive counsel, proceed to immediate sentencing and to waive all appeals. See: United States v. Hammer, 25 F. Supp. 2d 518, 521 (M.D. Pa 1998). In that case, the defendant was provided with a court-appointed attorney to represent him because of a conflict created by his desire to waive further proceedings. Shortly after the Jury's verdict and recommendation of a sentence of death, Hammer sought to waive counsel and to forego all further appeals. His trial counsel objected and advised the court that they could not represent their client in his efforts. The court appointed an attorney to represent Hammer for the specific purpose of the waivers. Additionally, at the government's request the court ordered that Hammer undergo a second competency evaluation (as in the instant case, Hammer had undergone a pre-trial competency eval-

6.

uation). The court accepted Hammer's decision to discharge counsel, to proceed pro se, and to waive his appeal rights. The court held a hearing, heard testimony as to Hammer's mental competency to waive his rights, and conducted a colloquy with the defendant before ultimately accepting Hammer's waivers. The court memorialized its ruling in a written order that set forth detailed findings of fact and conclusions of law. See: United States v. Hammer, 25 F. Supp. 2d at 518-528.

Other courts have taken a similar approach when determining the vality of a capital defendant's waiver of federal post-conviction proceedings. See: Mata v. Johnson, supra.; Rumbaugh v. Procnier, 753 F.2d 395 (5th Cir. 1985); Ford v. Haley, 195 F.3d 603 (11th cir. 1999).

SUGGESTED COURSE OF ACTION FOR THIS CASE

Mr. Basham respectfully urges this court to follow the examples of other Federal Courts who have considered a defendant's right to waive post-conviction proceedings. He requests the following:

1. The appointment of counsel to represent him for the specific purpose of waiving his right to post-conviction proceedings;

2. That the court order a mental competency evaluation of the defendant to determine his competency to forego Section 2255 post-conviction proceedings and to waive such proceedings. That the evaluation be conducted by a mental health professional who is independent and has no allegiance to any party in this case;

3. That any Section 2255 Motion/Petition filed by Mr. Basham's court-appointed counsel, over his objections, be stayed pending a resolution of his waiver of all post-conviction proceedings;

4. That a hearing be held after Mr. Basham has undergone the mental competency evaluation. That the defendant be allowed to appear by way of video-conferencing, unless the court finds a need to have him personally present at the hearing;

5. That the defendant's waiver of his rights to post-conviction proceedings be

7.

accepted by the court;

6. That this Court schedule a date upon which the sentence of death will be implemented upon the defendant. That a specific date be selected and not left to the discretion of the Director of the Federal Bureau of Prison. This Court has the authority to schedule the date and time of the execution. See: 28 C.F.R. §26.1-4 which states in part "Except to the extent a court orders otherwise:" See: also: United States v. Hammer, 226 F.3d at 237 which states:

"We have carefully considered the entire record and concluded that in the circumstances, the interests of justice do not require that [the defendant] be compelled to appeal or that we review the district court proceedings on the merits. We have considered the options, but are satisfied that the proper course is to exercise our discretion to grant Hammer's motion to dismiss. **The appeal will be dismissed. The case will be remanded to the district court to fix an early new date for the implementation of the sentence of death."** (emphasis added)

Note: At present there are at least eight federal inmates under federally imposed sentences of death who have exhausted all available appeals. However, the Director of the Federal Bureau of Prisons last set an execution date in December, 2005. Therefore, unless this Court schedules Mr. Basham's execution date there is no way to ensure that his request for a speedy execution will be granted, even if approved by this court.

Wherefore, the Defendant Brandon Leon Basham, request that this Court accept his waiver of his Section 2255 post-conviction right and schelule his execution date as expeditiously as possible.

Prepared without the assistance of counsel
For Brandon Leon Basham by an Inmate Legal
Aid, at the specific request of Mr. Basham.

Respectfully Submitted,

*Brandon Basham*

Brandon Leon Basham Pro Se
#98940-071
Post Office Box 33, SCU
Terre Haute, IN 47808-0033

8.

## DECLARATION UNDER PENALTY OF PERJURY

I, Brandon Leon Basham, do hereby state and declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the foregoing facts and information contained in Defendant's Waiver of Any and All Proceedings Pursuant to 28 U.S.C. § 2255 are true and correct.

Executed on this __5th__ day of May, 2011 at Terre Haute, Indiana.

_Brandon Basham_
Brandon Leon Basham

## CERTIFICATE OF MAILING

On this 5th day of May, 2011 a true and correct copy of Defendant's Waiver of Any and All Proceedings pursuant to 28 U.S.C. § 2255 was sent by First Class Pre-Paid mail to each of the following:

W. Walter Wilkins or Current U.S. Attorney
Office of the United States Attorney
For the District of South Carolina
1441 Main Street, Suite 500
Columbia, SC 29201

Michael Burke, Assistant Federal Public Defender
Sarah Stone, Assistant Federal Public Defender
Capital Habeas Unit
850 West Adams Street, Suite 201
Phonix, Arizona 85007-2730

The Honorable Josheph F. Anderson
United States District Judge
District of South Carolina
Federal Courthouse
1845 Assembly Street
Columbia, SC 29201

_Brandon Basham_
Brandon Leon Basham

9.