UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:02-cr-00922-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRANDON LEON BASHAM, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR AN ORDER AUTHORIZING PRISON VISITS

On November 15, 2011, Brandon Basham's appointed habeas counsel filed a "Motion Authorizing Visits with Defendant." Dkt. # 1415. In their motion, habeas counsel request an order from this Court authorizing forensic psychiatrist Dr. Donna Schwartz-Watts to visit Basham at the United States Penitentiary in Terre Haute, Indiana. Motion, Dkt. # 1415 at 1. Habeas counsel suggest that a visit from Dr. Schwartz-Watts is necessary to "evaluat[e] Mr. Basham's competency to waive further proceedings, especially in light of the prison's failure to medicate Mr. Basham for his various medical and psychiatric conditions." Id. Because this Court has appointed an independent psychiatrist to examine Basham in light of his *pro se* request to waive further proceedings, the Government respectfully requests that habeas counsel's Motion be denied. Alternatively, the Court should withhold ruling on the motion until the independent psychiatrist issues a report regarding Basham's competency to waive further proceedings.

1

A.     Procedural Background

On June 14, 2010, Basham filed a *pro se* motion to drop all further appeals and to request a "speedy execution."  Dkt. # 1317.  On May 19, 2011, Basham filed an additional *pro se* motion to waive any and all proceedings under 28 U.S.C. § 2255.  Dkt. # 1391.  In the latter motion, Basham states that he "had informed his lawyers that he does not want any such [§ 2255] motion to be filed on his behalf."  Dkt. # 1391 at 2.  Even so, on May 31, 2011, Basham's habeas counsel filed a § 2255 motion on Basham's behalf.  Dkt. # 1393.

On June 29, 2011, the Court held a status conference regarding the § 2255 motion and Basham's waiver requests.  Dkt. # 1397; transcript filed at Dkt. # 1400.  The Court questioned Basham, who appeared at the conference via satellite video, about his desire to waive further proceedings.  Basham affirmed that he indeed wanted to have his death sentence carried out and that he was "not going to change [his] mind."  Tr. 06/29/11 at 12-13.  The Court then announced that it would appoint a forensic psychiatrist to examine Basham to determine his competency.  Tr. 06/29/11 at 14.  Basham stated that he was competent but would cooperate with "whatever steps it takes" to carry out his waiver request.  Tr. 06/29/11 at 19.  In response to the Court's question if there were any Columbia-area psychiatrists who could examine Basham, habeas counsel explained that Dr. Schwartz-Watts and Dr. Morgan were "out" because "they were also members of the defense team at trial."  Tr. 06/29/11 at 16.  "That alone would <u>disqualify</u> them from acting as an independent expert," habeas counsel stated.  <u>Id.</u> (emphasis added).  On July 29, 2011, the Court appointed Dr. George F. Parker to conduct the mental evaluation of Basham.  Dkt. # 1401.  As of the date of this response, Dr. Parker has met with Basham at the Terre Haute U.S.P. but has not yet issued his report.

B.     Brandon Basham has not authorized this Motion.

Basham has clearly and steadfastly maintained that he is sincere in his desire to waive further proceedings in his case.  Basham filed two *pro se* motions (submitted nearly a year apart) requesting to forgo further appeals and to have his sentence carried out.  Despite his unambiguous and unequivocal statement that he had instructed his attorneys not to file a § 2255 motion on his behalf, habeas counsel filed the § 2255 motion currently pending before this Court.  Basham has never sought to withdraw his waiver requests; to the contrary, he personally affirmed to the Court that he was "not going to change [his] mind."

Moreover, Basham has consistently demonstrated himself to be competent throughout this case.[1]  At the status conference on June 29, 2011, when the Court explained that it was appointing a forensic psychiatrist for the sake of caution, Basham indicated that he would cooperate with the evaluation.  Nonetheless, Basham insisted that he was in fact competent.   Tr. 06/29/11 at 19.  And Basham's colloquy with the Court clearly demonstrated that he understood the nature of his waiver request and the proceedings that must occur for his request to go forward.

There is no indication that habeas counsel have consulted with Basham regarding their request that Dr. Schwartz-Watts examine him.  Basham has already stated his reluctance to be examined at all, much less by multiple psychiatrists.  Given Basham's clearly-articulated position

---

[1]At only one point in the trial was Basham's competency questioned by Dr. Schwartz-Watts.  Following an 8-minute "tussle" Basham had with U.S. Marshals over his frustration at not being allowed to have tobacco in the courtroom, Dr. Schwartz-Watts examined Basham and expressed concerns about his competency to go forward at that time.  However, she noted that "with a little time, perhaps by tomorrow, there would be no reason that I can foresee that he wouldn't be calm enough that we can proceed."  The next morning, Dr. Schwartz-Watts examined Basham again and reported that he was competent to go forward.  See Trial Tr. Vol. V at 149-54, 162; Vol. VI at 6.

on this matter, the Government respectfully suggests that the "Motion Authorizing Visits" was likely filed without Basham's authorization and that habeas counsel thus lack standing to bring the Motion. At a minimum, the Court should hold the Motion in abeyance until Dr. Parker has finished his evaluation and rendered his opinion regarding Basham's competency to waive further proceedings.

      C.     <u>A visit by Dr. Schwartz-Watts would be unwarranted.</u>

In any event, there is no reason to grant habeas counsel's request that Dr. Schwartz-Watts visit Basham. Rather, there are good reasons not to do so. As habeas counsel has already affirmed to this Court, Dr. Schwartz-Watts cannot act as an independent forensic examiner because she served as a member of the defense team in Basham's trial. In their words, that "would disqualify" her. Tr. 06/29/11 at 16.

Instead of having the Government and habeas counsel retain dueling examiners, the Court carefully selected a forensic psychiatrist who was unfamiliar with the case to conduct an independent, unbiased evaluation of Basham's competency. It is likely that Dr. Parker is completing his evaluation, and there is no indication that his review will be inadequate. Although habeas counsel claim that the Bureau of Prisons has failed to medicate or treat Basham for his "various medical and psychiatric conditions," counsel offer no support for this claim. And if Basham's medical care has in fact been insufficient, Dr. Parker is as capable as anyone else of bringing this to the Court's attention.

Wherefore, the Government respectfully submits that habeas counsel's Motion be denied. In the alternative, the Court should hold the motion in abeyance until Dr. Parker has rendered his opinion regarding Basham's competency to waive further proceedings.

Respectfully submitted,

WILLIAM N. NETTLES
United States Attorney

By: s/Robert F. Daley, Jr.
ROBERT F. DALEY, JR. (Fed. ID No. 6460)
Assistant United States Attorney


By: s/Jimmie Ewing
JIMMIE EWING (Fed. ID No. 7292)
Assistant United States Attorney


By: s/ Jeffrey Mikell Johnson
JEFFREY MIKELL JOHNSON (Fed. ID No. 10587)
Assistant United States Attorney

November 23, 2011