UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:02-992-JFA |
| Plaintiff, | Judge Joseph F. Anderson, Jr. |
| -v- | Motion for Reconsideration Concerning Order on Defendant's Request to Drop Appeal |
| BRANDON LEON BASHAM, | |
| Defendant. | |

Brandon Basham, through undersigned counsel, requests that this Court reconsider its Order on Defendant's Request to Drop Appeal, issued on February 14, 2012. (*See* Dkt. 1448)  This motion, which is made at the specific request of Mr. Basham, is based on: (1) the practical infeasibility of the Court's order to Mr. Basham to communicate with the Court *pro se* no later than February 29, 2012; (2) the violation of Mr. Basham's statutory and due process right to counsel that the order proposes; and (3) factual inaccuracies in the order.

## ARGUMENT

1. ***Even if he could properly be required to do so, Mr. Basham could not feasibly comply with the Court's order within the time ordered by the Court.***

In a telephone conversation conducted with appointed counsel on February 17, 2012, Mr. Basham informed counsel that (1) because of inherent delays in the

1

distribution of prison mail, he had yet to receive the Court's order of February 14, 2012; and (2) compliance with the Court's deadline of February 29, 2012, was an impossibility, both because Mr. Basham would be unable to prepare an appropriate response to the Court and because he would be unable to ensure it was mailed by that date.  Moreover, the Court's order, directing Mr. Basham to respond directly to the Court without the assistance of his attorneys caused Mr. Basham substantial worry and anxiety.

> **2.      *The Court's order violates Mr. Basham's right to counsel under 18 U.S.C. § 3599 and the Due Process Clause of the United States Constitution.***

At no time during these proceedings, even during the litigation concerning his request to waive his § 2255 proceedings, has Mr. Basham ever indicated that he did not wish to be represented by the attorneys appointed by this Court.  In fact, Mr. Basham explained to the Court during the status conference on January 30, 2012, that he was "not very good at explaining [himself]" and that he was relying on assistance from his counsel in communicating with the Court.  Tr. 1/30/12 at 5, 10-11.

"Although a defendant may waive his right to counsel, the courts entertain every reasonable presumption against the waiver" of this right.  *United States v. Johnson*, 659 F.2d 415, 415 (4th Cir. 1981) (*citing Johnson v. Zerbst*, 304 U.S. 458, 463 (1938)).  In this case, Mr. Basham has never stated that he desires to waive his

right to counsel.  Accordingly, this Court's order directing Mr. Basham to file a pleading on his own behalf, while he is represented by counsel, violates his rights not only under 18 U.S.C. § 3599(e), but under the Due Process Clause of the United States Constitution.  U.S. Const. amend. V.

### 3.     The Court's order contains factual inaccuracies.

In its order, the Court states that Mr. Basham indicated at the status conference on January 30, 2012, that he had a "tentative inclination to persist with his request [to withdraw his pending § 2255 action], but only if he could be sure that he would resume the medical regimen originally prescribed for him by the Federal Bureau of Prisons (BOP) and also if he could visit with members of his family."  (Order Dkt. 1448 at 1.)

As a threshold matter, a review of the transcript of the status conference reveals that Mr. Basham did not request any alteration with regard to BOP policies or limitations placed on visits with his family.  Rather, Mr. Basham indicated that, *without proper medication*, he was unable to communicate with his family in a meaningful way.  Mr. Basham stated that his family "would just like to be able to see me and be able to talk to me *like I used to be when I was more able to communicate better and be part of the family . . . .*"  Tr. 1/30/12 at 7 (emphasis added).

More importantly, with regard to his pending § 2255 proceedings, Mr. Basham

plainly indicated, upon being questioned by his attorney, that he was not opposed to the continuation of his § 2255 proceedings:

MR. BURKE:          I think, Your Honor, one of the things - - and correct me if I'm wrong - - that you said to me earlier was that you don't care if your 2255 proceedings go forward?

THE DEFENDANT:      Right.

MR. BURKE:          You just want to be medicated.

THE DEFENDANT:      Right.

MR. BURKE:          So that you can communicate with your lawyers and your family.

THE DEFENDANT:      Right.

(Tr. 1/30/12 at 9-10.)

Thus, in addition to the reasons discussed above with regard to Mr. Basham's right to be represented by counsel in these proceedings, Mr. Basham requests that the Court reconsider its order of February 14, 2012, because of the factual inaccuracies in that order.

**ALTERNATE RULING REQUESTED**

Mr. Basham requests that the Court vacate its order of February 14, 2012, and issue a new order directing Mr. Basham, through counsel, to inform the Court in writing no later than March 16, 2012, of his intentions regarding the continuation of

his § 2255 proceedings.

Counsel for Mr. Basham request until March 16, 2012, because (1) they are presently working to complete their reply to Mr. Basham's § 2255 motion, which is due on March 2, 2012; (2) working with Mr. Basham to provide the written communication the Court has requested will prevent counsel from working on Mr. Basham's reply, and will require time for counsel either to travel to Terre Haute or to communicate with their client via the prison mail system; and (3) this Court has not yet ruled on *ex parte* motions filed by Mr. Basham on January 23, 2012, seeking access to medical experts critical both to Mr. Basham's previous motion to withdraw and his pending § 2255 motion.[1]

For the foregoing reasons, Mr. Basham respectfully requests that the Court reconsider its order of February 14, 2012.

Respectfully submitted this 21st day of February, 2012.

> s/Julia Grace Mimms
> Julia Grace Mimms
> Law Office of Julia G. Mimms, P.A.
> 1001 Elizabeth Avenue, Suite 1A
> Charlotte, North Carolina 28204
> Telephone: (704) 333-1301
> Facsimile: (704) 333-1290

---

[1] Upon information and belief, Mr. Basham suffered another grand mal seizure on February 17, 2012.

s/Michael L. Burke
Michael L. Burke (Arizona Bar No. 013173)
Sarah Stone (Arizona Bar No. 022713)
Assistant Federal Public Defenders
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
sarah_stone@fd.org
Telephone: (602) 382-2818
Facsimile: (602) 889-3960

Attorneys for Defendant
Brandon Leon Basham

## Certificate of Service

I hereby certify that on February 21, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this document through the Court's system.

s/Nancy Rangel
Legal Assistant
Capital Habeas Unit

6