IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON LEON BASHAM | ) | |
| | ) | |

**GOVERNMENT'S MOTION FOR A RULING ON WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE RESULTING FROM DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255, AND FOR AN ORDER REQUIRING DISCLOSURE OF TRIAL AND APPELLATE COUNSEL'S PAPERS AND FILES**

The United States of America, by undersigned counsel, respectfully moves this Court for an order ruling that Defendant, Brandon Leon Basham, has waived the attorney-client privilege by filing his motion for post-conviction relief pursuant to 28 U.S.C. § 2255.[1]  The United States further moves this Court to compel the production of all files and records relating to Basham's trial and appellate counsel's representation of Basham, which is necessary for the government's preparation for any hearing on the post-conviction motion.  Additionally, the United States moves this Court to find that Basham's waiver of the attorney-client privilege allows his former trial and appellate counsel to discuss their representation of Basham and Basham's claims of ineffective assistance of counsel with the undersigned.  As grounds for this request the United States states as follows:

---

[1]  The Court issued such an order in the § 2255 proceedings of Basham's original co-defendant, Chadrick Fulks.  <u>See</u> Docket Numbers 1226 and 1236.

1. On April 23, 2003, a federal grand jury returned an eight-count Superseding Indictment charging Chadrick E. Fulks and Brandon Basham ("Basham," "Petitioner") with Count 1, carjacking resulting in death, in violation of 18 U.S.C. § 2119(3); Count 2, kidnaping resulting in death, in violation of 18 U.S.C. § 1201; Count 3, interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312; Count 4, conspiracy to commit the offenses charged in Counts 1-3 and 7-8, in violation of 18 U.S.C. § 371; Count 5, conspiracy to use and carry firearms during and in relation to crimes of violence, in violation of 18 U.S.C. § 922(o); Count 6, using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); Count 7, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and Count 8, possession of stolen firearms, in violation of 18 U.S.C. § 922(j).  The Superseding Indictment, filed on April 23, 2003, alleged aggravating factors and special findings to support the imposition of the death penalty for the offenses charged in Counts 1 and 2.

The jury selection for  Basham's trial began on August 30, 2004, and was completed on September 10, 2004.  During the guilt phase of Basham's trial, which commenced on September 13, 2004, the Government produced testimony from 89 witnesses.  United States v. Basham, 561 F.3d 302, 314 (4th Cir. 2009).  During the trial, Basham admitted culpability in the carjacking and kidnapping, but argued that Fulks committed Donovan's murder and was the instigator during the crime spree.  Id. at 315.

After a thirteen-day trial, the jury convicted Basham of all eight counts. Id. at 315.

The penalty phase began on October 12, 2004. Id. The Government introduced the trial record as its principal evidence, but also presented testimony from correctional officers and a nurse regarding Basham's misconduct, drug use, and sexual misconduct toward female prison employees. Id. Basham presented mitigation evidence focusing on his troubled childhood during which his mother forced him to steal to support her drug habit, eventually introducing him to drugs. Id. Basham also introduced evidence that he had been sexually abused by one of his father's friends. Id. Mitigation evidence regarding his mental condition was also introduced by mental health experts. Id. Finally, Basham put forth evidence of his ability to adapt to prison life. Id. On November 2, 2004, following a sixteen-day penalty phase, the jury returned a death-penalty verdict on Counts 1 and 2. Id. at 316. The jury found the threshold factor that Basham intentionally engaged in an act of violence that created a grave risk of death. Id. The jury further found the statutory aggravating factor that the death occurred during a kidnapping and non-statutory aggravating factors that Basham escaped from jail, killed Samantha Burns, assaulted Carl Jordan, kidnapped and carjacked James Hawkins, attempted to murder Officer Davis, and impacted Alice Donovan's family. Id. The jury did not find future dangerousness as an aggravating factor. Id.

Basham appealed his conviction and sentence, raising evidentiary issues and issues regarding the jury foreperson's behavior, disqualification of defense counsel, sentencing,

3

and jury instructions. 561 F.3d at 316-335. The Fourth Circuit Court of Appeals, finding that Basham had received a fair trial, rejected all of Basham's contentions of error and affirmed the judgment of this Court. Id. at 339. On May 31, 2011, Basham's current counsel filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. The Government filed its Response in opposition on November 18, 2011. Basham's reply is due on March 2, 2012.

2. In his motion for post-conviction relief, Basham challenges the adequacy of the representation provided by the defense attorneys. He claims that his original counsel, Cameron Littlejohn and William Monckton, IV, were ineffective for permitting him to speak to law enforcement outside of their presence. Basham complains that his trial counsel, Jack Swerling and Gregory Harris, were ineffective for:

- failing to prepare and litigate the Jackson v. Denno hearing;

- excluding potential jurors with concerns about the death penalty;

- failing to request the Court to determine his competency to stand trial or failing to request a delay of trial until he was competent;

- permitting the psychiatric expert to medicate Basham "with a potent combination of drugs that rendered him incapable of properly assisting in his own defense";

- conceding in opening statements all indictment allegations against him except his "intent to cause death or serious bodily harm" in connection with

the carjacking;

- ignoring Basham's requests to exit the courtroom prior to an altercation between himself and the United States Marshal officers;

- failing to argue to the jury that his post-arrest statements to law enforcement officers were involuntary;

- continuing to represent him when counsel Swerling was hindered by a personal conflict of interest;

- failing to object to the admission of unfairly prejudicial prior act evidence during the guilt phase of his trial;

- failing to request the Court to admit at the penalty phase comments made by the Government at his co-defendant's trial concerning Basham's lesser culpability;

- failing to effectively cross-examine a key witness, to call rebuttal witnesses, and to respond to the Government's argument concerning the witness's testimony;

- failing to effectively examine Sheriff Ronald Hewett, eliciting damaging testimony from Hewett, and failing to mitigate the damaging testimony;

- failing to adequately investigate, develop, and present mitigating evidence at the penalty phase, including evidence of mental retardation and fetal alcohol spectrum disorder;

5

- failing to assemble a competent capital defense team or failing to supervise the defense team;

- failing to request that the Court trifurcate Basham's trial;

- failing to object to the Government's use of inconsistent theories;

- failing to object to the Government's argument regarding a causal nexus between mitigation evidence and the crime;

- failing to object to the Court's instruction regarding mitigation evidence;

- failing to investigate Juror Cynthia Wilson's untruthful statements;

- failing to provide appellate counsel with all files produced during the course of the trial.

Basham alleges that appellate counsel were ineffective for failing to raise claims that:

- he was deprived of an impartial jury because potential jurors with concerns about the death penalty were excluded;

- he was incompetent to stand trial;

- the Government engaged in misconduct by failing to correct allegedly false testimony by Sheriff Hewett;

- prejudicial prior act evidence was admitted during the guilt phase;

- the Government asserted a theory in his case that was inconsistent with the theory asserted in his co-defendant's case;

- the Government engaged in misconduct by arguing the requirement of a

6

causal connection between the mitigation evidence and the crime;

-     the Court's instruction to the jury on mitigating evidence violated his Eighth Amendment rights by creating a risk that the jurors would screen out statutory mitigating factors;

-     the Court's instructions to the jury violated his Fifth, Sixth, and Eighth Amendment rights because the jury was not required to find beyond a reasonable doubt that the appropriate punishment was death;

-     the Government failed to include necessary charges in the Indictment.

In sum, Basham's claims reach nearly every part of his trial.  Therefore, a review of counsel's files and records, and interviews with counsel must be broad in scope.

3.  As explained in the Memorandum of Law filed herewith,  applicable law makes clear that Basham's exhaustive claims of ineffective assistance of counsel waive the attorney-client privilege attaching to counsel's files and other materials, and the communications and advice passing between Basham and his former trial and appellate counsel.

4.  At a status conference on June 29, 2011, Basham's present counsel for his post-conviction motion, Michael Burke, made clear that habeas counsel object to any contact between the Government and Basham's former counsel.  Tr. June 29, 2011 at 23-27.

5.  The United States respectfully requests that the Court issue an Order finding that Defendant, Brandon Leon Basham, has waived the attorney-client privilege by filing

his motion for post-conviction relief pursuant to 28 U.S.C. § 2255, and directing

Basham's trial and appellate counsel and habeas counsel to disclose to the undersigned

counsel a copy of former counsel's files and records pertaining to their representation of

Basham, and finding that Basham's waiver allows his trial and appellate counsel to

discuss their representation of Basham with the Government.  Trial counsel were

Cameron Littlejohn, William Monckton, IV,  Jack Swerling, and Gregory Harris.

Appellate counsel were Timothy J. Sullivan, Melissa A. Meister, David W. DeBruin,

Stephen L. Ascher, Kali N. Bracey, Thomas G. Pulham, Eric R. Haren, and Melissa Cox.

6.  All information received by the Government will be used only for purposes

related to the current litigation.  It will be introduced only if it is relevant to claims in this

case.  Furthermore, the Assistant United States Attorneys who receive access to this

information will not be involved in subsequent litigation should Basham prevail on his

claims.

WHEREFORE, the United States respectfully requests that the Court issue an

Order finding that Defendant Brandon Leon Basham, has waived the attorney-client

privilege by filing his motion for post-conviction relief pursuant to 28 U.S.C. § 2255, and

directing defendant's former counsel to produce to the undersigned counsel a copy of all

files and records pertaining to their representation of Basham and communications and

advice passing between Basham and trial and appellate counsel.  The United States

further requests that the Court's order direct that former trial and appellate counsel make

8

themselves available to the Government to be interviewed regarding their representation

of Basham and Basham's claims of ineffective assistance of counsel.

<div style="margin-left: 45%;">

Respectfully submitted,

William N. Nettles
United States Attorney


s/Robert F. Daley, Jr.
Robert F. Daley, Jr. (ID No. 6460)
Jimmie Ewing (ID No. 7292)
Jeffrey Mikell Johnson (ID No. 10587)
William K. Witherspoon (ID No. 5945)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina  29201
(803) 929-3000

</div>

February 24, 2012