# Reply Exhibit 6

To: Melissa Meister
From: Eric Haren
Re: Competency

---

"The conviction of an accused person while he is legally incompetent violates due process." *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995). The test for whether a defendant is competent to stand trial "seeks to ascertain whether a criminal defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Drope v. Missouri*, 420 U.S. 162, 172 (1975) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)); *Mason*, 52 F.3d at 1289. The duty to inquire into this issue rests not only on defense counsel, but also upon the court itself in equal measure, as will be explained below.

In this matter, the district court abused its discretion by failing to order a hearing to determine Mr. Basham's competency after (1) the district court was made aware of the defendant's lifelong mental health issues; (2) the court observed his courtroom demeanor, where he simply could not focus and would fall asleep because of his medication during afternoon proceedings; (3) the district court observed the defendant getting into a scuffle with courtroom officers over "dip," which the court had "prescribed" in order to calm the defendant down at the defendant's request;[1] (4) the district court observed, and was made aware of repeatedly by the defendant's lawyers, that the defendant's inability to focus on the proceedings was distracting his attorneys from their duties; and (5) the defendant attempted to take his own life. These conditions created a situation where any reasonable jurist would have inquired into the defendant's competency, and the district court's failure to do so below consequently was an abuse of discretion.

Under the federal statute that governs this issue, the district court had an obligation – independent of any motion by defense counsel or the government – to order such a hearing. The statute says:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, *or shall order such a hearing on its own motion*, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (emphasis added). The text could not be clearer. If there is the relevant "reasonable cause," then the court *shall*: (a) grant the defendant's motion for a competency

---

[1] The district court admitted that, in attempting to deal with the defendant's courtroom demeanor, it was playing the role of an "armchair doctor." [cite].

hearing; (b) grant the government's motion for a competency hearing; or (c) grant a competency hearing on its own motion. *Id.*[2] The statute thus imposes an independent obligation upon district courts to inquire, by means of a hearing, into the competency of the defendant when such "reasonable cause" arises. *Mason*, 52 F.3d at 1289 ("The district court must *sua sponte* order a competency hearing if reasonable cause is demonstrated.") (citations omitted).

The statutory obligation imposed upon district courts by § 4241 is a codification of the duty imposed on lower courts by the Supreme Court. Two bedrock Supreme Court cases demonstrate the courts' obligation to enforce this due process principle: *Pate v. Robinson*, 383 U.S. 375, and *Drope v. Missouri*, 420 U.S. 162. In *Pate*, the Court held that a state court's failure to observe procedures adequate to protect a defendant's right to not be convicted while legally incompetent violated the Due Process Clause of the Fourteenth Amendment. Specifically, the defendant's counsel had claimed he was insane at the time of the crime at issue. The trial court denied such an inquiry was necessary and the state appellate courts affirmed, holding that the defendant had waived an inquiry into his competency.

The Supreme Court reversed, holding that the state court's failure to provide a defendant with a competency hearing was constitutional error when the defendant "had a history of erratic behavior" and mental illness, "suffered headaches during his childhood," and had varying degrees of outbursts through his life, including one instance where he "lost his mind and was pacing the floor saying something was after him." *Id.* at 378-79. The state had contended that, because the defendant had displayed "mental alertness and understanding . . . in his colloquies with the trial judge," *id.* at 385, the defendant was not entitled to a hearing. The Court rejected that contention, holding that such reasoning offered "no justification for ignoring" evidence of the defendant's past illnesses and irrational behavior. *Id.* at 386. The Court further held that while trial demeanor may be relevant, it cannot be dispositive on the issue of whether to hold a hearing; the court also must look to the medical evidence that it has available. *Id.*

---

[2] One court has suggested that, when the defendant does not raise the issue below, he must present before the court of appeals "facts sufficient to positively, unequivocally and clearly generate a real, substantial, and legitimate doubt as to his mental competence." *United States v. Teague*, 956 F.2d 1427, 1432 (7th Cir. 1992) (citing *United States v. Collins*, 949 F.2d 921, 927 (7th Cir. 1991)). We contend that the adoption of different standards is inconsistent with the statute's text, which says that whenever "reasonable cause" exists the district court *shall order* a competency hearing, regardless of whether a party moves for it. That burden is consistent with the Supreme Court cases on point, which require that "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975). Of course, if at a particular point (as occurred in this case), defense counsel does not believe a competency hearing is necessary and relates that belief to the district court, that may weigh on the district court's analysis of whether the defendant is competent at the time his counsel makes that representation. However, if later events unfold that establish "reasonable cause," then the district court does not get a pass, because it "must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope*, 420 U.S. at 181.

In *Drope*, the Court stressed that the need to protect this due process right is not a one-time affair, but rather a duty that continues throughout trial. "Even when a defendant is competent at the commencement of his trial, *a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial.*" *Drope*, 420 U.S. at 181 (emphasis added). The burden does not rest solely on counsel to raise the issue. Due process requires that courts, both federal and state, remain alert to the danger of a defendant's becoming incompetent during the trial. This is consistent with the text adopted by Congress in § 4241(a), which places an obligation on district courts to hold a competency hearing on its own motion if there is "reasonable cause" to believe the defendant is incompetent.

As noted above, the test for whether a defendant is competent to stand trial "seeks to ascertain whether a criminal defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Drope*, 420 U.S. at 172. The *Drope* Court also explained three factors relevant to that inquiry. First, "information concerning [a defendant's] suicide attempt" during trial, along with other evidence, "created a sufficient doubt of his competence to stand trial to require further inquiry on the question." *Id.* at 180. Second, "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but . . . even one of these factors standing alone may, in some circumstances, be sufficient." *Id.* at 180. That circumstance is essentially a restatement of the Court's holding in *Pate*, *i.e.*, that both courtroom conduct and the defendant's history are pertinent factual sources. And third, defense counsel's opinion on whether his client is competent at a particular point in time is relevant to the district court's own determination, because counsel is, in theory, closer to his client and has a good vantage point on that issue. *Id.* at 176-77.[3]

The rub of the Court's pronouncements in *Drope* combined with § 4241(a) means that whenever a consideration of the listed factors – attempts to harm oneself (suicide), mental health history, demeanor at trial, other irrational behavior, and counsel's opinion – creates "reasonable cause" to believe that the defendant is incompetent, the district court must hold a hearing to determine the defendant's competency. This was the Court's holding in *Pate* and *Drope*, where the Court held that the Due Process Clause of the Fourteenth Amendment mandated that state courts hold competency hearings when such conditions are present, despite the government's argument in *Pate* that the defendant had waived the issue.[4] Nevertheless, the district court's

---

[3] Counsel's opinion about whether his client is competent at a particular point in time is most relevant to whether the defendant is competent at that point in time. If later events develop, where, for example, the defendant has outbursts, attempts suicide, or is obviously unable to assist in his own defense, and counsel does not then voice a new opinion, his earlier opinion is of limited relevance. The district court's obligation under *Pate* and *Drope* is to assess whether there is reasonable cause to believe the defendant is incompetent using all evidence before the court.

[4] According to the Court, "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently waive his right to have the court determine his capacity to stand trial." *Pate*, 383 U.S. at 384.

failure to order a competency hearing is reviewed for abuse of discretion, with the Court of Appeals determining whether the district court's failure to act was arbitrary. *Mason*, 52 F.3d at 1289-90.[5]

---

[5] Reviewing a district court's failure to follow its own statutory obligation under § 4241(a) for an abuse of discretion seems an odd sort of review. There is no specific decision of the district court to review. There is instead only the entire trial record, the evidence presented to the court on various motions, and the evidence presented during the trial itself. Read in light of the statute, though, the review is not odd: if, at any point in the proceedings, the relevant "reasonable cause" exists, the district court's statutory obligation kicks in. 18 U.S.C. § 4241(a). The question on appeal therefore must be there a point during the trial where it would have been an abuse of discretion not to order a competency hearing.