# Reply Exhibit 17



# 𝕾𝖍𝖊𝖗𝖎𝖋𝖋
James R. Metts, Ed. D.

## LEXINGTON COUNTY SHERIFF'S DEPARTMENT

### INTERNAL AFFAIRS INVESTIGATIVE REPORT

Report # 98IA031
Date Initiated: 2 Nov 98
Investigator: Insp. Ned Banks

Complainant: A. Lewis McCarty
               Chief Deputy
Address:     Lexington County Sheriff's Department

### SYNOPSIS

On 12 October 1998, One Sandie Perry Isbill allegedly made a threatening phone call to an Ami Abbott. A report was made to LCSD (**Exhibit A**) was duly forwarded to Det. Jim Markley for action. On 20 October 1998 SGT Carlisle McNair informed Markley that he would have Isbill turn herself in to LCSD for arrest. Markley remarked that he had a tape of the threatening call so McNair stated that he wanted to hear the tape to see if he recognized Isbill's voice. In fact, McNair said that it was not Isbill on the tape and that Markley had no case. Later, Markley noticed that the tape of Isbill's call and his recorder were gone from his desk. Markley was told that McNair had the tape in Bond Court. In that the tape was removed from Markley's desk without his consent or knowledge, the chain of custody was broken and Markley complained to his superiors. LT George Brothers (**Exhibit C**) gave IO the file and told him that Chief McCarty had told him to initiate an internal investigation.

### INVESTIGATIVE FINDINGS

Markely states (**Exhibit B**) that McNair asked him if he could hear the voice on the tape. McNair stated (**Exhibit D**) that he had seen the initial report and, noting that it was for harassing phone calls, knew that Markley would have it. McNair stated that the voice did not sound like Isbill.

McNair states that Isbill is an informer who he has used from time to time. He states that he has endeavored to help her with her drug problem and has transported her to Richland Springs on two occasions. He states that he suspected that the complaint was a "Railroad Job" so wanted to keep Isbill out of harm's way if the voice was indeed, someone's other than her's. At a later date (the day Isbill got out of jail) McNair looked for Markley so that he could let some of Isbill's relatives hear the tape. Unable to locate Markley, and seeing the tape on Markley's desk, McNair put the tape and the recorder in his pocket and went to the Traffic Court. After conducting his business, he found Isbill's relatives outside Court and played the tape for them.

SGT McNair admits that he took the tape and broke the chain of custody. He states that he later completed a Chain of Custody form on the tape.

## CONFIDENTIAL
## INTERNAL AFFAIRS REPORT

B-00410

P.O. Box 639/Lexington, South Carolina 29071 (803) 359-8230, Fax # (803) 359-1162

A_42186

## CONCLUSION

The complaint that SGT Carlisle McNair removed a piece of evidence (the tape) from Det. Markley's desk, without permission and breaking the chain of custody, is SUSTAINED.

Ned Banks
Inspector, PSD
19 November 1998

Concur ☑     Non-Concur ☐

Mel Seboe
COL, Operations Bureau
Commanding

CONFIDENTIAL     B-00411
INTERNAL AFFAIRS REPORT

A_42187