# Reply Exhibit 24

Fax from   : 9 202 639 6091

04-01-08 03:43     Pg:   1

# FAX TRANSMITTAL     JENNER&BLOCK

Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington DC, DC 20005
Tel 202 639-6000
www.jenner.com

Chicago
Dallas
New York
Washington, DC

| | | | |
|---|---|---|---|
| Date: | April 1, 2008 | | |
| To: | Jack B. Swerling, Esq. | Fax: | 803 799-4059 |
| | | Voice: | |
| From: | Melissa A. Meister | Fax: | 202 661-4805 |
| | mmeister@jenner.com | Voice: | 202 639-6034 |
| Employee Number: | | Client Number: | 63020-10004 |

**Important:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**
Please read the enclosed letter. Thank you.

Total number of pages including this cover sheet: 7

Time Sent:

If you do not receive all pages, please call: 202 639-6000

Sent By:

Secretary:

Extension: 6034

Fax from   : 9 202 639 6091                                    04-01-08 03:43    Pg:  2

## JENNER&BLOCK

April 1, 2008

Jenner & Block LLP        Chicago
601 Thirteenth Street, NW   New York
Suite 1200 South          Washington, DC
Washington, DC 20005
Tel 202-639-6000
www.jenner.com

VIA FACSIMILE

Melissa A. Meister
Tel  202 639-6034
Fax  202 661-4805
mmeister@jenner.com

Jack B. Swerling, Esq.
1720 Main Street
Suite 301
Columbia, SC  29201

Re:    *United States v. Brenden Basham* Trial Files

Dear Mr. Swerling:

This letter is to follow up on the numerous requests that my co-counsel, Timothy J. Sullivan, and I have made for the trial files of our client, Branden Basham.  I understand that you are no doubt busy with other matters, but as you are aware, we have a firm deadline of April 29, 2008, by which to file Mr. Basham's appeal, and his trial files are essential to our ability to do so. Therefore, if I do not receive the files that I requested on Wednesday, March 31st, by 5:00 p.m. on Friday, April 4th, I will file a motion with the United States Court of Appeals for the Fourth Circuit, asking for court-ordered production of the files.

I appreciate your work-load and resources, but you have known of our need for the files since at least January 14, 2008, when Mr. Sullivan wrote you a letter requesting that you provide him with a set of Basham's trial files, or permit him access to the files in person.  Additionally, Mr. Sullivan met with you in person on January 29, 2008, and again requested Basham's files, which you stated that you would provide.  It is my understanding that Mr. Sullivan attempted to follow up on his requests via phone after the meeting, but was unable to reach you.

I contacted you via phone on March 26, 2008, and in an effort to be conciliatory and speed up the production of relevant files, I requested a list of specific items from Basham's trial files.  I then provided you with a written list of these items via e-mail on March 26, 2008, along with a Federal Express number so that neither you nor your firm would have to bear the expense of producing these documents.  I also informed you that I needed the items delivered to me by March 31st.  Alternatively, I offered to fly down to South Carolina on Monday, March 31st to retrieve relevant items myself, so as to avoid unnecessary burden on your resources.  I e-mailed you again on Thursday, March 27, 2008, to insure that you received the list of items necessary and you assured me via e-mail that you would "get someone on it."  When I did not receive any files on March 31st, I e-mailed you again to ask for production of the files and you stated that you "did not understand the urgency" and would "get with staff in am."

I am sure you understand the grave nature of a death penalty appeal and the necessity for a person facing imposition of the death penalty to be represented by able and informed counsel. Basham's trial files are essential to our ability, as counsel on appeal, to represent Basham ably and effectively.  I therefore hope that you can locate and provide, as quickly as possible, the

Jack B. Swerling, Esq.
April 1, 2008
Page 3

items that I requested last Wednesday (a list of which is attached to this letter). Conversely, if it is more administratively feasible for you, you are welcome to Federal Express all of Basham's trial files to me and I will go through them for the relevant materials. Thank you.

Sincerely,

Melissa A. Meister
Attorney

Enclosures

cc:     Tim Sullivan

Fax from   : 9 202 639 6091                                      04-01-08 03:44    Pg:   4

## Items Requested From Basham's Trial Files

(1)   The videotape of the Basham scuffle from 9/20/2004.  Please also include any audiotape recordings and/or transcripts.

(2)   Any and all motions regarding the disqualification of Monckton and Littlejohn.  These items are not listed on PACER, though we know them to exist.

(3)  The following motion:

12/11/2002          22  MOTION by Branden L Basham for determination of mental competency (amil) Modified on 12/13/2002 (Entered: 12/11/2002)

(4)   Any psychological report filed with the Court on behalf of Basham, including Dr. Schwartz-Watts' report.

(5)   Any transcript that you have of the following docket entry:

10/07/2004          775 : TRANSCRIPT OF MOTION HEARING/ with sealed envelope of sealed portion of hearing as to Brandon L Basham for dates of 8/2/04 before Chief Judge Joseph F. Anderson Jr held in Columbia Court Reporter: Debra Jernigan (mflo) Modified on 5/18/2006 (mflo, ). (Entered: 10/07/2004)

(6)   Any transcript or notes that you have of the Government's closing argument at the guilt phase of Fulks' trial, which was on 6/29/2004.

I also have a number of motions from the Fulks' trial that I would appreciate, to the extent you have them.  They are as follows:

4:02-cr-00992-JFA-1

10/09/2003          176  MOTION by Chadrick E Fulks for Bill of Particulars , and Renewal Motion for Disclosure of intent to use evidence of other crimes, wrongs or acts under Rule 404(b) (mflo) (Entered: 10/09/2003)

12/31/2003          214  MOTION by Chadrick E Fulks in limine to exclude evidence of unadjudicated offenses or in the alternative to establish procedure for pretrial determination of admissibility of such evidence and for specified burden of proof to be sustained by the Government with respect to unadjudicated offenses offered at the sentencing phase (mflo) (Entered: 12/31/2003)

12/31/2003          219  MOTION by Chadrick E Fulks to preclude or place substantive limitations on and establish procedural protections for the

|            |     | admissibility and consideration of victim impact evidence (mflo) (Entered: 12/31/2003) |
|------------|-----|---|
| 05/10/2004 | 560 | RE-FILED MOTIONS by Chadrick E Fulks to preclude or place substantive limitations on and establish procedural protections for the admissibility and consideration of victim impact evidence , to allow allocution without cross examination during penalty phase , in limine to exclude evidence of unjudicated offenses, or in the alternative to establish procedure for pretrial determination of admissibility of such evidence, and for specified burden of proof to be sustained by the government with espect to unadjudicated offenses offered at the sentencing phase , to strike and/or limit aggravating factors , to strike (mflo) (Entered: 05/10/2004) |
| 05/24/2004 | 581 | MOTION by Chadrick E Fulks in limine to exclude the government from referring in opening statement to any unadjudicated prior offenses and from introducing evidence of such offenses prior to a realiability hearing (mflo) (Entered: 05/24/2004) |
| 05/24/2004 | 583 | MOTION by Chadrick E Fulks in limine to exclude for the government from relying upon evidence of certain alleged prior bad acts due to non complaince with notice requirement (mflo) (Entered: 05/24/2004) |
| 05/26/2004 | 597 | RESPONSE by USA as to Chadrick E Fulks re [583-1] motion in limine to exclude for the government from relying upon evidence of certain alleged prior bad acts due to non complaince with notice requirement (mflo) (Entered: 05/26/2004) |
| 05/27/2004 | 599 | MOTION HEARING as to Chadrick E Fulks held before Chief Judge Joseph F. Anderson Jr ORAL ORDER tentative denied [589-1] motion in limine to prohibit evidence of the abuse of Myles Evans as to Chadrick E Fulks (1), under advisement [588-1] motion for appropriate limitations on admission and consideration of evidence in support of non statutory aggravating factors as to Chadrick E Fulks (1), granted in part and denied in part [586-1] motion in limine to exclude to redact portions of letters as to Chadrick E Fulks (1), denying [585-1] motion for John Blume and William Nettles to withdraw as attorney as to Chadrick E Fulks (1), under advisement [584-1] motion in limine to exclude to limit admission and consideration of evidence in support of future dangerousness to information showing that defendant poses a future danger within the confines of a Federal Prison as to Chadrick E Fulks (1), denied [583-1] motion in limine to exclude for the government from relying upon evidence of certain alleged prior bad acts due to non complaince with notice requirement as to Chadrick E Fulks (1), mooting [582-1] |

motion for Disclosure of exculpatory material information as to Chadrick E Fulks (1), denied in part and tentative granted in part [581-1] motion in limine to exclude the government from referring in opening statement to any unadjudicated prior offenses and from introducing evidence of such offenses prior to a realiability hearing as to Chadrick E Fulks (1), mooting [566-1] motion to preclude the Government from utilizing jailhouse snitch testimony as to Chadrick E Fulks (1), mooting [565-1] motion for Disclosure of Government communications with witnesses presently exposed to criminal liability as to Chadrick E Fulks (1), under advisement [560-1] motion to preclude or place substantive limitations on and establish procedural protections for the admissibility and consideration of victim impact evidence as to Chadrick E Fulks (1), under advisement [560-2] motion to allow allocution without cross examination during penalty phase as to Chadrick E Fulks (1), under advisement [560-3] motion in limine to exclude evidence of unjudicated offenses, or in the alternative to establish procedure for pretrial determination of admissibility of such evidence, and for specified burden of proof to be sustained by the government with espect to unadjudicated offenses offered at the sentencing phase as to Chadrick E Fulks (1), under advisement [560-4] motion to strike and/or limit aggravating factors as to Chadrick E Fulks (1), terminated [560-5] motion to strike as to Chadrick E Fulks (1); detailed order to be filed on these rulings; Court Reporter: Gary Smith. (mflo) Modified on 05/28/2004 (Entered: 05/27/2004)

05/28/2004    600    ORDER NO. 43 as to Chadrick E Fulks remains under adisement [589-1] motion in limine to prohibit evidence of the abuse of Myles Evans, denied [588-1] motion for appropriate limitations on admission and consideration of evidence in support of non statutory aggravating factors, denied [585-1] motion for John Blume and William Nettles to withdraw as attorney, denied [584-1] motion in limine to exclude to limit admission and consideration of evidence in support of future dangerousness to information showing that defendant poses a future danger within the confines of a Federal Prison, denied [583-1] motion in limine to exclude for the government from relying upon evidence of certain alleged prior bad acts due to non complaince with notice requirement, mooting [582-1] motion for Disclosure of exculpatory material information, granted in part and denied in part [581-1] motion in limine to exclude the government from referring in opening statement to any unadjudicated prior offenses and from introducing evidence of such offenses prior to a realiability hearing, mooting [566-1] motion to preclude the Government from utilizing jailhouse snitch testimony, mooting

Fax from   : 9 202 639 6091                                        04-01-08 03:45     Pg:  7

[565-1] motion for Disclosure of Government communications with witnesses presently exposed to criminal liability, denied in part and deferred in part until trial [560-1] motion to preclude or place substantive limitations on and establish procedural protections for the admissibility and consideration of victim impact evidence, denied [560-2] motion to allow allocution without cross examination during penalty phase, denied in part and granted in part [560-3] motion in limine to exclude evidence of unjudicated offenses, or in the alternative to establish procedure for pretrial determination of admissibility of such evidence, and for specified burden of proof to be sustained by the government with espect to unadjudicated offenses offered at the sentencing phase, remains under advisement [560-4] motion to strike and/or limit aggravating factors, terminated [560-5] motion to strike (Signed by Chief Judge Joseph F. Anderson Jr ) (mflo) (Entered: 05/28/2004)

| | | |
|---|---|---|
| 06/18/2004 | 632 | TRANSCRIPT OF MOTIONS HEARING as to Chadrick E Fulks, Branden L Basham for dates of 1/15/03 before Chief Judge Joseph F. Anderson Jr held in Columbia Court Reporter: Jack Clarke (mflo) Modified on 5/31/2006 (mflo, ). (Entered: 06/18/2004) |
| 05/24/2004 | 584 | MOTION by Chadrick E Fulks in limine to exclude to limit admission and consideration of evidence in support of future dangerousness to information showing that defendant poses a future danger within the confines of a Federal Prison (mflo) (Entered: 05/24/2004) |

4

TOTAL P.07