UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:02-992-JFA |
| Plaintiff, | Judge Joseph F. Anderson, Jr. |
| -v- | Motion to Strike Government's Memorandum in Reply (Dkt. 1486), or in the alternative, Motion to File Surreply |
| BRANDON LEON BASHAM, | |
| Defendant. | |

Brandon Basham, through undersigned counsel, respectfully requests that the Court strike the Government's Memorandum in Reply to Petitioner's Opposition to the Government's Motion for a Ruling on Waiver of the Attorney-Client Privilege and for an Order Requiring Disclosure of Counsel's Papers and Files ("Reply"). (Dkt. 1486.)  The Reply is filed in violation of Local Civil Rule 7.05(B)(2) (page limitation on replies) and Local Criminal Rule 12.04(B)(2) (same).[1]  Both the local civil and criminal rules expressly provide that "no memorandum shall exceed . . . 15 double-spaced pages, in the case of any reply" "[u]nless an exception is granted by the Court."  Local Civil Rule 7.05(B)(2); Local Criminal Rule 12.04(B)(2).  Without

_____

[1] The Reply is also filed in violation of  Local Civil Rule 7.05(A)(4), which requires the filing party to provide copies of unpublished decisions cited.  The Reply cites unpublished district court decisions on pages 7 and 8.

1

obtaining leave of this Court, the Government has filed a Reply that is twenty pages in length. Accordingly, Mr. Basham respectfully requests that the Court strike the Reply and order the Government either to file a reply in compliance with local rules or seek leave to file an oversized pleading.

In addition, the Government's current pleading includes arguments not presented in its original motion, including arguments that (1) contrary to the plain language of its original motion, the Government "has not restricted its disclosure request to documents or information covered by the attorney-client privilege" (Reply at 4); and (2) Mr. Basham has waived the work product privilege under Federal Rule of Evidence 502 (Reply 13-18).[2] Because Mr. Basham has not been afforded an opportunity to respond to these newly presented arguments, it would be unfair for the Court to rule on the Government's motion without first permitting him to respond to them. Accordingly, in the event that the Government seeks leave to file its current, oversized pleading, and the Court grants such a motion, Mr. Basham requests that the Court permit him to file a surreply addressing the Government's new arguments.

---

[2]Mr. Basham observes that the Government's Rule 502 argument, which it has not previously made, appears to comprise five pages of its "Reply," the precise amount by which its pleading exceeds the limitations set by the local rules.

### CONCLUSION

For the foregoing reasons, Mr. Basham respectfully requests that the Court strike the Government's Reply and order it to file a reply in conformance with local rules, or in the alternative, that it permit Mr. Basham the opportunity to file a surreply addressing the Government's new arguments.

Respectfully submitted this 19th day of March, 2012.

s/Julia Grace Mimms
Julia Grace Mimms
Law Office of Julia G. Mimms, P.A.
1001 Elizabeth Avenue, Suite 1A
Charlotte, North Carolina 28204
Telephone: (704) 333-1301
Facsimile: (704) 333-1290

s/Michael L. Burke
Michael L. Burke (Arizona Bar No. 013173)
Sarah Stone (Arizona Bar No. 022713)
Assistant Federal Public Defenders
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
sarah_stone@fd.org
Telephone: (602) 382-2818
Facsimile: (602) 889-3960

Attorneys for Defendant
Brandon Leon Basham

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this document through the Court's system.

s/Nancy Rangel
Legal Assistant
Capital Habeas Unit