UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:02-992-JFA |
| Plaintiff, | Judge Joseph F. Anderson, Jr. |
| -v- | Defendant's Surreply to Government's Memorandum in Reply to Petitioner's Opposition to Motion for a Ruling on Waiver of the Attorney-Client Privilege Resulting from Defendant's Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255, and for an Order Requiring Disclosure of Trial and Appellate Counsel's Papers and Files |
| BRANDON LEON BASHAM, | |
| Defendant. | |

Mr. Basham agrees that, in light of some of the claims of ineffective assistance of counsel raised in his § 2255 Motion, the Government is entitled to access to *portions* of his prior attorneys' records. He disagrees, however, with the Government's overbroad and unsupported argument that it is entitled to the entirety of all of those attorneys' files. This assertion by the Government is not justified by the case law on attorney-client privilege, work-product privilege, Federal Rule of Evidence 502, or the myriad cases addressing discovery in civil proceedings. As in any complex civil case, Mr. Basham has an obligation to provide the Government with reasonable discovery, but the Government has provided this Court with no basis

1

for granting it the unfettered access to privileged materials and information that it seeks.

### Implied Waiver of the Attorney-Client and Work-Product Privileges

In his memorandum in opposition (Dkt. 1481) to the Government's motion (Dkt. 1456), Mr. Basham discussed the limitations on use of implied waiver of the attorney-client privilege in cases alleging ineffective assistance of counsel. (Dkt. 1481 at 5-6.) Those same limitations, especially the requirement that the Court "narrowly tailor" the scope of the waiver, apply with equal force to an implied waiver of the work-product privilege. *See Bittaker v. Woodford*, 331 F.3d 715, 722 n. 6 (9th Cir. 2003) (en banc).

In its reply to Mr. Basham's opposition, however, the Government has made no attempt to assist this Court in its duty to narrowly tailor the scope of the implied waivers of the attorney-client and work-product privileges in this case. Instead, the Government simply reasserts its demand for disclosure of the entirety of prior counsel's files. (*See, e.g.*, Dkt. 1486 at 7 ("Basham's claims of ineffective assistance are so sweeping that the Government must review the entire trial and appeal files to prepare an adequate response.")[1].)

---

[1]This argument, of course, overlooks the fact that the Government *has* "responded" to Mr. Basham's claims of ineffective assistance of counsel. In its

2

The Government maintains that, because Mr. Basham's claims of ineffective assistance of counsel "'reach nearly every part of his trial'" and "span 'the course of extended pre-trial, trial and sentence phases,'" it is entitled to a delve through the entirety of prior counsel's files. This argument, however, ignores the language of *Bittaker*, a widely-cited decision endorsed by the Fourth Circuit, *see United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010), requiring a federal court to narrowly tailor the scope of any implied waiver. By relying on vague assertions that Mr. Basham's claims are "sweeping" and that they "challenge[] the performance of his trial and appellate counsel at nearly every stage of the proceedings" (Dkt. 1486 at 7, 9), the Government seeks to avoid the difficult, but necessary, task of specifying the precise subject matter areas of privileged information for which they have a "true need and without which they may be unfairly prejudiced in their defense." *Greater Newburyport Clamshell Alliance v. Pub. Serv. Co.*, 838 F.2d 13, 22 (1st Cir. 1988).

---

lengthy opposition to the § 2255 Motion (*see* Dkt. 1416), the Government proffered detailed explanations and justifications for trial and appellate counsel's alleged ineffectiveness. Although Mr. Basham recognizes that the Government may have a need to review portions of prior counsel's files to adequately prepare for the evidentiary hearing in this case, he challenges the Government's assertion that it cannot possibly "respond" to the IAC claims without unfettered access to privileged materials. The Government's memorandum in opposition stands as proof of its ability to respond to the claims in a meaningful way.

### Intentional Disclosure Made in a Federal Proceeding:
### Federal Rules of Evidence 502(a)

Mr. Basham acknowledges that, by voluntarily disclosing as part of this federal proceeding certain portions of trial and appellate counsel's file that would otherwise be privileged, he has implicated Federal Rule of Evidence 502(a). Contrary to the Government's contention, however, Mr. Basham's voluntary disclosure of certain privileged materials relevant to specific claims of ineffective assistance did not open the floodgate to mandatory disclosure of all of prior counsel's files.

Rule 502(a) provides:

> When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
>
> (1)    the waiver is intentional;
>
> (2)    the disclosed and undisclosed communications or information concern the same subject matter; and
>
> (3)    they ought in fairness to be considered together.

The Government argues that, because Mr. Basham disclosed certain privileged materials relevant to some of his claims of ineffective assistance of counsel, it is entitled to all other privileged documents because they "concern the same subject matter: Basham's representation by his trial and appellate attorneys." (Dkt. 1486 at 15.) The Government's definition of "same subject matter" is unreasonably

overbroad, and demonstrates that the Government has not made a meaningful effort to limit the scope of its disclosure request to information it truly needs to litigate this case. *See, e.g., Blue Lake Forest Products, Inc. v. United States*, 75 Fed. Cl. 779, 794-95 (Fed. Cl. 2007) (narrowly defining "same subject matter" in context of disclosure of privileged materials).

Mr. Basham recognizes his potential obligation pursuant to Rule 502(a) to disclose any additional privileged materials "concern[ing] the same subject matter" as claims for which he has already voluntarily disclosed privileged information. More specifically, he recognizes his obligation to make such disclosure necessary "to prevent a selective and misleading presentation of evidence to the disadvantage of [his] adversary." Rule 502(a) (Advisory Committee Notes 2007). He objects, however, to the Government's grossly overbroad and legally insupportable interpretation of what constitutes the "same subject matter."

### Use of a Privilege Log Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)

Although prior counsel's files in this case are voluminous, only a small portion of those files likely contain information protected by the attorney-client or work-product privileges. If the Court determines that disclosure of those files is warranted in this case, the most reasonable course of action for the Court to take is to order

disclosure of prior counsel's records subject to Mr. Basham's withholding of the limited materials he believes are privileged and are not otherwise required to be disclosed pursuant to Federal Rule of Evidence 502(a). Mr. Basham can then assert his attorney-client and work-product privileges pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) and provide the Government with a privilege log of materials he does not produce. *See, e.g., N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (describing privilege log). From such a log, the Government could determine whether it has a good-faith argument for disclosure of any of the withheld documents. Such a procedure occurs every day in complex federal cases, and there is no reason that discovery in this complex § 2255 proceeding cannot be conducted in a similar manner.

### Interviews of Prior Counsel

In his memorandum in opposition (Dkt. 1481 at 12), Mr. Basham indicated that he does not oppose the Government's request to interview prior counsel, *provided that his current counsel are present for any and all interviews.* The Government does not address this particular aspect of Mr. Basham's argument in its reply, and thus presumably concedes that undersigned counsel have the right to be present for any such interviews in order to assert Mr. Basham's attorney-client privilege, should it become necessary.

In its reply, the Government reasserts its request that this Court "authorize Basham's former counsel to make themselves . . . available for interviews . . . ." (Dkt. 1486 at 19 n.3.)  It avers that it "will take steps to ensure the information [obtained] will be used only in response" to claims raised in the § 2255 Motion.  (*Id.*)  The Government, however, does not argue, nor could it reasonably argue, that these interviews can or should be conducted outside the presence of undersigned counsel. Although the Government purports to assure the Court that "Basham's former counsel will independently honor their professional obligations" (Dkt. 1486 at 19 n.3), it is not clear how the Government is in a position to make such an avowal on behalf of attorneys not under its authority and control.  More importantly, the attorney-client privilege belongs to the client, and it is only through the presence of his current counsel at any interview of prior counsel that he can enforce that privilege.

## CONCLUSION

For the foregoing reasons, Mr. Basham asks that the Court deny the Government's overbroad request for disclosure of all files of prior counsel.  To the extent that the Court determines that disclosure is necessary or appropriate, Mr. Basham requests that the Court permit his present attorneys to effectuate disclosure of prior counsel's records consistent with the provisions of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.  Mr. Basham also requests that, if this Court grants

the Government permission to interview prior counsel, it order that undersigned

counsel must be permitted to attend any and all such interviews.

Respectfully submitted this 28th day of March, 2012.

s/Julia Grace Mimms
Julia Grace Mimms
Law Office of Julia G. Mimms, P.A.
1001 Elizabeth Avenue, Suite 1A
Charlotte, North Carolina 28204
Telephone: (704) 333-1301
Facsimile: (704) 333-1290

s/Michael L. Burke
Michael L. Burke (Arizona Bar No. 013173)
Sarah Stone (Arizona Bar No. 022713)
Assistant Federal Public Defenders
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
sarah_stone@fd.org
Telephone: (602) 382-2818
Facsimile: (602) 889-3960

Attorneys for Defendant
Brandon Leon Basham