IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 4:02-992-JFA |
| | ) | |
| | ) | ORDER GRANTING GOVERNMENT'S |
| | ) | MOTION FOR A RULING ON WAIVER |
| v. | ) | OF THE ATTORNEY-CLIENT PRIVILEGE |
| | ) | AND FOR AN ORDER REQUIRING |
| | ) | DISCLOSURE OF COUNSEL'S PAPERS |
| | ) | AND FILES |
| Brandon Leon Basham. | ) | |
| | ) | |

This matter comes before the court on the Government's Motion for a Ruling on Waiver of the Attorney-Client Privilege Resulting from Defendant's Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255, And for an Order Requiring Disclosure of Trial and Appellate Counsel's Papers and Files. (ECF No. 1456). In its motion, filed on February 24, 2012, the Government asks this court for an order ruling that the petitioner, Brandon Leon Basham, has waived the attorney-client privilege by filing his motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The Government further asks this court to compel the production of all files and records relating to Basham's trial and appellate counsel's representation of Basham. The Government asserts that these files are necessary for its preparation for any hearing on the post-conviction motion. Finally, the Government asks this court to find that Basham's waiver of the attorney-client privilege allows his former trial and appellate counsel to discuss their representation of Basham and Basham's claims of ineffective assistance of counsel with the Government.

1

On March 12, 2012, Basham filed a response in opposition to the Government's motion, asserting that the Government's requests are overbroad and legally insupportable. (ECF No. 1481). The Government then filed a reply to Basham's response on March 19, 2012 (ECF No. 1486), and on March 28, 2012, Basham filed a surreply (ECF No. 1494). For the reasons that follow, the court grants the Government's motion.

Of the thirty-four claims that Basham raises in his 169-page Motion for Collateral Relief Pursuant to 28 U.S.C. § 2255, twenty-five are claims of ineffective assistance of counsel by either Basham's trial or appellate counsel.[1] Before considering the Petitioner's § 2255 claims, the court reviews the pertinent Fourth Circuit law on the attorney-client privilege and the work product privilege.

I.  Case Law

   A.  Attorney-Client Privilege

The Fourth Circuit has observed that because the attorney-client privilege "'impedes the full and free discovery of the truth,' it must be 'narrowly construed and recognized only to the very limited extent that excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth.'" *In re: Grand Jury Subpoena v. Under Seal*, 341 F.3d 331, 335 (4th Cir. 2003) (quoting *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998)); *see also United States v. Aramony*, 88 F.3d 1369, 1389 (4th Cir. 1996) (the attorney-client

---

[1] Since filing his Petition for Collateral Relief, Basham has withdrawn claims 8 and 31. Both of these claims asserted ineffective assistance of counsel. As such, based on Basham's Reply to Memorandum of Law of the United States in Opposition to Defendant's Motion for Collateral Relief Pursuant to 28 U.S.C. § 2255 (ECF No. 1465), only thirty-two claims remain in Basham's § 2255 Motion—of these, twenty-three allege ineffective assistance of counsel.

privilege interferes with the truth-seeking mission of the legal process because it is in derogation of the public's right to every man's evidence). Therefore, "the privilege 'is not favored by federal courts' and 'is to be strictly confined within the narrowest possible limits consistent with the logic of its principle.'" *Aramony*, 88 F.3d at 1389 (quoting *In re: Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984)). "The burden is on the proponent of the attorney-client privilege to demonstrate its applicability. The proponent must establish . . . that the particular communications at issue are privileged and that the privilege was not waived." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (internal citation omitted).

It is well-settled that when a defendant moves to vacate his conviction by claiming ineffective assistance of counsel, he waives the attorney-client privilege. *See e.g.*, *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) (by alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, petitioner put at issue—and thereby waived—any privilege that might apply to the contents of his conversations with these attorneys to the extent those conversations bore on his attorneys' strategic choices); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1984); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967). By attacking the representation of his counsel, Basham has publicly assailed counsel's competence and put at issue privileged communications with them.

B.   Work Product Privilege

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege

as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (*en banc*); *see also Dunlap v. United States*, 2011 WL 2693915, at *2 (D.S.C. 2011) (Harwell, J.) (citing case for same proposition). This rule "applies equally to the work product privilege, a complementary rule that protects many of the same interests." *Bittaker*, 331 F.3d at 722 n. 6; *see also Alvarez v. Woodford*, 81 F. App'x 119, 120 (9th Cir. 2003) (unpublished) ("As to the work product doctrine, we explained in *Bittaker* that the same concerns that dictate waiver of the attorney-client privilege by a habeas petitioner raising an ineffectiveness claim also dictate the waiver of the work product protection.").

II.  Analysis

Although the Petitioner concedes that "in light of some of his claims for ineffective assistance of counsel raised in his § 2255 Motion, the Government is entitled to access portions of his prior attorneys' records," he disagrees that the Government is entitled to the entirety of his trial and appellate counsel's files. (ECF No. 1494). Petitioner further argues that the Government has failed to assist this court in narrowly tailoring the scope of the waivers of the attorney-client and work product privileges in this case. According to Basham, only a small portion of the voluminous files of his trial and appellate counsel are likely to contain information protected by the attorney-client or work product privileges. Petitioner contends that he should be able to disclose to the Government the documents of his former counsel that are not privileged and that he should further be able to withhold privileged documents and to provide the Government with a privilege log for those documents. As to any interviews between the Government

and Basham's former counsel, Basham contends that his current counsel should be present for those interviews in order to assert his attorney-client privileges.

A.  Petitioner's § 2255 Claims

Despite Petitioner's arguments that he has not waived either his attorney-client privilege or the work product privilege, his § 2255 Motion clearly calls into public question the competence of his trial and appellate attorneys. Moreover, the claims that Basham raises in his motion "reach nearly every part of his trial" and span "the course of extended pre-trial, trial, and sentencing phases." (ECF No. 1456, p. 6–7). Such wide-ranging claims necessitate this court's finding that Basham has waived his attorney-client and work product privileges in this case. The following claims asserted by Basham in his § 2255 motion demonstrate the breadth of his claims of ineffective assistance of counsel:

> Claim 1: Petitioner's trial counsel were ineffective when his lawyers permitted him to speak with law enforcement officers outside of their presence and failed to advise him that his statements could be used against him.
>
> Claim 2: Petitioner's trial counsel were ineffective for failing to prepare for and/or effectively litigate the *Jackson v. Denno* Hearing in his case.
>
> Claim 3: Petitioner's appellate counsel were ineffective for failing to raise the court's deprivation of Petitioner's right to an impartial jury by excluding potential jurors whose concerns about the death penalty would not have substantially impaired the performance of their duties.
>
> Claim 5: Petitioner's trial counsel were ineffective for failing to request that the court determine Petitioner's competency to stand trial. In the alternative, Petitioner's trial counsel were ineffective for failing to request that the trial be delayed or postponed until Petitioner was competent.
>
> Claim 7: Petitioner's appellate counsel were ineffective for failing to raise the issue of Petitioner's incompetency on appeal.

5

Claim 9: Petitioner's trial counsel were ineffective for conceding to the jury all indictment allegations against Petitioner except for Petitioner's "intent to cause death or serious bodily harm" in connection with the alleged carjacking.

Claim 10: Petitioner's trial counsel were ineffective for ignoring their client's repeated requests to exit the courtroom immediately before an altercation between Petitioner and United States Marshals.

Claim 12: Petitioner's appellate counsel were ineffective for failing to raise the issue of the Government's misconduct on appeal.

Claim 13: Petitioner's trial counsel were ineffective for failing to argue to the jury that Petitioner's post-arrest statements to law enforcement officers were involuntary.

Claim 14: Petitioner's trial counsel was ineffective because his attorney, Jack Swerling, was hindered by a personal conflict of interest.

Claim 15: Petitioner's trial counsel were ineffective for failing to properly object to the admission of unfairly prejudicial prior act evidence during the guilt phase of Petitioner's trial. Petitioner's appellate counsel was similarly ineffective for failing to raise the issue on appeal and for conceding the admissibility of evidence concerning the Burns kidnapping.

Claim 16: Petitioner's trial counsel were ineffective for failing to request that the court admit in the penalty phase of Petitioner's trial comments made by the Government at his co-defendant's trial concerning Petitioner's lesser culpability.

Claim 17: Petitioner's trial counsel were ineffective for (a) failing to effectively cross-examine a key Government witness, (b) failing to call rebuttal witnesses to challenge the Government witness's testimony, and (c) failing to respond to the Government's argument concerning the witness's testimony.

Claim 18: Petitioner's trial counsel were ineffective for (a) failing to effectively cross-examine Sheriff Ronald Hewitt, (b) eliciting damaging testimony from Hewett, and (c) failing to mitigate the damage caused by counsel's deficient cross-examination of Hewett.

Claim 19: Petitioner's trial counsel were ineffective for failing to adequately investigate, develop, and present mitigating evidence at the penalty phase of Petitioner's trial.

Claim 20: Petitioner's trial counsel were ineffective for failing to assemble a competent capital defense team. In the alternative, Petitioner's trial counsel were ineffective for failing to adequately supervise the team they assembled.

Claim 21: Petitioner's trial counsel were ineffective for failing to request that the court trifurcate Petitioner's trial.

Claim 23: Petitioner's trial counsel were ineffective for failing to object to the Government's use of inconsistent theories at Petitioner's trial and at the trial of Petitioner's co-defendant. Petitioner's appellate counsel were ineffective for failing to raise the issue on appeal.

Claim 24: Petitioner's trial counsel were ineffective for failing to object to the Government's misconduct by arguing a causal nexus requirement to persuade the jury not to give effect to Petitioner's mitigating evidence. Petitioner's appellate counsel were ineffective for failing to raise the issue on appeal.

Claim 25: Petitioner's trial counsel were ineffective for failing to object to the court's instruction to the jury on mitigating evidence. Petitioner's appellate counsel were ineffective for failing to raise the issue on appeal.

Claim 26: Petitioner's appellate counsel were ineffective for failing to raise the issue concerning the court's instructions to the jury concerning the standard for finding that death was an appropriate punishment.

Claim 27: Petitioner's trial counsel were ineffective for failing to investigate easily identifiable instances of juror Cynthia Wilson's misconduct.

Claim 30: Petitioner's trial counsel were ineffective for failing to provide Petitioner's appellate counsel all files produced in the course of representing Petitioner.

As evident from the above list of claims concerning ineffective assistance of counsel, it is difficult to imagine a category of matters that are not encompassed by the claims raised in the § 2255 motion.

B. Attorney-Client Privilege

Basham contends that "although he has raised several claims of ineffective assistance of counsel, only a handful of those claims implicate the attorney-client privilege." (ECF No. 1481). Specifically, Basham asserts that the attorney-client privilege is not implicated in many of his ineffective assistance of counsel claims because the communications between Petitioner and counsel are not relevant to the failures of Petitioner's trial counsel. However, claims 5 and 7, alone, implicate all communications between Petitioner and his trial and appellate counsel. As the Government points out, Basham alleges that his trial counsel were ineffective for failing to recognize that he was incompetent to stand trial even though there were numerous indications of Basham's incompetency; therefore, at least these claims implicate Basham's communications with his attorneys both before, during, and after trial. "A review of counsel's files is needed to respond to Basham's contention that 'his defense attorneys were aware that he was unable to communicate with them about his case in a rational manner.'" (ECF No. 1486).

Fourth Circuit law requires Basham to show which communications at issue remain protected by the attorney-client privilege. *See United States v. Jones*, 696 F.2d 1069, 1072 (1982). Although Basham points to specific claims of ineffective assistance of counsel in his § 2255 Motion, which he asserts do not implicate privileged communications, he fails to show any communications that remain protected by the

8

attorney-client privilege. Having failed to do so, the court is constrained to find Petitioner has waived the attorney-client privilege as to all information related to any of the claims he asserts in his § 2255 Motion.

C. Work Product Privilege

Petitioner provides little discussion on the work product privilege other than his contention that he intends to assert such a privilege. Based on both the wide-ranging scope of Basham's § 2255 claims and Basham's repeated questioning of trial and appellate counsel's strategies, this court finds that Petitioner has waived any work product privilege.

D. Interviews with Prior Counsel

Petitioner's counsel assert that they have a right to be present for any interviews in order to assert Petitioner's attorney-client or work product privileges. However, because this court finds that Petitioner has waived his attorney-client privilege and any work product privilege with regards to issues raised in his § 2255 Motion, there is no need for Petitioner's current counsel to be present at any of the Government's interviews with Petitioner's trial and appellate counsel.

III. Conclusion

Based on the exhaustive scope of Petitioner's claims of ineffective assistance of counsel in his § 2255 Motion, this court finds that Petitioner has impliedly waived both the attorney-client privilege and the work product privilege with regards to pre-trial, trial, sentencing, and appeal matters. Petitioner's numerous claims of ineffective assistance make it necessary for his former attorneys to provide information regarding those claims,

9

and, as such, this court authorizes Basham's former counsel to make themselves and their files available for interviews and inspection, respectively. Petitioner's current counsel need not be present for any interviews between the Government and Petitioner's former counsel. The Government may schedule interviews at a time and place convenient to the Government and to Basham's former counsel and shall notify Basham's present counsel. Present counsel may attend the interviews if they desire, but they may not cause a rescheduling of the interviews.

This court hereby grants the Government's Motion for a Ruling on Waiver of the Attorney-Client Privilege Resulting from Defendant's Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255, And for an Order Requiring Disclosure of Trial and Appellate Counsel's Papers and Files. (ECF No. 1456). Accordingly, this court (1) orders the disclosure of Petitioner Brandon Basham's trial and appellate counsel's papers and files; (2) rules that Petitioner has waived any attorney-client privilege and any work product privilege as to those documents; and (3) authorizes Petitioner's former trial and appellate counsel to speak with Government attorneys about Petitioner's claims of ineffective assistance of counsel without the presence of Petitioner's current counsel. Additionally, as to any documents of trial or appellate counsel that the Government copies, the Government is instructed to make a duplicate copy (whether a hard copy or an electronic copy) and to deliver such copied documents to Basham's current counsel.

Furthermore, the Government will not use information received from Basham's former counsel in any re-prosecution of Basham in the event that his sentence is vacated. Furthermore, the Government will not use and will not make copies of any material or

information in trial counsel's files that is not related or relevant to a claim in Basham's § 2255 Motion. In the event that a retrial is necessary, the court will not permit any counsel for the Government who has viewed purportedly privileged documents contained in the Petitioner's files to participate in the retrial of the case against him, nor interact or communicate with counsel who retry the case.

IT IS SO ORDERED.

April 4, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge