IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON LEON BASHAM | ) | |
| | ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION
TO PETITIONER'S MOTION TO EXTEND STAY

Brandon Basham has asked this Court to continue its order of April 10, 2012 (Dkt # 1504), which temporarily stayed its prior discovery order (Dkt # 1496) allowing the Government to interview Basham's former counsel and to review their files. See Motion to Continue Stay Order, Dkt # 1512. In its April 10 order, the Court entered a 60-day stay (set to expire on June 11, 2012) so Basham could seek an interlocutory appeal of the discovery order. On May 30, 2012, the Fourth Circuit dismissed Basham's appeal. United States v. Basham, Case No. 12-2, App. Dkt # 20 (4th Cir. 2012). Basham now seeks to extend this Court's stay of the discovery order until the Fourth Circuit has disposed of the Petition for Rehearing and Rehearing *En Banc* he plans to file in that court. For the following reasons, the Government respectfully requests that Basham's motion be denied.

DISCUSSION

Under Rule 8(a) of the Federal Rules of Appellate Procedure, the factors regulating the issuance of a stay are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Each of these factors

weighs against extending the stay sought by Basham.

      A.      <u>Basham has not made a strong showing that he is likely to succeed on the merits of his petition to the Fourth Circuit.</u>

Basham is seeking an interlocutory appeal of this Court's discovery order and its accompanying ruling that Basham has waived any attorney-client or work-product privilege as to information subject to the discovery order. In its order granting a 60-day stay, this Court observed that the Supreme Court's decision in <u>Mohawk Industries, Inc. v. Carpenter</u>, 130 S.Ct. 599 (2009) precludes appellate jurisdiction over an interlocutory appeal from the discovery order and privilege ruling. Dkt # 1504, at 2 ("The opinion of this court is that the <u>Perlman</u> doctrine [relied upon by Basham] has been narrowed by <u>Mohawk</u> such that it is not applicable here."). The Government moved to dismiss Basham's appeal, and the parties fully briefed the jurisdictional issue before the Fourth Circuit.[1] A panel of the Fourth Circuit then summarily dismissed Basham's appeal. <u>United States v. Basham</u>, Case No. 12-2, App. Dkt # 20 (4th Cir. 2012).

Basham has not made any showing, much less a strong one, that the Fourth Circuit is likely to grant rehearing or rehearing *en banc* from its order dismissing his appeal.[2] In his motion to extend

---

[1]Copies of the parties' filings in the Fourth Circuit — which include the Government's Motion to Dismiss, Basham's Response in Opposition, and the Government's Reply — are attached as Appendix A, Appendix B, and Appendix C, respectively.

[2]The Fourth Circuit rarely grants rehearing or rehearing *en banc*. Fourth Circuit Local Rule 40(a) provides: "Although petitions for rehearing are filed in a great many cases, few are granted. Filing a petition . . . in order merely to reargue the case is an abuse of privilege." Under Fourth Circuit Local Rule 35(b), for Basham to obtain rehearing *en banc*, an active judge must request a poll and a majority of the circuit judges in active service must vote in favor of rehearing. Between the years 2000 and 2010, of the 29,600 cases heard by the Fourth Circuit during that time period, only 47 cases (or 0.159% of all cases) were taken *en banc*. <u>See</u> "*En Banc* Practices in the Second Circuit: Time for a Change?", published by the Second Circuit Courts Committee of the Federal Bar Council, July 2011, at p. 6 (table outlining *en banc* statistics for the federal appellate circuits) (available online at http://www.federalbarcouncil.org/vg/custom/uploads/pdfs/En_Banc_Report.pdf).

this Court's stay, Basham argues that his request for rehearing "is not a mere formality" and that there is "a reasonable likelihood" that the Fourth Circuit "may choose to rehear the matter." Dkt # 1512, at 2-3. Entry of a stay, however, is not called for whenever the applicant has any non-frivolous chance of prevailing on appeal; the applicant must make a *strong* showing — not just that the Fourth Circuit will grant rehearing, but also that Basham is *likely* to succeed on the merits of the appeal. See Hilton, 481 U.S. at 776; see also Nken v. Holder, 556 U.S. 418, 434 (2009) ("It is not enough that the chance of success on the merits be 'better than negligible.'")(citation omitted).

Basham's only suggestion that he might succeed on the merits is his contention that the Fourth Circuit's order dismissing his appeal is "arguably" in conflict with that court's previous decision in United States v. Myers, 593 F.3d 338 (4th Cir. 2010). Dkt # 1512, at 3. But as this Court noted in its stay order, the Fourth Circuit in Myers did not address the jurisdictional issue at work here; rather, the court in Myers actually held that it did not have appellate jurisdiction under the Perlman doctrine. See Dkt # 1504, at 4 (finding Myers "distinguishable" from Basham's case and noting that the Fourth Circuit found it lacked jurisdiction under the Perlman doctrine in Myers). As the Government observed in its Motion to Dismiss and in its Reply filed in the Fourth Circuit in this case, the court in Myers affirmed "the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." App. Dkt # 12, at 8 and App. Dkt # 18, at 3 (quoting Myers, 593 F.3d at 345) (attached hereto as Appendix A and Appendix C). The Myers court also noted that the Supreme Court had "made plain" in Mohawk "that delaying review for a challenge invoking the attorney-client privilege does not imperil any substantial public interest or other value enough to render the order being appealed 'effectively unreviewable on appeal from the final judgment in the underlying action.'" Myers, 593 F.3d at 347 (quoting Mohawk, 130 S.Ct. at

3

605).  Accordingly, because the Fourth Circuit's precedent in Myers does not conflict with that court's dismissal of Basham's interlocutory appeal, Basham has pointed to no authority suggesting (much less strongly showing) that he is likely to succeed in his petition for rehearing.

        B.        <u>Basham will not be irreparably injured absent an extension of the stay.</u>

Basham argues that this Court's discovery order authorizes his former counsel to divulge information as to which the attorney-client and work-product privileges have not been waived.  But Basham has failed to identify any portions of former counsel's files that contain information as to which he has not waived his privileges.  See Discovery Order, Dkt # 1496, at 8-9 (noting that Basham has "fail[ed] to show any communications that remain protected by the attorney-client privilege" as required by <u>United States v. Jones</u>, 696 F.2d 1069, 1072 (4th Cir. 1982)).

Moreover, the Court's discovery order explicitly protects former counsel's files from unauthorized use or dissemination.  To the extent there is privileged, un-waived information in former counsel's possession, the Government is prohibited from sharing that information or using it against Basham in any way.  This Court established the following restrictions regarding the materials to be disclosed:

> [T]he Government will not use information received from Basham's former counsel in any re-prosecution of Basham in the event that his sentence is vacated.  Furthermore, the Government will not use and will not make copies of any material or information in trial counsel's files that is not related to or relevant to a claim in Basham's § 2255 Motion.  In the event that a retrial is necessary, the court will not permit any counsel for the Government who has viewed purportedly privileged documents contained in the Petitioner's files to participate in the retrial of the case against him, nor interact or communicate with counsel who retry the case.

Dkt # 1496, at 10-11.  Government counsel should be presumed to comply with these limitations,

and if additional limitations are appropriate, the Court may impose them. See FED. R. CIV. P. 26(c)(1) (protective order); FED. R. EVID. 502(d) (limitation on waiver to pending proceeding). Basham does not explain what harm can come from sharing with the Government — and no one else — the record of his interactions with counsel who no longer represent him and whose actions he now impugns with respect to virtually every step they took. Additionally, the privilege claims would not be mooted by disclosure because Basham could object to the use of trial counsel's files if they exceeded the scope of the waiver. See FED. R. EVID. 502.

In any event, if Basham continues to believe that his attorney-client or work-product privileges have been violated in this § 2255 proceeding, he will have the opportunity to challenge the Court's discovery order and privilege rulings in his post-judgment appeal. If the appellate court finds error, it can vacate the judgment and remand the case to be relitigated without the use of the privileged materials. The Supreme Court held in Mohawk that this process is sufficient to protect a litigant's claim of privilege. 130 S.Ct. at 606-07 ("In our estimation, postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege. Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence."). Given these protections, Basham will not suffer irreparable injury if the stay is not extended until the Fourth Circuit rules on his request for rehearing.

C.     The Government will be substantially injured if the stay is extended.

Extending the stay will substantially injure the Government by limiting its ability to prepare adequately for the upcoming evidentiary hearing regarding Basham's 2255 claims. The evidentiary

hearing is currently scheduled to begin on October 9, 2012. See Rescheduled Notice, Dkt # 1484. It will take considerable time for the Government to prepare for this hearing; specifically, the Government needs to schedule and conduct interviews with Basham's former counsel and must review the voluminous materials contained in former counsel's files.[3] Extending the stay will only delay the Government's ability to prepare for the hearing, thus impeding its ability to conduct a timely and thorough review of the materials pertinent to Basham's claims. If this review is delayed further by continuing the stay, the evidentiary hearing may have to be continued into 2013.

   D.     An extension of the stay is not in the public interest.

Finally, the public has an interest in the expeditious resolution of criminal cases. The public has both a compelling interest in speedy trials in general, see Barker v. Wingo, 407 U.S. 514, 519 (1972), and in reducing the delays in collateral capital litigation. See Baze v. Rees, 553 U.S. 35, 69-70 (2008) (Alito, J., concurring) (noting delays in capital cases). Recognizing this need for timeliness, the Fourth Circuit has imposed in its Judicial Council's Order No. 113 — as this Court has already noted — a deadline for the district court to issue a final decision no later than 450 days from the filing of a § 2255 action. The Fourth Circuit has upheld the need for and propriety of Order No. 113, stating:

> Before Order No. 113, the Fourth Circuit faced a problem of delay in collateral review of capital convictions and sentences. In the report accompanying Order No. 113 the Judicial Council itself referred to the case of Correll v. Thompson, 63 F.3d 1279 (4th Cir. 1995), where a § 2254 petition languished in the district court for three years. This

---

[3]Basham's habeas counsel have noted that Jack Swerling's trial files encompass 77 boxes of materials. It took three employees of the Office of the Federal Public Defender for the District of Arizona five days to conduct "[e]ven a cursory review" of Swerling's files. Reply to Government's Memorandum in Opposition to Petitioner's § 2255 Motion, Dkt # 1464, at 179 n.19.

> case was no aberration, and in fact delays of three to ten years were not unusual. See, e.g., Roberts v. Moore, 1998 WL 77841 (4th Cir. Feb. 4, 1998) (unpublished) (§ 2254 petition pending in district court since 1987 prior to appeal); Gilbert v. Moore, 134 F.3d 642 (4th Cir. 1998) (*en banc*) (§ 2254 petition pending in district court since 1984 prior to appeal); Howard v. Moore, 131 F.3d 399 (4th Cir. 1997) (*en banc*) (§ 2254 petition pending in district court since 1993 prior to appeal). Unquestionably, such pervasive "delay in criminal cases is an impediment to the 'expeditious administration of justice' within this circuit," Government of the Virgin Islands v. Bryan, 818 F.2d 1069, 1074 (3d Cir. 1987) (quoting 28 U.S.C. § 332(d)). More than that, however, such inordinate delays threaten respect for the rule of law.

Truesdale v. Moore, 142 F.3d 749, 759-60 (4th Cir. 1998).

Basham's Amended Motion to Vacate Under 28 U.S.C. § 2255 was filed on June 1, 2011. Dkt # 1394. Thus, over 365 days have elapsed since the filing of his § 2255 motion. Given that the evidentiary hearing on Basham's claims is currently scheduled to begin on October 9, 2012, the 450-day deadline will already have passed before the evidentiary hearing takes place. This Court has encouraged these proceedings to move at a pace that appropriately balances the need for a fair hearing on Basham's claims with the public's interest in expeditious resolution of those claims. Extending the stay while Basham seeks further review in the Fourth Circuit of a threshold jurisdictional issue regarding his interlocutory appeal will risk further delays of the evidentiary hearing, and thus will further jeopardize this Court's ability to resolve this litigation in as timely a manner as possible.[4] District courts are "justifiably sensitive to the interests of the parties, as well as of the state and federal judicial systems, in settling the merits of [post-conviction claims] as soon as possible." Evans v. Smith, 220 F.3d 306, 322 (4th Cir. 2000) (upholding district court's refusal

---

[4]Under Rule 40(a)(1) of the Federal Rules of Appellate Procedure, a party has 14 days, or 45 days in a civil case in which the United States is a party, to file for rehearing or rehearing *en banc*.

to grant a stay based on the district court's finding "that the powerful interests in finality and prompt adjudication . . . outweighed any possible harm from the piecemeal litigation that might result from the denial of a stay").

## CONCLUSION

The stay should not be continued. Basham (1) has failed to make a strong showing of likelihood of success on the merits, (2) has failed to point to any irreparable injury he would suffer if the stay is not extended, (3) has failed to show that the government would not be substantially injured by extension of the stay, and (4) has failed to demonstrate that extending the stay would serve the public interest. WHEREFORE, the United States respectfully requests that the Court DENY Basham's motion to extend the stay.

Respectfully submitted,

William N. Nettles
United States Attorney

By:  s/Robert F. Daley, Jr.
Robert F. Daley, Jr. (ID No. 6460)
Jimmie Ewing (ID No. 7292)
Jeffrey Mikell Johnson (ID No. 10587)
William Witherspoon (ID No. 5945)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, South Carolina  29201
(803) 929-3000

June 8, 2012