UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  4:02-992-JFA |
| Plaintiff, | Judge Joseph F. Anderson, Jr. |
| -v- | Defendant's Memorandum regarding Status Conference Scheduled for September 19, 2012 |
| BRANDON LEON BASHAM, | |
| Defendant. | |

Counsel for Defendant Brandon Basham submit the following memorandum concerning procedural and scheduling matters they request the Court address at the status conference scheduled for Wednesday, September 19, 2002.

**1.    Defendant's Neuropsychiatric Expert is unavailable to testify the week of October 8, 2012.**

Upon receiving the Court's order of September 11, 2012, Mr. Basham's counsel contacted their potential witnesses to determine their availability the week of October 9, 2012.  Undersigned counsel were informed by one of their experts, Dr. Thomas M. Hyde, that he is unavailable to testify that week.  Dr. Hyde indicated that he would be available to testify during the weeks of October 22, October 29, and November 5, 2012.  In light of the Court's indication of its willingness to bifurcate the evidentiary hearing to accommodate the schedule of potential witness Cameron

1

Littlejohn, counsel request that the Court permit Mr. Basham's expert to testify at a later date during one of the weeks listed above.

**2.    Defense counsel request permission to record the interviews of Jack Swerling and Greg Harris.**

Mr. Basham's counsel have retained an expert on the standard of care for federal capital defense attorneys in 2003-2004. For that expert to render opinions on the performance of Mr. Basham's trial attorneys in this case, it is critical that the expert be informed of trial counsel's explanations for, or strategic decisions underlying, the alleged incidents of ineffective assistance of counsel set forth in the § 2255 petition. Counsel for Mr. Basham cannot make a reasoned decision whether their retained expert, who has been serving in a consulting capacity, will be called to testify at the evidentiary hearing until he has been provided relevant information that can be obtained only from trial counsel.

To this end, undersigned counsel requested that they be permitted to hire a court reporter to transcribe the interviews of trial counsel so that the transcripts could be provided to their expert. Trial counsel, however, have refused to permit a court reporter to be present for their interviews. Trial counsel have also objected to having their interviews audio recorded. Finally, trial counsel informed undersigned counsel Michael Burke in a telephone conversation on September 13, 2012, that they will not

make themselves available to meet with his standard-of-care expert on any other occasion.

Mr. Basham's counsel submit that their request to record the interviews in some fashion is not unreasonable. They merely seek a vehicle by which they can provide their expert with accurate information necessary for the expert to render an opinion. If Mr. Basham's attorneys are forced to convey to their expert their personal recollections of the answers given by trial counsel during their interviews, they risk placing themselves in the position of being called as a fact witness in the event of any discrepancy between their recollection and trial counsel's testimony at the hearing.

Counsel for Mr. Basham do not intend to call Jack Swerling or Greg Harris to testify as part of their presentation of evidence. Although the Government may well wish to call them, Mr. Basham has the burden of going forward with evidence at the hearing, which means that their standard-of-care expert will be required to opine about trial counsel's performance before receiving objective information about their decision-making process at Mr. Basham's trial.

Accordingly, undersigned counsel request that the Court order that they be permitted to record, either through a court reporter or through an audio recording device, the interviews of Jack Swerling and Greg Harris. In lieu of such an order, counsel request either (1) leave to depose Mr. Swerling and Mr. Harris before the

evidentiary hearing; or (2) a ruling that Messrs. Swerling and Harris testify first at the evidentiary hearing so that Mr. Basham's standard-of-care expert can be informed of their testimony before rendering an opinion.

### 3.  Mr. Basham requests that he be permitted to attend the evidentiary hearing in person.

Mr. Basham requests that the Court order that he be transported to Columbia, South Carolina, for the evidentiary hearing.  Undersigned counsel are aware that, in its scheduling order of March 21, 2012, the Court indicated that Mr. Basham would "be present by video conference."  (Dist. Ct. Doc. No. 1484.)  Counsel are also aware that Mr. Basham's co-defendant, Chadrick Fulks, appeared via video conference at the evidentiary hearing for his § 2255 petition.  Mr. Basham requests, however, that, in light of the following information, the Court reconsider its decision to require him to participate in the hearing remotely.

It is critical that counsel be able to communicate confidentially with Mr. Basham concerning evidence presented at the hearing.  Unlike Mr. Fulks, who had numerous pro bono attorneys from the California law firm of O'Melveny & Myers available to assist at the evidentiary hearing in his case and who could be physically present with him in Terre Haute, Indiana, during the evidentiary hearing, Mr. Basham has only three lawyers: Michael Burke, Sarah Stone, and Julia Mimms.  These three

lawyers need to be present at the evidentiary hearing in Columbia. It is unfeasible for Mr. Basham to be required to participate in the evidentiary hearing from Terre Haute without one of his attorney's physically present with him to advise him. Moreover, given Mr. Basham's current psychological, medical, and emotional condition, counsel will be unable to communicate sufficiently with their client via video conference to assist him in participating in, and behaving appropriately during, the evidentiary hearing.

In addition, counsel must be able to communicate with their client in a confidential manner. Requiring counsel to speak through a telephone to an intellectually and psychologically challenged client more than 500 miles away will deprive them of the ability to meaningfully communicate with their client about the matters at issue in the evidentiary hearing. For these reasons, counsel request that the Court order that Mr. Basham be transferred to Columbia, South Carolina, for the hearing.

## CONCLUSION

Undersigned counsel submit this memorandum simply to facilitate discussion at the September 19, 2012, status conference. They anticipate that additional discovery and procedural issues will need to be addressed at the status conference.

Respectfully submitted this 17th day of September, 2012.

s/Julia Grace Mimms
Julia Grace Mimms
Law Office of Julia G. Mimms, P.A.
1001 Elizabeth Avenue, Suite 1A
Charlotte, North Carolina 28204
Telephone: (704) 333-1301
Facsimile: (704) 333-1290

s/Michael L. Burke
Michael L. Burke (Arizona Bar No. 013173)
Sarah Stone (Arizona Bar No. 022713)
Assistant Federal Public Defenders
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
sarah_stone@fd.org
Telephone: (602) 382-2818
Facsimile: (602) 889-3960

Attorneys for Defendant
Brandon Leon Basham

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this document through the Court's system.

s/Nancy Rangel
Legal Assistant
Capital Habeas Unit