UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>-v-<br><br>BRANDON LEON BASHAM,<br><br>Defendant. | No.  4:02-992-JFA<br><br>Judge Joseph F. Anderson, Jr.<br><br>Motion for Ruling on Procedural Status of Claims in Advance of Evidentiary Hearing |

Petitioner Brandon Basham, through undersigned counsel, hereby respectfully moves this Court for a ruling, in advance of the evidentiary hearing set for October 9, 2012, on the procedural status of claims asserted in Defendant's Motion for Collateral Relief Pursuant to 28 U.S.C. § 2255.  (Dist. Ct. Doc. No. 1394.)

Mr. Basham is diligently attempting to prepare for the hearing commencing on October 9, 2012.  He respectfully moves the Court, however, to clarify the scope of the hearing and the procedural status of claims, so that he can be clear what witnesses and experts will be necessary.

In Mr. Basham's Motion for Collateral Relief Pursuant to 28 U.S.C. § 2255, he raised thirty-four claims for relief raising violations of his constitutional and statutory rights.  (Dist. Ct. Doc. No. 1394.)  Mr. Basham subsequently withdrew claims 8 and 31.  (Dist. Ct. Doc. No. 1465.)  In its Memorandum of Law in

1

Opposition to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (Dist. Ct. Doc. No. 1416), the Government expressly raised procedural default as a bar to relief on Claims 4, 6 and 11.[1]

In Claim 4, Mr. Basham argued that he was tried and sentenced while legally incompetent, in violation of the Fifth, Sixth, and Eighth Amendments. The Government responded that this claim "is a direct appeal issue which is not an appropriate claim in a § 2255 motion," and, because it was not raised on direct appeal, is procedurally barred. (Dist. Ct. Doc. No. 1416 at 30.)

In Claim 6, Mr. Basham argued that the Court's failure to hold a competency hearing despite indications on the record that he was not competent was an abdication of the Court's duty under 18 U.S.C. § 4241. Again, the Government responded that this was an issue that should have been, but was not raised on direct appeal, and is thus procedurally defaulted. (Dist. Ct. Doc. No. 1416 at 33-34.)

In Claim 11, Mr. Basham argued that the Government engaged in misconduct when it failed to correct the testimony of Sheriff Hewett that it knew to

---

[1]The Government's failure to raise procedural default constitutes waiver of that affirmative defense. *United States v. Metzger*, 3 F.3d 756, 757-78 (4th Cir. 1993), *and cases cited therein*. In its Memorandum of Law in Opposition to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 the Government failed to assert procedural default for any other of Mr. Basham's claims. Accordingly, the Government has waived the affirmative defense of procedural default as to all claims except Claims 4, 6, and 11.

be false.  The Government responded that, because the claim was not raised on direct appeal, it was procedurally defaulted.  The Government conceded, however, that, where cause and prejudice exists, the claim may be raised in a § 2255 proceeding.  (Dist. Ct. Doc. No. 1416 at 49-50.)  In Claim 12, Mr. Basham alleged the ineffectiveness of his appellate counsel as cause for failure to raise Claim 11.

In his reply, Mr. Basham argued that the claims must be considered on the merits.  (Dist. Ct. Doc. No. 1465.)  Specifically, as to Claim 4, Mr. Basham argued that a "substantive competency claim" – "that he was tried and convicted while actually incompetent" is not the kind of claim "subject to procedural default and must be considered on the merits."  *See Battle v. United State*, 419 F.3d 1292, 1298 (11th Cir. 2005).  (Dist. Ct. Doc. No. 1465 at 28-29.)

As to Claims 6 and 11, Mr. Basham argued that, "as the government concedes, a court may adjudicate a procedurally defaulted claim in a § 2255 proceeding if, among other things, a petitioner can demonstrate cause and prejudice."  (Dist. Ct. Doc. No. 1465 at 54.)  He further argued that ineffective assistance of his appellate counsel constituted cause for his failure to raise the claims earlier, and because he was prejudiced by these failures, the Court must adjudicate the claims on the merits.  (*Id*. at 46, 62, 73.)

If this Court determines that Claims 4, 6, and 11 are not procedurally defaulted and must be adjudicated on the merits, Mr. Basham need not demonstrate ineffective assistance of appellate counsel as part of the evidentiary hearing, thereby shortening the time needed to complete the hearing.

Mr. Basham therefore respectfully requests that this Court rule on the procedural status of the claims so that he can appropriately prepare for the upcoming evidentiary hearing, currently set for October 9, 2012.

Respectfully submitted this 18th day of September, 2012.

<u>s/Julia Grace Mimms</u>
Julia Grace Mimms, Esquire
Attorney for Defendant
Law Office of Julia G. Mimms, P.A.
1001 Elizabeth Avenue, Suite 1A
Charlotte, North Carolina 28204
(704) 333-1301 Telephone

<u>s/Michael L. Burke</u>
Michael L. Burke (Arizona Bar No. 013173)
Sarah Stone (Arizona Bar No. 022713)
Assistant Federal Public Defenders
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
sarah_stone@fd.org
Telephone: (602) 382-2818
Facsimile: (602) 889-3960

Attorneys for Defendant
Brandon Leon Basham

**Certificate of Service**

I hereby certify that on September 18, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this document through the Court's system.

Nancy A. Rangel
Legal Assistant
Capital Habeas Unit