UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| BRANDON LEON BASHAM | ) | NO. 4:02-992-JFA |
| | ) | |
| v. | ) | Government's Memorandum in |
| | ) | Response to Basham's Memorandum |
| UNITED STATES OF AMERICA | ) | Regarding September 19 Status |
| | ) | Conference |
| _____ | ) | |

In a memorandum (Docket # 1530) filed on September 17, 2012, Basham's

counsel make requests that: (1) Basham's Neuropsychiatric Expert Thomas Hyde be

allowed to testify during the week of October 22, October 29 or November 5 because

of scheduling conflicts; (2) Basham's counsel be allowed to record the Government's

informal interview of former trial counsel Jack Swerling and Greg Harris; and (3)

Basham be allowed to attend the evidentiary hearing in person.  The Government

does not object to Basham's first request to allow Dr. Hyde to testify later with the

provisos that the Government be provided with a copy of Dr. Hyde's report and be

allowed to have a mental health expert examine Basham if the Government

determines that it is necessary to counter Dr. Hyde's report.  The Government objects

to Basham's second request because it interferes with the Government's attempt to

1

conduct an informal interview of potential witnesses. Former trial counsel have indicated that they will not be interviewed if Basham's counsel attempt to record the Government's interview of them. A less intrusive alternative, the presence of a paralegal or investigator to take notes of the interview, would alleviate any concerns Basham's current counsel may have about becoming witnesses in this matter. Finally, with regard to Basham's third request, Basham does not have a right to attend his §2255 hearing in person. As in the case of Basham's co-defendant Chad Fulks, this decision is best left in the discretion of this Court in consultation with the United States Marshal Service and Federal Bureau of Prisons.

**I.     The Government does not object to Basham's request for his mental health expert to testify at a later date as long as the Government is allowed to review Dr. Hyde's report and the Government's mental health expert is then allowed to examine Basham to rebut Basham's expert's opinions.**

Basham has retained an expert, Dr. Thomas Hyde, a Neuropsychiatrist, who is unavailable the week of October 8. The Government does not object to Basham's request that Dr. Hyde be allowed to testify the week of October 22, October 29 or November 5, 2012. It appears, from previous correspondence and a memorandum from the Court, that the best week for the Court and the parties would be the week of November 5, 2012. Additionally, it appears that the week of November 5, 2012

would be the best week for former counsel Cameron Littlejohn to testify if his testimony is deemed necessary by either of the parties.

The Government, however, does have two requests if Dr. Hyde is allowed to testify the week of November 5, 2012. First, the Government requests (and Basham's counsel has agreed) that it be provided with a copy of Dr. Hyde's expert report as soon as it is prepared so that the Government can prepare a defense. Additionally, the Government requests (and Basham's counsel does not object) that it be allowed to have a mental health expert examine Basham after the issuance of Dr. Hyde's report if the Goverment deems it necessary to rebut Dr. Hyde's opinion and report.

## II.     The Government objects to Basham's request to record the Government's informal interview of former trial counsel.

The Government made a simple request to be allowed to interview Basham's former trial and appellate counsel and review their files in preparation for the evidentiary hearing. Basham vigorously opposed this simple request. Eventually, Basham lost this battle. Basham now requests that his counsel be allowed to transform the essential character of this informal interview of former trial counsel by requesting that the interview be recorded or that Basham's counsel be allowed to depose former counsel. This request must be denied.

It is clear that the Government is entitled to interview former counsel. The Ninth Circuit has stated in a habeas action asserting ineffective assistance of counsel, "a party's right to interview witnesses is a valuable right" and a district court is prohibited from issuing a protective order that prevents the government from interviewing witnesses without the presence of or consent of opposing counsel. Wharton v. Calderon, 127 F.3d 1201, 1203-07 (9th Cir. 1997) (striking down district court protective order prohibiting the State from interviewing former trial counsel outside context of deposition setting).

This Court was more than accommodating of Basham's current counsel. This Court's April 4, 2012 Order (Docket # 1496) makes clear that "there is no need for Petitioner's current counsel to be present at any of the Government's interviews with Petitioner's trial and appellate counsel."[1] Docket # 1496, at p.9. This Court in its April 4, 2012 Order reiterated that Basham's "current counsel need not be present for any interviews between the Government and Petitioner's former counsel." Id. at 10. In its Order, the Court noted that "the Government may schedule interviews at a time and place convenient to the Government and to Basham's former counsel and shall notify Basham's present counsel." Id. The Court, however, allowed that Basham's

_____

[1]Interestingly, in an interview of one of Basham's appellate attorneys, Melissa Meister, Basham's counsel did not request nor attempt to record the interview.

4

"[p]resent counsel may attend the interviews if they desire, but they may not cause a rescheduling of the interviews." Id.  This permission for Basham's current counsel to "attend" the Government's interview of opposing counsel should not be turned into a license to "transform" the essential nature of the Government's informal interview of Basham's former counsel.[2]   Perhaps most significantly, Basham's counsel's request to record the Government's interview would preclude an interview to help refresh former counsel's recollection prior to the evidentiary hearing.  Former trial counsel have indicated that they will not sit for an interview with the Government if Basham's current counsel record the interview.  See Docket # 1530, at p.2.   It would turn logic on its head if Basham's counsel could prevent an interview that they are merely invited to attend.

Finally, Basham's current counsel's concerns are easily remedied.  Current counsel seem concerned that they may become witnesses in the event that there is a discrepancy between their recollection of the interview and former trial counsel's testimony at the hearing.   See Docket # 1530, at p.3.  This concern is easily remedied.  A paralegal or investigator can be present and take notes just like the attorneys will do during the interview.  This will prevent the problem that worries

---

[2]The Government purposefully scheduled the interview well enough in advance so that Basham's current counsel could attend if they so desired.

Basham's current counsel.[3]

With regard to Basham's request that former counsel Swerling and Harris testify first at the hearing, the Government has no objection. In fact, the Government has no control over who is called to testify first at the hearing; Basham has the burden and he is in complete control of who he calls in his case in chief.[4]

**III.     Basham does not have a right to attend his §2255 hearing in person and such a decision is best left in the discretion of this Court in consultation with the United States Marshal Service and Bureau of Prisons.**

This Court has scheduled to have Basham attend the hearing via video conference. Basham requests that he be allowed to attend his hearing in person. This same issue arose in Fulks's hearing. The Court consulted with the United States Marshal Service and the Bureau of Prisons. In the end, the Court determined that the safest course was for Fulks to attend via video conference. See Docket #1234, at p.2.

---

[3]In co-defendant Fulks's 2255 proceeding, the Government's interviews of former counsel were not recorded. Fulks's standard of care expert submitted a declaration at the time his petition was filed and this same expert testified without the need of a transcript of former counsel's interview with the Government.

[4]In Fulks's evidentiary hearing, Fulks called former trial counsel John Blume as his first witness.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

s/Robert F. Daley, Jr.
ROBERT F. DALEY, JR.
ASSISTANT U. S. ATTORNEY
1441 Main Street, Suite 500
Columbia, South Carolina 29201
(803) 929-3000

September 19, 2012