IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 4:02-992-JFA |
| | ) | |
| v. | ) | ORDER REGARDING |
| | ) | PRETRIAL MATTERS |
| BRANDON LEON BASHAM | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the court on a number of pretrial issues that petitioner's counsel have raised regarding the upcoming § 2255 evidentiary hearing scheduled to begin on October 9, 2012.

Mr. Basham's counsel filed a memorandum on September 18, 2012 requesting the following: that petitioner's neuropsychiatric expert be allowed to testify at a later date, that petitioner's counsel be permitted to record the interviews of Jack Swerling and Greg Harris, and that petitioner be allowed to attend the evidentiary hearing in person.

The court grants petitioner's request that his neuropsychiatric expert, Dr. Thomas M. Hyde, be allowed to testify in the second stage of the evidentiary hearing scheduled to begin December 3, 2012.

Rather than allow the interviews of Jack Swerling and Greg Harris to be recorded, the court will allow a paralegal to be present at the interviews to prevent petitioner's counsel from being called as fact witnesses at the evidentiary hearing.

As to Mr. Basham's request to be present at the evidentiary hearing, the court hereby denies that request for the reasons that follow. According to 28 U.S.C. § 2255 itself, "[a]

court may entertain and determine [a § 2255] motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c). Other courts have found that "[w]hether the petitioner should be present at his § 2255 hearing 'depends upon the issues raised by the particular case,' . . . and is a matter left to the court's sound discretion." *Bucci v. United States*, 662 F.3d 18, 32 (1st Cir. 2011) (citations omitted). The court has reviewed an *ex parte* letter by Mr. Basham's counsel detailing what issues they need to discuss with petitioner during the evidentiary hearing. In this case, the court feels that a telephone / satellite connection will be sufficient for petitioner to assist in his own defense.

In reaching this conclusion, the court has also taken into account petitioner's history of escape attempts, as well as petitioner's scuffles with the security personnel who transported him from pretrial detention to the courthouse for his death penalty trial.

The court used a telephone / satellite connection in the § 2255 evidentiary hearing for petitioner's co-conspirator, Chadrick Fulks, and the set-up worked well. In that case, Fulks watched the hearing from a room in Terre Haute, Indiana. Only Fulks and a guard were present in the room during the hearing. At times when Fulks' habeas counsel needed to speak with him, they called him from a phone in the courtroom. Fulks was also able to call his attorneys when the need arose. The guard present in Terre Haute would exit the room during the phone calls to preserve the confidentiality of the conversations.

On September 18, 2012, Mr. Basham's counsel filed a motion for ruling on procedural status of claims in advance of evidentiary hearing. Because this is a death penalty case, the court anticipates reaching the merits on all of the claims raised in the § 2255 petition.

Nevertheless, the court would like counsel to present any evidence regarding the cause and prejudice that exists for any claims not raised on direct appeal and which the government submits are procedurally defaulted. The court will accept an affidavit from petitioner's appellate counsel (as opposed to live testimony) if petitioner's habeas counsel wishes to present such an affidavit as evidence of cause.[1]

The first stage of the evidentiary hearing for the §2255 petition in this case is scheduled to begin on October 9, 2012 at 9:30 a.m. The second stage will begin on December 3, 2012 at 9:30 a.m. The Clerk is requested to send a copy of this order to the Federal Bureau of Prisons at Terre Haute, Indiana so that the Bureau may make appropriate arrangements to have Mr. Basham participate by telephone / satellite at both stages of the evidentiary hearing.

IT IS SO ORDERED.

September 24, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] This is assuming that the government does not object to the use of an affidavit. If the government objects, they are directed to file a motion with the court within ten days of the date of this order.