UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>    -v-<br><br>BRANDON LEON BASHAM,<br><br>          Defendant. | No.  4:02-992-JFA<br><br>Judge Joseph F. Anderson, Jr.<br><br>Motion to Stay Proceedings Pending Resolution of Defendant's Petition for Writ of Certiorari to the Supreme Court of the United States |

On September 24, 2012, Defendant Brandon Leon Basham filed a timely Petition for Writ of Certiorari with the Supreme Court of the United States seeking review of an order by the United States Court of Appeals for the Fourth Circuit in *United States v. Basham*, No. 12-2, dismissing for lack of jurisdiction Mr. Basham's interlocutory appeal of this Court's order of April 4, 2012, finding a complete waiver of the attorney-client privilege as to all of Mr. Basham's prior attorneys.  (Dist. Ct. Dkt. No. 1496.) Mr. Basham, through undersigned counsel, respectfully requests that the Court stay the proceedings in this case, including the evidentiary hearing currently scheduled to commence on October 9, 2012, pending the Supreme Court's disposition of his certiorari petition (and, if the Court grants the petition, its decision after oral argument).

Traditionally, the decision to grant a stay pending review requires "consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injury the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  Here, Mr. Basham can demonstrate that all four factors weigh in his favor, and so this Court should stay these proceedings pending disposition of his recently filed petition for writ of certiorari.

***Showing on the Merits.***  The applicant for a stay must show that he "will *likely* succeed on the merits*" of his claim.  *Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008)), *vacated and remanded on other grounds*, 130 S. Ct. 2371 (2010)).  Here, Mr. Basham has demonstrated in his petition for writ of certiorari that a clear conflict now exists among the various federal circuit courts of appeals concerning whether interlocutory appellate jurisdiction under *Perlman v. United States*, 247 U.S. 7 (1918), is available to a putative appellant who is also a party to the underlying litigation.  *Compare, e.g.*, *Federal Deposit Insurance Corp. v. Ogden Corp.*, 202 F.3d 454, 459 (1st Cir. 2000) (finding *Perlman* jurisdiction when

2

appellant was also party to underlying litigation); *Conkling v. Turner*, 883 F.2d 431, 432 (5th Cir. 1989)(same); *and United States v. Amlani*, 169 F.3d 1189 (9th Cir. 1999) (same); *with Holt-Orsted v. City of Dickson*, 641 F.3d 230 (6th Cir. 2011) (limiting *Perlman* jurisdiction to non-parties); and the Fourth Circuit's dismissal of Mr. Basham interlocutory appeal in this case. Pursuant to the practice of the Supreme Court, it is likely that the Court will grant certiorari to resolve this conflict among the circuits. *See* Sup. Ct. R. 10.; *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 604 (2009) (granting certiorari to resolve "a conflict among the Circuits concerning the availability of collateral appeals in the attorney-client privilege context").

*Irreparable Injury to Mr. Basham.* If Mr. Basham's prior counsel are permitted to testify at the October 9, 2012, evidentiary hearing about matters that Mr. Basham asserts are protected by the attorney-client privilege and not waived by the claims of ineffective assistance of counsel alleged in his § 2255 motion, he will lose his right to challenge disclosure of that information *prior* to its formal disclosure in his postconviction proceedings. In other words, if this Court permits prior counsel to testify at the October hearing before the Supreme Court has had the opportunity to rule on his petition for writ of certiorari, this Court will render moot any right to interlocutory appeal even if the Supreme Court were ultimately to find such a right to exist in this case. *See, e.g., Wilson v. O'Brien*, 621 F.3d 641, 643 (7th Cir. 2010)

3

(holding that *Perlman* jurisdiction question was mooted by prior counsel's testimony at deposition). Accordingly, failure to grant a stay of these proceedings pending some resolution of Mr. Basham's certiorari petition will result in irreparable injury to him.

*Insubstantial Injury to the Government.* The most egregious injury the Government could suffer as a result of a stay of these proceedings pending resolution of Mr. Basham's certiorari petition would be a delay in the ultimate resolution of this case of only a few months. Specifically, if the Supreme Court grants certiorari in this case, it will in all likelihood resolve the matter by no later than June 2013. If the Supreme Court denies certiorari, on the other hand, the delay will be significantly shorter. When weighed against the injury Mr. Basham, who may be deprived of his legitimate right to appeal the intrusion on his attorney-client privilege, any "injury" to the Government would be insignificant.

*Public Interest.* Mr. Basham does not dispute that the public has an interest in avoiding protracted criminal litigation. But the public also has an interest in making sure that criminal defendants' constitutional rights are protected, and affording them an adequate process for doing so. Given that Mr. Basham has identified a conflict among the federal courts of appeals directly relevant to a critical issue in his § 2255 proceedings, the public's interest in a judicious resolution of this

matter would be respected by staying these proceedings pending resolution of Mr. Basham's petition for writ of certiorari.

Moreover, to the extent that the public has an interest in ultimately seeing Mr. Basham executed for the crimes at issue in this case, the undeniable reality is that that ultimate resolution will not be meaningfully advanced by staying these proceedings for the short period of time it will take the Supreme Court to resolve Mr. Basham's petition for writ of certiorari. Even were Mr. Basham's case resolved by the federal courts tomorrow, there are numerous federal death row prisoners whose federal cases have already been adjudicated and who are therefore ahead of Mr. Basham on the list of federal prisoners awaiting execution. Among those prisoners is Mr. Basham's own co-defendant, Chadrick Fulks. The public's interest in the resolution of the federal government's death penalty cases is not legitimately advanced by pushing Mr. Basham's case forward when legitimate questions remain unanswered concerning his right to appeal this Court's order finding a complete waiver of his attorney-client privilege.

For the foregoing reasons, Mr. Basham asks that this Court stay these proceedings until the Supreme Court denies his timely filed petition for a writ of certiorari or (if the petition is granted) that Court issues a final decision in Mr. Basham's case.

Respectfully submitted this 24th day of September, 2012.

s/Julia Grace Mimms
Julia Grace Mimms, Esquire
Law Office of Julia G. Mimms, P.A.
1001 Elizabeth Avenue, Suite 1A
Charlotte, North Carolina 28204
Telephone: (704) 333-1301

s/Michael L. Burke
Michael L. Burke (Arizona Bar No. 013173)
Sarah Stone (Arizona Bar No. 022713)
Assistant Federal Public Defenders
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
sarah_stone@fd.org
Telephone: (602) 382-2818
Facsimile: (602) 889-3960
Attorneys for Defendant
Brandon Leon Basham

## Certificate of Service

I hereby certify that on September 24, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this document through the Court's system.

s/Nancy Rangel
Legal Assistant
Capital Habeas Unit