IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| United States of America, | ) | Cr. No.: 4:02-992-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO STAY |
| | ) | |
| Brandon Leon Basham. | ) | |

This matter comes before the court on the Petitioner's Motion to Stay Proceedings Pending Resolution of Defendant's Petition for Writ of Certiorari to the Supreme Court of the United States (ECF No. 1536). For the reasons that follow, this court denies Petitioner's motion.

On April 4, 2012, this court entered an order finding a complete waiver of the attorney-client privilege as to all of Mr. Basham's prior attorneys. Petitioner appealed that order to the Court of Appeals for the Fourth Circuit. On May 30, 2012, the court of appeals dismissed Petitioner's interlocutory appeal for lack of jurisdiction, and on June 25, 2012, the court of appeals denied Petitioner's request for a rehearing en banc. Then on September 24, 2012, Petitioner filed a Petition for Writ of Certiorari with the Supreme Court of the United States seeking review of the Fourth Circuit's order.

In the motion currently before this court, Mr. Basham requests that this court stay the proceedings in this case, including the evidentiary hearing currently scheduled to commence on October 9, 2012, pending the Supreme Court's disposition of his certiorari petition (and, if the Court grants the petition, its decision after oral argument).

1

As an initial matter, the Petitioner waited until two weeks before the scheduled date of the evidentiary hearing in this case to make this motion to stay, though he no doubt knew that he would be filing a petition for a writ of certiorari some time ago. In scheduling the § 2255 evidentiary hearing, this court has been extremely accommodating to Petitioner's counsel,[1] taking into account counsel's trips and family obligations. Beyond scheduling, the court must arrange for the courtroom to be equipped for the hearing, and the court must prepare itself to hear evidence on the thirty two claims that remain from the § 2255 petition. The court has spent a substantial amount of time in these preparations. By withholding this motion to stay the evidentiary hearing until just two weeks before the hearing is set to begin—despite the fact that the court has conferenced with the parties on multiple occasions regarding the scheduling of the upcoming evidentiary hearing—Petitioner's counsel have demonstrated their indifference to this court's time-consuming preparations.

Traditionally, the decision to grant a stay pending review requires "consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

---

[1] The court also had to work around the complicated schedule of the witnesses to be called in this case, which proved to be no easy task as one attorney-witness was scheduled to begin a major federal criminal case in Charlotte, NC, and another attorney-witness had scheduled major surgery in New York, NY. Additionally, one of Petitioner's expert witnesses requested a scheduling accommodation, which the court granted as well.

Here, Petitioner contends that he can demonstrate that all four factors weigh in his favor. This court disagrees.

As to likelihood of success on the merits, Petitioner contends that he has demonstrated in his Petition for Writ of Certiorari that a clear conflict now exists among the various federal circuit courts of appeals concerning whether interlocutory appellate jurisdiction under *Perlman v. United States*, 247 U.S. 7 (1918), is available to a putative appellant who is also a party to the underlying litigation. This court, on the other hand, believes that the United States Supreme Court resolved any conflict in its decision *Mohawk Industries, Inc. v. Carpenter*, 130 S. Ct. 599 (2009). All of the cases cited by Petitioner where courts found *Perlman* jurisdiction when appellant was also party to the underlying litigation were decided well before the Supreme Court's *Mohawk* decision in 2009. As set forth in detail in this court's April 10, 2012 order, this court is of the opinion that *Mohawk* narrowed the *Perlman* doctrine such that it is not applicable in this case. The court does not believe that there is any conflict among the circuits, and thus this court finds a grant of certiorari very unlikely. As such, this court finds that Petitioner has not shown likelihood of success on the merits.

The second factor, irreparable injury, militates in favor of Petitioner. However, the final two factors, injury to the government and public interest, weigh in favor of denying the request to stay. Like the court, the government has presumably spent significant time preparing for this hearing and would be prejudiced by delaying the evidentiary hearing any longer. As to the public interest factor, the public clearly has an interest in the expeditious resolution of criminal litigation.

For all of these reasons, this court hereby denies Petitioner's Motion to Stay Proceedings Pending Resolution of Defendants Petition for Writ of Certiorari (ECF No. 1536).

IT IS SO ORDERED.

September 25, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge