IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON LEON BASHAM | ) | |
| | ) | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM REGARDING
CLAIM 24 OF PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**

In Claim 24 of his Motion for relief pursuant to 28 U.S.C. § 2255, Petitioner Brandon Basham argues that the Government engaged in misconduct and violated his rights under the Eighth Amendment by arguing that there must be a causal nexus between the mitigating factors and Basham's crimes. He claims that his trial counsel was ineffective for failing to object to the Government's cross examination and closing arguments on the basis of the holding in Tennard v. Dretke, 542 U.S. 274 (2004). Pet.'s Mot. at 102.

The Court addressed the same issue in Fulks v. United States, — F.Supp.2d —, 2010 WL 8989412 (D.S.C. 2010). As this Court pointed out in the Fulks' decision, in Tennard, the jury was instructed to determine the appropriate punishment by considering only two "special issues," which inquired into whether the crime was committed deliberately and whether the defendant posed a risk of future dangerousness. Id. at 39 (citing 542 U.S. at 277). This Court observed that, notwithstanding the Supreme Court's previous holding in Penry v. Lynaugh, 492 U.S. 302 (1989), the Fifth Circuit had focused on whether the mitigating evidence was evidence of a "uniquely severe handicap" and whether "the criminal act was attributable to this severe permanent condition." Id. (quoting Tennard, 542 U.S. at 283). The Supreme Court rejected this nexus test.

In its <u>Fulks'</u> opinion, this Court distinguished between its instruction to the jurors and the Texas court's instructions to the jurors in <u>Tennard</u>.  Unlike the trial court in <u>Tennard</u>, which prevented the jury from giving full consideration to the mitigating factors presented at trial, this Court instructed jurors that they could consider any factor to be mitigating if the factor tended to suggest life in prison without parole, and not death, should be the appropriate sentence.  As in the <u>Fulks</u> case, in Mr. Basham's case, the Court made no mention of any requirement for a causal nexus between the mitigating factor and the crime.  Indeed, the Court made it clear to the jury that any juror could find any factor to be mitigating, and that the jury must consider the factor in determining the appropriate sentence.  <u>See</u> TT Vol. 29, pp. 200-201; 219-227.

In <u>Fulks</u>, the Court concluded that trial counsel was not ineffective for failing to object to the prosecutor's argument, because "the prosecutor's argument did not imply a strict causal nexus was required, and to the extent the prosecutor might have suggested this indirectly, the court's omnibus jury charge clearly explained to the jury the proper role of mitigating factors." Given the similarity of the prosecutor's argument and the Court's instructions in this case to those in <u>Fulks</u>, the Court should reach the same conclusion in Basham's case.

William N. Nettles
United States Attorney


By: <u>s/Jimmie Ewing</u>
Jimmie Ewing (ID No. 7292)
Robert F. Daley, Jr. (ID No. 6460)
Jeffrey Mikell Johnson (ID No. 10587)
William K.  Witherspoon (ID No. 5945)
Assistant United States Attorneys

December 7, 2012