IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON LEON BASHAM | ) | |
| | ) | |

GOVERNMENT'S SUPPLEMENTAL BRIEF
REGARDING F.R.E. 606(b) AND CLAIM 28

This Court has ordered the parties to submit supplemental briefs addressing what impact, if any, Federal Evidence Rule 606(b) has on Claim 28 of Brandon Basham's § 2255 motion. Dkt # 1570. In Claim 28, Basham argues that he is entitled to a new trial based on recently-discovered evidence undermining the credibility of Cynthia Wilson's testimony that she did not engage in premature deliberations with her fellow jurors during Basham's trial. Dkt # 1393, at p. 133. As explained below, however, Wilson's credibility on this issue is irrelevant because Rule 606(b) precludes a juror from testifying about premature deliberations. Accordingly, Wilson's testimony about premature deliberations (whether this Court believes her or not) cannot serve as a basis for a new trial.

Rule 606(b) generally precludes a juror from testifying about the jury's deliberations or the process by which they reached their verdict. Specifically, the Rule prohibits a juror from testifying "about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." FED. R. EVID. 606(b)(1). The Rule carves out a few exceptions, allowing a juror to "testify about whether: (A) extraneous prejudicial information was improperly brought to

the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form." FED. R. EVID. 606(b)(2). In this way, the Rule distinguishes between internal influences on a verdict (about which jurors may not testify) and external influences on a verdict (about which jurors may testify). This distinction "is grounded in the common-law rule against admission of jury testimony to impeach a verdict and the exception for juror testimony relating to extraneous influences." Tanner v. United States, 483 U.S. 107, 121 (1987).

Although Rule 606(b) states that a juror may not testify about anything that happened during deliberations, the Rule does not specifically indicate whether this prohibition extends to conversations between jurors before the case is formally submitted to them. In other words, the Rule does not say whether "deliberations" includes premature deliberations.

The federal courts of appeals are somewhat divided on this issue. Several circuits have held that Rule 606(b) bars a juror from testifying about premature deliberations. United States v. Logan, 250 F.3d 350, 380-81 (6th Cir. 2001) (Rule prohibits post-verdict interrogation about internal jury influences, including premature deliberations); United States v. Caldwell, 83 F.3d 954, 956 (8th Cir. 1996) (Rule "generally precludes the testimony of any juror regarding intrajury communications," including alleged intrajury communications made during trial that they had "heard enough" and that "this is just a bunch of crap"); United States v. Siegelman, 561 F.3d 1215, 1240-42 (11th Cir. 2009) (district court did not abuse its discretion in concluding that the Rule barred it from questioning jurors about e-mails exchanged during trial).

Other circuits have held that, while a court may inquire about premature deliberations in some circumstances, jurors may not testify about any effect the premature deliberations had on their

2

verdict.   United States v. Richards, 241 F.3d 335, 343-44 (3rd Cir. 2001) (noting that although the district court could have inquired about premature deliberations during trial, a post-verdict inquiry would violate the Rule because it would necessarily delve into the effect of premature deliberations on the verdict); United States v. Morales, 655 F.3d 608, 631 (7th Cir. 2011) ("Any inquiry as to bias arising from the alleged premature deliberations would run afoul of the Rule's clear proscription[.]").

At least one circuit has taken a more open view, opining that the Rule allows courts to delve into the content of premature deliberations.  United States v. Jadlowe, 628 F.3d 1, 20 (1st Cir. 2010).

The courts taking the more limited view have the better interpretation of Rule 606(b).  By creating exceptions only for extraneous prejudicial information, outside influences, and mistaken verdict form entries, Congress intended to shield the internal processes of the jury from post-verdict inquiry.  Tanner, 483 U.S. at 125 (the legislative history of Rule "demonstrates with uncommon clarity" that Congress explicitly considered and rejected a version that would have allowed inquiry into objective misconduct of jurors during trial).  Accordingly, courts have applied the Rule to bar inquiry into many types of alleged juror misconduct, including allegations that jurors consumed alcohol and slept during the trial (in Tanner) and that jurors misunderstood court instructions, reached a compromise verdict, had misgivings about the verdict, and agreed on a time limit for a decision.  Logan, 250 F.3d at 379-80 (collecting cases).  Likewise, alleged premature deliberations — though a form of juror misconduct — are an internal influence on the jury and, thus, are not the proper subject of juror testimony under Rule 606(b).

Moreover, the Rule makes clear that except where extraneous prejudicial information or an outside influence is involved, a juror may not testify about any juror's mental processes or the effect of *anything* on any juror's vote.  A juror cannot testify about what she said or heard during

conversations with other jurors without going into what she perceived, understood, and remembered. Thus, inquiry into the content of premature deliberations necessarily involves inquiry into the jury's mental processes. And asking jurors about premature deliberations would be meaningless unless the court could infer that those deliberations affected the jury's verdict in some way — the very inference Rule 606(b) forbids, because the Rule forbids jurors from testifying about *anything* that affected their vote.

As applied to Claim 28, Rule 606(b) bars Basham from the relief he seeks. Basham claims that new evidence of Cynthia Wilson's untruthfulness entitles him to a new trial (or at least an evidentiary hearing) because Wilson's previous testimony that she had no premature deliberations with other jurors cannot be believed. Irrespective of whether and to what extent this new evidence further undermines Wilson's credibility, her testimony about premature deliberations cannot serve as the basis for vacating Basham's conviction or sentence because Rule 606(b) prohibits Wilson from testifying about internal jury matters. In other words, a mistrial would not have been appropriately based on her testimony because she was not legally competent to testify about such deliberations.

Additionally, the Government agrees with the tentative view expressed in this Court's briefing order that Rule 606(b) "does not bar admission of the fact that there were numerous phone calls between the jurors during the trial." Dkt # 1570. However, the fact that these calls were made does not establish that the jury deliberated prematurely. And, in any event, there is a presumption that premature deliberations did *not* prejudice a defendant: "[W]hen there are premature deliberations among jurors with no allegations of external influence on the jury, the proper *process* for jury decisionmaking has been violated, but there is no reason to doubt that the jury based its

ultimate decision only on evidence formally presented at trial." United States v. Dominguez, 226

F.3d 1235, 1248 (11th Cir. 2000) (quoting United States v. Resko, 3 F.3d 684, 690 (3d Cir.1993)

(emphasis in original)).  Accordingly, and for the reasons previously articulated in the Government's

response to Basham's § 2255 motion, this Court should deny Basham's motion for a new trial or

evidentiary hearing.

                              Respectfully submitted,

                              William N. Nettles
                              United States Attorney


                              By:  s/Robert F. Daley, Jr.
                              Robert F. Daley, Jr. (ID No. 6460)
                              Jimmie Ewing (ID No. 7292)
                              Jeffrey Mikell Johnson (ID No. 10587)
                              William Witherspoon (ID No. 5945)
                              Assistant United States Attorneys
                              1441 Main Street, Suite 500
                              Columbia, South Carolina  29201
                              (803) 929-3000


February 13, 2013