IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 4:02-922-JFA |
| | ) | |
| v. | ) | ORDER ON MOTION |
| | ) | TO ALTER OR AMEND |
| BRANDON LEON BASHAM | ) | JUDGMENT |
| | ) | |
| _____ | ) | |

On June 5, 2013, this court entered a 198-page order denying defendant Brandon Leon Basham's motion for relief pursuant to 28 U.S.C. § 2255. Basham has timely filed a motion to alter or amend the judgment, suggesting that the court committed a clear error of law in two respects. More specifically, Basham contends that this court has misconstrued his arguments relating to Claims 11 and 15. After careful review, this court has determined that no error of law was committed and that the motion to alter or amend must be denied.

*Claim 11*
*Government's Alleged Inconsistent Positions*
*Regarding the Strap Statement*

Claim 11 deals with an issue that was extensively discussed in this court's June 5, 2013 order. This court discussed Claim 11 in conjunction with Claims 1, 12, and 18 because those four claims related to testimony by Sheriff Ronald Hewett regarding a demonstration by Basham of how a Liz Claiborne purse strap was used to strangle Alice Donovan. In discussing Claim 11, this court confused the issue by suggesting

1

that Basham was contending that the government took a position in his trial that was "inconsistent" with the position advanced by the government in the trial of Basham's co-defendant, Chadrick Fulks. As pointed out by Basham in his motion to reconsider, Claim 11 does not explicitly refer to inconsistent positions taken by the government—rather, in Claim 11 Basham contends that the government had an affirmative obligation—at Basham's trial—to correct testimony that it knew to or should have known to be false, in violation of *Napue v. Illinois*, 360 U.S. 264 (1959) and *Giglio v. United States*, 405 U.S. 150 (1972).

That having been said, however, it does not follow that this court was incorrect in finding that Basham's Claim 11 lacked merit.

First, in its June 5, 2013 order, this court found Claim 11 to be procedurally defaulted. Order at 47. ("The court agrees with the government that Basham cannot show that ineffective assistance of appellate counsel was the cause for the procedural default, thus Basham's claims of witness and prosecutorial misconduct asserted in Claim 11 should be dismissed.") In the motion to alter or amend, Basham does not address the procedural default issue. The court hereby affirms its finding that Claim 11 has been procedurally defaulted, but, out of an abundance of caution, the court will proceed to address the merits of this claim just as it did in the June 5, 2013 order.

Sheriff Hewett's testimony and the circumstances leading up to it are set forth in detail in this court's June 5, 2013 order. As that order points out, in the trial of

2

Basham's co-defendant, Chadrick Fulks, the government did not advance an argument to the court or to the jury that Basham was the one who used the strap to strangle Donovan. Rather, the government, at a hearing on an *evidentiary question outside the jury's presence*, pointed out the unfairness of admitting part, but not all, of Basham's statement about who strangled Donovan. The government did not vouch for the accuracy of Basham's statement; rather, it relied upon the rule of completeness[1] to argue that Basham's statement, taken out of context, would be unfair.

The court also noted, in its June 5, 2013 order, that FBI Agent Jeff Long testified before the Grand Jury regarding Basham's statement that Fulks strangled Alice Donovan, relaying what Basham had told investigating law enforcement officers about Donovan's murder. Though the government presented that testimony before the Grand Jury in an attempt to get a superseding indictment against Basham, the government did not in any way adopt this position as its theory of the case regarding who actually strangled Donovan. As the government observes in its response to Basham's motion to alter or amend, Basham has offered no evidence that Sheriff Hewett's testimony was perjured. Thus, Basham has failed to satisfy the threshold of the first prong of the Fourth Circuit's test for analyzing claims under

---

[1] *See* Fed. R. Evid. 106.

*Napue* and *Giglio*.[2]

In his motion to reconsider, Basham further contends that this court improperly limited the scope of *Napue*'s holding by requiring a showing that the government knowingly used false testimony and not considering the possibility that the government used testimony that it "should have known" to be false. As the government observes in its response, in Claim 11 of the original § 2255 petition Basham himself did not include the "should have known" language found in *United States v. Kelly*, 35 F.3d 929, 933 (4th Cir. 1994). Moreover, because the court has determined that Basham failed to satisfy the threshold requirement to show that the testimony of which he complains was false, no further analysis is required on the question of whether the government "should have known" that the testimony was false.

Finally, it should be noted that, though given the opportunity, the jurors did not find that Basham actually killed Donovan. Obviously, the jury did not need to find that Basham's hands killed Alice Donovan in order to find him deserving of the death penalty. As set out in detail in the June 5, 2013 order, the government's theory of the case, in both the trial of Basham and the trial of Fulks, was that the two defendants

---

[2] The Fourth Circuit Court of Appeals has announced a three-part test for analyzing claims under *Napue* and *Giglio*. In order to prevail on such a claim, Basham needed to demonstrate that: (1) the testimony was false; (2) the government knew that the testimony was false; and (3) there is a reasonable probability that the false testimony could have affected the verdict. *United States v. Roane*, 378 F.3d 382, 400 (4th Cir. 2004).

4

worked together to bring about Donovan's death.

*Claim 15*
*Evidence Regarding the Kidnapping and Death of Samantha Burns*

Claim 15 relates to the testimony allowed during trial regarding the abduction, rape, and murder of Samantha Burns, a West Virginia teenager who was killed three days before Donovan. Basham is correct that Claim 15 is styled as a claim for ineffective assistance of counsel for trial counsel's failure to object to the admission of the Burns evidence. This court's treatment of the issue, beginning on page 122 of its June 5, 2013 order, correctly notes that "in Claim 15 Basham argues that his trial attorneys rendered ineffective assistance of counsel when they failed to properly object to the admission of [the Burns] testimony." However, Basham takes issue with the remainder of the court's discussion of Claim 15 because after pointing out that the Fourth Circuit Court of Appeals had already determined in the Fulks appeal that the Burns testimony was admissible, and after reciting testimony regarding Burns's death that this court allowed, the court observed that "none of this evidence was objected to." In Basham's view, that discussion indicates that the court improperly treated Claim 15 as a generic challenge to the admission of the Burns evidence, rather than a specific claim of ineffective assistance of counsel for failure to object.

However, Basham misconstrues the court's intent. By determining that this court's decision to admit the testimony regarding the Burns murder was proper, the

court simply meant to imply what it thought to be obvious: that any objection to the admissibility of such testimony would have been overruled. In doing so, this court was following the procedure of analyzing ineffective assistance of counsel claims authorized by the Supreme Court:

> In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland v. Washington*, 466 U.S. 668, 697 (1984).

The Fourth Circuit Court of Appeals has already ruled in the appeal of Basham's co-defendant that evidence relating to the Burns murder was admissible under Federal Rule of Evidence 404(b), as it addressed the question of intent, which was a critical issue in this case. Thus, no prejudice resulted from any failure on the part of Basham's trial counsel to object to the Burns evidence.

Additionally, Swerling and Harris were not ineffective for failing to object to the Burns evidence for a second reason: Swerling and Harris had a strategic reason for allowing the admission of the Burns testimony in the guilt phase of Basham's trial. Their testimony at the § 2255 evidentiary hearing indicated that long before trial they concluded that the jury would probably find Basham guilty, thereby necessitating a penalty phase. For that reason, trial counsel followed the recognized practice of "front loading" the Burns testimony so as to minimize its impact on the

6

issue of the penalty—the critical issue in this case. In other words, had Swerling and Harris successfully kept out the Burns murder testimony in the guilt phase, that testimony would surely have been admissible in the penalty phase, and would have been fresh in the minds of the jury as they deliberated on Basham's sentence. Had Swerling and Harris successfully argued to keep the Burns testimony from the jury in the guilt phase, Basham would assuredly now be asserting that counsel was ineffective under *Strickland* because the jury would have heard the damaging testimony regarding Burns's death in the penalty phase, shortly before their deliberations began. As this court has observed, a reviewing court should not "second guess" defense counsel's performance. *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). The decision to front load the Burns evidence in the guilt phase certainly falls within the wide range of reasonable, professional assistance.

Basham also challenges this court's observation that the Burns evidence was necessary to prove to the jury that the West Virginia teenager did not run away from home for reasons of her own. Basham asserts that at trial, he never took the position that Burns was a runaway. But as the government points out, in Basham's trial there was never a formal stipulation or concession that Basham kidnapped and killed Burns or that Burns was dead. Thus, Basham's assertion that the government did not have to prove that Burns's disappearance was involuntary is not correct.

For all the foregoing reasons, the petitioner's motion to alter or amend (ECF No. 1580) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 21, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge