1

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

---------------------------------

UNITED STATES OF AMERICA                CR NO. 4:02-992
                                        Columbia, SC
    -vs-                                December 7, 2011

BRANDON LEON BASHAM,

          Defendant

---------------------------------


                BEFORE HON. JOSEPH F. ANDERSON, JR.
                 UNITED STATES DISTRICT COURT JUDGE
                       TELEPHONE CONFERENCE


APPEARANCES:


FOR GOVERNMENT:      HON. WILLIAM N. NETTLES
                     UNITED STATES ATTORNEY
                     BY:  ROBERT F. DALEY, JR.
                          JIMMIE EWING
                          JEFFREY M. JOHNSON
                     Assistant United States Attorney
                     1441 Main Street
                     Columbia, SC  29201

FOR DEFENDANT:       JULIA G. MIMMS LAW OFFICE
                     BY:  JULIA G. MIMMS, ESQ.
                     1001 Elizabeth Avenue, Suite 1A
                     Charlotte, NC  28204

                     ARIZONA FEDERAL PUBLIC DEFENDER
                     BY:  MICHAEL L. BURKE
                     Assistant Federal Public Defender
                     850 West Adams, #201
                     Phoenix, AZ  85007

COURT REPORTER:        DANIEL E. MAYO, RDR

                       Certified Realtime Reporter
                       901 Richland Street
                       Columbia, SC  29201


            STENOTYPE/COMPUTER-AIDED TRANSCRIPTION

THE COURT:  Hello.  This is Joe Anderson.  I understand we have -- this is in the United States versus Brandon Basham case.  I understand we have Mr. Burke and Miss Mimms on the phone representing the defendant, is that correct?

MS. MIMMS:  Yes, sir.

MR. BURKE:  Yes, sir.

THE COURT:  And then on behalf of the government we have Mr. Daley and Miss Ewing and who else?

MR. DALEY:  Mr. Jeff Johnson, your Honor.

THE COURT:  We're here in the courtroom, I have a court reporter here to make a transcript.  We do not have Mr. Basham on the phone because all I want to do is talk about schedule.

When we last spoke I suggested that we conduct a hearing out there, and I've since talked to Dr. Parker who did the initial examination, and I assume that y'all got that report that was filed earlier this week?

MS. MIMMS:  Yes, sir.

MR. BURKE:  Yes, sir.

MR. DALEY:  Yes, your Honor.

THE COURT:  All right.  He agreed it would be much more convenient for him if we held the hearing in the courthouse in Indianapolis, which would require the government to -- the Bureau of Prisons to bring Mr. Basham there.

4

Here's what I would like to propose, that we do it in stages, so to speak, that we not appoint any new experts yet as of today and leave that question reserved to a later date, but that we go to Indianapolis on Thursday the 23rd of February for a hearing where Dr. Parker would testify in person and be examined by the lawyers, if necessary. I could speak to Mr. Basham in person there in the courtroom.

And after we receive that testimony we can then make a determination as to whether I should allow either the government and the defendant or both to employ an additional expert on the competency issue. And I wouldn't be committing to appointing another one, I wouldn't be committing to not appointing another one, it would be reserved for another day whether a second opinion or two second opinions would be necessary.

What about that from the government's perspective?

MR. DALEY: Thursday February 23rd would work just fine for us, your Honor. And that's -- that procedure would work just fine for the government.

THE COURT: All right. What about from the defendant?

MR. BURKE: Your Honor, this is Michael Burke. We have no problem with the date of February 23rd, although we do oppose the proposed process for a couple of reasons. One is that in the first instance we're not asking that the court

appoint Dr. Schwartz-Watts, we're asking only for an order so that our expert can see our client, which is something that our client is desiring to do. So it's not a question of whether Dr. Schwartz-Watts necessarily would even testify at the hearing, but at this point I think waiting on granting that motion would simply serve to delay the proceedings.

Dr. Schwartz-Watts, I spoke to her today, has indicated that she can see Mr. Basham as early as January 9th, and so I don't think at least for purposes of what the court is proposing there's any reason to delay letting the Federal Public Defender see doctor -- send Dr. Schwartz-Watts to the prison to see our client. And it's possible then in that instance, even if we felt necessary to have Dr. Schwartz-Watts testify in court, wouldn't have to take, you know, take two steps in the hearing. Dr. Schwartz-Watts could testify in February.

THE COURT: Well, I was going to suggest if we came back from Indiana in February and decided to go forward with the additional experts that future hearings could be done via satellite from Columbia. I know the lawyers probably want to come in person, but we could have Dr. Schwartz-Watts here in Columbia testify live and have Mr. Basham hooked up on the satellite, and anybody else that wanted to be on satellite rather than physically coming to Columbia. That was my thought process was it's step two, if we went that far, would

be back here in Columbia.  But, as I said, I think it's critical, at least in my mind, that I speak to Mr. Basham personally in a courtroom or in a conference room somewhere and that's why this initial hearing needs to be out there.

Let me ask Mr. Daley, what is the government's position if I authorize Dr. Schwartz-Watts to go out there and examine him and leave it up in the air as to whether she testifies?  Would the government see a corresponding need to have an expert of your choosing to go look at him?

MR. DALEY:  Well, your Honor, I mean, that would depend a lot on what Dr. Schwartz-Watts's opinion was.  I prefer not to continue to have dueling experts, but if she came back and disagreed, obviously we would probably want to retain an expert of our own, as well.

THE COURT:  Well, if she comes back -- you say she is going out on the 9th, Mr. Burke?

MR. BURKE:  She could make it on January 9th, assuming there's a court order from you.

THE COURT:  How about if I authorize her to go on the 9th on the condition she have us a written report within ten days after that.  She'd have to put aside her other work and get the report out ASAP so the government will know whether they want to try to get another expert for the government.

MR. BURKE:  I'm sure that Dr. Schwartz-Watts could issue a report within ten days.  That would be fine, your

Honor.  Thank you.

THE COURT:  All right.  Mr. Daley, how about that? Then you will know by the 19th of January whether you are going to make an effort to get an expert.

MR. DALEY:  Your Honor, we're going to do whatever you deem appropriate.  If that's what you think is appropriate we will proceed in that manner.

THE COURT:  I'm going to go ahead and authorize Dr. Schwartz-Watts to go examine Mr. Basham if the defendant wants her to.  And, Mr. Burke, remind me, I don't have to do any kind of vouchers authorizing it because you handle this on your end, right?

MR. BURKE:  That's correct, your Honor.  All we need is an order from the court permitting Dr. Schwartz-Watts to have a contact visit with Mr. Basham.

THE COURT:  All right.  Well, I'll enter that order today and she can make plans to go ahead and get her plane tickets for the 9th of January.

MR. BURKE:  Thank you, your Honor.

THE COURT:  All right.  You think we can conclude the hearing in one day?  Dr. Parker's report is pretty comprehensive.  I would certainly expect there to be some cross-examination but I'm not sure it should take all day.

MR. DALEY:  Your Honor, it depends on what Dr. Schwartz-Watts says.  If she says he's competent it would -- I

would think it would be a pretty brief hearing.

THE COURT:  Right.  Well, let's proceed on that basis.  I'll enter an order today authorizing Dr. Schwartz-Watts to visit him in prison.  The Bureau requires that for the other end, right?

MR. BURKE:  Yes, your Honor.

THE COURT:  All right.  Anything else we can talk about regarding scheduling?

MR. BURKE:  Not on the defense side your Honor.

THE COURT:  Go ahead and pencil in we'll start the hearing 9:30 on the 23rd of February and look forward to getting Dr. Schwartz-Watts' report no later than January 19th and take it from there.

MR. BURKE:  Thank you, your Honor.

THE COURT:  All right.

MR. DALEY:  Thank you, your Honor.

MS. MIMMS:  Thank you.

THE COURT:  Thank you.

(Recess, 3:40 p.m.)


I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Date:  12-8-13                    s/  Daniel E. Mayo