IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA



Chadrick Evan Fulks,                     )
                                         )
            Petitioner,                  )
                                         )
v.                                       )         C/A No. :4:08-70072-JFA
                                         )         CR No: 4:02:992-JFA
United States Of America,                )
                                         )
            Respondent,                  )
                                         )
                                         )
_____                )


MOTION TO TERMINATE THE SERVICES
OF COURT APPOINTED COUNSEL


Comes now, Chadrick Evan Fulks, petitioner/defendant Pro Se and respectfully moves this court for the termination of the services of his court appointed counsel. In support thereof the following is submitted:

BACKGROUND

This is a Capital Case wherein the death penalty was imposed upon the petitioner after a jury trial on sentencing. Petitioner's direct appeal was affirmed by the United States Court of Appeals for the Fourth Circuit on July 27, 2006. See: UNITED STATES V. FULKS, 454 F. 3d 210 (4th Cir. 2006) Cert. denied 551 U.S. 1147, 127 S.Ct. 3002, 168 L. Ed. 2d 731 (2007).

Thereafter Mr. Fulks sought collateral relief pursuant to 28 U.S.C. § 2255. This Court appointed counsel to represent the petitioner . The Court has gone to great lengths to offer its praise and opinions on the attorneys appointed throughout these proceedings and most recently in a 2015 order counted the number of attorneys at taxpayer expense to be 15. See: Doc. Entry #1598, dated 2/02/15.

Mr. Fulks current counsel was appointed by the court in 2010 after the denial

of the § 2255 petition on August 20, 2010. See: FULKS V. UNITED STATES, 875 F. Supp. 2d 535 (D.S.C. 2010).Bettie Ashmore was allowed to withdraw and attorney Billy H. Nolas, with the Philadelphia Capital Habeas Unit a part of the Federal Community Defender for the Eastern District of Pennsylvania, (PCHU) was appointed on August 27, 2010 and his associate, attorney Amy Donnella was appointed as co-counsel on December 2, 2010. See: UNITED STATES V. FULKS, 2011 U.S. Dist LEXIS 3554 (D.S.C. 2011). Those attorneys filed a motion pursuant to Federal Rules of Civil Procedure Rule 59 (e) seeking to alter or amend the § 2255 Order and Opinion. That was denied on January 13, 2011. Id.

Mr. Fulks then sought appellate relief for the denail of his § 2255 petition. The United States Court of Appeals for the Fourth Circuit affirmed the denial of collateral relief on June 26, 2012. See: UNITED STATES V. FULKS, 683 F. 3d 512 (4th Cir. 2012) Cert denied by FULKS V. UNITED STATES, __U.S.__, __S.Ct.__, 187 L.Ed. 257 (Oct. 27, 2013). Thereby exhausting all available direct and collateral appeals in this case.

While petitioner can find no information as to what statute was used by the court when appointing attorneys Nolas and Donnella, Title 18 U.S.C. § 3599 (a)(1) (B)(2) allows for the appointment of counsel for collateral relief in Federal Capital cases. § 3599 (e) states in relevant part "Unless replaced by similar qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of the judicial proceedings..........and shall also represent the defendant in such comentency proceedings and proceedings for executive or other clemency as may be available. "

Earlier this year, Mr. Fulks was informed via a written letter from attorney Billy Nolas, that he would no longer be representing him. See Attachment #1.

(2)

Petitioner has never received any type of motion to withdraw filed by Mr. Nolas, or any order from the court allowing him to withdraw from the case. Nevertheless, as this Court is aware Mr. Fulks sought, however inartfully through his written communications with the court, to have Mr. Nolas and Mrs. Donnella replaced. The Court denied that request on February 2, 2015. The court insisted that petitioner was in good hands with his current counsel which included Mr. Nolas.

It appears from Title 18 U.S.C. § 3599 that Mr. Nolas was required to move to withdraw and equally qualified counsel appointed to take his place. It was attorneys Nolas and Donnella who were appointed by the court, not the Office of the Federal Defender for the Eastern District of Pennsylvaina or the Capital Habeas Unit within that office. To the best of petitioner's knowledge that did not happen.

On January 20, 2015 Mr. Fulks mailed a letter to Attorneys Nolas and Donnella to Cease and Desist their efforts to obtain any records on him. See: Attachment #2. During telephone calls prior to that date, he instructed Nolas and Donnella to stop any actions they were taking on his behalf.

On Maech 31, 2015 Mr. Fulks met in person with attorney Donnella and attorney Pete Williams. He informed them that he did not authorize the filing of any executive clemency application or petion on his behalf and that he would not sign any request for executive clemency prepared by them. Attorney Donnella responded that she didn't need his permission or signature to file for executive clemency on his behalf.

Petitioner has no idea how Pete Willians of the PCHU became involved in his case. He did not request his representation nor has he received any notification from this court that it authorized such an appointment. Mr. Williams has no standing to represent Mr. Fulks in any capacity.

It is petitioner's choice as to whether he desires to pursue executive clem-

(3)

ency. He cannot be compelled to do so. Likewise he cannot be compelled to accept the service of legal counsel for this purpose. There are no statutory requirements which require a clemency petition be submitted by legal counsel, if petitioner did elect to pursue clemency, or that prohibits him from obtaining counsel on his own for this purpose.

## RECENT DEVELOPEMENTS

On January 29, 2015 Mr. Fulks filed a Petition For Writ of Habeas Corpus pursant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. That case is styled, CHADRICK EVAN FULKS V. L. LaRIVA, Acting Warden, Case-Number 2:15-cv-0033. See: Attachment #3.

In that petition Mr. Fulks raises ineffective assistance claims against his trial counsel and against the counsel appointed by this court for the collateral proceedings, including attorneys Nolas and Donnella.

Petitioner came to learn that Nolas and Donnella had and have a potential conflict of interest in representing    him. This court has opined upon Mr. Fulks' trial attorneys using law students from the Law School at Cornel University as a part of the legal team assisting in petitioner's case. See: FULKS V. UNITED STATES, 875 F. Supp. 2d 545-548 (D.S.C. 2010). One of those law students who was actively involved at the trial level graduated from law school and went to work for the PCHU and became a colleague of attorneys Nolas and Donnella. This student/attorney is Timothy Patrick Kane. While the PCHU attorneys were working on this case Mr. Kane a person who had been a part of the legal defense team at trial was in a position that created or potentially created a conflict of interest.

Mr. Fulks was never told about this conflict, not by the attorneys, not by this court or anyone until he discovered it on his own. Petitioner assumes that this Court was unaware of this conflict or potential conflict. One might ask how the PCHU lawyers

(4)

came to the conclusion not to inform the court or their client about Mr. Kane. They had access to the trial counsel's records and files, including the names of everyone working on the case, lawyers and law students alike.

Any potential conflict still exist and for that reason attorneys Nolas and Donnella should be discharged as counsel in this case immediately.

Title 18 U.S.C. § 3599 allows for the defendant/petitioner to move to have counsel discharged and different counsel appointed. However, to be clear, Mr. Fulks is not seeking to have any counsel appointed to represent him in executive clemency proceedings, and he has no judical recourse left in this court.

Mr. Fulks seeks an order terminating the services of counsel in this matter. He does not need or want the services of attorneys Nolas, Donnella, williams or any other attorney associated with them.

Therefore, based upon the aforementioned information, petitioner seeks the discharge of his court appointed counsel.

Date: April 2, 2015

Respectfully Submitted,

Chadrick Evan Fulks, Pro Se
Reg. No. 16617-074
USP-Terre Haute
Post Office Box 33
Terre Haute, IN 47808-0033

CERTIFICATE OF MAILING

On this 1ST day of April, 2015 a True and correct copy of this Motion was via fiesr class pre paid mail to each of the following:

Amy Donnella, Attorney
PCHU
Suire 545 West, The Curtis Building
Philadelphia, PA 19106

United States Attorney
District of South Carolina
(address listed on the envelope)

Chadrick Evan Fulks

(5)