| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 4:02-CR-00992-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| CHADRICK FULKS | ) | |
| | ) | |
| _____ | ) | |

**RESPONSE OF THE UNITED STATES REGARDING
PETITIONER'S *PRO SE* MOTION TO TERMINATE
THE SERVICES OF COURT-APPOINTED COUNSEL**

On April 2, 2015, Petitioner Chadrick Fulks ("Fulks") signed a "Motion to Terminate the Services of Court Appointed Counsel," which was subsequently filed with the Court. The Court has requested counsel of record for Petitioner and the Government to file a response. Dkt. No. 1601.

## I.      **Procedural Background**

Chadrick Evan Fulks was sentenced to death by a South Carolina federal jury for the 2002 carjacking and kidnapping resulting in the death of Alice Donovan. After an unsuccessful appeal to the United States Court of Appeals for the Fourth Circuit, Fulks v. United States, 454 F.3d 410 (4th Cir. 2006), and denial of certiorari by the Supreme Court, 551 U.S. 1147 (2007), Fulks filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal death sentence. After extensive briefing and hearings with witnesses and arguments before the Court, the Court denied Fulks' Petition on August 20, 2010. Dkt. No. 1326. On September 17, 2010, Fulks filed a Motion to Alter Judgment. Dkt. No. 1357. The United States responded, and on December 8, 2010, the Court held a hearing on the motion. On January 13, 2011, the Court denied Fulks' Motion to Alter Judgment. Dkt. No. 1376. On March 2, 2011, Fulks filed a notice

of appeal.

On March 7, 2011, the Fourth Circuit Court of Appeals appointed the Federal Defender for the District of Pennsylvania at Philadelphia as co-counsel to represent Fulks on appeal. Dkt. No. 1389. Subsequent to briefing and oral argument, the Fourth Circuit affirmed this Court's decision. United States v. Fulks, 683 F.3d 512 (4th Cir. 2012). The Supreme Court denied certiorari on October 7, 2013, and denied rehearing on December 2, 2013. 134 S.Ct. 52 (2013).

Fulks filed a "Pro Se Motion for New Attorneys to Handle My Clemency Petition" on or about July 21, 2014. Dkt. No. 1594. The Court denied Fulks' request. Dkt. No. 1595. On January 20, 2015, the Court received a "Pro Se Motion for Video Hearing," again requesting that current counsel be removed and new counsel appointed. Dkt. No. 1597. The Court denied Fulks' motion, noting that the case record is voluminous, and that it would entail a substantial amount of work and expense to bring new lawyers into the case. The Court further observed: "[D]efendant's current counsel are highly competent, motivated, and have demonstrated to this court that they are committed to the defendant's case." Dkt. No. 1598.

Not to be deterred, Fulks has most recently filed a "Motion to Terminate the Services of Court Appointed Counsel." Dkt. No. 1600. Fulks bases his motion on four general claims: (1) Philadelphia Capital Habeas Unit ("PCHU") attorney Pete Williams has no standing to represent him; (2) He cannot be compelled to accept the services of legal counsel for the purpose of filing a clemency petition; (3) Representation by PCHU involves a conflict of interest; (4) He has a right to counsel of his choosing.

## II.     Analysis

The Government requests that the Court treat Fulks' motion as one to substitute counsel, and deny Fulks' Motion because (1) Fulks is statutorily entitled to assistance of counsel through

the clemency process; (2) The office of the Federal Public Defender for the District of Pennsylvania was appointed to represent Fulks; (3) Fulks does not have a right to court-appointed counsel of his choice; (4) Fulks' current motion appears to be an attempt to manipulate the judicial system to appoint new counsel; (5) Fulks has failed to show any valid basis for terminating current counsel.

**A.      Fulks is entitled to legal representation through the clemency process.**

Under 18 U.S.C. § 3599, every defendant who is charged with a crime which may be punishable by death and is financially unable to obtain adequate representation is entitled to appointment of one or more attorneys who shall represent him through every stage of litigation, including "all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in  . . . proceedings for executive or other clemency as may be available to the defendant."  18 U.S.C. § 3599(a), (e); see also Harbison v. Bell, 556 U.S. 180 (2009)(§ 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings).  While Congress, through § 3599, has provided indigent capital defendants with a right to qualified legal counsel in post-conviction proceedings, it has not conferred defendants with a right to counsel of their choice.  See Christenson v. Roper, 135 S.Ct. 891, 893-894 (2015).[1]  "Instead, the statute leaves it to the Court to select a properly qualified attorney."  Id. at 894.  However, the statute contemplates that the court may "replace" appointed counsel with "similarly qualified counsel . . .upon motion" of the petitioner.  Id. (citing § 3599(e)).

_____

[1] Christenson involved a motion for substitution of counsel by counsel, subsequent to defendant's habeas counsel's failure to file a petition until 117 days after the running of the statute of limitations.

"When an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed," the trial court has a responsibility to determine the reasons for a defendant's dissatisfaction. Martel v. Clair, 132 S.Ct. 1276, 1288 (2012) (citing United States v. Illes, 906 F.2d 1122, 1130 (6th Cir. 1990)). When considering whether to grant a petitioner's motion for substitution of counsel, the court should employ an "interests of justice" standard. 132 S.Ct. at 1281 . The trial court should explore the extent of any claimed conflict and any breakdown in communication between counsel and the defendant. Brown v. United States, 720 F.3d 1316, 1336 (11th Cir. 2013).

**B.      The Office of the Federal Defender for the District of Pennsylvania at Philadelphia was appointed to represent Fulks.**

Fulks incorrectly complains that attorneys Billy H. Nolas and Amy Gershenfeld Donnella were appointed as his counsel, "not the Office of the Federal Defender for the Eastern District of Pennsylvania or the Capital Habeas Unit within the office," and that, therefore, PCHU attorney Pete Williams "has no standing to represent Mr. Fulks in any capacity." Pet.'s Mot. at 3. Contrary to this assertion, the most recent counsel appointed to represent Fulks is the "Federal Defender for the District of Pennsylvania at Philadelphia." See United States v. Fulks, No. 11-3, Doc. 4, filed Mar. 7, 2011. Therefore, any attorney within that office qualified under § 3599(c) to represent Fulks may do so, and that office is required, under § 3599(e), to continue its representation of Fulks, "[u]nless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant."

**C.      Fulks does not have a right to court-appointed counsel of his choice.**

Fulks states that he "cannot be compelled to accept the service of legal counsel," to pursue executive clemency for him, and that "[t]here are no statutory requirements which require a clemency petition be submitted by legal counsel, if petitioner did elect to pursue clemency, or

4

that prohibits him from obtaining counsel on his own for this purpose." Fulks' claim is not entirely correct.

If he so desires, Fulks may submit his own request for clemency. The Code of Federal Regulations regarding executive clemency states: "Clemency in the form of reprieve or commutation of a death sentence imposed by a United States District Court shall be requested by the person under the sentence of death or by the person's attorney acting with the person's written and signed authorization." 28 C.F.R. § 1.10(a). However, "[o]nly one request for commutation of a death sentence will be processed to completion, absent a clear showing of exceptional circumstances." 28 C.F.R. § 1.10(e). Thus, if Fulks files his own request, it is unlikely he will later be allowed to file another request through counsel. Therefore, it would be in Fulks' best interest to have the assistance of counsel with extensive experience with capital litigation.

As to Fulks' claim that he has a right to obtain counsel on his own, Fulks has not shown that he has the financial means to retain counsel. Further, the right to retained counsel of one's choice is not absolute. Stanley v. Warden, San Quentin State Prison, No. 2:95-CV-1500 JAM CKD, 2014 WL 7335324, *6 (E.D. Cal. 2014)(quoting United States v. Rivera-Corona, 618 F.3d 976, 979 (9th Cir. 2010)). "[T]he Supreme Court has 'recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar.'" Id. (quoting United States v. Gonzalez-Lopez, 548 U.S. 140, 147-48 (2006)). While the demands of a court calendar may not be a major concern regarding clemency proceedings, the Court retains a concern in the representation of a prisoner by competent counsel, and in the efficient and fair provision of legal representation to a prisoner. New counsel would face a daunting task just to become familiar with Fulks' case. This task could become even more daunting if Fulks received notification of an execution date before new counsel could

become familiar with his case, since counsel would have only 30 days to file the clemency petition. Additionally, the appointment of new counsel would result in a great expenditure of taxpayer money. Fulks has failed to assert any valid reason for the Court to commit such resources, since he currently has competent, highly-experienced counsel who are very familiar with his case.

While the Government recognizes that clemency involves a decision by the executive branch, rather than an adjudicatory process, because courts are statutorily required to provide counsel for any post-conviction proceedings, the court maintains an interest in the efficient administration of the provision of counsel. As Fulks' numerous *pro se* motions during the course of his case show, he has often changed his mind as to whether and how to proceed with post-conviction litigation. Despite Fulks' representations in his most recent motion, he has made it clear that he wants to pursue clemency, and that he desires counsel.

**D.      Fulks' current motion appears to be an attempt to manipulate the judicial system to appoint new counsel.**

Prior to filing the current motion, Fulks recently filed two other motions seeking discharge of current counsel and the appointment of new counsel to file a clemency petition. Dkt. Nos. 1594, 1597. He has stated that current counsel are not acting quickly enough and communicating with him to a degree he finds acceptable. His motions state that he has attempted to contact private attorneys he hopes will represent him, but that they will not talk with him because he currently has representation. Thus, it appears, given his recent statements and his history of attempts to manipulate the judicial process, that Fulks is once again attempting to gain something to which he is not entitled. If the Court terminates the representation of Fulks' current counsel, Fulks will at some subsequent point seek appointment of new counsel.

**E.** <u>**Fulks has provided no valid basis for a change of counsel.**</u>

As it is clear that Fulks is actually attempting to gain the appointment of new counsel of his choice, the Court should make the same finding as previously made regarding Fulks' motions for substitution of counsel - that current counsel are highly competent and committed to Fulks' case. Dkt. Nos. 1595, 1598.

"Once competent counsel is appointed to represent an indigent defendant, it is within the court's broad discretion to grant or deny a motion for substitute counsel." <u>Rangel v. United States</u>, --- F.Supp. ---, 2013 WL 3990794 (E.D.Va. 2013). The Sixth Amendment does not guarantee a defendant good rapport or a meaningful relationship with counsel.[2] <u>Morris v. Slappy</u>, 461 U.S. 1, 13-14 (1983). A conflict of interest exists when a defendant's counsel must identify and investigate potential errors they themselves made. <u>United States v. Blackledge</u>, 751 F.3d 188, 195 (4th Cir. 2014). However, a conflict does not exist simply because a defendant has filed a complaint outside the trial court's jurisdiction alleging that his counsel has failed to provide adequate representation. <u>See</u> <u>United States v. Burns</u>, 990 F.2d 1426, 1437-38 (4th Cir. 1993)(defendant had no right to substitution of counsel based on his filing of a grievance against his attorney with the state bar). A defendant's unfounded belief that counsel is not providing adequate representation is not a basis for a change of counsel. <u>See</u> <u>United States v. Johnson</u>, 114 F.3d 435, 443 (4th Cir. 1997)(district court did not abuse its discretion in denying counsel's motion to withdraw where defendant's complaint was that counsel had not filed certain pre-trial motions and interviewed various witnesses, and counsel's complaint was that defendant refused to discuss possible defense evidence).

---

[2]The right to counsel for clemency proceedings is not derived from the Constitution, but, rather, is provided by statute.

The main reason Fulks has asserted in previous petitions for desiring new counsel is that he wants counsel to file a clemency petition, and current counsel are not acting quickly enough and communicating with him to a degree he finds acceptable. It simply appears that Fulks wants more attention from current counsel than they are presently giving him. Fulks has failed to show that counsel have been deficient in any way or that he has been prejudiced by the alleged failure of his counsel to expeditiously pursue clemency. No execution date has been set for Fulks. In fact, no federal death row inmate has been executed since March18, 2003. [3]

In his most recent motion, Fulks claims he desires termination of current counsel due to a conflict of interest, because one of the attorneys working for the PCHU, Timothy Kane, was a Cornell law student who assisted trial counsel with investigation and research during the preparation of Fulks' case for trial. Kane was not an attorney at the time of Fulks' trial, and he did not represent Fulks. He provided an affidavit filed with Fulks' § 2255 motion to support Fulks' motion to vacate his sentence. Attach. A, Declaration of Tim Kane. Fulks fails to explain how this creates a conflict of interest for counsel pursuing clemency.

As prior counsel for Fulks, Kirsten Small, noted in her Motion for Leave to Withdraw as Counsel, the "Philadelphia CHU is devoted to the representation of death-sentenced clients. It has represented dozens of death-sentenced individual in state and federal proceedings . . . ." See United States v. Fulks, No. 11-3, Doc. 5, filed Mar. 11, 2011. The Court's previous orders have also noted that Fulks' current counsel are highly competent and are fully equipped and capable of asserting any clemency issues that should be raised.

---

[3]See Death Penalty Information Center, http://www.deathpenaltyinfo.org/federal-death-row-prisoners.

**III.    <u>Conclusion</u>**

Fulks has a right to file his own request for clemency, and counsel can file such a request only with Fulks' authorization.  Fulks has a statutory right to court-appointed counsel.  However, he has no right to court-appointed counsel of his choice.  Fulks has made it clear that he desires the assistance of counsel, and he has shown no valid basis for the termination of current counsel.  Therefore, the Court should not terminate the appointment of the Philadelphia Capital Habeas Unit.

<div style="margin-left:40%">

Respectfully,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

s/Jimmie Ewing
Jimmie Ewing (# 07292)
Robert F. Daley, Jr. (# 06460)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3136

</div>

May 6, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA        )      CR. No. 4:02-CR-00992-JFA
)
v.        )
)
CHADRICK FULKS        )
)
_____)

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

The undersigned Assistant United States Attorney hereby certifies that (s)he has caused service of the **RESPONSE OF THE UNITED STATES REGARDING PETITIONER'S *PRO SE* MOTION TO TERMINATE THE SERVICES OF COURT-APPOINTED COUNSEL** by a Paralegal Specialist employed in the Office of the United States Attorney for the District of South Carolina who is a person of such age and discretion as to be competent to serve papers.

That on May 6, 2015, my Paralegal Specialist served copies of the foregoing documents by placing said copies in a postpaid envelope addressed to the person hereinafter named at the place and address below, and by depositing said envelope and contents in the United States Mail at the U.S. Attorney's Office, 1441 Main Street, Suite 500, Columbia, SC 29201, addressed as follows:

Chadrick E Fulks, Reg. No. #16617-074
US Penitentiary
Federal Death Row
P.O. Box 33
Terre Haute, IN 47808

Respectfully,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

s/Jimmie Ewing
Jimmie Ewing (# 07292)
Robert F. Daley, Jr. (# 06460)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3136

May 6, 2015

1