IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS**

COMES NOW Brandon Basham, by and through undersigned counsel, pursuant to 28 U.S.C. § 2255, Federal Rule of Civil Procedure 6(b) and Local Civil Rule 7.06, and responds in opposition to the Government's "Motion to Dismiss Motion to Vacate Convictions and Sentence Pursuant to Title 28 U.S.C. § 2255." Dkt. No. 1627. Mr. Basham respectfully submits that the government's motion is without merit and requests that the motion be denied.

I.    **Mr. Basham's § 2255 petition relies on *Johnson*, which invalidated the "ordinary case" approach**

A.    ***Johnson* and *Welch* held the ordinary case analysis is constitutionally flawed**

The Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), established that the "ordinary case" approach to determining which offenses qualify as "crimes of violence" under the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The Court in *Johnson* invalidated not just the residual clause of the ACCA but the ordinary case approach to determining whether or not a felony qualifies as a "crime of violence." *Johnson*, 135 S. Ct. at 2557. The Court noted that prior decisions of the Supreme Court required the application of the "categorical approach" to determining when an offense constitutes a "crime of violence." *Id.*

1

"Under the categorical approach, a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Id*. (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

The Court's analysis in *Johnson* focused on the indeterminacy created by the application of the ordinary case analysis. The Court found that both steps of the two-step analysis under the categorical approach created uncertainty because of the impossibility of determining what constituted an "ordinary case." *Id. See also* Dkt. No. 1616 at 9-10. It is this invalidation of the ordinary case approach on which Mr. Basham relies in his petition for relief under § 2255. As Mr. Basham explained in his § 2255 petition, "*Johnson* not only invalidated the ACCA residual clause, but also invalidated the 'ordinary case' analysis and statutory provisions that compel such an analytical framework. In other words, the only way to apply the residual clause is to use the 'ordinary case' analysis, and the 'ordinary case' analysis is impossible to apply in a constitutional manner." Dkt. No. 1616 at 10.

The Court's invalidation of the ordinary case approach in *Johnson* was made even clearer in the Court's decision in *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Welch*, the Court explained that the "vagueness of the residual clause rests in large part on its operation under the categorical approach." *Welch*, 136 S. Ct. at 1262. The residual clause, the Court explained, "failed not because it adopted a 'serious potential risk' standard but because applying that standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Id*. It was this "indeterminacy of the wide-ranging inquiry" that "made the residual clause more unpredictable and arbitrary in its application than the Constitution allows." *Id*. (quoting *Johnson*, 135 S. Ct. at 2557). Applying such a "shapeless"

standard, the Court concluded, "'does not comport with the Constitution's guarantee of due process.'" *Id.* (quoting *Johnson*, 135 S. Ct. at 2560).

The Fourth Circuit has similarly endorsed this reading of *Johnson*. In *Hubbard*, the court addressed whether a claim that the residual clause of 18 U.S.C. § 16(b) was unconstitutional under *Johnson* met the standard for filing a successive petition under § 2255(h)(2).[1] The Fourth Circuit held that § 2255(h)(2) requires a defendant to demonstrate that his § 2255 claim "'*relies on* a [qualifying] new rule of constitutional law.'" *In re Hubbard*, 825 F.3d 225, 228 (4th Cir. 2016) (quoting *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014), 28 U.S.C. § 2255(h)(2)) (alteration in *Vassell*, emphasis in *Hubbard*). Under these terms, the Fourth Circuit held that *Hubbard* satisfied the gatekeeping requirements of § 2255(h)(2) because his § 2255 claim challenging the constitutionality of 18 U.S.C. § 16(b) relied on *Johnson*, which had produced a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable. *Hubbard*, 825 F.3d at 231-32.

The government in *Hubbard* made essentially the same argument that it advances here: that the statute in question is "beyond the scope of the rule articulated in *Johnson*." *Id*. at 231. The Fourth Circuit rejected the government's position, noting that the "*Johnson* Court's focus was on the abstraction involved in analyzing an ordinary case." *Id*. at 233. "The government is making a merits argument: its contention that the *Johnson* rule does not render similar language

---

[1] Although the Fourth Circuit in *Hubbard* addressed the residual clause in 18 U.S.C. § 16(b), as opposed to that contained in § 924(c)(3) which is at issue here, the distinction is immaterial because the clauses are identical. As the Fourth Circuit reaffirmed in *Hubbard* "the language of § 16(b) is identical to that in § 924(c)(3)(B), and we have previously treated precedent respecting one as controlling analysis of the other." *Hubbard*, 825 F.3d at 230 n.3 (citing *United States v. Fuertes*, 805 F.3d 485, 500 (4th Cir. 2015); *United States v. Taylor*, 814 F.3d 340, 377 (6th Cir. 2016) (relying on Supreme Court's § 16(b) precedent to interpret § 924(c)(3)(B)); and *United States v. Serafin*, 562 F.3d 1105, 1108 & n. 4 (10th Cir. 2009) (same)).

in a closely related provision unconstitutional is an argument about the proper *application* of the new rule in *Johnson*." *Id*. at 231 (emphasis in *Hubbard*).

The government here makes an essentially identical argument, but based on § 2255(f)(3)'s statute of limitations, rather than § 2255(h)(2)'s gatekeeping provision. The government contends that because the Supreme Court has not "extended" *Johnson* beyond the residual clause of the ACCA and because the Supreme Court has not itself held that the residual clause of § 924(c)(3) is unconstitutionally vague, Mr. Basham's claim does not fall within the statute of limitations under § 2255(f)(3). Dkt. No. 1627 at 3; *compare Hubbard*, 825 F.3d at 231 ("Thus, the government could be understood to argue, a plaintiff cannot proceed even from this early stage if the new constitutional rule cannot affect the provision on which his conviction or sentence was based.").

The Court in *Hubbard* rejected the government's position that authorization under § 2255(h)(2) is dependent upon whether *Johnson* applies to the particular provision challenged.[2] In light of the Fourth Circuit's decision in *Hubbard*, the government's position here is untenable. The Fourth Circuit made clear that a petitioner satisfies the gatekeeping requirements of § 2255(h)(2) as long as his claim *relies* on a new rule of constitutional law. *Hubbard*, 825 F.3d at

---

[2] The government argued in its Motion to Dismiss that the Fourth Circuit previously stated "it is unclear whether *Johnson* should be extended from the ACCA's residual clause to § 924(c)(3)(B)." Dkt. No. 1627 at 7 (citing *United States v. Graham*, 824 F.3d 421, 424 n.1 (4th Cir. 2016). In fact, the en banc Fourth Circuit in *Graham*, found that the defendant's claim that § 924(c) was void for vagueness under *Johnson* was untimely because it was submitted after *en banc* oral argument. *Graham*, 824 F.3d at 424 n.1. The court noted that the claim also "would not survive plain error review" because the Fourth Circuit itself "has not yet addressed this claim." *Id*. Similarly, in *Hubbard*, the Fourth Circuit court noted that they "previously declined (as unnecessary to the decision) to opine on whether *Johnson*'s holding applies to the residual clauses embodied in [§ 16(b) and § 924(c)(3)], *e.g.*, *Fuertes*, 805 F.3d at 499 n.5, and in the context of our consideration of Hubbard's motion for authorization to proceed in the district court, we have no occasion to rule on the merits of his claim beyond the "glance" discussed in text." *Hubbard*, 825 F.3d at 232 n.5. The Fourth Circuit has thus had no occasion to address on the merits whether § 924(c)(3)(B) is unconstitutional under *Johnson*.

229; *see also* 28 U.S.C. § 2244(b)(2) (in a second or successive habeas petition an applicant must show "that the claim *relies* on a new rule of constitutional law" (emphasis added)).[3] There is no principled basis on which to distinguish the substantive requirements of the § 2255(h)(2) gatekeeping provision from those of the § 2255(f)(3) statute of limitations. To hold as such would create a potential scenario wherein a petitioner could demonstrate that his claim "*relies* on a qualifying new rule of constitutional law" such that he satisfies § 2255(h)(2), but nonetheless be prevented from presenting that very claim to the district court because the statute of limitations requires a more stringent showing regarding the *application* of the new rule to his case. *Hubbard*, 825 F.3d at 229, 231. Such a piecemeal and illogical construction of the statute cannot be supported. The "right asserted" in § 2255(f)(3) is the very same right or claim that a petitioner "only needs to show . . . relies on a qualifying new rule of constitutional law" under § 2255(h)(2). *Id.* at 229. The two provisions cannot contain substantively different requirements. *See Soliman v. Gonzales*, 419 F.3d 276, 282 (4th Cir. 2005) ("We are obliged to look to the statutory language as a whole, construing each section in harmony with every other part or section[.]"); *Gustafson v. Alloyd Co.*, 513 U.S. 561, 568 (1995) (noting courts' "duty to construe statutes, not isolated provisions"). The only question under § 2255(f)(3), then, is whether the claim was brought within one year of the date on which the Supreme Court recognized the new rule on which the petitioner's claim relies.

### B. Mr. Basham's claim relies on the Court's holding in *Johnson* that the ordinary case analysis is constitutionally void

In his petition, Mr. Basham relied on *Johnson*'s ruling that the ordinary case analysis for determining what constitutes a "crime of violence" is constitutionally flawed. *See* Dkt. No. 1616

---

[3] The text of § 2255(h) in fact requires only that the second or successive motion "contain" a new rule of constitutional law that has been made retroactive and was previously unavailable. *See* 28 U.S.C. § 2255(h).

at 8-10. The Fourth Circuit has held that the categorical approach applies in determining whether an offense is a "crime of violence" under § 924(c)(3). *United States v. Fuertes*, 805 F.3d 485, 498-99 (4th Cir. 2015).[4] Under the categorical approach, courts may not consider the factual means of committing the particular offense, but must consider the nature of the offense in the "ordinary case." This is true regardless of whether the ACCA, § 924(c)(3)(B), or § 16(b) is at issue. *See Fuertes*, 805 F.3d at 498 (citing *James v. United States*, 550 U.S. 192, 202 (2007), which applied the categorical approach to a case under the ACCA, in defining the categorical approach applicable to a case under § 924(c)(3)(A)). Mr. Basham's § 2255 claim therefore relies on the Supreme Court's decision in *Johnson*, which established a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Welch*, 136 S. Ct. at 1268; *Hubbard*, 825 F.3d at 228, 229.

### C.  Mr. Basham's claim is timely under § 2255(f)(3)

Mr. Basham relied on a new rule, established by the Supreme Court in *Johnson*, that the ordinary case analysis is constitutionally flawed. The Supreme Court decided *Johnson* on June 26, 2015. Mr. Basham filed his petition within one year of that date. His petition is therefore timely under § 2255(f)(3).

### II.    The Statute of Limitations Cannot Bar § 2255 Relief in This Case

Even if the Court agrees with the government that Mr. Basham has failed to satisfy the requirements of § 2255(f)(3), the Court still is not prevented from granting relief in this case. For

---

[4] The Fourth Circuit's decision in *Fuertes* is consistent with most other courts of appeals, which have held the same. *United States v. Butler*, 496 Fed. Appx. 158, 161 n.4 (3d Cir. 2012); *Evans v. Zych*, 644 F.3d 447, 453 (6th Cir. 2011); *United States v. Vivas-Ceja*, 808 F.3d 719, 722 (7th Cir. 2015); *United States v. Serafin*, 562 F.3d 1105, 1108 (10th Cir. 2009); *United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008); *United States v. Acosta*, 470 F.3d 132, 134 (2d Cir. 2006); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995).

6

the reasons discussed below, any failure to comply with the statute of limitations can be excused and does not provide a basis for denying Mr. Basham's § 2255 petition.

### A.  Mr. Basham is Actually Innocent of the § 924(c) Conviction

The Supreme Court held in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), that actual innocence "serves as a gateway through which a petitioner may pass," despite expiration of the statute of limitations. *Id*. at 1928. "To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations and citations omitted). Because kidnapping resulting in death and carjacking resulting in death are not crimes of violence under the categorical approach, *see* Dkt. No. 1616 at 15-30, it is impossible for the government to prove one of the required elements of § 924(c) – the "crime of violence" element. *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016). There are no facts under which Mr. Basham could have been convicted of the charged § 924(c) offense. Therefore, Mr. Basham is innocent of the § 924(c) offense of which he was convicted.[5]

### B.  The District Court Did Not Have Jurisdiction Over the § 924(c) Indictment

An indictment's failure to allege conduct that constitutes a criminal offense is a jurisdictional defect. *United States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002). When such a defect exists, "proof of the alleged conduct, no matter how overwhelming, would have brought it no closer to showing the crime charged than would have no proof at all." *Id*. at 715. "The problem is not that the Government's case left unanswered a question as to whether its evidence

---

[5] As Mr. Basham argued in his § 2255 Motion, in order to sustain his conviction under § 924(c) *both* kidnapping resulting in death and carjacking resulting in death must be found to categorically qualify as crimes of violence. Dkt. No. 1616 at 31. This is so because the jury's verdict did not specify in furtherance of which offense it found Mr. Basham used a firearm. Therefore, if the court finds that either carjacking resulting in death or kidnapping resulting in death is not categorically a crime of violence, Mr. Basham's conviction under § 924(c) must be void. *Id*.

would encompass a particular fact or element. Rather, it is that the Government affirmatively alleged a specific course of conduct that is outside the reach of the [statute charged]." *Id*.

Jurisdictional defects "cannot be waived and are not subject to procedural default." *Sapia v. United States*, 433 F.3d 212, 216 (2d Cir. 2005) (citations omitted); *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) ("Because parties cannot by acquiescence or agreement confer jurisdiction on a federal court, a jurisdictional defect cannot be waived or procedurally defaulted—instead, a judgment tainted by a jurisdictional defect must be reversed." (citations omitted)).

Here, the district court had no jurisdiction over the § 924(c) indictment because the charge alleged conduct that, post-*Johnson*, is outside of the reach of § 924(c). The indictment alleged the use of a firearm in connection with carjacking resulting in death and kidnapping resulting in death, but under the categorical approach, neither crime is a "crime of violence," independent of the facts in a particular case. The indictment therefore fails to allege conduct that constitutes an offense under the U.S. Code. Mr. Basham's conviction is therefore a nullity and the statute of limitations is excused.

### III.    Conclusion

For the reasons set forth above, 28 U.S.C. § 2255(f)(3) does not prevent this court from adjudicating Mr. Basham's § 2255 petition and granting him relief. Even if this Court were to find that Mr. Basham's petition is untimely under § 2255(f)(3), because Mr. Basham is actually innocent of the charged offense and the district court lacked jurisdiction to convict him of the § 924(c) offense, the statute of limitations does not prevent the Court from granting relief in this

case. For these reasons, and the reasons stated in his Motion for Relief under § 2255, Dkt. No.

1616, Mr. Basham respectfully request this Court deny the government's Motion to Dismiss and

address his claims on the merits.

 Respectfully submitted this 30th day of August, 2016.

> Jon M. Sands
> Federal Public Defender
> Leticia Marquez
> Assistant Federal Public Defender
> Lindsey Layer
> Research & Writing Specialist
>
> By /s/ Leticia Marquez_____
> Counsel for Defendant-Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2016, I electronically filed the foregoing Response in Opposition to Government's Motion to Dismiss with the Clerk's Office by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service of this document will be accomplished by the CM/ECF system.

/s/Leticia Marquez
Assistant Federal Public Defender
Federal Public Defender's Office
District of Arizona