| | | |
|---|---|---|
| _____ | : | 4:02-CR-992-JFA |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent, | : | Hon. Joseph F. Anderson |
| | : | United States District Judge |
| | : | |
| v. | : | **CAPITAL CASE** |
| | : | |
| CHADRICK E. FULKS, | : | |
| | : | |
| Petitioner. | : | |
| _____ | : | |

**PETITIONER'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS
MOTION PURSUANT TO 28 U.S.C. § 2255**

Chadrick E. Fulks, a prisoner in the custody of the United States sentenced to death and

housed at the United States Penitentiary, Terre Haute, Indiana, respectfully requests that this

Court deny the Government's Motion to Dismiss Mr. Fulks's Motion to Vacate Convictions and

Sentence Pursuant to Title 28 U.S.C. § 2255 ("Motion to Dismiss").

**INTRODUCTION**

On June 17, 2016, upon its granting of Mr. Fulks's application to file a successive § 2255

motion, the United States Court of Appeals for the Fourth Circuit filed Mr. Fulks's proposed

motion ("§ 2255 motion") in this Court. The motion challenged, based on the United States

Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his convictions for

possessing or using a firearm during or in relation to a crime of violence and conspiring to do so

as defined by 18 U.S.C. §§ 924(c) and (o). As the § 2255 motion explains in greater detail, to

qualify as a crime of violence under § 924(c) and (o), the underlying offenses must fall under

either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." Mr. Fulks's

capital conviction cannot be upheld under § 924(c)(3)(B) because that section's definition of a

crime of violence requires the same "ordinary case" approach that the Supreme Court deemed

unconstitutional in *Johnson*. Accordingly, Mr. Fulks's claim for relief relies on *Johnson* to

allege that his §§ 924(c) and (o) convictions are void for vagueness.[1]

In its Motion to Dismiss, the government ("Respondent") urges this Court to dismiss Mr.

Fulks's § 2255 motion on the ground that Mr. Fulks's motion is untimely—premature—because,

according to Respondent, Mr. Fulks seeks to "extend" the United States Supreme Court's

decision in *Johnson* "to a new, readily distinguishable context." Motion to Dismiss at 3.

Respondent further contends that the "new rule" framework articulated in *Teague v. Lane*, 489

U.S. 288, 301 (1989), precludes relief because "courts cannot say that all reasonable jurists

would recognize that *Johnson* should be extended to § 924(c)(3)(B)." Motion to Dismiss at 7.

Respondent's arguments should be rejected and its Motion to Dismiss denied. Mr.

Fulks's § 2255 motion did not rely on an extension of *Johnson*, but *Johnson* itself. Respondent's

interpretation of § 2255(f)(3) and *Teague* is flawed and its argument contradicted by applicable

Supreme Court law. Finally, even assuming, *arguendo*, that § 2255(f)(3) did pose a problem for

Mr. Fulks's successive petition, he should be permitted to proceed because he is actually

innocent of the crimes charged under §§ 924(c) and (o).

## I. MR. FULKS'S MOTION IS NOT "PREMATURE" BECAUSE THE RIGHT HE ASSERTS WAS RECOGNIZED BY THE SUPREME COURT IN *JOHNSON*.

Section 2255(f)(3) provides that a habeas petitioner must file a motion seeking relief no

later than one year following "the date on which the right asserted was initially recognized by the

---

[1] Mr. Fulks has alleged that the underlying offenses do not constitute crimes of violence under § 924(c)'s "force clause" either. As Respondent's Motion to Dismiss does not contest that allegation, Mr. Fulks does not address that issue here.

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Respondent urges this Court to adopt an interpretation of 28 U.S.C. § 2255(f)(3) that is logically strained and supported by no legal authority. Respondent contends that because *Johnson* invalidated 18 U.S.C. § 924(e)(2)(b)(ii), and Mr. Fulks has challenged his convictions under a different subsection of 18 U.S.C. § 924, § 924(c)(3)(B), this Court is barred from considering Mr. Fulks's challenge. Respondent's argument appears to be that the decision in *Johnson* can be applied only to challenges under 18 U.S.C. § 924(e)(2)(b)(ii), and not to convictions under any other statute (or subsection of a statute), regardless how closely the language and impact of the provisions on the defendant mirror one another. Motion to Dismiss at 2 ("[D]efendant is not challenging an ACCA sentence."); *id*. at 3 ("At present, the Supreme Court itself simply has not extended *Johnson* to invalidate 18 U.S.C. § 924(c)(3)(B)."). Therefore, Respondent contends, Mr. Fulks seeks by way of his § 2255 motion to assert a "specific substantive right" that the Supreme Court has not yet recognized, *id*. at 4, and so relief is barred "at present," *id*. at 3.

Respondent errs. *Johnson* invalidated not only § 924(e), but rather the ordinary case analysis that courts have used to interpret § 924(e)'s residual clause. As § 924(c) contains a similarly worded residual clause, which uses the same ordinary case analysis, Mr. Fulks is not relying on an extension of *Johnson*, but on *Johnson* itself.

### A. *Johnson* Expressly Rejected the "Ordinary Case" Approach to Determining Whether a Crime Is Intrinsically Violent.

In *Johnson*, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) was unconstitutionally vague because the process by which courts categorize convictions as violent was unacceptably "wide-ranging" and "indetermina[te]." *Johnson*, 135 S. Ct. at 2557. The

Court began by reaffirming that, under *Taylor v. United State*s, 495 U.S. 575 (1990), the residual clause requires the categorical approach to determine whether a particular statute is a crime of violence. *Johnson*, 135 S. Ct. at 2557, 2562. Courts must therefore assess whether a crime is a violent felony "'in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion.'" *Id.* at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

The Supreme Court observed that, under its precedents, the residual clause "requires a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Johnson*, 135 S. Ct. at 2557 (citation omitted). But the *Johnson* Court found that "grave uncertainty" abounded in determining "how to estimate the risk posed by a crime" in the "judicially imagined 'ordinary case'" because "[t]he residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id.* at 1257-58. The Court thus concluded that the process of determining what is embodied in the "ordinary case" was fatally flawed and unconstitutionally vague. *Id.*

This flaw alone established the residual clause's unconstitutional vagueness, but a closely related defect exacerbated the problem. *Id.* The residual clause lacked a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute was enough to constitute a "serious potential risk of physical injury." *Id.* at 2558. Although the level of risk required under the residual clause could arguably be similar to that of the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing the risk posed by an "ordinary case" to the risk posed by enumerated offenses would cure the constitutional problem. *Id.* The Court held that the indeterminacy,

4

unpredictability, and arbitrariness inherent in the ordinary case analysis was more than the "Due Process Clause tolerates." *Id.* Thus, *Johnson* not only invalidated the ACCA residual clause; it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id.*

**B.** **_Johnson_ Renders § 924(c)(3)(B) Unconstitutionally Vague.**

The residual clause in § 924(c) suffers the same defects as the ACCA residual clause in § 924(e). The language of the provisions is similar; federal courts treat the provisions the same; and both provisions depend on the now-abrogated "ordinary case" analysis.

Section 924(e) defines a "violent felony" to include those that involve "a serious potential risk" of "physical injury" to another person. Section 924(c) defines a "crime of violence" to include those that involve "a substantial risk" that "physical force" may be used against a person or property. Both provisions thus define violent crimes according to their intrinsic risk that they may involve physical force or injury. Although the risk at issue in § 924(e) is a risk of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale. The Supreme Court's holding did not turn on the type of risk at issue but rather on how courts assess and quantify the risk intrinsic in a crime.

Federal courts have recognized that § 924(e)'s residual clause is similar to § 924(c)(3)(B) and to 18 U.S.C. § 16(b), which is identical to § 924(c)(3)(B).[2] *See, e.g., United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret the definition of crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (relying on ACCA case to interpret crime of violence under § 16(b)); *see also Chambers v.*

---

[2] 18 U.S.C. § 16 defines a crime of violence as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (§ 16(b) "closely resembles ACCA's residual clause"); *United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA residual clause and § 16(b) as "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930 (8th Cir. 2014) (ACCA's definition of a violent felony is "virtually identical to § 16(b)"); *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) ("The present case involves the term 'crime of violence' whereas the Supreme Court in *Begay* interpreted the term 'violent felony.'  We have never recognized a distinction between the two.").

Indeed, when considering *Johnson*'s applicability to § 924(c), the Eleventh Circuit held that "the language in § 924(c) and § 924(e) is very similar."  *In re Pinder*, 824 F.3d 977 (11th Cir. 2016).  Both § 924(c) and § 924(e) "are penal statutes, meaning they both require high sentences once a court decides that an offense is a 'crime of violence'"; "for both statutes this question is decided 'categorically'"; and both statutes require "courts to decide if the offense in question 'naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense.'"  *Id.* (quoting *Leocal v. Ashcroft*, 543 U.S. 1 (2004)).

Similarly, the Fourth Circuit has held that § 16(b), which is functionally identical to § 924(c), "presents both of the issues" that rendered § 924(e) unconstitutional.  *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016).  *See also United States v. Edmundson*, 153 F. Supp. 3d 857 (D. Md. Dec. 30, 2015) (holding that "[t]he § 924(c) residual clause suffers from exactly the same double indeterminacy as the ACC residual clause" and finding § 924(c) void for vagueness under *Johnson*); *United States v. Bell*, 2016 WL 344749, at *11-13 (N.D. Cal. Jan. 28, 2016) (same); *United States v. Lattanaphom*, 2016 WL 393545, at *3-6 (E.D. Cal. Feb. 2, 2016) (same).

Consistent with the similarities between §§ 924(c) and (e), the Second, Fourth, Seventh, Ninth, and Eleventh Circuits have all issued orders granting § 2255 petitioners permission to file successive petitions on *Johnson* challenges to § 924(c).[3]  The Seventh and Ninth Circuits have held that the residual clause of § 16 is unconstitutionally vague under *Johnson*.  *See United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

Indeed, in litigating *Johnson* itself, the government agreed that the residual clauses in § 924(e) and § 924(c) posed the same problem.  After noting that the definitions of crime of violence in the residual clauses of § 924(c) and § 16(b) are identical, the Solicitor General stated:

> Although Section 16 refers to the risk that force will be used rather than that injury will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

*See* Supplemental Brief for the United States, *Johnson v. United States*, 135 S. Ct. 2551, 2015 WL 1284964, at *22-23 (Mar. 20, 2015) (emphasis in original).  The Solicitor General's analysis was correct.  The residual clauses in both § 924(c) and § 924(e) require an "ordinary case" analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is.

### C.    Respondent's Position Is Unsupportable.

Respondent's position that Mr. Fulks relies on an extension of *Johnson* because he is attacking a different section of the same statute is untenable.  *Johnson* did not invalidate § 924(e) alone, but the ordinary case analysis on which courts relied in construing it.  *See* Sections A and

---

[3] *See, e.g.*, *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016); *Berry v. United States*, 16-71332 (9th Cir. June 2, 2016); *In re Pinder*, 824 F.3d 977 (11th Cir. 2016).

B, *supra*.  Because application of § 924(c) relies on the same defective analysis, *Johnson* itself renders it void for vagueness.

Respondent argues that § 2255(f)(3) applies only when the Supreme Court recognizes a "specific substantive right," but cites no authorities that employ that narrow language[4] and provides no further analysis to support the contention that Congress in enacting § 2255(f)(3) intended to limit the "right . . . recognized by the Supreme Court" to the narrow construction Respondent gives it.  Neither the Supreme Court nor other courts have interpreted § 2255(f)(3) in such a constrained fashion.

Moreover, Respondent misconstrues the right upon which Mr. Fulks relies.  It views *Johnson* as laying down a narrow rule about the application of the due process clause to § 924(e) and only that subsection of that statute.  To the contrary, the "right" recognized in *Johnson* is the right to be free from a system in which the "estimate [of] the risk posed by a crime" is determined using "ordinary case" analysis.  *Johnson*, 135 S. Ct. at 2557-58.  As set forth above, that "right" applies to convictions pursuant to 18 U.S.C. § 924(c)(3)(B) as well.[5]

In fact, courts have applied Supreme Court decisions granting or recognizing constitutional rights in the context of the review of a particular statute to the review of other statutes bearing identical or similar language or having the same effect upon the litigants.  For

---

[4] Respondent uses the terms "the specific substantive right at issue" and "the particular substantive right at issue," Motion to Dismiss at 4, to describe, in turn, both the right recognized by the Supreme Court and the right asserted in a § 2255 motion.  Respondent also claims that § 2255(f)(3) "divides rights finely." *Id*. at 5.  Counsel for Mr. Fulks is unable to find these limiting terms or descriptions in any authority interpreting § 2255(f)(3).

[5] Respondent also relies on *United States v. Taylor*, 2016 WL 4059359 (E.D. VA. July 28, 2016) and *Gray v. United States*, 16-cv-86 (E.D. Va. July 25, 2016) (show cause order).  This reliance is misplaced.  Both the *Taylor* and *Gray* courts failed to recognize that *Johnson* did not only invalidate § 924(e).  Moreover, *Taylor* also holds that a § 2255 petitioner must establish that no reasonable jurist would deny him relief in order to satisfy § 2255(f)(3).  As detailed in Section II, *infra*, this is contrary to § 2255(f)(3) and established Supreme Court law.

example, in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), the Fourth Circuit Court of Appeals, sitting *en banc*, granted sentencing relief to a § 2255 petitioner pursuant to *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). The Court of Appeals determined that, pursuant to *Carachuri*, Simmons's sentence was improperly enhanced because his prior conviction was not "punishable by imprisonment for a term exceeding one year" and thus did not qualify as a predicate felony conviction for purposes of the Controlled Substances Act (CSA). In reaching this holding, the Court of Appeals concluded that *Carachuri* controlled even though the decision in *Carachuri* examined the use of a predicate conviction as an enhancement *for immigration purposes* under the Immigration and Naturalization Act (INA), while Simmons challenged the use of a predicate conviction as an enhancement *for sentencing purposes*; and despite the fact that *Carachuri* involved the review of a Texas predicate conviction while Simmons challenged the use of a predicate conviction under a North Carolina statute. *Simmons*, 649 F.3d at 242, 248. *See also Farrior v. United States*, 826 F. Supp. 2d 867 (E.D.N.C. 2011) (relying on *Simmons* and *Carachuri* to vacate § 2255 movant's sentence).

II. **RESPONDENT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE MR. FULKS'S SUCCESSIVE PETITION RELIES ON A NEW, RETROACTIVE RIGHT AND IS TIMELY FILED. RESPONDENT RELIES ON A FLAWED INTERPRETATION OF *TEAGUE V. LANE*, 489 U.S. 288 (1989).**

Respondent maintains that Mr. Fulks's § 2255 motion should be dismissed because it does not rely on a new substantive rule as defined (in a different context) in *Teague*. Citing *Teague*, *Chaidez v. United States*, 133 S. Ct. 1103 (2013), *Lambrix v. Singletary*, 520 U.S. 518 (1997), and *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005), Respondent contends that the rule does not qualify as "new," and thus does not satisfy § 2255(f)(3), unless "all reasonable jurists would recognize that *Johnson* should be extended to § 924(c)(3)(B)." Dkt. No. 1626 at 7. Respondent argues that reasonable jurists can differ on whether *Johnson* applies to §

9

924(c)(3)(B) and, as a result, Mr. Fulks's § 2255 motion is untimely under § 2255(f)(3). *Id.* at 6-9. Respondent further argues that *Johnson* and *Welch* confined their rulings to § 924(e) and, citing *United States v. Graham*, 824 F.3d 421 (4th Cir. 2016), that the Fourth Circuit "failed to recognize that *Johnson* already invalidates § 924(c)(3)(B)." Motion to Dismiss at 7-9.

Respondent errs. First, there can be no question that all three of § 2255(f)(3)'s conditions have been satisfied. Applying *Teague*, *Welch v. United States*, 136 S. Ct. 1257 (2016), held that *Johnson* met this standard and that "[i]t is undisputed that *Johnson* announced a new rule," that this rule was one of substantive constitutional law, and that it had "retroactive effect in cases on collateral review." *Id.* at 1263-64. Mr. Fulks filed his successive petition on June 17, 2016, within one year of *Johnson*. As the Supreme Court has already determined that *Johnson* set forth a new rule that would be retroactively applied and Mr. Fulks filed within one year of *Johnson*, Respondent's contention that Mr. Fulks has failed to satisfy § 2255(f)(3) should be disregarded as contrary to *Welch*.

Furthermore, § 2255(f)(3) does not require petitioners to demonstrate a consensus among "reasonable jurists," but only requires that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." § 2255(f)(3). Consistent with the text of the statute, the Fourth Circuit has held that "to obtain the benefit of the limitations period stated in § 2255(f)(3), [the petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized that right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). Prongs one and two are satisfied if, under *Teague* and its

10

progeny, there is a new rule which has been made retroactively applicable to cases on collateral review. *Id.* at 398-401 (employing a *Teague* analysis to determine if § 2255(f)(3) had been satisfied). In *Headbird v. United States*, 813 F.3d 1092 (8th Cir. 2016), the Eighth Circuit explained that "[a]lthough the terminology used in § 2255(f)(3) is slightly different, it seems unlikely that Congress meant to trigger the development of a new body of law that distinguishes rights that are 'newly recognized' from rights that are recognized in 'new rule' under established retroactivity jurisprudence. We therefore accept the position of the parties, consistent with the decisions of other courts of appeals that have equated the two inquiries." *Id.* at 1095. *See also Butterworth v. United States*, 775 F.3d 459, 464-65 (1st Cir. 2015) (holding that the *Teague* test satisfies prongs one and two of § 2255(f)(3)); *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012) (same).

Here, the Supreme Court has already found that *Johnson* has a retroactively applied a new rule as defined by *Teague*. *See Welch*, 136 S. Ct. at 1263-64. By making a claim under *Johnson*, which retroactively applies under *Welch*, Mr. Fulks has filed a timely petition and satisfied § 2255(f)(3). Whether *Johnson* entitled Mr. Fulks to relief is a question appropriately reserved for merits briefing and review.

Even assuming, *arguendo*, that the "reasonable jurist" standard must be met, Mr. Fulks has satisfied this standard. *Johnson* did not only invalidate § 924(e), but the ordinary case analysis that courts have used to interpret § 924(e)'s residual clause. As § 924(c) contains a similarly worded residual clause containing the same defects and the same ordinary case analysis as § 924(e), any reasonable jurist would find that *Johnson* applies to § 924(c). Indeed, that invalidating § 924(e) would also invalidate § 924(c) is precisely the position that the government took while litigating *Johnson* in the first place. *See* Section I, *supra*.

11

Respondent's argument that *Johnson* and *Welch* raised no doubts about all other laws containing "similar risk-based language," Motion to Dismiss at 9, similarly fails. Although the Supreme Court in *Johnson* "did not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real world conduct," *Johnson* made no such limitations when the statute in question "requires application of the 'serious potential risk' standard to an idealized ordinary case of the crime." *Johnson*, 135 S. Ct. at 2561. It was for precisely this reason that it found § 924(e) to violate due process. As with § 924(e), § 924(c) does not call for an analysis of real world conduct, but an assessment of risk "to an idealized ordinary case of the crime." Accordingly, it is void under *Johnson* itself.

Furthermore, Respondent's reliance on *United States v. Graham*, 824 F.3d 421 (4th Cir. 2016) is misplaced. *Graham* considered issues unrelated to *Johnson* and the defendants only raised *Johnson* issues *after* oral argument was held. Moreover, in the month following *Graham*, the Fourth Circuit consistently granted § 2255 petitioners permission to file successive motions in a number of cases, including Mr. Fulks's.[6]

**III. SECTION 2255(F)(3) CANNOT BAR THE CONSIDERATION OF MR. FULKS'S § 2255 MOTION BECAUSE HE IS ACTUALLY INNOCENT OF THE CRIMES CHARGED PURSUANT TO 18 U.S.C. §§ 924(C) AND 924(O).**

Even assuming, *arguendo*, that Mr. Fulks's § 2255 motion is untimely under § 2255(f)(3), he should still be given merits review of his claim because he is actually innocent of the crimes charged under §§ 924(c) and (o). A prisoner may have a federal constitutional claim considered on the merits regardless of procedural bars if the prisoner makes a convincing showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298 (1995); *Herrera v. Collins*, 506 U.S.

---

[6] *See, e.g., In re Carlisle*, 16-944 (4th Cir. June 6, 2016); *In re Fulks*, 16-9 (4th Cir. June 17, 2016); *In re Jackson*, 16-10 (4th Cir. June 16, 2016); *In re Miller*, 16-9396 (4th Cir. June 26, 2016).

390, 404 (1993).  A compelling case for innocence has been established if "it is more likely than not that no reasonable juror would have convicted [the petitioner]."  *Schlup*, 513 U.S. at 329.

"[A]ctual innocence, if proved, serves as a gateway through which a petition may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  This gateway applies to § 2255 proceedings generally and § 2255(f)(3) in particular.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (applying the actual innocence gateway to § 2255 proceedings); *United States v. Jones*, 758 F.3d 579, 584-87 (4th Cir. 2014) (declining to extend *McQuiggin* to sentencing challenges, but acknowledging that *McQuiggin* excuses failures to comply with § 2255(f) on challenges to convictions); *United States v. Isles*, 577 Fed. Appx. 145 (4th Cir. 2014) (Order) (remanding for consideration of *McQuiggin* in § 2255 case).

Here, Mr. Fulks has made far more than a compelling claim that he is actually innocent of § 924(c) and § 924(o) violations.  Mr. Fulks's §§ 924(c) and (o) convictions relied on the proposition that carjacking under 28 U.S.C. § 1201 and kidnapping under 28 U.S.C. § 2119 were crimes of violence under § 924(c)(3)(A).  His indictment and guilty plea explicitly relied on the carjacking and kidnapping statutes as the predicate crimes of violence for his §§ 924(c) and (o) charges.  As carjacking under 28 U.S.C. § 1201 and kidnapping under 28 U.S.C. § 2119 cannot satisfy either clause of § 924(c)(3), Mr. Fulks was therefore prosecuted on an indictment that failed to state offenses under §§ 924(c) and (o) and convicted of conduct that is no longer criminal under these two statutes.  *See* Motion to Vacate Convictions and Sentence Pursuant to 28 U.S.C. § 2255, Dkt. No. 1618, at 19.

This is precisely the type of error that is cognizable under § 2255.  *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a

prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under § 2255").

The forgoing analysis is also more than enough to establish the *Schlup* standard. As Mr. Fulks has made a compelling case that he is actually innocent of the crimes charged under §§ 924(c) and (o), Mr. Fulks has established a gateway claim of actual innocence and is entitled to merits review of his § 2255 motion.

**IV.      SECTION 2255(F)(3) CANNOT BAR THE CONSIDERATION OF MR. FULKS'S § 2255 MOTION BECAUSE HE HAS BEEN CONVICTED OF CONDUCT THAT IS NO LONGER CRIMINAL AND THE COURT HAD NO JURISDICTION OVER HIS § 924(C) INDICTMENT.**

In addition to the grounds discussed above, Mr. Fulks is entitled to merits review because he has been convicted of conduct that is no longer criminal under §§ 924(c) and (o). Procedural violations cannot keep a defendant from post-conviction review when subsequent court rulings establish that the conduct charged is no longer criminal. *See, e.g.*, *United States v. Adams*, 814 F.3d 178 (4th Cir. 2016) (vacating the defendant's conviction where a subsequent decisional law rendered his conduct non-criminal); *Miller v. United States*, 735 F.3d 141, 146-47 (4th Cir. 2013) (same). In *Adams*, the defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and, as a component of his plea agreement, waived all post-conviction claims that were not related to counsel's ineffectiveness and prosecutorial misconduct. *Id.* at 180. After the guilty plea was entered and a sentence imposed, the Fourth Circuit ruled in a separate case that the convictions upon which Respondent relied for the § 922(g) conviction did not constitute prior felony convictions. *Id.* As the conduct to which he had pled guilty no longer constituted the crime charged, the Fourth Circuit found that his waiver

14

would not preclude review of his guilty plea "to prevent a miscarriage of justice" and vacated his § 922(g) conviction because he was actually innocent of the crime charged. *Id.* at 183.

Similarly, in *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002), the Eleventh Circuit considered the case of a defendant who had pled guilty to mail fraud, but whose conviction was invalidated by a Supreme Court opinion determining that the conduct for which he was indicted was no longer criminal under that statute. *Id.* at 711. "Since jurisdictional error implicates a court's power to adjudicate the matter before it, such error can never be waived by parties to litigation." *Id.* Even though the defendant had pled guilty to the offense and waived all challenges to his conviction, the Eleventh Circuit excused the procedural default and vacated his conviction with a writ of coram nobis because "a district court is without jurisdiction to accept a guilty plea to a 'non-offense'." *Id.* at 713 (citing *United States v. Meacham*, 626 F.2d 504 (5th Cir. 1980)). *See also United States v. Miguel Rose-Ortiz*, 348 F.3d 33, 35 (1st Cir. 2003) (vacating conviction despite unconditional guilty plea because the indictment and evidence failed to establish the crime charged and "[a] federal court similarly lacks jurisdiction to enter a judgment when the indictment charges no offense under federal law whatsoever" and "jurisdictional challenges to an indictment may be raised at any time . . . .").

Here, for the reasons discussed in detail in the § 2255 motion, Mr. Fulks's §§ 924(c) and (o) convictions cannot be sustained because *Johnson* invalidates § 924(c)'s ordinary case analysis and Mr. Fulks cannot otherwise be convicted of either violation. "[T]he law recognizes that there must be a vehicle to correct errors 'of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.'" *Peter*, 310 F.3d at 712 (quoting *Morgan*, 346 U.S. at 509 n.15). Just as in *Peter*, because Mr. Fulks has now pled guilty to a non-offense under the language of his indictment, the Court is without jurisdiction to accept his guilty plea

15

and no procedural bar should preclude review or a grant of relief. Just as in *Adams*, review is necessary to prevent a miscarriage of justice as he is innocent of the crime charged. Under either analysis, Mr. Fulks is entitled to merits review under § 2255(f)(3).

## V. THE GOVERNMENT'S ARGUMENT IS INAPPROPRIATE FOR A MOTION TO DISMISS.

Respondent construes his Motion to Dismiss as a dismissal request under Fed. R. Civ. P. 12. However, a Motion to Dismiss is not the appropriate forum for merits arguments. *Cf. United States v. North Carolina*, 180 F.3d 574, 580-81 (4th Cir. 1999) (denying motion to dismiss under Rule 12(b) for lack of subject matter jurisdiction where "while the merits and jurisdictional questions are not identical, they are so closely related that the jurisdictional issue is not suited for resolution in the context of a motion to dismiss"); *Goldfarb v. Mayor and City Council of Baltimore*, 791 F.3d 500, 513 (4th Cir. 2015) (vacating grant of motion to dismiss where the parties disagreed about the nature and scope of various factual matters and the question whether plaintiff "can ultimately prove his numerous allegations . . . is premature for resolution at this early stage of the litigation"). The Fourth Circuit maintains a "strong policy that cases be decided on their merits." *U.S. v. Shaffer Equipment Co.*, 11 F.3d 450, 453 (4th Cir. 1993).

Here, Respondent's argument is essentially that § 2255(f)(e) is not satisfied because *Johnson* does not invalidate Mr. Fulks's §§ 924 (c) and (o) convictions. By definition, this is challenge to the merits of Mr. Fulks's claims and should be addressed in an answer rather than a Motion to Dismiss.

**CONCLUSION**

For the foregoing reasons, Respondent's Motion to Dismiss should be denied, and this Court should order Respondent to file an Answer to Mr. Fulks's § 2255 motion.

Respectfully Submitted,

/s/ Peter Williams
Claudia Van Wyk
Assistant Chief, Capital Habeas Unit
Peter Williams
Assistant Federal Defender
Federal Community Defender Office
  for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520


Counsel for Petitioner

Dated:  August 30, 2016

17

**Certificate of Service**

I, Peter Williams, hereby certify that on this 30th day of August, 2016, I served the

foregoing Response by ECF filing on the following party:

> Robert F. Daley, Esq.
> Office of the United States Attorney
> 1441 Main Street, Suite 500
> Columbia, SC 29201

> /s/ Peter Williams
> Peter Williams