IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

**MOTION TO HOLD CASE IN ABEYANCE**

Petitioner Brandon Basham, by and through undersigned counsel, respectfully moves this

Court to hold this case in abeyance pending the outcome of *Lynch v. Dimaya*, No. 15-1498,

which is currently pending before the United States Supreme Court. On September 29, 2016, the

Supreme Court granted certiorari in *Lynch v. Dimaya* in order to decide whether 18 U.S.C. §

16(b) is unconstitutionally vague under the reasoning in *Johnson v. United States*, 135 S. Ct.

2551 (2015). Counsel for Mr. Basham contacted Assistant United States Attorney Robert Daley,

counsel for Respondent, and he indicated that he opposed this motion.

## I.     RELEVANT PROCEDURAL HISTORY

On September 30, 2004, Mr. Basham was convicted of eight counts, including carjacking

resulting in death (Count 1), kidnapping resulting in death (Count 2) and possession of a firearm

in furtherance of those crimes (Count 6).[1] *See United States v. Basham*, 561 F.3d 302, 314-15

(4th Cir. 2009). The district court sentenced Mr. Basham to death by lethal injection on Counts 1

---

[1] Mr. Basham was also convicted of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312 (Count 3); conspiracy, in violation of 18 U.S.C. § 371 (Count 4); conspiracy, in violation of 18 U.S.C. § 924(o) (Count 5); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 7); and possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (Count 8).

1

and 2, and to various terms totaling 744 consecutive months on the remaining counts, including 84 months on Count 6, use of a firearm during and in relation to a "crime of violence" under § 924(c). *See id.* at 316. On February 15, 2005, Mr. Basham filed a notice of appeal to the Fourth Circuit Court of Appeals. The Fourth Circuit affirmed Mr. Basham's convictions and sentences. *Id.* at 339. The Supreme Court of the United States denied Basham's subsequent petition for writ of certiorari on June 1, 2010. *Basham v. United States*, 560 U.S. 938 (2010).

On June 1, 2011, Mr. Basham timely filed his first 28 U.S.C. § 2255 motion. In this motion, Mr. Basham raised 34 claims for relief. On June 5, 2013, this court denied Mr. Basham's § 2255 motion. The Fourth Circuit affirmed the district court's order denying relief on June 15, 2015. *United States v. Basham*, 789 F.3d 358 (4th Cir. 2015). Mr. Basham's petition for certiorari to the Supreme Court of the United States was denied on March 21, 2016. *Basham v. United States*, 136 S. Ct. 1449 (2016).

On June 17, 2016, Mr. Basham filed a second motion to vacate the conviction and sentence under 28 U.S.C. § 2255. ECF No. 1616. On August 9, 2015, the Government filed a motion to dismiss Mr. Basham's § 2255 Motion. ECF No. 1627. Mr. Basham filed a response in opposition to the Government's motion to dismiss on August 30, 2016. ECF No. 1634.

## II.     DISCUSSION

Mr. Basham moves to hold these proceedings in abeyance pending decisions by the United States Supreme Court in *Lynch v. Dimaya*, No. 15-1498, and the Fourth Circuit Court of Appeals in *United States v. Simms*, No. 15-4640, and *United States v. Ali*, No. 15-4433, whichever is issued latest.

In his § 2255 motion, Mr. Basham argued that his sentence and convictions under § 924(c) are invalid because the predicate crimes fail to qualify as "crimes of violence" under 18 U.S.C. § 924(c)(3), and because the residual clause of § 924(c) is unconstitutionally vague in

2

light of *Johnson*. In support of this argument, Mr. Basham relied in part on circuit court decisions, including the Ninth Circuit's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), which held that 18 U.S.C. § 16(b) is unconstitutionally vague under *Johnson*. *See* ECF No. 1616 at 8, 14.[2]

The United States Supreme Court granted certiorari in *Lynch v. Dimaya*, No. 15-1498, to address "[w]hether 18 U.S.C. 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague." See Pet'r's Br., *Lynch v. Dimaya*, 2016 WL 6768940, *I (U.S. filed Nov. 14, 2016). The *Simms* case involves whether under *Johnson*, § 924(c)'s residual clause is unconstitutionally vague. *Simms,* No. 15-4660. The Fourth Circuit has also stayed action in another case, *United States v. Ali*, alleging the same error as the appellant in *Simms*, pending the decision by the Supreme Court in *Dimaya*. *See* Order, *Ali*, No. 15-4433, (4th Cir. filed Oct. 4, 2016). The residual clause in § 16(b) is identical to the residual clause in § 924(c)(3)(B), and courts have consistently held that precedent for § 16(b) is controlling for cases under § 924(c)(3)(B). *See In re Hubbard*, 825 F.3d 225, 230 n.3 (4th Cir. 2016) (citing *United States v. Fuertes*, 805 F.3d 485, 500 (4th Cir. 2015); *United States v. Taylor*, 814 F.3d 340, 377 (6th Cir. 2016) (relying on Supreme Court's § 16(b) precedent to interpret § 924(c)(3)(B)); and *United States v. Serafin*, 562 F.3d 1105, 1108 & n. 4 (10th Cir. 2009) (same)). Thus, the Supreme Court's decision in *Lynch v. Dimaya* should also determine whether the residual clause of § 924(c)(3)(B) is unconstitutionally vague.

---

[2] Although the Fourth Circuit recently held in *United States v. Evans*, __ F.3d__, 2017 WL 444747 at *1 (4th Cir. Feb. 2, 2017), that carjacking under 18 U.S.C. § 2119 constitutes a crime of violence under 18 U.S.C. § 924(c), this holding is not sufficient to sustain the conviction in Mr. Basham's case. As Mr. Basham argued in is 2255 Motion, the jury's verdict in this case did not specify whether it based the conviction on the count alleging kidnapping, carjacking, or both. *See* ECF No. 1616 at 31. Mr. Basham's conviction under § 924(c)(3) is therefore void unless both carjacking resulting in death and kidnapping resulting in death are categorically found to be crimes of violence.

### III.     Conclusion

Wherefore, because Mr. Basham's pending § 2255 motion is based on the application of *Johnson v. United States* to an identical statute as that pending before the Court in *Dimaya*, Mr. Basham respectfully moves this Court to stay proceedings in this case pending the issuance of decisions in *Dimaya*, *Simms*, and *Ali*. Once these cases are decided, Mr. Basham's § 2255 litigation can resume without the possibility of an intervening decision from the Supreme Court or the Fourth Circuit that would impact Mr. Basham's case.

Respectfully submitted this 23rd day of February, 2017.

Jon M. Sands
Federal Public Defender
Leticia Marquez
Assistant Federal Public Defender
Lindsey Layer
Research & Writing Specialist


By /s/ Leticia Marquez
Counsel for Defendant-Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2017, I electronically filed the foregoing

Motion to Hold Case in Abeyance with the Clerk's Office by using the CM/ECF system. I certify

that all participants in the case are registered CM/ECF users and that service of this document

will be accomplished by the CM/ECF system.


/s/Leticia Marquez
Assistant Federal Public Defender
Federal Public Defender's Office
District of Arizona