IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S MEMORANDUM IN PARTIAL
OPPOSITION TO MOTION TO HOLD CASE IN ABEYANCE**

The United States respectfully requests that the Court hold this case in abeyance only until

the Supreme Court issues its ruling in Lynch v. Dimaya, No. 15-1498 (oral argument held January

17, 2017).

Basham filed a successive § 2255 motion attacking only his conviction under 18 U.S.C.

§ 924(c).  Docket entry 1616.  Basham's conviction for violating § 924(c) resulted in a sentence

of 84-months imprisonment to run consecutive to his two death sentences and to the 660-months

imprisonment he received on his other convictions,  Docket entry 886.  The United States moved

to dismiss defendant's § 2255 motion as untimely.  Docket entry 1627.  Although defendant

contended that he was entitled to relief on collateral review under Johnson v. United States, 135 S.

Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), he was not challenging a

sentence imposed under the Armed Career Criminal Act—the topic of those decisions—and

instead sought to extend Johnson and Welch to § 924(c)(3)(B) on collateral review.  But because

his conviction had been final for more than one year, the government argued that defendant failed

to satisfy 28 U.S.C. § 2255(f)(3), which provides the only available exception to the collateral-review statute's one-year statute of limitations.[1]

Basham has now moved to hold this § 2255 proceeding in abeyance pending decisions in the Supreme Court in Lynch v. Dimaya, No. 15-1498 (oral argument held January 17, 2017) and in the Fourth Circuit in United States v. Simms, No. 15-4640 (oral argument held October 28, 2016; appeal held in abeyance pending decision in Lynch v. Dimaya) ) and United States v. Ali, Appeal No. 15-4433 (oral argument not held; appeal held in abeyance pending decision in Lynch v. Dimaya). Docket entry 1636. These appeals concern whether the residual clause of 18 U.S.C. § 16 (Dimaya) and the residual clause of § 924(c)(3)(B) (Simms and Ali) are unconstitutionally vague. Because these decisions will likely impact the government's motions to dismiss,[2] the government does not oppose the Court holding this case in abeyance **until the Supreme Court issues its ruling in Dimaya**. At this point, the government opposes any additional stay because the decision in Dimaya could summarily dispose of Basham's § 2255 motion based on the

---

[1] The Government filed its narrow motion to dismiss in the hopes of not requiring the Government or the Court to address all defenses and the merits of defendants' claims. Because the motion to dismiss addressed a widely applicable question of law—one that requires few details about a case and relies on information readily ascertainable from the docket—such a motion can conserve the resources of the Court and the United States and presents no unfairness to defendants. The Government reserved the right to assert other defenses and merits arguments, including whether defendant's federal offenses satisfy § 924(c)(3)(A)'s force clause, whether procedural default applies and can be overcome, whether defendant's claim satisfies § 2255(h)(2), whether any change in the law would be retroactive in a § 2255 proceeding and so on, in later briefing if the Court determined it would be necessary. Docket entry 1627, at pp. 2, 12-13.

[2] Dimaya would not impact a number of other grounds that the government may have to dispose of Basham's motion. For instance, one crime of violence that supports Basham's § 924(c) conviction is the carjacking of Alice Donovan. The Fourth Circuit recently held that carjacking is a crime of violence under the force clause of § 924(c)(3)(A). United States v. Evans, 848 F.3d 242, 247-48 (4th Cir. 2017).

Government's pending motion to dismiss.  The Court can revisit any additional stay after <u>Dimaya</u> is decided.

Therefore, the government respectfully requests that the Court hold this case in abeyance only until the Supreme Court issues its ruling in <u>Dimaya</u>.

Respectfully submitted,

BETH DRAKE
UNITED STATES ATTORNEY

By: <u>*/s/Robert Frank Daley, Jr.*</u>
Robert Frank Daley, Jr.
Assistant U.S. Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel. (803) 929-3054
Email:  Bob.Daley@USDOJ.GOV

March 27, 2017

3

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| BRANDON L. BASHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned Assistant United States Attorney hereby certifies that he has caused service of the **GOVERNMENT'S MEMORANDUM IN PARTIAL OPPOSITION TO MOTION TO HOLD CASE IN ABEYANCE** by a Paralegal Specialist employed in the Office of the United States Attorney for the District of South Carolina who is a person of such age and discretion as to be competent to serve papers.

That on March 27, 2017, my Paralegal served a copy of the foregoing documents by ECF on the undersigned, and if that means fails, by placing said copies in a postpaid envelope addressed as follows by depositing said envelope and contents in the United States Mail at the U.S. Attorney's Office, 1441 Main Street, Suite 500, Columbia, SC 29201:

Leticia Marquez
Assistant Federal Public Defender (AZ)
407 W. Congress Street, Suite 501
Tucson, AZ 85701
Email:  leticia_marquez@fd.org

Respectfully submitted,

BETH DRAKE
UNITED STATES ATTORNEY

By:  */s/Robert F. Daley, Jr.*
Robert F. Daley, Jr. (ID # 6460)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3054
Email: Bob.Daley@USDOJ.GOV

March 27, 2017

4