_____

THE UNITED STATES OF AMERICA,  :      4:02-CR-992-JFA

                                                      :

                      Respondent,  :      Hon. Joseph F. Anderson
                                                       :      United States District Judge

                                                       :

             v.  :      **CAPITAL CASE**

                                                       :

CHADRICK E. FULKS,  :

                                                   :

                      Petitioner.  :

_____  :

## PETITIONER'S SUPPLEMENTAL BRIEF IN SUPPORT OF
## MOTION TO VACATE CONVICTION AND SENTENCE
## PURSUANT TO 28 U.S.C. § 2255

Chadrick E. Fulks, a prisoner in the custody of the United States sentenced to death and

housed at the United States Penitentiary, Terre Haute, Indiana, respectfully offers this

supplemental briefing in support of his 2016 Motion to Vacate Convictions and Sentence

Pursuant to Title 28 U.S.C. § 2255 ("§ 2255 motion"), as directed by the Court in its July 23,

2019 Order.  Dkt. No. 1654.

In 2016, Mr. Fulks filed a successive § 2255 motion arguing that his 18 U.S.C. §§ 924(c)

and (o) convictions and his death sentence should be vacated pursuant to *Johnson v. United

States*, 1325 S. Ct. 2551 (2015).  Dkt. No. 1618.  Since then, these proceedings have been stayed

pending the outcome of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *United States v. Davis*, 139

S. Ct. 2319 (2019), and *United States v. Simms*, 914 U.S. 229 (4th Cir. 2019).  Dkt. Nos. 1642,

1652.  The Supreme Court and, in the case of *Simms*, the United States Court of Appeals for the

Fourth Circuit have issued opinions in these three cases.  All three opinions support Mr. Fulks's

claim for relief.  Given *Davis*, *Dimaya*, *Simms*, and a number of additional developments supporting Mr. Fulks's arguments, he requests that his convictions under 18 U.S.C. §§ 924(c) and (o) be vacated and a new penalty phase be granted.

**I.   PURSUANT TO *JOHNSON*, *DIMAYA*, AND *DAVIS*, § 924(C)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.**

**A.   Mr. Fulks's Position Has Been Vindicated by *Davis*, *Dimaya*, and *Simms*.**

To qualify as a crime of violence under §§ 924(c) and (o), the underlying offenses must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." The residual clause is satisfied if the predicate offense "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  28 U.S.C. § 924(c)(3)(B).  *Johnson* invalidated a similarly-worded residual clause contained in § 924(e) (the residual clause for the Armed Career Criminal Act ("ACCA")) because that section required the reviewing court to assess risk of injury based on the type of conduct involved in the "ordinary case" of the predicate crime.  Mr. Fulks's capital conviction under § 924(c)(3)(B) cannot be upheld because that section contains the same two defects that the Supreme Court found unconstitutional in *Johnson*: the requirement that the reviewing court (1) conduct an assessment of risk; and (2) that this analysis of risk be based on the "ordinary case" of the offense.  Because Mr. Fulks's §§ 924(c) and (o) convictions cannot be sustained under the force clause either, they must be vacated and Mr. Fulks is entitled to a new penalty phase as a result.  *See* Dkt. No. 1618.

In 2016, the Government asked this Court to dismiss Mr. Fulks's § 2255 motion and argued that it was filed too early.  Dkt. No. 1626.  According to the Government, Mr. Fulks did not rely on *Johnson* itself but an extension of *Johnson* from § 924(e) to § 924(c).  The Government argued that these contexts were "readily distinguishable" and Mr. Fulks's motion

2

was premature as the Supreme Court had not yet addressed *Johnson*'s applicability to § 924(c). *Id.* at 3. The Government further argued that the "new rule" framework set forth in *Teague v. Lane*, 489 U.S. 288, 301 (1989), precluded relief because "courts cannot say that all reasonable jurists would recognize that *Johnson* should be extended to § 924(c)(3)(B)." *Id.* at 7. Mr. Fulks opposed the Government's arguments and asked that its motion to dismiss be denied. Dkt. No. 1635.

Since 2016, *Dimaya*, *Davis*, and *Simms* re-affirmed that the two defects discussed in *Johnson* rendered a statute void for vagueness whenever they are present, not just in § 924(e). *Davis*, 139 S. Ct. at 2323-24, 2326-27, 2336; *Dimaya*, 138 S. Ct. at 1223; *Simms*, 914 F.3d at 236. And, *Davis* and *Simms* specifically ruled that § 924(c)(3)(B) was void for vagueness. *Davis*, 139 S. Ct. at 2336; *Simms*, 914 F.3d at 236.

Regardless of whether the Government's arguments were invalid in 2016 (and they were), they are certainly invalid now. As the premise of the Government's motion to dismiss was that the Supreme Court had not yet ruled on § 924(c)(3)(B) and this is no longer the case, the motion to dismiss should be denied and the arguments made therein should be rejected.

### B.     Mr. Fulks Has Satisfied § 2255(h)(2) and Timely Filed His § 2255 Motion.

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 allows a federal prisoner to pursue a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). As set forth in the § 2255 motion, Mr. Fulks has satisfied this standard as his claim was based on *Johnson* and, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court found *Johnson* to be a new rule that should be retroactively applied. *See* Dkt. No. 1618 at 30-31. Both *Johnson* and *Welch* were decided before Mr. Fulks's successive petition was filed in this Court.

3

*Davis* eliminated any doubt that this standard has been met in Mr. Fulks's case. As set forth above, *Johnson*, *Dimaya*, and *Davis* invalidated any statute employing the ordinary case analysis in conjunction with the assessment of risk. *Davis* invalidated § 924(c)(3)(B) under *Johnson*. As *Johnson* is retroactive, *Davis* confirms that Mr. Fulks's § 2255 motion is based on a new, retroactively applied, rule of constitutional law.

Assuming, *arguendo*, that *Johnson* did not dictate the outcome of Mr. Fulks's claim for relief, then § 2255(h)(2) would still be satisfied because *Davis* created a new rule that must be retroactively applied. A case announces a new rule if its result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague*, 489 U.S. at 301). To the extent, as the Government claimed, *Johnson* did not dictate the outcome of Mr. Fulks's claim for relief, *Davis* set forth a new rule.

New rules apply retroactively if they are either substantive or "watershed rules of criminal procedure." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Id.* at 353. When the Supreme Court has not explicitly ruled that a new rule is retroactive, § 2255(h)(2) is still satisfied if the Supreme Court's holdings in multiple cases "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 662-64 (2001). In *Welch*, because *Johnson* struck down ACCA's residual clause as void for vagueness, the Supreme Court found that *Johnson* "changed the substantive reach of [ACCA]" and "alter[ed] 'the range of conduct or class of persons that the law punishes.'" *Welch*, 136 S. Ct. at 1265 (quoting *Schriro, supra*). Accordingly, although the Supreme Court did not specifically comment on its retroactivity, just as in *Welch*, *Davis* struck down § 924(c)(3)(B) and altered the

4

range of conduct or class of persons that 924(c) punishes.  Because *Welch* found this aspect of *Johnson* sufficient to establish retroactivity, the presence of this same characteristic in *Davis* "necessarily dictate[s] retroactivity of the new rule."  *Tyler*, 533 U.S. at 662-64.

Since *Davis* was issued, the United States Courts of Appeals for the Fifth, Tenth, and Eleventh Circuits have found *Davis* to be a new, retroactive rule.  *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) (finding *Davis* to be a new, retroactive rule of substantive constitutional law); *United States v. Reece* --- F.3d ---, 2019 WL 4252238 (5th Cir. Sept. 9, 2019) (same); *United States v. Bowen*, --- F.3d ---, 2019 WL 4146452 (10th Cir. Sept. 3, 2019) (same).  Additionally, the Solicitor General has conceded, while litigating *Davis*, that a void for vagueness finding would create a retroactive substantive rule applicable on collateral review. *See* Brief for the United States, *United States v. Davis*, Sup. Ct. No. 18-431, 2019 WL 629976 (Feb. 12, 2019), at 52 ("A holding of this Court that Section 924(c)(3)(B) requires an ordinary-case categorical approach – and thus is unconstitutionally vague – would be a retroactive substantive rule on collateral review.") (citing *Welch*, 136 S. Ct. at 1264).

For these reasons, the residual clause of § 924(c) cannot apply to Mr. Fulks.

## II. KIDNAPPING UNDER § 1201 AND CARJACKING UNDER § 2119 DO NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(C)(3)(A).

### A. Introduction and Governing Legal Standard

Because the residual clause of § 924(c) is unconstitutionally vague, the validity of Mr. Fulks's §§ 924(c) and (o) convictions depends on whether his carjacking and kidnapping convictions satisfy § 924(c)(3)(A)'s force clause.  To determine whether a predicate offense qualifies as a crime of violence under § 924(c), reviewing courts must use the categorical approach.  *Descamps v. United States*, 570 U.S. 254, 260-61 (2013); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).  As relevant here, this approach requires that courts "look

only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 570 U.S. at 260-61 (citation omitted). The statutory text of the § 924(c) force clause alone demands this categorical framework. As the Fourth Circuit reinforced in *Simms* and the Supreme Court confirmed in *Davis,* the words "offense" and "elements" in § 924(c)(3)(A) mandate the categorical framework. *Davis*, 139 S. Ct. at 2328; *Simms*, 914 F.3d at 233, 239, 241. Under this approach, courts can only "look to whether the statutory elements of the offense [of conviction] necessarily require the use, attempted use, or threatened use of physical force." *Simms*, 543 U.S. at 233. "This approach is 'categorical' because the courts consider only the crime as defined, not the particular facts in the case." *Id.*

Under the categorical approach, to satisfy the force clause of § 924(c), the offense in question must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another. . . ." 18 U.S.C. § 924(c)(3)(A). Physical force in this context "means *violent* force – i.e., force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010); *Stokeling v. United States*, 139 S. Ct. 544, 554-55 (2019) (reaffirming that "physical force" means "force capable of causing physical pain and injury," that this definition includes "the amount of force necessary to overcome a victim's resistance," and finding Florida's robbery statute satisfied the force clause because lesser uses of force such as the "mere snatching of property" did not fit the definition of this statute) (internal citations and quotations omitted).

Section 924(c)'s force clause requires that the use of violent force be intentional, and cannot be satisfied by the negligent or reckless use of force. *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2014) (holding that the force clause of of 18 U.S.C. § 16(a) — which is identical to the force

clause of § 924(c) — requires "a higher *mens rea* than [] merely accidental or negligent conduct.").

The Court of Appeals for the Fourth Circuit has repeatedly found that the force clause requires the intentional use of force — a higher degree of mens rea than recklessness or negligence. *See United States v. Battle*, 927 F.3d 160, 166 (4th Cir. 2019) (finding that "the requisite mes rea is crucial in the force clause analysis" and that Maryland's assault with intent to murder statute satisfies force clause because it requires knowing and intentional infliction of injury); *United States v. Simmons*, 917 F.3d 312, 321 (4th Cir. 2019) (North Carolina conviction for assault with deadly weapon on government official was not a qualifying offense under force clause because it could be violated by "culpable negligence"); *Middleton*, 883 F.3d at 497 (4th Cir. 2018) (Floyd, J., concurring, joined by Harris, J.) (ACCA force clause requires higher degree of mens rea than recklessness; therefore South Carolina involuntary manslaughter statute was not qualifying offense under force clause); *United States v. Townsend*, 886 F.3d 441, 444-45 (4th Cir. 2018) (" '[u]se' of force means to act with mens rea more culpable than negligence or recklessness") (citations omitted); *United States v. McNeal*, 818 F.3d 141, 155 (4th Cir. 2016) (recklessness not enough to qualify under the § 924(c) force clause); *Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006) ( "[R]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence''' under the force clause for § 16(b)) (citations omitted); *Bejarano-Urrutia v. Gonzales*, 413 F.3d 444, 444-47 (4th Cir. 2005) (finding use of force as defined by § 16(b)'s force clause to require more than "a recklessness disregard for human life").

As set forth below, the federal kidnapping and carjacking statutes are not crimes of violence under the force clause because they do not require the government to prove that the defendant intentionally used violent physical force.

**B.      Kidnapping under § 1201 Does Not Satisfy the Force Clause.**

Kidnapping under 18 U.S.C. § 1201 does not categorically require intentional use of physical force necessary to qualify as a crime of violence under § 924(c)(3)(A).

Section 1201(a), in pertinent part, provides:

Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when– . . .

The person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; . . .

shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201(a).

Kidnapping under § 1201 may be accomplished through non-physical means, such as by inveigling, decoying, or "holding," none of which require violent physical force. *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983) (noting that a kidnapper may "use[] deceit and trickery to accomplish his purpose rather than overt force"); *see also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means."); Dkt. No. 1618 at 12-13.

Developments occurring after the § 2255 motion was filed have made clear that the federal kidnapping statute does not satisfy the force clause. The United States Courts of Appeals

8

for the Seventh and Tenth Circuits have found that kidnapping is not a crime of violence because it can be committed through fraud or trickery. *United States v. Jenkins*, 849 F.3d 390, 392-94 (7th Cir. 2017); *United States v. Hopper*, 723 F. App'x 645, 646 (10th Cir. 2018) ("The parties concede and we agree that kidnapping under § 1201(a) . . . does not fit within the elements clause because it can be committed by 'inveigling,' which does not involve force."). *Jenkins* also held that "hold[ing] for ransom and reward or otherwise" may be accomplished without force because, "[f]or example, a perpetrator could lure his victim into a room and lock the victim inside against his or her will." *Jenkins*, 849 F.3d at 390. In these two cases as well as in *United States v. Martin*, 02-cr-00178 (D. Md.), and *United States v. Robinson*, 12-cr-90 (S.D. Ala.), the Government conceded that the federal kidnapping statute does not meet the force clause of § 924(c). *See United States v. Jenkins*, No. 15-3693 (7th Cir. July 24, 2019), Dkt. No. 84 (Government's Position Statement in Light of *United States v. Davis*); *Hopper*, 723 F. App'x at 646; *United States v. Martin*, 02-cr-00178 (D. Md. Aug. 5, 2019), Dkt. No. 152; *United States v. Robinson*, No. 12-cr-90 (S.D. Ala. Aug. 28, 2019), Dkt. No. 183 (withdrawing argument that kidnapping is not a crime of violence under § 924(c)(3)(A)).

As the Government stated in *Martin*, "some means of committing this crime [federal kidnapping], such as inveigling, do not involve the use, attempted use, or threatened use of physical force against the person or property of another that is necessary to qualify as a 'crime of violence' under § 924(c)(3)(A)." Dkt. No. 152, *Martin*, *supra*, at 3.

That Mr. Fulks pled guilty to kidnapping resulting in death does nothing to change this analysis. This statute requires only that "the death of any person results" from the kidnapping. 18 U.S.C. § 1201(a). It does not require that the defendant use, attempt to use, or threaten to use force. "[A] crime may result in death or serious bodily injury without involving the use of

9

physical force." *Middleton*, 883 F.3d at 491 (citations omitted). For this reason, when considering the scope of the force clause, *Middleton* rejected the Government's attempt to "erroneously conflate[] the *use* of violent force with the *causation* of injury," and to "erroneously argue[] that causing injury categorically means violent force was used." *Id.* at 490 (emphasis in original). Indeed, the Fourth Circuit has held that "a crime may *result* in death or serious injury without involving *use* of physical force." *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) (emphasis in original) (abrogated on other grounds by *United States v. Castleman*, 572 U.S. 157 (2014)). *See also*, *Battle*, 927 F.3d at 166 (noting that *Castleman* did not abrogate the "causation aspect" of *Torres-Miguel*).

Kidnapping resulting in death also fails the mens rea requirement of § 924(c)(3)(A) because it does not require the intentional use of violent force. As this Court has noted, kidnapping resulting in death has "no mens rea requirement." *United States v. Fulks*, 875 F. Supp. 2d 535, 588-89 (D.S.C. Aug. 20, 2010). No criminal intent is needed. It can be found if the death occurred through recklessness or negligence. *See* 18 U.S.C. § 1201.

**C.    Mr. Fulks is Entitled to Relief from His §§ 924(c) and (o) Convictions Based on the Kidnapping Statute Alone.**

That kidnapping does not constitute a crime of violence under the force clause entitles Mr. Fulks to relief. Mr. Fulks's superseding indictment charged him conjunctively with violating §§ 924(c) and (o) by using and conspiring to use firearms in two crimes of violence, "as charged in Counts 1 and 2" (kidnapping and carjacking). Dkt. No. 73. Mr. Fulks's oral and written guilty plea colloquy referred to the predicate offenses for the § 924(c) conviction as "crimes of violence . . . as charged in counts 1 and 2 of the superseding indictment." Tr. 5/4/04 and 5/7/04 at 47-48. As to § 924(o), the colloquy indicated that the conspiracy had to be "to use and carry firearms during and in relation to a crime of violence," without specifying a particular

10

crime of violence. *Id.* at 46. When a defendant pleads guilty to an indictment alleging two components of the offense in the conjunctive and the presence of only one component is necessary to establish the crime, the reviewing court is required to assume that the defendant has pled guilty to the least serious of the two components listed. *United States v. Chapman*, 666 F.3d 220, 227-28 (4th Cir. 2012) ("[W]hen a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct."); *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc) (finding that when a defendant pleads guilty, he does not necessarily admit to all allegations charged conjunctively within a single charging document); *id.* ("Indictments often allege conjunctively elements that are disjunctive in the corresponding statute, and this does not require either that the government prove all of the statutorily disjunctive elements or that a defendant admit to all of them when pleading guilt.") (quoting *Omari v. Gonzales*, 419 F.3d 303, 308 n.10 (5th Cir. 2005)); *id.* ("A plea of guilty admits only the elements of the charge necessary for a conviction.") (quoting *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1082 n.3 (9th Cir. 2007)).

Here, the indictment referred to kidnapping and carjacking in the conjunctive ("crimes of violence . . . as charged in counts 1 and 2 of the superseding indictment"). Because only one of these offenses is necessary for the conviction, it must be presumed that the less serious of the two elements—the kidnapping count—was the basis for the "crime of violence" element of the §§ 924 (c) and (o) convictions. Because the federal kidnapping statute does not satisfy the force clause, Mr. Fulks's §§ 924(c) and (o) convictions must be vacated.

11

**D.     Carjacking Under § 2119 Is Unconstitutionally Vague.**

Even assuming, *arguendo*, that Mr. Fulks's conviction was only based on the carjacking

statute, Mr. Fulks should still be entitled to relief as carjacking under § 2119 does not satisfy the

force clause either.  Section 2119, in pertinent part, provides:

> Whoever, with the intent to cause death or serious bodily harm[,] takes a motor
> vehicle that has been transported, shipped, or received in interstate or foreign
> commerce from the person or presence of another by force and violence or by
> intimidation, or attempts to do so, shall--
>
> (3) if death results, be fined under this title or imprisoned for any number of years
> up to life, or both, or sentenced to death.

18 U.S.C. § 2119.

Mr. Fulks acknowledges that the Fourth Circuit ruled federal carjacking to be a crime of

violence under the force clause in *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017), but

respectfully submits that this opinion should be overturned.[1]  The *Evans* court held that

intimidation "necessarily includes a threat of violent force within the meaning of the 'force

clause' of Section 924(c)(3)."  *Id.* at 247.  Mr. Fulks respectfully submits that this conclusion is

incorrect.  The Modern Federal Jury instructions on carjacking indicate that, to find intimidation:

> The government does not have to prove that the defendant's behavior caused or
> could have caused great terror or panic, but it must show that an ordinary person
> would have feared bodily harm because of defendant's behavior.  The government
> also does not have to prove that the defendant made explicit threats of bodily
> harm.  If you find that the defendant confronted [the victim] in such a way that it
> would reasonably create a fear of bodily harm, that is sufficient.
>
> Evidence that an unusually timid victim was actually intimidated by the
> defendant's conduct is not, by itself, proof that the defendant engaged in
> intimidating conduct, although you may take evidence that [the victim] was

---

[1] Employing reasoning similar to the reasoning in *Evans*, a number of other circuits have found federal carjacking to be a crime of violence under the force clause.  *See United States v. Cruz-Rivera*, 904 F.3d 63, 66-67 (1st Cir. 2018); *United States v. Jones*, 854 F.3d 737, 738 (5th Cir. 2917); *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2017); *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017). *Orvalles v. United States*, 905 F.3d 1300, 1304 (11th Cir. 2018).

actually placed in fear of bodily harm as evidence of how a reasonable person would have reacted. The government must prove, beyond a reasonable doubt, that an ordinary person - not just the unusually timid victim – would have experienced fear of bodily harm because of what the defendant did or said.

Modern Federal Jury Instruction 53A-5, Sand and Siffert (2014).

Because intimidation can be found absent "explicit threats of bodily harm," it does not meet the definition in *Johnson (Curtis)* and *Stokeling* as it does not include even the threat of violent force.

Additionally, *Evans* was wrongly decided because an offense can only constitute a crime of violence under the force clause if it requires that the use of force be intentional. *See* Section D, *supra*. Carjacking under § 2119 does not meet this requirement as it does not require the intentional use of violent force. Accordingly, Mr. Fulks respectfully submits that *Evans* is in error, it should be reversed, and § 2119 fails to meet the requirements of the force clause.

## III. MR. FULKS IS ENTITLED TO A NEW CAPITAL PENALTY PHASE.

Because Mr. Fulks's convictions under §§ 924(c) and (o) are invalid, he is entitled to a new penalty phase. The Eighth Amendment prohibits a death sentence based on factors that are "constitutionally impermissible or totally irrelevant to the sentencing process." *Zant v. Stephens*, 462 U.S. 862, 884-84 (1983). In *Johnson (Samuel) v. Mississippi*, 486 U.S. 578 (1988), the Supreme Court ruled that a death sentence must be reversed if it was based "on a reversed conviction." *Id.* at 585. In *Johnson (Samuel)*, the defendant had been sentenced to death based, in part, on a prior conviction for assault which was overturned after the defendant was sentenced to death. *Id.* at 581. Even though there were aggravating circumstances unrelated to the assault conviction that remained undisturbed, the Supreme Court held that a new sentencing was constitutionally required because the jury considered the subsequently invalidated prior conviction, this conviction "provided no legitimate support for the death sentence imposed on

13

Petitioner," and there was "a possibility that the jury's belief that petitioner had been convicted of a prior felony would be 'decisive' in the choice between a life sentence and a death sentence." *Id.* at 586 (internal citations omitted).

The need for a resentencing when a prior conviction is subsequently invalidated is reinforced by the sentencing package doctrine. Under sentencing package theory, courts have recognized that convictions cannot be viewed in isolation for the purposes of sentencing, but as an entire "sentencing package." *See United States v. Watkins*, 147 F.3d 1294, 1297 (11th Cir. 1998) (listing cases). Accordingly, under the sentencing package doctrine, when a defendant has been convicted and sentenced on a number of convictions simultaneously and one of those convictions is vacated, the defendant must be resentenced on all of the convictions as they are part of one sentencing package. The sentencing package doctrine has been largely accepted by federal courts, *Watkins*, 147 F.3d at 1295 n.3, and was adopted by the Fourth Circuit in *United States v. Hillary*, 106 F.3d 1170, 1173 (4th Cir. 1997) (holding that where a defendant had successfully attacked his § 924(c) conviction in collateral proceedings, the district court had the authority to resentence him on the remaining charges, as the sentence must be viewed in the "aggregate"). *See also United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997) (same, and explicitly endorsing "sentencing package theory").

Mr. Fulks is entitled to a new penalty phase because the jury's consideration of his invalid convictions under §§ 924(c) and (o) cannot be harmless. The jury credited and weighed the mitigating evidence they heard when determining his sentence. The mitigating factors found by the jury were numerous and powerful. *See* Dkt. No. 1618 at 20-27 (summarizing the mitigation presented to and found by the jury). As a part of their weighing process, however, the jury also considered and weighed Mr. Fulks's invalid convictions under §§ 924(c) and (o).

14

Because these convictions are invalid, the jurors were exposed to, and improperly considered, information which "provided no legitimate support for the death sentence imposed on Petitioner . . . ." *Johnson*, 486 U.S. at 586. Moreover, the universe of factors upon which the jury relied in imposing the death penalty has shifted and the sentencing package considered by the jury is no longer valid. There is "a possibility that the jury's belief that petitioner had been convicted of a prior felony was 'decisive' in the 'choice between a life sentence and a death sentence.'" *Id.* at 586 (internal citations omitted).

Since Mr. Fulks's initial filing, the Government has taken the position in at least two cases that a resentencing is required on all of a defendant's remaining convictions when one or more convictions have been vacated under *Johnson*. In *Davis* itself, the Government "conceded that, if § 924(c)(3)(B) is held to be vague, then the defendants are entitled to a full resentencing, not just the more limited remedy that the [Court of Appeals for the Fifth Circuit] granted them." *Davis*, 139 S. Ct. at 2336. In *United States v. Jenkins*, No. 15-3693 (7th Cir.), the Government conceded that resentencing was the proper remedy after vacating the § 924(c) convictions. *See United States v. Jenkins*, 15-3693 (7th Cir. July 24, 2019), Dkt. No. 84 (Government's Position Statement in Light of *United States v. Davis*). *See also*, *Reece*, *supra*, *5 (remanding for resentencing on the remaining counts).

Accordingly, Mr. Fulks respectfully renews his request for a new capital sentencing hearing.

**CONCLUSION**

For the foregoing reasons as well as those set forth in his § 2255 motion, Mr. Fulks respectfully requests that the Government's motion to dismiss the § 2255 motion be denied, Mr. Fulks's convictions under §§ 924(c) and (o) be vacated, his death sentence be vacated, and a new penalty phase ordered.

Respectfully Submitted,

/s/ Peter Williams
Peter Williams
Claudia Van Wyk
Assistant Federal Defenders
Federal Community Defender Office
  for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520


Counsel for Petitioner

Dated: October 1, 2019

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on this 1st day of October, 2019, I served the

foregoing document by ECF filing on the following party:

Robert F. Daley, Esq.
Office of the United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201


/s/ Peter Williams
Peter Williams