IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: **4:02-992** |
| | ) 18 U.S.C. §2119 |
| vs. | ) 18 U.S.C. §1201(a) |
| | ) 18 U.S.C. §2312 |
| | ) 18 U.S.C. §371 |
| **CHADRICK EVAN FULKS** | ) 18 U.S.C. §924(o) |
| **BRANDEN LEON BASHAM** | ) 18 U.S.C. §924(c) |
| | ) 18 U.S.C. §922(g) |
| | ) 18 U.S.C. §924(a)(2) |
| | ) 18 U.S.C. §924(j) |
| | ) 18 U.S.C. §2 |
| | ) |
| | ) **SUPERSEDING** |
| | ) **INDICTMENT** |

<u>**COUNT 1**</u>
(Carjacking resulting in death)

**MAXIMUM PENALTY**
**FINE OF $250,000.00 (18 U.S.C. § 3571)**
**LIFE IMPRISONMENT OR DEATH**
**AND A TERM OF SUPERVISED RELEASE OF 5 YEARS (18 U.S.C. § 3583)**
**SPECIAL ASSESSMENT OF $100.00 (18 U.S.C. § 3013)**

THE GRAND JURY CHARGES:

That on or about November 14, 2002, in the District of South Carolina and

elsewhere, **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM,** with

intent to cause death and serious bodily harm, by force, violence, and intimidation did

take from the person and presence of another, to wit Alice Donovan, a motor vehicle that

had been transported in interstate and foreign commerce, that is a 1994 BMW 318i, and

Alice Donovan's death resulted;

In violation of Title 18, United States Code, Section 2119 and Section 2.

## COUNT 2
(Kidnapping resulting in death)

**MAXIMUM PENALTY**
**FINE OF $250,000.00 (18 U.S.C. § 3571)**
**LIFE IMPRISONMENT OR DEATH**
**AND A TERM OF SUPERVISED RELEASE OF 5 YEARS (18 U.S.C. § 3583)**
**SPECIAL ASSESSMENT OF $100.00 (18 U.S.C. § 3013)**

THE GRAND JURY FURTHER CHARGES:

On or about November 14, 2002, in the District of South Carolina and elsewhere,

**CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM,** willfully and

unlawfully did kidnap, abduct and carry away Alice Donovan, and did willfully transport

Alice Donovan in interstate commerce from Conway, South Carolina to North Carolina,

and did hold her for ransom, reward and otherwise, and Alice Donovan's death resulted;

In violation of Title 18, United States Code, Section 1201(a)(1) and Section 2.

2

## **COUNT 3**
(Interstate transportation of stolen motor vehicle)

**MAXIMUM PENALTY**
**FINE OF $250,000.00 (18 U.S.C. § 3571)**
**AND/OR IMPRISONMENT FOR 10 YEARS**
**AND A TERM OF SUPERVISED RELEASE OF 3 YEARS (18 U.S.C. § 3583)**
**SPECIAL ASSESSMENT OF $100.00 (18 U.S.C. § 3013)**

THE GRAND JURY FURTHER CHARGES:

On or about November 14, 2002, in the District of South Carolina and elsewhere,

**CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM** knowingly and

unlawfully did transport in interstate commerce a stolen motor vehicle, that is, a 1994

BMW 318i, from Conway, South Carolina, to North Carolina, knowing the same to have

been stolen;

In violation of Title 18, United States Code, Section 2312 and Section 2.

3

**COUNT 4**
(Conspiracy)

**MAXIMUM PENALTY**
**FINE OF $250,000.00 (18 U.S.C. § 3571)**
**AND/OR IMPRISONMENT FOR 5 YEARS**
**AND A TERM OF SUPERVISED RELEASE OF 3 YEARS (18 U.S.C. § 3583)**
**SPECIAL ASSESSMENT OF $100.00 (18 U.S.C. § 3013)**

THE GRAND JURY FURTHER CHARGES:

From on or about November 4, 2002 to on or about November 20, 2002, in the District of South Carolina and elsewhere, **CHADRICK EVAN FULKS (FULKS)** and **BRANDEN LEON BASHAM (BASHAM)** unlawfully, knowingly, and willfully did conspire, combine, confederate and agree with each other to commit the following crimes:

a. Carjacking resulting in death, a violation of Title 18, United States Code, Section 2119;

b. Kidnapping resulting in death, a violation of Title 18, United States Code, Section 1201(a);

c. Interstate transportation of a stolen motor vehicle, a violation of Title 18, United States Code, Section 2312.

d. Possession of firearms by a convicted felon, a violation of Title 18, United States Code, Section 922(g); and

e. Possession of stolen firearms, a violation of Title 18, United States Code, Section 922(j).

In furtherance of the conspiracy and to effect the objects thereof, the defendants did commit, among others, the following overt acts:

4

## OVERT ACTS

1.     On or about November 4, 2002, **FULKS** and **BASHAM** escaped from the Hopkins County (Ky.) Detention Center.

2.     On or about November 5, 2002, **FULKS** and **BASHAM** kidnapped and carjacked James P. Hawkins (Hawkins) at knifepoint. They then transported Hawkins to Indiana and tied him to a tree using duct tape and electrical wire.

3.     On or about November 5 and 6, 2002, **FULKS** and **BASHAM** drove Hawkins' truck to Portage, Indiana and arrived at the residence of a woman (hereinafter referenced as "T.S.") known to **FULKS**. After they arrived at T.S.'s residence, **FULKS**, **BASHAM**, T.S. and her roommate (hereinafter referenced as "A.R.") traveled in T.S.'s van to The Pines, Indiana and checked into the Sands Motel.

4.     On or about November 7, 2002, **FULKS** asked T.S. if she could help him obtain firearms. T.S. and **FULKS** devised a plan whereby T.S. and A.R. would lure T.S.'s friend, Robert Talsma (Talsma), out of his residence so that **FULKS** and **BASHAM** could steal Talsma's firearms while Talsma was out of his house.

5.     On or about November 8, 2002, T.S. and A.R. went to Talsma's residence early in the morning. T.S. took Talsma into his bedroom and A.R. unlocked the doors and windows to the residence. T.S. and A.R. then took Talsma to breakfast. While Talsma was at breakfast, **FULKS** and **BASHAM** stole the following firearms from Talsma's residence: an H&R .22 caliber "9 shot," Model 949 revolver, two Ruger "Vaquero" .45

5

caliber single action revolvers, and a Llama "Mini Max" .45 caliber pistol.

6.     On or about November 8, 2002, **FULKS, BASHAM,** T.S. and A.R. drove to Sturgis, Michigan and checked into a motel.

7.     On or about November 9, 2002, **FULKS, BASHAM,** T.S. and A.R. drove to Ohio and checked into another motel. While in Ohio, **FULKS** and **BASHAM** left the motel and returned in the early morning hours with a duffle bag full of camouflage clothing including masks, hoods, and boots.

8.     On or about November 10, 2002, **FULKS, BASHAM,** T.S. and A.R. left Ohio and drove toward West Virginia.

9.     On or about November 11, 2002, **FULKS, BASHAM,** T.S. and A.R. checked into the Hollywood Hotel in Huntington, West Virginia. **FULKS** and **BASHAM** left the motel with the duffle bag and returned sometime between 2:00 a.m. and 4:00 a.m. on November 12, 2002.

10.     On or about November 12, 2002, **FULKS, BASHAM,** T.S. and A.R. left West Virginia and drove to Little River, South Carolina where they checked into the Lakeshore Motel.

11.     On or about November 13, 2002, **FULKS** and **BASHAM** stole two purses, and **FULKS, BASHAM,** T.S. and A.R. went shopping using checks that were in the stolen purses. They bought clothing and alcohol and returned to the hotel on the evening of November 13, 2002.

12. On or about November 14, 2002, **FULKS, BASHAM,** T.S. and A.R. checked out of the Lakeshore Motel and drove to Myrtle Beach, South Carolina and checked into the Beachwalk Motel. Shortly after noon, **FULKS** and **BASHAM** left the motel driving T.S.'s green mini-van. They eventually arrived at the residence of Sam Jordan in Conway, South Carolina. **FULKS** and **BASHAM** entered Sam Jordan's residence and stole the following firearms: a Remington 870 12 gauge shotgun, a Marlin model 882SS .22 caliber rifle, a Remington Model 1100 12 gauge shotgun, a Marlin Model 60 .22 caliber rifle, and a RPI Connecticut Valley Arms Magbolt 150 rifle.

13. On or about November 14, 2002, upon leaving Sam Jordan's residence, **FULKS** and **BASHAM** encountered Carl Jordan who was driving by in his truck. After Carl Jordan confronted **FULKS** and **BASHAM,** they fired shots at Carl Jordan. After Carl Jordan attempted to flee, **FULKS** and **BASHAM** followed Carl Jordan in T.S.'s green minivan and continued to shoot at Carl Jordan. After the encounter with Carl Jordan, **FULKS** and **BASHAM** abandoned the green mini-van in Conway.

14. On or about November 14, 2002, **FULKS** and **BASHAM** stole a white Ford F-150 pick-up truck from a residence in Conway, South Carolina.

15. On or about November 14, 2002, at approximately 2:47 p.m., **FULKS** and **BASHAM** drove the stolen white Ford F-150 pick-up truck into the parking lot of a WalMart store in Conway, South Carolina following a blue BMW sedan. When the sedan pulled into a parking space, **BASHAM** got out of the truck and entered the passenger side

7

door of the blue BMW. By displaying a .22 caliber revolver, **BASHAM** then forced the driver, Alice Donovan, to drive out of the parking space and toward the back of the parking lot where **FULKS** was waiting with a .45 caliber pistol. **FULKS** and **BASHAM** then abandoned the stolen truck and left the WalMart parking lot in Alice Donovan's vehicle taking her and her vehicle against her will.

16. On or about November 14, 2002, after carjacking and kidnapping Alice Donovan, **FULKS** and **BASHAM** used Alice Donovan's debit card to purchase gas and obtain cash. **FULKS** drove Alice Donovan's BMW to North Carolina with Alice Donovan in the car. In North Carolina, at approximately 4:28 p.m., **FULKS** and **BASHAM** forced Alice Donovan to place a cellular telephone call to her daughter to advise her daughter that she had gone shopping and would be home late.

17. On or about November 14, 2002, **FULKS** and **BASHAM** killed Alice Donovan and abandoned her body. They then drove Alice Donovan's blue BMW to the Beachwalk Motel in Myrtle Beach, South Carolina and retrieved personal belongings. They then left T.S. and A.R. at the Beachwalk Motel and drove Alice Donovan's blue BMW to Huntington, West Virginia.

18. On or about November 17, 2002, **FULKS** and **BASHAM** left West Virginia and drove to Ashland, Kentucky in Alice Donovan's BMW. After they arrived in Ashland, Kentucky, **FULKS** drove **BASHAM** into a WalMart parking lot where **BASHAM** attempted to carjack Andrea and Deanna Francis while in possession of a

8

H&R .22 caliber "9 shot," Model 949 revolver. After **BASHAM** was approached by a Ashland Police Officer dispatched to investigate the attempted carjacking, he ran from the police officer and fired the revolver at the pursuing officer. **BASHAM** later identified himself to the Ashland Police as "Joshua Rittman."

19.     On or about November 19, 2002, **FULKS** drove Alice Donovan's BMW to Goshen, Indiana and arrived at his brother's house.

20.     On or about November 20, 2002, **FULKS** drove Alice Donovan's BMW to Bristol, Indiana where he abandoned the car in a shed. After abandoning the BMW, **FULKS** rode with his brother back towards Goshen, Indiana. Upon observing an Indiana State Trooper following his brother's vehicle, **FULKS** told his brother to stop the car. **FULKS** then got out of the car and attempted to flee the pursuing law enforcement officers on foot.

All in violation of Title 18, United State Code, Section 371.

## COUNT 5

(Conspiracy to use and carry firearms in relation to and to possess firearms in furtherance
of a crime of violence)

**MAXIMUM PENALTY**
**FINE OF $250,000.00 (18 U.S.C. § 3571)**
**AND/OR IMPRISONMENT FOR 20 YEARS**
**AND A TERM OF SUPERVISED RELEASE OF 3 YEARS (18 U.S.C. § 3583)**
**SPECIAL ASSESSMENT OF $100.00 (18 U.S.C. § 3013)**

THE GRAND JURY FURTHER CHARGES:

From on or about November 4, 2002, to on or about November 20, 2002, in the
District of South Carolina, **CHADRICK EVAN FULKS** and **BRANDEN LEON
BASHAM,** did knowingly, intentionally and unlawfully combine, conspire, confederate
and agree together and have tacit understanding with each other and with others known to
the Grand Jury, to knowingly use and carry firearms during and in relation to, and to
possess firearms in furtherance of, crimes of violence which are prosecutable in a court
of the United States, as charged in Counts 1 and 2 of this Superseding Indictment;

In violation of Title 18, United States Code, Section 924(o).

10

## COUNT 6
(Use of a firearm during and in relation to a crime of violence)

**MINIMUM PENALTY IMPRISONMENT FOR 7 YEARS**
**MAXIMUM PENALTY**
**FINE OF $250,000.00 (18 U.S.C. § 3571)**
**AND/OR LIFE IMPRISONMENT**
**AND A TERM OF SUPERVISED RELEASE OF 5 YEARS (18 U.S.C. § 3583)**
**SPECIAL ASSESSMENT OF $100.00 (18 U.S.C. § 3013)**

THE GRAND JURY FURTHER CHARGES:

On or about November 14, 2002, in the District of South Carolina, **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM,** knowingly used and carried a firearm during and in relation to, and possessed a firearm in furtherance of crimes of violence for which they may be prosecuted in a court of the United States as charged in Counts 1 and 2 of this Superseding Indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A) and Section 2.

11

**<u>COUNT 7</u>**
(Felons in possession of firearms)

**MAXIMUM PENALTY**
**FINE OF $250,000.00 (18 U.S.C. § 3571)**
**AND/OR IMPRISONMENT FOR 10 YEARS**
**AND A TERM OF SUPERVISED RELEASE OF 3 YEARS (18 U.S.C. § 3583)**
**SPECIAL ASSESSMENT OF $100.00 (18 U.S.C. § 3013)**

THE GRAND JURY FURTHER CHARGES:

On or about November 14, 2002, in the District of South Carolina, **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM,** each having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce firearms, that is an H&R .22 caliber "9 shot" Model 949 revolver; a Llama "Mini Max" .45 caliber pistol; a Remington 870 12 gauge shotgun, a Marlin model 882SS .22 caliber rifle; a Remington Model 1100 12 gauge shotgun; a Marlin Model 60 .22 caliber rifle; and a RPI Connecticut Valley Arms Magbolt 150 rifle, each of which had been shipped and transported in interstate commerce;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) and Section 2.

12

## COUNT 8
(Possession of Stolen Firearms)

**MAXIMUM PENALTY**
**FINE OF $250,000.00 (18 U.S.C. § 3571)**
**AND/OR IMPRISONMENT FOR 10 YEARS**
**AND A TERM OF SUPERVISED RELEASE OF 3 YEARS (18 U.S.C. § 3583)**
**SPECIAL ASSESSMENT OF $100.00 (18 U.S.C. § 3013)**

THE GRAND JURY FURTHER CHARGES:

On or about November 14, 2002, in the District of South Carolina, **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM,** knowingly did possess stolen firearms, that is an H&R .22 caliber "9 shot" Model 949 revolver; a Llama "Mini Max" .45 caliber pistol; a Remington 870 12 gauge shotgun, a Marlin model 882SS .22 caliber rifle; a Remington Model 1100 12 gauge shotgun; a Marlin Model 60 .22 caliber rifle; and a RPI Connecticut Valley Arms Magbolt 150 rifle, each of which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearms were stolen;

In violation of Title 18, United States Code, Sections 922(j) and 924(a)(2) and Section 2.

13

## NOTICE OF SPECIAL FINDINGS

THE GRAND JURY FURTHER FINDS:

1. As to Count 1, charging carjacking resulting in the death of Alice Donovan, a violation of Title 18, United States Code, Section 2119, and Count 2, kidnapping resulting in the death of Alice Donovan, a violation of Title 18, United States Code, Section 1201(a)(1), respectively:

    a. **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM** were 18 years of age and older at the time of the offense [Title 18, United States Code, Section 3591(a)];

    b. **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM** intentionally killed Alice Donovan [Title 18, United States Code, Section 3591(a)(2)(A)];

    c. **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM** intentionally inflicted serious bodily injury that resulted in the death of Alice Donovan [Title 18, United States Code, Section 3591(a)(2)(B)];

    d. **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM** intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the

14

offense, and Alice Donovan died as a direct result of the act [Title 18, United States Code, Section 3591(a)(2)(C)];

e. **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM** intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Alice Donovan died as a direct result of the act [Title 18, United States Code, Section 3591(a)(2)(D)];

f. The death of Alice Donovan, and the injury resulting in the death of Alice Donovan, occurred during the **CHADRICK EVAN FULKS'** and **BRANDEN LEON BASHAM'S** commission and attempted commission of, and during their immediate flight from their commission of, an offense under Title 18, United States Code, Section 1201 [Title 18, United States Code, Section 3592(c)(1)].

g. **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM** committed the offense as consideration for the receipt, and in the expectation of the receipt, of something of pecuniary value [Title 18, United States Code, Section 3592(c)(8)].

h. **CHADRICK EVAN FULKS** and **BRANDEN LEON BASHAM**

intentionally killed and attempted to kill more than one person in a single criminal episode [Title 18, United States Code, Section 3592(c)(16)].

A __True__ BILL

_s/ Richard R. Parkinson_
FOREMAN

_s/ J. Strom Thurmond, Jr._
J. STROM THURMOND, JR. (JSG)
UNITED STATES ATTORNEY