**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

_____

THE UNITED STATES OF AMERICA,

Respondent,

v.

CHADRICK E. FULKS,

Petitioner.

_____

:     4:02-CR-992-JFA
:
:
:     Hon. Joseph F. Anderson
:     United States District Judge
:
:     **CAPITAL CASE**
:
:
:
:
:

**UNOPPOSED MOTION FOR LEAVE TO FILE A RESPONSE AND
FOR FORTY-FIVE (45) DAY EXTENSION OF TIME**

Chadrick E. Fulks, a prisoner in the custody of the United States sentenced to death and

housed at the United States Penitentiary, Terre Haute, Indiana, respectfully moves this Court

through his counsel for leave to file a response to the Government's October 1, 2019 Motion to

Dismiss or, in the Alternative, for Summary Judgment and the accompanying supplemental

memorandum, and for a forty-five (45) day extension of time to do so. In support of this motion,

Mr. Fulks states the following:

1. On June 17, 2016, Mr. Fulks filed a successive § 2255 motion arguing that his 18

U.S.C. §§ 924(c) and (o) convictions and his death sentence should be vacated pursuant to

*Johnson v. United States*, 1325 S. Ct. 2551 (2015). Dkt. No. 1618. To qualify as a crime of

violence under §§ 924(c) and (o), the underlying offense(s) must qualify as a crime of violence

under either the "residual clause" or the "force clause" of § 924(c). Mr. Fulks averred that

*Johnson* invalidated the "residual clause" of § 924(c), his convictions under §§ 924(c) and (o)

could not otherwise be sustained because the "force clause" of § 924(c) was not met, and that his

death sentence should be vacated and a new capital penalty phase be held. *Id.* The Government filed an initial Motion to Dismiss Mr. Fulks's §2255 Motion. Dkt. No. 1626. In it, the Government confined its arguments to the applicability of *Johnson* to Mr. Fulks's case and did not address the other elements of Mr. Fulks's claims. *Id.*at 3, 7, 12-13.

2. After proceedings were stayed pending the outcome of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), the Court ordered supplemental briefing from all parties, which was submitted on October 1, 2019. Dkt. Nos. 1642, 1652. 1654.

3. Petitioner respectfully requests leave to file a response to the Government's briefing. The Government's supplemental submissions, which included a Motion to Dismiss or, in the Alternative, for Summary Judgment and an accompanying supplemental memorandum, collectively raise a number of additional arguments that were not included in its initial motion to dismiss. These include the Government's position that: Mr. Fulks's convictions for capital kidnapping and carjacking resulting in death are both crimes of violence under the force clause of § 924(c), that the force clause is satisfied if either of those offenses are found be a crime of violence, that Mr. Fulks's death sentence should not be vacated regardless of whether his convictions under §§ 924(c) and (o) are invalid, and that Mr. Fulks's § 2255 petition is procedurally defaulted. In its initial briefing order, this Court indicated that no replies to the post-*Davis* submissions would be necessary. However, as the Government's supplemental briefing raises a number of new arguments, Mr. Fulks respectfully requests the opportunity to address these issues in a response.

4. Mr. Fulks also requests an additional forty-five days to draft his response. Under Rule 7.06 of the Local Rules of Civil Procedure for the District of South Carolina, Mr. Fulks's

Response is currently due on October 15, 2019. Counsel's response will require careful briefing on a number of issues including, inter alia, federal jurisprudence relating to the force clause, the categorical approach to determining whether an offense constitutes a crime of violence under 18 U.S.C. § 924(c), procedural default, and whether Mr. Fulks's death sentence and should be vacated should this Court find his §§ 924(c) and (o) convictions to be invalid. Mr. Fulks's counsel will be unable to provide this Court with professionally adequate briefing on these issues by October 15, 2019. Accordingly, counsel request this additional time so that they may provide this Court with a thoroughly researched and professionally briefed response.

5. On October 10, 2019, Assistant United States Attorney Robert F. Daley, Jr., indicated that the Government does not oppose Mr. Fulks's request.

WHEREFORE, Petitioner Chadrick Fulks requests that the foregoing motion be granted, that he be permitted to file a response to the Government's October 1, 2019 submissions, and that he be given an additional forty-five days (until November 29, 2019) to file this response. (A proposed Order is attached.)

Respectfully submitted,

/s/ Peter Williams
Claudia Van Wyk
Peter Williams
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Petitioner

Dated: October 11, 2019

3

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on this 11th day of October, 2019, I served the

foregoing Motion by ECF filing on the following party:

Robert F. Daley, Esq.
Office of the United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201


/s/ Peter Williams
Peter Williams