| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:02-cr-0992-JFA |
| CHADRICK FULKS, | |
| Defendant. | |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

The United States files this supplemental memorandum in light of *Borden v. United States*, 141 S.Ct. 1817 (2021).

### I.      Introduction

Fulks admitted his guilt and pleaded guilty to the kidnapping and carjacking of Alice Donovan resulting in her death (Counts 1 and 2). He was sentenced to death separately for each of these two crimes.

Fulks also pleaded guilty to six other charges, including conspiracy to use and carry a firearm during and in relation to, and to possess a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 5), and using and carrying a firearm during and in relation to, and possessing in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 6). Both charges specifically identified their predicate crimes of violence as the kidnapping *and* carjacking resulting in death set forth in Counts 1 and 2 of the superseding indictment.

In the factual basis for the guilty plea, Fulks adopted his statement made to FBI agents, which was memorialized in a FBI 302 form. In this 302, Fulks admitted to his full participation in the kidnapping and carjacking of Alice Donovan which resulted in her death. The facts admitted

to by Fulks were summarized by the Fourth Circuit in its opinion upholding his convictions and

sentences on direct appeal:

> At 2:37 p.m. that same day [November 14, 2002], a Wal–Mart surveillance camera recorded a blue BMW driven by Alice Donovan enter the Wal–Mart parking lot, with Fulks and Basham following closely behind. As Donovan parked, Basham exited the truck and approached the BMW while Fulks circled the row of vehicles and parked opposite the BMW. Both vehicles then began moving again, travelling outside the range of the cameras. Fulks soon abandoned the pickup truck and began driving the BMW, with Basham and Donovan in the back seat. After leaving the Wal–Mart parking lot, Fulks and Basham made several (some successful) attempts to withdraw money from Donovan's account at various automatic teller machines. At some point, they crossed into North Carolina and stopped at a cemetery, where first Basham and then Fulks raped Donovan. According to Fulks's statements to the FBI, he did not want to rape Donovan but felt pressure from Basham to do so. They then reentered South Carolina and, according to Fulks, Basham ordered him to stop along a dirt road so that they could leave Donovan tied up, in order to prevent her from contacting the authorities. Fulks complied with this request and Basham, carrying a gun but no rope or tape that Fulks could see, began leading Donovan away from the car. Donovan implored Fulks to convince Basham to leave the gun in the car, but Basham refused to do so. Basham then led Donovan into the woods and out of Fulks's sight. He returned twenty minutes later, alone. . . . [B]oth Fulks and Basham have admitted that Donovan was killed, but her body has never been found.[1]

*United States v. Fulks*, 454 F.3d 410, 416-17 (4th Cir. 2006).

The jury found Fulks "intentionally and specifically engaged in an act of violence,"

knowing that the act constituted a reckless disregard for human life, and "the victim died as a direct

result of the act." Dkt. #s 648 & 649 (special verdict forms); 18 U.S.C. § 3591(a)(2)(D).

One issue now before this Court is whether kidnapping resulting in death still qualifies as

a crime of violence that can sustain Fulks's §§ 924(c) and (o) convictions. The government

presumes without conceding that kidnapping resulting in death no longer qualifies a predicate

crime of violence. However, even if kidnapping resulting in death no longer qualifies as a

---

[1] Subsequent to the direct appeal in this case, Donovan's remains were located in Horry County, South Carolina. *See Basham v. United States*, 109 F.Supp.3d 753, 768 n.3 (D.S.C. 2013).

predicate crime of violence, the §§ 924(c) and (o) convictions are still valid because they also rested upon the carjacking of Alice Donovan resulting in her death, to which Fulks admitted. Furthermore, even if the §§ 924(c) and (o) convictions were no longer valid, the appropriate remedy would be to vacate the §§ 924(c) and (o) convictions but leave the death sentences intact.

II. **Fulks's §§ 924(c) and (o) Convictions Remain Valid and His Independent Death Sentences Based On Separate Counts For Kidnapping Resulting in Death and Carjacking Resulting in Death Should Remain Intact.**

A. **The Government Presumes Without Conceding That Kidnapping Resulting In Death Is Not A Crime of Violence After *Borden*.**

The government presumes without conceding that kidnapping resulting in death no longer qualifies a predicate crime of violence for purposes of §§ 924(c) and (o) in light of the Supreme Court's decision in *Borden v. United States*, 141 S.Ct. 1817 (2021).

In *Borden*, the Supreme Court determined that Tennessee reckless aggravated assault lacks a *mens rea* element sufficient to satisfy the elements clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i). The ACCA's elements clause defines a "violent felony" as any crime punishable by more than one year in prison that "has an element the use, attempted use, or threatened use of physical force *against the person of another*." *Id.* (emphasis added). The Court held that it does not "include[ ] offenses criminalizing reckless conduct." 141 S.Ct. at 1825 (plurality opinion); *id*. at 1834 (Thomas, J., concurring in the judgment).

The Court explained that the ACCA's use of the phrase "against another" "demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner," so the ACCA's elements clause does not cover it. *Id*. at 1825 (plurality opinion); *see* 18 U.S.C. § 924(e)(2)(B)(i). Instead, the crimes that the ACCA's elements clause covers "are best understood to involve not only a substantial degree of force, but also a purposeful or knowing mental state—a deliberate choice of wreaking harm on another, rather than

mere indifference to risk." *Borden*, 141 S.Ct. at 1830 (plurality opinion); *id*. at 1834 (Thomas, J., concurring in the judgment). Otherwise, as the Court warned, sentencing courts would improperly "impose large sentencing enhancements on individuals (for example, reckless drivers) far afield from the 'armed career criminals' ACCA addresses." *Id*. at 1825 (plurality opinion). The Court reserved the question of whether offenses involving "extreme recklessness" satisfy the force clause. *Borden*, 141 S.Ct. at 1825 n.4.

In light of *Borden*, the government presumes without conceding that kidnapping resulting in death no longer qualifies as a predicate crime of violence for purposes of §§ 924(c) and (o).[2]

**B. Fulks's §§ 924(c) and (o) Convictions Are Still Valid Because Carjacking Is a Valid Predicate.**

Even if capital kidnapping resulting in death were not a predicate crime of violence, Fulks's §§ 924(c) and (o) convictions are still valid because they were also predicated on carjacking resulting in death, a valid predicate. Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Smith*, 960 F.3d 510, 512, 516-17 (4th Cir. 2013) (holding the standard set forth in *Brecht* applies to § 2255 habeas cases). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. Fulks cannot meet this burden.

---

[2] The government also acknowledges that *United States v. Simmons*, 999 F.3d 199 (4th Cir. 2021) undercuts any argument that kidnapping resulting in death is a crime of violence. *Simmons* rejects the concept that "an 'element' relevant only to an enhanced sentence is necessarily an element of the crime of conviction." *Id*. at 216.

Should this Court determine that kidnapping resulting in death were no longer a valid predicate crime of violence for §§ 924(c) and (o) purposes after *Borden*, carjacking remains a crime of violence under § 924(c)(1)(A)'s force clause, *see United States v. Evans*, 848 F.3d 242, 247-48 (4th Cir. 2017); *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021), and it continues to support Fulks's §§ 924(c) and (o) convictions. Fulks pleaded guilty to §§ 924(c) and (o) charges that listed *both* carjacking resulting in death and kidnapping resulting in death as predicate offenses. Therefore, Fulks's §§ 924(c) and (o) convictions remain valid.

Importantly, when Fulks pleaded guilty to the §§ 924(c) and (o) charges, he did not attempt to limit his guilty plea to only one of the predicate "crimes of violence" charged in the indictment. *Compare Brown v. United States*, 942 F.3d 1069, 1073-74 (11th Cir. 2019) (noting that the "parties repeatedly specified that Brown was pleading to . . . conspiracy to commit Hobbs Act robbery" but not to drug trafficking predicate also charged in indictment) *with Suarez v. United States*, 830 F.App'x 612, 616 (11th Cir. 2020) ("Suarez agreed to plead guilty to 'Count 5 of the Second Superseding Indictment,' and that count alleges that his firearm conviction is based on four companion offenses," including valid carjacking predicate). Instead, Fulks pleaded to all charges without reservation. Furthermore, the facts set forth as the basis for his guilty plea (in the FBI 302) made clear Fulks and Basham used firearms in connection with both the carjacking and kidnapping of Alice Donovan. *See United States v. Crawley*, ___ F.4th ___, 2021 WL 2557790, at *4 (4th Cir. June 23, 2021).

In *Crawley*, the Fourth Circuit recently held that a defendant's guilty plea to a § 924(c) offense based on a valid and invalid predicate must be upheld if the record establishes that the defendant used a firearm in connection with the valid predicate. *Crawley*, 2021 WL 2557790, at *4 ; *see also In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (holding that, "although Navarro

pled guilty only to conspiracy to commit Hobbs Act robbery and a § 924(c) violation, his plea agreement and the attendant factual proffer more broadly establish that his § 924(c) charge was predicated both on conspiracy to commit Hobbs Act robbery and drug-trafficking crimes"); *United States v. Collazo*, —— F. App'x ——, ——, 2021 WL 1997681, at *5 (3d Cir. May 19, 2021) (holding that, although Collazo only pleaded guilty to conspiracy to commit Hobbs Act robbery and violating § 924(c), "the indictment, plea agreement, and plea colloquy all make clear that Collazo committed Hobbs Act robbery and that the robbery was a predicate for his § 924(c) conviction"); *United States v. Figueroa*, 813 F.App'x 716, 720 (2d Cir. 2020) (plea allocution clearly established factual basis for the still valid predicate crime). *Crawley* held that when a defendant pleads guilty to a § 924(c) count with one valid and one invalid predicate and admits "a sufficient factual basis" for the valid predicate, the defendant pleaded guilty "to the § 924(c) offense in its entirety," and his conviction remains valid. 2021 WL 2557790 at *4–6. *Crawley* found that an admitted statement of facts, like Fulks' adoption of the FBI 302 in this case, functions as a "special verdict identifying the factual bases for conviction." *Id*. at *7-8. *Crawley* controls this case.[3] The record is clear that Fulks pleaded guilty to §§ 924(c) and (o) charges predicated on both carjacking resulting in death and kidnapping resulting in death.

But the conclusion that his §§ 924(c) and (o) convictions are supported by both predicates is further supported by the fact that Fulks was also convicted of both substantive offenses: carjacking resulting in death and kidnapping resulting in death. *See e.g., United States v. Cannon*, 987 F.3d 924, 948 (11th Cir. 2021); *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020); *see also Granda v. United States*, 990 F.3d 1272, 1289-90 (11th Cir. 2021). That conclusion is further

---

[3] See the government's previous memoranda in support of dismissal or summary judgment for a fuller description of the factual basis for Fulks's guilty plea supporting the use of a firearm during the carjacking. Dkt. #1666, at pp. 25-28; Dkt. # 1689, at pp. 5-12.

compelled because the "record makes it abundantly clear that [the two predicate crimes] rested on the same operative facts and the same set of events." *Granda*, 990 F.3d at 1289. When, as here, the two predicate offenses—the carjacking resulting in death and kidnapping resulting in death—are "inextricably intertwined," there can be no doubt that the still-valid carjacking predicate supports the §§ 924(c) and (o) convictions. *See Cannon*, 987 F.3d at 948; *In re Navarro*, 931 F.3d at 1302 n.2.

Finally, even if the record were not as clear as it is in the present case, a more ambiguous record would be insufficient to justify vacatur of the §§ 924(c) and (o) convictions. Applying the more stringent plain error review on direct appeal where a jury's guilty verdict on a § 924(c) count was based on both Hobbs Act robbery and Hobbs Act conspiracy, the Fourth Circuit held reversal of the § 924(c) conviction was unwarranted because of the "overwhelming weight of the evidence" supporting the still-valid predicate. *See United States v. Ali*, 991 F.3d 561, 575 (4th Cir. 2021). And as the Supreme Court explained in *Davis v. Ayala*, 576 U.S. 257, 267-68 (2015),

> For reasons of finality, comity, and federalism, habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Brecht*, 507 U.S. at 637 (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)). Under this test, relief is proper only if the federal court has "grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict.'" *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). There must be more than a "reasonable possibility" that the error was harmful. *Brecht* at 637. The *Brecht* standard reflects the view that a "State is not to be put to the arduous task [of retrying a defendant] based on mere speculation that the defendant was prejudiced by trial error; the court must find that the defendant was actually prejudiced by the error." *Calderon v. Coleman*, 525 U.S. 141, 146 (1998) (per curiam ).

Under plain error review on direct appeal or the *Brecht* "substantial and injurious effect or influence" standard on collateral review, ambiguity is not enough. *See Ali*, 991 F.3d at 575 (citing *Hedgpath v. Pulido*, 555 U.S. 57, 61 (2008)). Instead, the Court must have "grave doubt" about whether an error of federal law had "substantial and injurious effect or influence in" in the

outcome. There must be more than a "reasonable possibility" that the error was harmful. *Davis*, 576 U.S. at 267-68. That is certainly not the case here.

C. <u>**Fulks's Death Sentences Are Still Valid Even If His § § 924(c) and (o) Convictions Are Vacated.**</u>

Finally, even if this Court were to vacate Fulks's §§ 924(c) and (o) convictions, the only appropriate result would be for this Court to exercise its discretion and leave in place Fulks's death sentences under Counts 1 and 2. This is so because "the goal of § 2255 review is to place the defendant 'in exactly the same position he would have been' had there been no error in the first instance." *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). The Court instructed the jury that only Counts 1 and 2 were the basis for a possible death sentence, and the jury returned independent verdicts of death on Count 1 (carjacking resulting in death) and Count 2 (kidnapping resulting in death). The Court then imposed separate, concurrent death sentences on those counts, independent of the sentences on the other non-capital offenses, including Counts 5 and 6.

Furthermore, the §§ 924(c) and (o) counts did not result in the admission of any additional prejudicial evidence against Fulks because the § 924 charges arose from the same set of facts as the carjacking resulting in death and kidnapping resulting in death charges. The exact same evidence would have been presented against Fulks even if he had not been charged with violations of §§ 924(c) and (o). The §§ 924(c) and (o) charges therefore could not have tainted the jury's verdict. In this situation the Court should respect the finding of the jury regarding the death sentences imposed on Counts 1 and 2. *See United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018) ("We do not lightly disturb jury verdicts").

For these reasons, no matter the validity of the §§ 924(c) and (o) convictions, should the Court conclude the convictions must be vacated, it should exercise its discretion and leave in place Fulks's death sentences under Counts 1 and 2. *See, e.g., United States v. Chaney*, 911 F.3d 222,

226 (4th Cir. 2018) (holding that it was not an abuse of discretion for a district court "to strike [a] conviction and sentence but to leave the sentences on the other two counts alone, thereby 'indicat[ing] that it was satisfied with the resulting sentence'" (quoting *Hadden*, 475 F.3d at 669)).

### III.    Conclusion

For all these reasons, Fulks's § 2255 motion must be denied and dismissed. In the alternative, even if this Court were to vacate Fulks's §§ 924(c) and (o) convictions, the only appropriate result would be for this Court to exercise its discretion and leave in place Fulks's death sentences.

Respectfully submitted,

M. RHETT DEHART
ACTING U.S. ATTORNEY

/s/Robert F. Daley, Jr.
Robert F. Daley, Jr. (Fed. ID # 6460)
Assistant United States Attorney
U.S. Attorney's Office
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3000
Fax (803) 254-2912
Email: Bob.Daley@usdoj.gov

July 14, 2021