# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | 4:02-CR-992-JFA |
|  | : |  |
| Respondent, | : | Hon. Joseph F. Anderson |
|  | : | United States District Judge |
|  | : |  |
| v. | : | **CAPITAL CASE** |
|  | : |  |
| CHADRICK E. FULKS, | : |  |
|  | : |  |
| Petitioner. | : |  |
|  | : |  |

## PETITIONER'S SUPPLEMENTAL MEMORANDUM OF LAW
## REGARDING *BORDEN V. UNITED STATES*

PETER WILLIAMS
CLAUDIA VAN WYK
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
pete_williams@fd.org
claudia_vanwyk@fd.org

*Counsel for Petitioner*

Dated: July 14, 2021

## PRELIMINARY STATEMENT

Petitioner Chadrick Fulks shall be referred to by name or as Petitioner. Mr. Fulks's 2016 Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 1618) shall be referred to as the "Successive § 2255 Motion" and cited as "§ 2255 Motion" followed by the relevant page number. Fulks's October 1, 2019 Supplemental Brief in Support of Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 1664) shall be referred to as his "Supplemental Brief" and cited as "FSB" followed by the relevant page number. The government's October 1, 2019 Supplemental Memorandum in Opposition to Fulks's Successive § 2255 Motion and in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. No. 1666) shall be cited as "MTD" followed by the relevant page number. Mr. Fulks's November 29, 2019 Response to the government's Motion to Dismiss or, in the Alternative, for Summary Judgment shall be referred to as his "Response" and cited as "FR" followed by the relevant page number. The government's January 15, 2020 Reply to Fulks' Response in Opposition to Motion to Dismiss (Dkt. No. 1689) shall be cited as "GR" followed by the relevant page number.

The transcript from Mr. Fulks's guilty plea and trial level proceedings shall be cited as "TT" followed by the relevant date and page number.

All other citations are self-explanatory or will be explained.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................... i

TABLE OF CONTENTS.............................................................................................. ii

INTRODUCTION ....................................................................................................... 1

PROCEDURAL HISTORY........................................................................................... 2

ARGUMENT ............................................................................................................. 3

I.   KIDNAPPING AND CARJACKING RESULTING IN DEATH ARE NOT CRIMES OF
     VIOLENCE UNDER THE FORCE CLAUSE OF § 924(c)(3)(A)......................................... 3

   A.   *Borden* Confirms that the "Resulting in Death" Component of Mr. Fulks's Convictions
     Does Not Render His Kidnapping Conviction a Crime of Violence. ................................. 5

   B.   The Threshold Factor Found in Mr. Fulks's Case Does Not Render His Kidnapping
     Conviction a Crime of Violence. ...................................................................... 7

   C.   Offenses Involving Unlawful Killings Do Not Categorically Satisfy the Force Clause. . 11

   D.   Mr. Fulks's Claim for Relief Is Not Hypothetical. ............................................. 12

   E.   Carjacking Is Not a Crime of Violence in the Wake of *Borden*. ................................ 13

II.  MR. FULKS'S *JOHNSON* CLAIM IS NOT PROCEDURALLY DEFAULTED. ................ 14

CONCLUSION.......................................................................................................... 15

Chadrick E. Fulks, a prisoner in the custody of the United States sentenced to death, respectfully submits this Supplemental Memorandum in support of his 28 U.S.C. § 2255 Motion pursuant to this Court's June 23, 2021 order to provide briefing on *Borden v. United States*, 141 S. Ct. 1817 (2021).

## INTRODUCTION

In 2016, Mr. Fulks filed a successive § 2255 motion arguing that his 18 U.S.C. §§ 924(c) and (o) convictions, which criminalize the use of firearms in crimes of violence, should be vacated pursuant to *Johnson v. United States*, 1325 S. Ct. 2551 (2015). To qualify as a crime of violence under §§ 924(c) and (o), the underlying offenses must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause."[1] *Johnson*—as confirmed by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019)—invalidated § 924(c)'s residual clause. Because Mr. Fulks's convictions cannot be sustained under the force clause as interpreted by *Borden*, he is entitled to relief from his §§ 924(c) and (o) convictions.[2] As the invalid convictions likely affected the outcome of the penalty phase, Mr. Fulks's death sentence should also be reversed.

The government has argued, inter alia, that both potential predicate offenses for Mr. Fulks's § 924 convictions, kidnapping resulting in death and carjacking resulting in death,

---

[1] Section 924(c)(3)(A) and the analogous subsections of similar crimes-of-violence statutes have been referred to as both "force clauses" and "elements clauses." To avoid confusion, Mr. Fulks shall use the term "force clause" to refer to § 924(c)(3)(A) and the analogous subsections of similar statutes.

[2] Section 924(c) prohibits the use of a firearm during the course of a crime of violence. Section 924(o) prohibits conspiracy to use firearms in a crime of violence. As the arguments raised in Mr. Fulks's successive § 2255 proceedings apply equally to both offenses, §§ 924(c) and (o) shall be referred to collectively throughout this pleading.

1

constituted crimes of violence. While conceding that federal kidnapping did not satisfy the force clause, the government has argued that kidnapping resulting in death and the threshold factor found in Mr. Fulks's penalty phase met the force clause's criteria. The government further relied on *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017), where the United States Court of Appeals for the Fourth Circuit held that carjacking was a crime of violence before *Borden* was issued, to argue that carjacking was a crime of violence even after *Johnson* and *Davis*.

*Borden* demonstrates that the government's arguments lack merit. Under *Borden*, a predicate offense must require the purposeful or knowing use, attempted use, or threatened use of violent force for the force clause to be met. As neither the federal kidnapping statute nor the federal carjacking statute requires that level of mens rea, *Evans* is invalid in the wake of *Borden* and neither potential predicate offense is a crime of violence under the force clause. Mr. Fulks respectfully requests that his §§ 924(c) and (o) convictions be vacated and his death sentence reversed.

**PROCEDURAL HISTORY**

In 2004, Mr. Fulks pled guilty to possessing or using a firearm during or in relation to a crime of violence as defined by 18 U.S.C. § 924(c), conspiracy to carry or use a firearm during or in relation to a crime of violence as defined by 18 U.S.C. § 924(o), carjacking as defined by 18 U.S.C. § 2119, kidnapping as defined by 18 U.S.C. § 1201, and other charges. A contested sentencing hearing took place before a jury after Mr. Fulks's guilty plea was entered, and the jury sentenced Mr. Fulks to death. The Court of Appeals affirmed. *United States v. Fulks*, 454 F.3d 410 (4th Cir. 2006). The Supreme Court denied certiorari review. *Fulks v. United States*, 551 U.S. 1147 (2006).

Mr. Fulks filed a motion to vacate the convictions and sentence and for a new trial pursuant to 28 U.S.C. § 2255, which was denied. *Fulks v. United States*, 875 F. Supp. 2d 535

(D.S.C. 2010). The denial was affirmed on appeal. *United States v. Fulks*, 683 F.3d 512 (4th Cir. 2012). The Supreme Court denied certiorari review. *Fulks v. United States*, 134 S. Ct. 52 (2013).

In 2016, Mr. Fulks filed a second or successive motion under § 2255(h)(2) based on *Johnson*. This Court stayed these proceedings pending the outcome of *Dimaya*, *Davis*, and *Simms*. After *Davis* and *Simms* were decided, both parties submitted supplemental briefing on October 1, 2019, which included the government's Motion to Dismiss or, in the Alternative, for Summary Judgment and an accompanying memorandum of law. Mr. Fulks submitted his Response to the government's Motion to Dismiss on November 29, 2019, to which the government submitted a reply on January 15, 2020.

On August 28, 2020, this Court stayed Mr. Fulks's successive § 2255 proceedings pending the Supreme Court's disposition of *Borden*. The Supreme Court issued its opinion granting relief to Borden on June 10, 2021. On June 23, 2021, this Court ordered both parties to submit any supplemental briefing on *Borden* in 21 days. Mr. Fulks submits this Memorandum in response to this Court's June 23, 2021 order. In all other respects, Mr. Fulks relies on the arguments and authorities set forth in his prior pleadings.

**ARGUMENT**

**I.      KIDNAPPING AND CARJACKING RESULTING IN DEATH ARE NOT CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(C)(3)(A).**

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), reviewing courts must use the categorical approach. *Descamps v. United States*, 570 U.S. 254, 260-61 (2013). This approach requires that courts "look only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 570 U.S. at 260-61 (citation omitted). Under this approach, courts can only "look to whether the statutory

elements of the offense [of conviction] necessarily require the use, attempted use, or threatened use of physical force." *Simms*, 543 F.3d at 233. Physical force in this context "means *violent force—i.e.*, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). "This approach is 'categorical' because the courts consider only the crime as defined, not the particular facts in the case." *Simms*, 543 U.S. at 233. "An offense does not qualify as a 'violent felony' unless the *least* serious conduct it covers falls within the elements clause." *Borden*, 141 S. Ct. at 1832 (plurality) (emphasis in original).

Mr. Fulks has averred that kidnapping resulting in death was not a crime of violence because it did not require the use, attempted use, or threatened use of physical force and because it did not meet the force clause's mens rea requirement: that force be purposefully or knowingly used. Mr. Fulks has further argued that the capital sentencing threshold factor that was found by his sentencing jury cannot be considered when determining whether the kidnapping charge was a crime of violence as that threshold factor was not an element of any predicate offense.[3] Even if the threshold factor was considered, it would still not undermine Mr. Fulks's claim for relief as it did not require the purposeful or knowing use of violent force, but—at most—recklessness. Mr. Fulks also argued that carjacking was not a crime of violence and *Evans* was wrongfully decided. FSB at 5-13; FR at 4-13.

---

[3] To be eligible for the death penalty at the penalty phase of a capital trial, 18 U.S.C. § 3591 requires the sentencing jury to determine if any one of four threshold factors were present. The only threshold factor found by Mr. Fulks's sentencing jury was that he "intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act." 18 U.S.C. § 3591(a)(2)(D).

The government has maintained that the "death results" element of Mr. Fulks's kidnapping conviction satisfied the force clause, and that the threshold factor that was found during the penalty phase rendered Mr. Fulks's kidnapping charge a crime of violence as it required an intentional act. MTD at 19-22. The government has further claimed that Mr. Fulks had to point to a specific case where the death-results element of kidnapping was satisfied absent application of physical force, and that carjacking was a crime of violence under the force clause. MTD at 22-24; GR at 1-5.

*Borden* vindicates Mr. Fulks's position on all of these points as set forth below.

### A. *Borden* Confirms that the "Resulting in Death" Component of Mr. Fulks's Convictions Does Not Render His Kidnapping Conviction a Crime of Violence.

*Borden* rejects the government's claim that the "causal connection" involved in a crime resulting in death establishes the use of violent force. *See* MTD at 18-22 (summarizing government's argument), GR at 2 (same). As set forth in Mr. Fulks's 2019 Response, the Fourth Circuit has consistently (1) rejected the government's attempt to conflate *causation* of injury with the *use* of violent force, and (2) held that a crime must require that force be purposefully or knowingly used before it can serve as a predicate offense under the force clause. FR at 5-8.

In *Borden*, the Supreme Court confirmed the Fourth Circuit's position on both of these issues. *Borden* held that a violent felony as defined by 18 U.S.C. § 924(e)(2)(B)(1), which is the "force clause" of the Armed Career Criminal Act ("ACCA"), is not satisfied by the reckless use of violent force. 141 S. Ct. at 1821. Similarly worded to the force clause of § 924(c), ACCA's force clause defines a violent felony as a crime that "has as an element the use, attempted, use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(1). The four-justice plurality that concluded that ACCA's use of the phrase "'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another

individual." *Borden*, 141 S. Ct. at 1825. The *Borden* plurality further concluded that a person must be the "conscious object (not the mere recipient) of the force." *Id.* at 1826. For this reason, ACCA "covers purposeful and knowing acts, but excludes reckless conduct." *Id.*

While disagreeing with the plurality on the specific aspect of ACCA's force clause that required a purposeful or knowing mens rea, the concurring opinion agreed with the plurality on the ultimate conclusion. Justice Thomas held that the "use of physical force" had a "well-understood meaning applying only to intentional acts designed to cause harm," and determined that ACCA's elements clause could not be satisfied by recklessness. *Id.* at 1835 (Thomas, J., concurring).

Almost identical to ACCA's force clause, § 924(c)(3)(A) requires the predicate offense to have as an element the "use of physical force against the person or property of another." § 924(c)(3)(A). Under either the rationale embraced by the plurality—which relied on the combination of "use of physical force" and "against"—or that embraced by the concurrence—which relied only on the presence of "use of physical force"—a predicate offense does not satisfy § 924(c)'s force clause unless it requires the purposeful or knowing use of violent force. Recklessness will not suffice.

Mr. Fulks's kidnapping resulting in death conviction does not satisfy this requirement. "[R]esulting in death" imposes only "a requirement of but-for causation," and not any requirement of intent or force. *Burrage v. United States*, 571 U.S. 204, 889 (2014); *United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("No matter how you slice it, 'if death results' does not mean 'if death was intended.'"). Kidnapping resulting in death in particular has been interpreted "broadly" and "requires only that the death of any person results in the course of the kidnapping." *United States v. Montgomery*, 635 F.3d 1074, 1087 (8th Cir. 2011) (internal

citations and quotations omitted) (equating kidnapping resulting in death with felony murder); *United States v. Barraza*, 576 F.3d 798, 807 (8th Cir. 2009) (kidnapping resulting in death "does not require that the deaths result from voluntary and intentional conduct, only that 'the death of any person results' in the course of the kidnapping."). As this Court noted in 2002, kidnapping resulting in death has "no mens rea requirement." *Fulks*, 875 F. Supp. 2d at 588-89.

Mr. Fulks's kidnapping resulting in death charge cannot serve as a predicate offense for his §§ 924 (c) and (o) convictions because it does not exclude death caused without the purposeful or knowing use of violent force. For example, recklessness is established when a commuter "decides to run a red light, and hits a pedestrian whom he did not see. The commuter has consciously disregarded a real risk, thus endangering others." *Borden*, 141 S. Ct. at 1827 (plurality). But, because the commuter "has not trained his car at the pedestrian understanding he will run him [the pedestrian] over," the commuter "does not come within the elements clause." *Id.* Because kidnapping resulting in death only requires a death to have resulted from the kidnapping, it does not exclude a death caused through the reckless or negligent use of force. This includes, but is not limited to, *Borden*'s example of running a red light and hitting a pedestrian during a kidnapping. Accordingly, Mr. Fulks's kidnapping conviction does not satisfy the force clause of § 924(c).

**B.      The Threshold Factor Found in Mr. Fulks's Case Does Not Render His Kidnapping Conviction a Crime of Violence.**

*Borden* makes clear that the government's reliance on the threshold factor that rendered Mr. Fulks death-eligible is meritless. Consistent with pre-existing law defining the categorical approach, FR at 10-11, *Borden* confirms that the categorical analysis turns on "whether the *elements* of the *statute of conviction*" meet the standard set forth in the force clause. 141 S. Ct. at 1822 (Kagan, Breyer, Sotomayor, and Gorsuch, J.J., plurality) (emphasis added); *id.* at 1835

7

(Thomas, J., concurring) ("As I have explained before, a *crime* that *can be committed* through mere recklessness" does not satisfy ACCA's elements clause) (emphasis added). The threshold factors are related to death-eligibility. They are not "elements of the statute of conviction" and do not establish whether the "crime can be committed" through recklessness. As the threshold factor is irrelevant to the *elements* of the crime, the government's past attempts to invoke the factor violate *Borden*.

The government has argued that the threshold factor should be considered because capital kidnapping resulting in death is "a separate crime that has separate elements" from noncapital kidnapping resulting in death. GR at 3 n.1. This argument fails. The language of the Federal Death Penalty Act makes clear that the presence of a threshold factor is a sentencing issue only. Section 3591 is titled "*Sentence* of death;" is found within Chapter 228, which is titled "Death *Sentence*;" and is specifically devoted to sentencing procedures in capital cases, not procedures relating to convictions. *See* § 3591 (emphasis added). More to the point, the factors set forth in § 3591(A)(2) are not adjudicated by a judge or jury during a guilty plea or the guilt-innocence phase of a capital trial, but as threshold factors that are considered during the *penalty phase* of a death penalty trial *after* the convictions have been lodged. *See* § 3591 (a)(2) (stating that the determination on threshold factors shall be made "at the hearing under section 3593"); 18 U.S.C. § 3593 (setting forth procedures for "a separate sentencing to determine the punishment to be imposed" that occurs after a finding of guilt has been reached). Accordingly, the government's argument should be rejected.

Even assuming *arguendo* that a threshold factor is appropriately considered in a crime-of-violence analysis (and it is not), *Borden* confirms that the sole threshold factor found in Mr. Fulks's case does not establish the purposeful or knowing use of physical force. The threshold

factor found by Mr. Fulks's jury was as follows: that Mr. Fulks "intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act." 18 U.S.C. § 3591(a)(2)(D). As set forth in Mr. Fulks's 2019 Response, this language does not require the purposeful or knowing use of force, but requires only the reckless use of force. FR at 11.

The government's argument that § 3591(a)(2)(D) satisfies the force clause because it requires the defendant to have "intentionally and specifically engaged in an act of violence," MTD at 21-22. GR at 3-5, is also meritless. The force clause is not satisfied by the presence of *any* intentional act, but by the intentional use of violent force. As *Borden* makes clear, this means targeting someone or something as the "conscious object (not the mere recipient) of the force." 141 S. Ct. at 1826 (plurality). Phrased differently by the concurrence, the elements clause requires "intentional acts designed to cause harm." *Id.* at 1835 (Thomas, J., concurring). While § 3591(a)(2)(D) requires an intentional "act of violence," it does not require these intentional acts to "target" anything as the "conscious object" of violent force, and does not require that those intentional acts be "designed to cause harm." As with kidnapping resulting in death, the threshold factor would not exclude crimes involving the reckless use of force, including— again—*Borden*'s example of running a red light and hitting a pedestrian during the course of the crime.

Moreover, although the categorical approach ends with an analysis of elements of the predicate offense and jury instructions should not be consulted, *see* FR at 17-20 (discussing when and how materials other than the elements of the statute should be consulted in a categorical analysis), even those instructions support Mr. Fulks's position and confirm that

9

§ 3591(a)(2)(D) does not require the purposeful or knowing use of violent force. This Court defined an "act of violence" as an act that "involves using, or attempting to use, or threatening to use physical force against the person or property of another" *or* "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the act." TT 6/29/04 at 260. The first clause of the instruction does not require that the force be purposefully or knowingly used, or that anything or anyone be the object or target of the force as *Borden* requires. Mirroring § 924(c)'s now-unconstitutional residual clause, the second half of this instruction can be satisfied by recklessness, and does not require the purposeful or knowing use of violent force. Phrased in the disjunctive, *Borden* would be violated if either clause left room for the reckless use of force. Because both clauses can be satisfied by recklessness, the jury instructions confirm that the "act of violence" element of the threshold factor does not satisfy the force clause.

That § 3591(a)(2)(D) requires *some* intentional acts is meaningless. As *Borden* illustrates, reckless actions necessarily involve *some* intentional behavior. Recklessness is defined as when a person: "'*consciously disregards* a substantial and unjustifiable risk' attached to his conduct, in 'gross deviation' from accepted standards." *Id.* at 1824 (plurality) (quoting Model Penal Code § 2.02(2)(c))(emphasis added). Even the example of recklessness given in *Borden* includes *some* intentional acts. *Borden*, 141 S. Ct. at 1827 (recklessness is established when a commuter "*decides* to run a red light, and hits a pedestrian whom he did not see. The commuter has *consciously* disregarded a real risk, thus endangering others.") (plurality) (emphasis added). The relevant question here is whether § 3591(a)(2)(D) requires the intentional *use of violent force*. Because § 3591(a)(2)(D) has no such requirement, the government's argument has no merit.

10

The government also argues that even if § 3591(a)(2)(D) only required the reckless use of force it would still satisfy the force clause. GR at 4 n.2. This argument should be rejected. The Fourth Circuit has held that a predicate offense must require purposeful or knowing use of force before the force clause is met. FR at 6-8 (citing cases). As set forth above, *Borden* affirms that Fourth Circuit precedent.

### C. Offenses Involving Unlawful Killings Do Not Categorically Satisfy the Force Clause.

The has government relied on *In re Irby*, 858 F.3d 231 (4th Cir. 2017), and a number of nonbinding opinions to support its argument that all cases involving unlawful killings necessarily satisfy the force clause.[4] MTD at 20-22. Mr. Fulks has previously argued in response that *Irby* has been overturned, the nonbinding opinions relied on by the government should be rejected as contrary to the binding Fourth Circuit authority on the issue, and—even if *Irby* was still binding—it did not apply here because *Irby* involved a predicate offense that required the intentional causation of injury and the federal kidnapping statute at issue here had no mens rea requirement at all. FR at 8-9.

If there was any doubt regarding the lack of merit to the government's position on this issue, *Borden* removed it. Because *Borden* made clear that a predicate offense must require the purposeful or knowing use of force, not just causation of injury, *see* Sections A-B, *supra*, the government's reliance on *Irby* fails.

---

[4] The nonbinding opinions relied on by the government on this issue are *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), *United States v. Parrish*, 767 F. App'x 440 (4th Cir. 2019), *United States v. Bell*, 704 F. App'x 297 (4th Cir. 2017) (Mem), *United States v. Lee*, 697 F. App'x 175 (4th Cir. 2017) (Mem), and *Williams v. United States*, 2018 WL 806659 (D.S.C. Feb. 9, 2018), all of which are either unreported or out-of-circuit opinions.

**D.      Mr. Fulks's Claim for Relief Is Not Hypothetical.**

The government has argued that Mr. Fulks was required to cite an example of where a kidnapping resulting in death conviction has been upheld without the use of force before relief could be granted. MTD at 23-24. Mr. Fulks responded that the categorical approach has no such requirement, and that he need only establish that the minimum conduct necessary to obtain a conviction for the predicate offense encompasses actions that do not include the purposeful or knowing use of violent force. FR at 11-13. Mr. Fulks further argued that examples are only significant in the categorical approach when the defendant is advancing a "nongeneric" definition of the statute, and that the traditional, generic definition of kidnapping resulting in death can be satisfied without the use of force. *Id.*

*Borden* vindicates Mr. Fulks's position again, confirming that "[a]n offense does not qualify as a 'violent felony' unless the *least* serious conduct it covers falls within the elements clause." *Borden*, 141 S. Ct. at 1832 (plurality). This analysis turns on "whether the elements of the statute of conviction" meet the standard set forth in the force clause. *Id.* at 1822 (plurality) (emphasis added); *see also, id.* at 1835 (Thomas, J., concurring) ("As I have explained before, a *crime* that *can be committed* through mere recklessness" does not satisfy ACCA's elements clause) (emphasis added). Neither the plurality nor the concurrence required examples of convictions for the reckless use of force. They based their conclusions on the fact that the definition of the predicate offense in *Borden* encompassed such conduct. Because the definition of kidnapping resulting in death statute includes the reckless use of force and, in fact, has no mens rea requirement at all, no examples are needed.

**E.       Carjacking Is Not a Crime of Violence in the Wake of *Borden*.**

*Borden* also undermines the status of carjacking as a crime of violence. Section 2119 defines carjacking, in pertinent part, as follows:

> Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall-- . . .
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119.

The Fourth Circuit ruled federal carjacking to be a crime of violence under the force clause in *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017); *see also, e.g., United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) (accepting *Evans* as controlling precedent on carjacking as a crime of violence). But now, after *Evans* (and *Runyon*) were issued, *Borden* requires the use of force to be purposeful or knowing under the terms of the predicate offense's statute if the force clause is to be met. *See* Section A, *supra*. The federal carjacking statute has no requirement that the "force and violence" referred to therein be purposeful or knowing, or that recklessly or negligently applied force be excluded from that requirement. *See* § 2119. The *Evans* court considered whether carjacking by intimidation was a crime of violence and held that intimidation "necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)," but made no finding as to what level of mens rea was needed to satisfy "force and violence." *Evans*, 848 F.3d at 247. In the wake of *Borden*, which establishes a

binding requirement that the use of force be purposeful or knowing before a statute satisfies the

force clause, *Evans* is no longer valid.[5]

## II. MR. FULKS'S *JOHNSON* CLAIM IS NOT PROCEDURALLY DEFAULTED.

The government has argued that Mr. Fulks "procedurally defaulted his *Davis* claim by

failing to raise a constitutional vagueness objection to his §§ 924(c) and (o) convictions at

sentencing and on direct appeal." MTD at 35 n.16; GR at 15-16.

Mr. Fulks has responded that procedural default is inappropriate here because the instant

claim was unavailable to Mr. Fulks prior to the issuance of *Johnson*. And, any procedural default

defense must fail as his substantive claim for relief is meritorious, and thus, he can establish both

cause and prejudice and innocence of his §§ 924(c) and (o) convictions. FR at 27-29.

*Borden* undermines the government's procedural default defense. For the reasons set

forth in Section I, *supra*, *Borden* vindicates Mr. Fulks's position, affirms that his claim is

meritorious, and demonstrates that he can show both prejudice and actual innocence.

Furthermore, assuming, *arguendo*, that this Court finds Mr. Fulks's *Johnson* claim defaulted,

then *Borden* establishes a new claim for relief that is ripe for review.

---

[5] For the reasons set forth in Sections A-D, *supra*, the resulting in death aspect of Mr. Fulks's carjacking conviction does not render it a crime of violence either.

**CONCLUSION**

For the foregoing reasons as well as those set forth in his prior pleadings, Mr. Fulks respectfully requests that the government's Motion to Dismiss or, in the Alternative, for Summary Judgment be denied, and that Mr. Fulks's convictions under §§ 924(c) and (o) and his death sentence be vacated.

Respectfully Submitted,

/s/ Peter Williams
Peter Williams
Claudia Van Wyk
Assistant Federal Defenders
Federal Community Defender Office
  for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Petitioner

Dated: July 14, 2021

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that, on this day, I served the foregoing document by ECF

filing on the following party:

Robert F. Daley, Esq.
Office of the United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201


/s/ Peter Williams
Peter Williams


Dated:  July 14, 2021