# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | 4:02-CR-992-JFA |
|  | : |  |
| Respondent, | : | Hon. Joseph F. Anderson |
|  | : | United States District Judge |
|  | : |  |
| v. | : | **CAPITAL CASE** |
|  | : |  |
| CHADRICK E. FULKS, | : |  |
|  | : |  |
| Petitioner. | : |  |
|  | : |  |

## PETITIONER'S REPLY BRIEF
## REGARDING *BORDEN V. UNITED STATES*

PETER WILLIAMS
CLAUDIA VAN WYK
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
pete_williams@fd.org
claudia_vanwyk@fd.org

*Counsel for Petitioner*

Dated: August 13, 2021

# PRELIMINARY STATEMENT

Petitioner Chadrick Fulks shall be referred to by name or as Petitioner. Mr. Fulks's 2016 Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 1618) shall be referred to as the "Successive § 2255 Motion" and cited as "§ 2255 Motion" followed by the relevant page number. Fulks's October 1, 2019 Supplemental Brief in Support of Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 1664) shall be referred to as his "Supplemental Brief" and cited as "FSB" followed by the relevant page number. The government's October 1, 2019 Supplemental Memorandum in Opposition to Fulks's Successive § 2255 Motion and in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. No. 1666) shall be cited as "MTD" followed by the relevant page number. Mr. Fulks's November 29, 2019 Response to the government's Motion to Dismiss or, in the Alternative, for Summary Judgment shall be referred to as his "Response" and cited as "FR" followed by the relevant page number. The government's January 15, 2020 Reply to Fulks' Response in Opposition to Motion to Dismiss (Dkt. No. 1689) shall be cited as "GR" followed by the relevant page number. Mr. Fulks's July 14, 2021 Supplemental Memorandum of Law Regarding *Borden v. United States* (Dkt. No. 1699) shall be cited as "FSB-2021" followed by the relevant page number. The Government's July 14, 2021 Supplemental Memorandum in Support of Motion to Dismiss, or for Summary Judgment (Dkt. No. 1698) shall be cited as "MTD-2" followed by the relevant page number.

The transcript from Mr. Fulks's guilty plea and trial level proceedings shall be cited as "TT" followed by the relevant date and page number.

All other citations are self-explanatory or will be explained.

i

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. i

TABLE OF CONTENTS...................................................................................................... ii

INTRODUCTION ................................................................................................................ 1

ARGUMENT ....................................................................................................................... 3

I.   *BORDEN* RENDERS MR. FULKS'S §§ 924(C) AND (O) CONVICTIONS INVALID. ...... 3

    A.   The Government's Argument Violates the Categorical Approach and Binding Fourth Circuit Precedent.......................................................................................................... 3

    B.   *Crawley* and *Ali* Do Not Apply to Mr. Fulks's Case. ........................................................ 8

    C.   Carjacking Is Not a Crime of Violence in the Wake of *Borden*. ..................................... 10

    D.   The *Brecht* Standard Does Not Render Mr. Fulks's Invalid Convictions Valid. ............. 13

CONCLUSION.................................................................................................................... 15

Chadrick E. Fulks, a prisoner in the custody of the United States sentenced to death, respectfully submits this Reply in support of his 28 U.S.C. § 2255 Motion and in response to the Government's July 14, 2021 supplemental briefing on *Borden v. United States*, 141 S. Ct. 1817 (2021).

**INTRODUCTION**

Mr. Fulks's convictions under 18 U.S.C. §§ 924(c) and (o), which criminalize the use of firearms in crimes of violence, should be vacated pursuant to *Johnson v. United States*, 576 U.S. 591 (2015). To qualify as a crime of violence under §§ 924(c) and (o), the underlying offenses must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause."[1] *Johnson* invalidated § 924(c)'s residual clause. Under the force clause, neither of Mr. Fulks's potential predicate offenses—carjacking and kidnapping resulting in death—are crimes of violence after *Borden* because neither of them requires the purposeful or knowing use of force. Moreover, it is not clear which of the two offenses served as the predicate for the §§ 924(c) and (o) convictions. Accordingly, under *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) and *United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012), kidnapping—which the government presumes without conceding is not a crime of violence—is assumed to have been the predicate offense and Mr. Fulks is entitled to relief regardless of the crime-of-violence status of the carjacking. Furthermore, while the United States Court of Appeals for the Fourth Circuit has previously found carjacking to be a crime of violence in *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017), the *Evans* court's analysis is invalid in the wake of *Borden*. Therefore, neither

---

[1] Section 924(c)(3)(A) and the analogous subsections of similar crimes-of-violence statutes have been referred to as both "force clauses" and "elements clauses." To avoid confusion, Mr. Fulks shall use the term "force clause" to refer to § 924(c)(3)(A) and the analogous subsections of similar statutes.

the carjacking nor the kidnapping can serve as a predicate offense for Mr. Fulks's §§ 924(c) and (o) convictions.[2]

The government argues in its July 14, 2021 supplemental memorandum that carjacking remains a crime of violence under *Evans*. Relying on *United States v. Crawley*, 2 F.4th 257 (4th Cir. 2021), and *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021), the government maintains that the §§ 924(c) and (o) convictions should be upheld because the facts that formed the factual basis for Mr. Fulks's guilty plea contained a sufficient basis to sustain the carjacking conviction as a predicate offense. The government further contends that the FBI "302" report that set forth the factual basis of the guilty plea amounted to a special verdict form supporting its position that carjacking served as a predicate. MTD-2 at 4-9.

The government's arguments lack merit. Assuming that carjacking is still a crime of violence after *Borden*, that carjacking *could have been* the predicate offense for the firearms convictions is not sufficient to uphold these convictions under *Vann* and *Campbell* unless the record affirmatively reflects that it *was* the basis for the §§ 924 (c) and (o) convictions. *Crawley* and *Ali* do not change this analysis: *Crawley* involved a negotiated plea where the plea agreement removed any ambiguity as to whether the § 924(c) conviction was based on a valid predicate offense; *Ali* involved a jury trial, not a guilty plea, and did not involve a determination on what the defendant admitted to in his or her guilty plea. Moreover, the 302 report is not the equivalent of a special verdict form as it does nothing to resolve the ambiguity as to which offense served as the predicate for Mr. Fulks's contested firearms convictions. In any event,

---

[2] Section 924(c) prohibits the use of a firearm during the course of a crime of violence. Section 924(o) prohibits conspiracy to use firearms in a crime of violence. As the arguments raised in Mr. Fulks's successive § 2255 proceedings apply equally to both offenses, §§ 924(c) and (o) shall be referred to collectively throughout this pleading.

because *Evans* is no longer valid in the wake of *Borden*, this dispute is moot as neither potential predicate offense is a crime of violence under the force clause. Mr. Fulks is entitled to relief from his §§ 924(c) and (o) convictions, and his death sentence should be reversed.

**ARGUMENT**

I.     *BORDEN* **RENDERS MR. FULKS'S §§ 924(C) AND (O) CONVICTIONS INVALID.**

The government "presumes without conceding" that Mr. Fulks's kidnapping resulting in death conviction is not a crime of violence in the wake of *Borden*. But, citing *Crawley* and *Ali*, the government argues that Mr. Fulks has not established a constitutional error that "had a substantial and injurious effect" on his guilty plea, and thus, did not satisfy the standard under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). The government contends that that carjacking is a crime of violence, Mr. Fulks's §§ 924(c) and (o) convictions were based on both carjacking and kidnapping as predicate offenses, and Mr. Fulks's § 924 convictions can be upheld on the basis of carjacking alone. The government argues that the 302 report that formed as the factual basis for the guilty plea functions as a "special verdict" and established that both carjacking and kidnapping served as predicate offenses for Mr. Fulks's §§ 924(c) and (o) convictions. MTD-2 at 4-9.

As set forth below, the government errs on all counts.

A.     **The Government's Argument Violates the Categorical Approach and Binding Fourth Circuit Precedent.**

The government argues that Mr. Fulks's convictions should be upheld because the factual basis for his guilty plea reflected that a firearm was used in both the carjacking and the kidnapping, and that the 302 report forming the factual basis for that plea is analogous to a "special verdict identifying the factual bases for conviction." MTD-2 at 5-7. In essence, the government argues that because Mr. Fulks's § 924 convictions *could have* been based on both

3

kidnapping and carjacking as predicate offenses then these convictions *must have* been based on both potential predicate offenses. This argument is meritless for a number of reasons.

*First*, "[a] plea of guilty admits only to the elements of the charge necessary for a conviction." *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc) (quoting *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1082 n.3 (9th Cir. 2007)). "[W]hen a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, *the rule is that the defendant admits to the least serious of the disjunctive statutory conduct.*" *United States v. Chapman*, 666 F.3d 220, 227-28 (4th Cir. 2012) (emphasis added); *see also Vann*, 660 F.3d at 775 ("The formal legal charge . . . *is nothing more than the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive.*") (emphasis added).

Because the indictment to which Mr. Fulks pled guilty alleged two predicate offenses in the conjunctive, and only one of those two offenses was necessary to satisfy the disjunctive statutory conduct, "the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." *Chapman*, 666 F.3d at 227-28.

Here, the least serious of the conjunctively charged disjunctive conduct is that the kidnapping charge was the predicate offense for his §§ 924(c) and (o) convictions. As *Vann* and *Chapman* make clear, the point is not what offense *could have* formed the predicate offense for Mr. Fulks's §§ 924(c) and (o) convictions, but what crime *did* form the basis for that conviction. Because, under *Vann* and *Chapman*, the formal legal charge "is nothing more than the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive" *Vann*, 660 F.3d at 775, the Court must presume that Mr. Fulks *actually* pled guilty to §§ 924(c) and (o) with kidnapping as the predicate.

4

*Second*, the government's position is contrary to the categorical analysis that governs Mr. Fulks's case. *See, e.g., United States v. Davis*, 139 S. Ct. 2319, 2328 (2019) (applying the categorical approach to the force clause of § 924(c)). Where an offense includes alternate elements to support a conviction, it becomes divisible and courts must use the modified categorical approach. *Descamps v. United States*, 570 U.S. 254, 257 (2013). Under this modified categorical approach, the Supreme Court has authorized courts to "consult a limited class of documents," *Descamps*, 570 U.S. at 257-58, to determine "what crime, with what elements, a defendant was convicted of." *Matthis v. United States*, 136 S. Ct. 2243, 2249 (2016). The purpose of this limited class of documents, known as *Shepherd* documents, is not to determine what the defendant and trial court "must have understood as the factual basis of the prior plea." *Descamps*, 570 U.S. at 262-63. The purpose of *Shepherd* documents is instead to determine with "certainty" that the predicate offense is "necessarily" a crime of violence. *Shepherd v. United States*, 544 U.S. 13, 21-23 (2005). "In other words, the modified approach serves—and serves solely—as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." *Matthis*, 136 S. Ct. at 2253.

Assuming Mr. Fulks's 302 report, indictment, and any other plea documentation is appropriately considered, it is because kidnapping and carjacking form alternate elements to Mr. Fulks's §§ 924(c) and (o) convictions which render these statutes divisible, and thus, reviewable under the modified categorical approach. [3] In this context, it does not matter that Mr. Fulks was

---

[3] A statute is only divisible if the factfinder must agree on which of the alternative elements has been met before a conviction can be reached. *Matthis*, 136 S. Ct. at 2253-54. Because Mr. Fulks did not have to admit to, and the trial court did not have to find, which of the predicate offenses formed the predicate for Mr. Fulks's § 924(c) and (o) convictions, Mr. Fulks submits that his §§ 924(c) and (o) convictions were not divisible and no supporting documentation should be considered. *See* FR at 16-17.

convicted of both kidnapping and carjacking or that the 302 report recounts the use of a firearm in both of these offenses. The purpose of *Shepherd* documents is not to determine what Mr. Fulks and this Court "must have understood as the factual basis" of his plea, *Descamps*, 570 U.S. at 262-63, but to identify the elements to which he was admitting when the wording of his plea renders "one (or more) of them opaque." *Matthis*, 136 S. Ct. at 2253. Because the *Shepherd* documents do not establish with "certainty," *Shepherd*, 554 U.S. at 21-23, that the predicate offense was "necessarily," *id.*, a carjacking, the government's argument must be rejected.

*Third*, courts have repeatedly considered cases where a crime of violence *could have* served as the predicate offense, but granted relief because the *Shepherd* documents were ambiguous as to whether the crime of violence *did* serve as the predicate offense. In *United States v. Horse Looking*, 828 F.3d 744 (8th Cir. 2016), the United States Court of Appeals for the Eighth Circuit considered a case where the defendant had pled guilty to an indictment alleging three disjunctive sections of a statute alleged in the conjunctive, one of which was not a crime of violence. *Id.* at 746. The defendant's plea colloquy established that he "*could have been*" convicted of the crime of violence, but "the colloquy does not exclude the possibility that Horse Looking was convicted" under the section that was not a crime of violence. *Id.* at 748 (emphasis in original). For this reason, the Eighth Circuit held that the section that was not a crime of violence controlled and granted relief. *Id.* at 748-749. Similarly, in *United States v. Kennedy*, 881 F.3d 14 (1st Cir. 2018), the United States Court of Appeals for the First Circuit considered a crime-of-violence determination where the defendant had pled guilty to an indictment alleging one intentional assault that was a crime of violence and one reckless assault offense that was not. *Id.* at 19-20. Even though the facts to which the defendant admitted "plainly describe[d] conduct that one would perform intentionally," the First Circuit held that the "relevant inquiry does not

6

train on whether Kennedy admitted facts that could support a conviction for intentional [assault]." *Id.* at 20. Instead, the *Kennedy* court held that, "we look at record documents to determine the elements of the offense for which Kennedy was convicted" and granted relief because those documents did not specify "as to which offense was charged and admitted." *Id.* at 20-21; *see also United States v. Marcia-Acosta*, 780 F.3d 1244, 1250-56 (9th Cir. 2015) (reviewing two potential predicate offenses, an intentional assault that was a crime of violence and a reckless assault that was not, and holding the reckless assault to be controlling despite the fact that the defendant admitted to acting intentionally in his plea colloquy).

*Fourth*, courts have reached similar conclusions when considering jury verdicts. In *United States v. Runyon*, 994 F.3d 192 (2021), which was relied on by the government in its most recent supplemental brief, the Fourth Circuit considered Runyon's post-*Davis* challenge to a § 924(c) conviction that could have been based on a carjacking resulting in death or conspiracy to commit murder for hire that resulted in death. *Id.* at 201. Citing *Vann*, the Fourth Circuit held that, because the jury "was not asked to indicate in its verdict form" which of the two potential predicates it was relying on for the § 924(c) conviction, "we must assume that Runyon could have been convicted by the jury's reliance on either predicate offense, requiring us to determine whether each predicate offense qualifies as a crime of violence." *Id.* Even though the jury had convicted the defendant of both potential predicates, the Fourth Circuit did not affirm the § 924(c) until *after* it had determined that both were crimes of violence under the force clause. *Id.* at 201-03. Additionally, the court in *United States v. Lettierre*, 09-cr-049, 16-cv-157, 2018 WL 3429927 (D. Mont. July 16, 2018), granted § 2255 relief in the wake of *Johnson* as to § 924(c) where the defendant's Hobbs Act conviction served as the predicate offense. *Id.* at *3-4. Even though Hobbs Act robbery was a crime of violence under the force clause and the facts presented

7

at trial established a Hobbs Act robbery, the *Shepherd* documents did not exclude Hobbs Act extortion as a potential predicate offense. *Id.* For this reason, while there was "no reason to doubt" that the defendant's conduct was a crime of violence, the *Lettierre* court granted relief and vacated Lettierre's § 924(c) conviction. *Id.*

*Fifth*, the government's claim that the 302 report is the equivalent of a special verdict form, MTD-2 at 6, GR at 9-11, is meritless. The *Vann* court concluded that a special verdict form would have been useful in this context because it would have shown which of the two conjunctively charged offenses the defendant was found guilty of, and thus, which of the two was serving as the predicate for the firearms conviction. *Vann*, 660 F.3d at 776. Because Vann's guilty plea did not involve the same level of specificity found in a special verdict form, the *Vann* court held that a guilty plea to disjunctive behavior alleged in the conjunctive did not amount to an admission to both sections and the less-serious section must be used. *Id.* Here, the 302 report was only a recitation of facts upon which the plea was based. It did not address the legal elements to which Mr. Fulks was admitting when he pled guilty to §§ 924(c) and (o) or otherwise identify which charge was serving as the predicate for these two crimes. Because the 302 did nothing to resolve in ambiguity as to whether the kidnapping or carjacking served as the predicate offense, it is not the equivalent of a special verdict form and the government's argument fails.

### B.      *Crawley* and *Ali* Do Not Apply to Mr. Fulks's Case.

*Crawley* and *Ali* neither change the above analysis nor undermine Mr. Fulks's claim for relief. [4] The *Crawley* court considered a case where the defendant pled guilty with two possible

---

[4] The government cites a number of other authorities in its July 14, 2021 Supplemental Memorandum. *See* MTD-2 at 6-7 (citing *United States v. Collazo*, --- F. App'x---, 2021 WL

8

predicate offenses for § 924(c) and one of the offenses was found not to be a crime of violence in the wake of *Johnson*. 2 F.4th at 259, 267.[5] Crawley entered a negotiated guilty plea and signed a written plea agreement that "unambiguously state[d]" that there were two independent bases for the § 924(c) conviction: an offense that was later held not to be a crime of violence post-*Johnson* and a drug trafficking crime under § 924(c)(1)(A) that formed the basis for the § 924(c) conviction irrespective of the residual and force clauses. *Id.* at 267-68. Moreover, Crawley entered into a negotiated plea agreement and the government dismissed the now-valid crime-of-violence predicate as a part of that negotiated resolution. *Id.* So, Crawley would have received a "windfall" were he permitted to vacate his guilty plea on § 924(c) after he received the benefit of the negotiations. *Id.* In that context, the *Crawley* court approved of the use of the statement of facts in Crawley's plea agreement to identify the factual basis of the guilty plea, stated that the agreement's statement of facts was akin to a special verdict form, and denied relief. *Id.*

Here, in contrast to *Crawley*, there *is* ambiguity as to what formed the basis for Mr. Fulks's § 924(c) and (o) convictions. Mr. Fulks did not enter into a negotiated guilty plea, there was no written plea agreement providing more context than the indictment and plea colloquy, and there was no document establishing which crime served as a predicate offense for the § 924 convictions. Mr. Fulks received nothing in exchange for his plea and was ultimately sentenced to death—hardly the "windfall" that Crawley received for entering into the initial agreement. And,

---

1997681 (3d Cir. May 19, 2021), *United States v. Figueroa*, 813 F. App'x 716 (2d Cir. 2020); *United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021), *United States v. Wilson*, 960 F.3d 136 (3d Cir. 2020), and *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021). These authorities are all out-of-circuit opinions, in the case of *Collazo* and *Figueroa*—unreported, and not binding upon this Court.

[5] As of the time of this filing, the mandate in *Runyon* has been stayed pending the outcome of Runyon's petition for rehearing.

in contrast to Crawley's plea agreement—which "unambiguously state[d]" that the firearms conviction was independently based on two separate predicate offenses, the 302 report in Mr. Fulks's was a recitation of facts, did not address the legal elements to which Mr. Fulks was admitting when he pled guilty to §§ 924(c) and (o), and did nothing to resolve the ambiguity as to what the predicate offense for those convictions was. That carjacking *could have* served as the predicate offense did not establish that it *did* serve as the predicate in this guilty plea. Accordingly, under *Vann*, *Chapman*, and *Runyon*, Mr. Fulks's kidnapping conviction must be construed to serve as the only predicate offense and his § 924(c) conviction should be vacated.

*Ali* provides no support to the government's position either. The *Ali* court upheld a § 924(c) conviction after a jury trial where the jury was instructed on two potential predicate offenses, one of which had since been found not to be a crime of violence after *Johnson*. *Ali*, 991 F.3d at 574-75. Because it was a claim addressing the effect of an improper instruction at trial, the *Ali* court found that the jury would have convicted Ali of violating § 924(c) anyway under the still-valid predicate offense and based its denial of relief on this conclusion. *Id.* at 574-75. But Mr. Fulks's case involves a guilty plea, not a jury trial. Because there was no evidentiary presentation, the issue here is not whether a jury would have convicted the defendant of § 924(c) were the instructions correct, but what the precise nature of his admission was. As set forth in *Vann*, *Campbell*, *Horse Looking*, *Kennedy*, and *Runyon*, ambiguity in the nature of what is being admitted to in the plea must be resolved in the defendant's favor.

C.      **Carjacking Is Not a Crime of Violence in the Wake of *Borden*.**

Relying on *Evans* and *Runyon*, the government argues that carjacking is a crime of violence. MTD-2 at 5. The government errs.

10

As set forth in Mr. Fulks's July 14, 2021 memorandum, carjacking is not a crime of violence under the standard put forth by *Borden*. FSB-2 at 13-14. Section 2119 defines carjacking, in pertinent part, as follows:

> Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall-- . . .

18 U.S.C. § 2119.

A carjacking may be committed with the reckless or negligent use of force because this crime does not require that the "force and violence" referred to in the § 2119 be purposefully or knowingly applied, and it does not exclude the reckless or even negligent use of force. As set forth in *Holloway v. United States*, 526 U.S. 1 (1999), carjacking requires only *conditional* intent to cause death or serious bodily injury should it be necessary to take possession of the car. *Id.* at 7-9. This conditional intent does not require that force, attempted force, or the threat of force be used at all, let alone used in a knowing, purposeful, and non-reckless fashion. *Id.* In fact, the Supreme Court rejected the proposition that federal carjacking requires "that the defendant must possess a specific and unconditional intent to kill or harm in order to complete the proscribed offense" and held that the carjacking statute was not "one that focuses on attempting to harm or kill a person in the course of the robbery of a motor vehicle." *Id.* at 7-8. The *Holloway* court further held that this question of intent was not decided by "whether the driver immediately hands over the keys or what the offender decides to do after he gains control over the car." *Id.* For this reason, to establish the mens rea for carjacking, "[t]he government need not prove that the defendant actually intended to cause harm; it is sufficient that the defendant was conditionally prepared to act if the person failed to relinquish the vehicle." *United States v. Foster*, 507 U.S. 233, 247 (4th Cir. 2007).

11

The *Evans* court concluded that carjacking "'by force and violence' requires the use of violent physical force" and carjacking "'by intimidation' requires the threatened use of such force," but made no determination as to whether carjacking accomplished by "force and violence" excluded force that was recklessly employed. *See Evans*, 949 F.3d at 247-48. *Runyon* based its ruling on *Evans* as binding precedent and failed to conduct any independent analysis of whether the use of force and violence required the purposeful or knowing use of force. *Runyon*, 994 F.3d at 201. Because carjacking requires only conditional intent and this conditional intent need not be accompanied by any force at all, the carjacking statute does not exclude the reckless use of force and does not pass muster under *Borden*.

The *Evans* court's determination that carjacking by intimidation constitutes a crime of violence is not valid in the wake of *Borden* either. *Evans* held that intimidation in the context of a carjacking "necessarily includes a threat of violent force within the meaning of the 'force clause,'" but did not address the level of intent needed under this definition. *Evans*, 848 F.3d at 247. Because *Borden* requires the carjacking statute to exclude everything but a purposeful or knowing threat of violent force before carjacking can serve as a crime of violence, the *Evans* court's ruling on intimidation is not valid after *Borden*.

That Mr. Fulks was convicted of carjacking resulting in death and that the jury found a capital sentencing threshold factor to be present does not change this analysis. As set forth in Mr. Fulks's prior pleadings, the "death results" element does not require the use of force at all, let alone force that is purposefully or knowingly employed. The capital sentencing factor should not be considered for this analysis as it is not an element of Mr. Fulks's convictions.[6] And, even if

---

[6] As the government concedes, MTD-2 at 4 n.2, *United States v. Simmons*, 99 F.3d 199 (4th Cir. 2021), vindicates Mr. Fulks's position on this issue, confirms that the categorical approach

the threshold factor is considered, this factor can be satisfied through the reckless use of force and fails to satisfy *Borden*. *See* FR at 5-13, FSB-2 at 5-12.

> **D.** **The *Brecht* Standard Does Not Render Mr. Fulks's Invalid Convictions Valid.**

The government's argument that ambiguity regarding the basis for Mr. Fulks's §§ 924 (c) and (o) conviction based on the *Brecht* standard also fails. The government's argument is, in essence, that Mr. Fulks must affirmatively establish that carjacking was not the predicate offense under *Brecht* before relief can be granted and that, because the carjacking *could have* been the basis for the firearms convictions the government prevails unless Mr. Fulks proves that it was not. Because there was a sufficient factual basis for either the carjacking or the kidnapping to serve as the predicate, the government argues that relief should be precluded under *Brecht*. MTD-2 at 7-9.

But the *Brecht* standard "does not ask whether the evidence of guilt was sufficient, whether the jury would have reached the same conclusion if the error had not occurred, or whether the jury reached the correct result based on the evidence presented … ." *Boyd v. French*, 147 F.3d 319, 327 (4th Cir. 1998). Under *Brecht*, the defendant need only establish that the constitutional error "had substantial and injurious effect or influence" in the outcome of the proceedings. *Brecht*, 507 U.S. at 637. Here, the only language regarding the basis for Mr. Fulks's §§ 924(c) and (o) convictions in his indictment and guilty plea colloquy is phrased such that, under *Vann*, *Chapman*, and the other authorities cited above, courts are required to presume that

---

"'focus[es] solely on whether the elements of the crime of conviction' necessarily entail the use, attempted use, or threatened use of force," and rejects the argument that "an 'element' relevant only to an enhanced sentence is necessarily an element of the crime of conviction." *Id.* at 216.

Mr. Fulks admitted to the least serious offense of the two predicates—kidnapping. There is no portion of *Brecht* which undermines that presumption and, as set forth in Sections A-C, *supra*, none of the other authorities cited by the government undermine that presumption either. Because the kidnapping is no longer a crime of violence after *Johnson* and *Davis*, Mr. Fulks pled guilty to conduct that is no longer criminal under §§ 924(c) and (o). This constitutes a "substantial and injurious effect or influence," *Brecht*, *supra*, at 637, on Mr. Fulks's guilty plea and is precisely the type of development that warrants relief under § 2255. *See Davis v. United States*, 417 U.S. 333, 346-37 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under § 2255"). *See also United States v. Adams*, 814 F.3d 178, 183-85 (4th Cir. 2016) (vacating the defendant's conviction where subsequent decisional law rendered his conduct non-criminal); *Miller v. United States*, 735 F.3d 141, 146-47 (4th Cir. 2013) (same). Accordingly, Mr. Fulks's §§ 924(c) and (o) convictions should be vacated.

**CONCLUSION**

For the foregoing reasons as well as those set forth in his prior pleadings, Mr. Fulks respectfully requests that the government's Motion to Dismiss or, in the Alternative, for Summary Judgment be denied, and that Mr. Fulks's convictions under §§ 924(c) and (o) and his death sentence be vacated.

Respectfully Submitted,

/s/ Peter Williams
Peter Williams
Claudia Van Wyk
Assistant Federal Defenders
Federal Community Defender Office
  for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Petitioner

Dated:  August 13, 2021

## CERTIFICATE OF SERVICE

I, Peter Williams, hereby certify that, on this day, I served the foregoing document by ECF filing on the following party:

> Robert F. Daley, Esq.
> Office of the United States Attorney
> 1441 Main Street, Suite 500
> Columbia, SC 29201

> /s/ Peter Williams
> Peter Williams

Dated: August 13, 2021