IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA

v.

No. 4:02-cr-992-JFA

CHADRICK FULKS,

Defendant.

## REPLY TO FULKS'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING *BORDEN V. UNITED STATES*

The United States files this reply to Fulks's argument that carjacking is no longer a "crime of violence" in light of *United States v. Borden*, 141 S.Ct. 1817 (2021).

Carjacking under 18 U.S.C. § 2119 continues to be a "crime of violence" after *Borden*, which held that crimes with a *mens rea* of recklessness do not qualify as predicate crimes of violence under the force clause of the Armed Career Criminal Act (ACCA). This is so for two reasons. First, carjacking is a specific intent crime which requires the "intent to seriously harm or kill the driver if necessary to steal the car." *United States v. Small*, 944 F.3d 490, 498 (4th Cir. 2019). This intent requirement removes carjacking from the category of crimes that can be committed recklessly. Second, the Fourth Circuit already required that a crime of violence be predicated on a *mens rea* above recklessness to satisfy the force clause of § 924(c) when it found that carjacking was categorically a crime of violence in *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017). Therefore, because *Borden* is not an intervening decision that changed Fourth Circuit law, there is no basis for this Court or a panel of the Fourth Circuit to revisit *Evans*. *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) (in declining to revisit *Evans*, the

1

court noted "one panel cannot overrule another"); *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (holding that one panel cannot overrule a decision issued by another panel "unless the prior opinion has been overruled by an intervening opinion from this court sitting *en banc* or the Supreme Court"). Fulks's 18 U.S.C. §§ 924(c) and (o) convictions remain valid, and his 28 U.S.C. § 2255 motion should be denied.

## I.     Carjacking requires the "intent to seriously harm or kill the driver if necessary to steal the car."

The *mens rea* element of the carjacking statute is satisfied by a specific intent to do harm. The Supreme Court has clarified that § 2119 also allows for a showing of "conditional intent," that is, that the defendant was willing to inflict death or serious bodily injury had it become necessary in order to take the vehicle. *Holloway v. United States*, 526 U.S. 1, 7–8 (1999). This specific intent requirement makes *Borden* inapplicable to carjacking convictions under § 2119. *See United States v. Parker*, 3 F.4th 178, 181 n.16 (5th Cir. 2021) (noting that *Borden* "does not affect our holding in this matter because Louisiana armed robbery is a 'specific intent crime'"); *United States v. Mack*, 2021 WL 1381122, at *4 n.9 (D.S.C. April 12, 2021) ("The outcome of *Borden* will not impact this case due to A&B 1st's *mens rea* requirement of specific intent.").

To prove carjacking under 18 U.S.C. § 2119, the Government must establish that a person "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." *Small*, 944 F.3d at 498 (cleaned up). The statute's "*mens rea* component, a specific intent requirement, is satisfied whether the defendant unconditionally or conditionally intended to cause death or serious bodily harm during a carjacking." *Id*. (cleaned up). Therefore, the Government must show "that at the moment the defendant demanded or took control over the driver's automobile the defendant

possessed the intent to seriously harm or kill the driver if necessary to steal the car...." *Id*. (cleaned up). "[A]n empty threat, or intimidating bluff would be [in]sufficient to satisfy the ... [intent] element." *Holloway*, 526 U.S. at 11.

In other words, recklessness is not enough to obtain a conviction for carjacking. *See United States v. Bailey*, 819 F.3d 92, 96-98 (4th Cir. 2016) (holding that evidence of generalized recklessness and desperation, coupled with unconsummated implied threat, provided insufficient evidence to establish that defendant possessed specific intent to kill or seriously harm the truck owner when he took control of the owner's truck, and thus evidence was insufficient to support defendant's carjacking conviction). Twice since the Fourth Circuit made clear recklessness is not enough to obtain a carjacking conviction, the court has held that carjacking is a crime of violence under the force clause of § 924(c)(3)(A). *Evans*, 848 F.3d 242; *Runyon*, 994 F.3d 201.

Fulks attempts to refute the obvious conclusion that carjacking is a "crime of violence" after *Borden* because it is a specific intent crime. He does so by arguing that "*Borden* requires the use of force [] be purposeful or knowing under the terms of the predicate offenses statute if the force clause is to be met" and the "federal carjacking statute has no requirement that the 'force and violence' referred to therein be purposeful or knowing, or that recklessly and negligently applied force be excluded from that requirement." ECF # 1699, at p.13. Fulks is incorrect.

The carjacking statute requires a defendant have a specific intent: a defendant must have "unconditionally or conditionally intended to cause death or serious bodily harm during a carjacking." *Small*, 944 F.3d at 498. That intent to cause death or serious bodily harm during a carjacking necessarily requires that the force used to accomplish the death or serious bodily injury be intentional, too. In other words, a person cannot intend to cause death or serious bodily

3

harm during a carjacking by "reckless" force. Such a concept is nonsensical. *See United States v. Jenkins*, 719 F. App'x 241, 245 (4th Cir. 2018) ("If a perpetrator specifically intends to 'maim, disfigure, disable or kill,' then as a practical matter, the means employed toward that end will involve violent force. Put differently, it is not plausible that a conviction requiring an intent to kill or severely injure will rest on conduct that is incapable of fulfilling that intent, unless that conduct is accompanied by an "attempt[ ]" or "threat[ ]" to do more serious bodily harm").

This is not the first case where Fulks's argument has been tried and failed. In *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016), the Fourth Circuit rejected an argument almost identical to the one Fulks presents here. In *Doctor*, the defendant argued that because South Carolina common law robbery did not "contain an explicit *mens rea* requirement as to the force or intimidation element," it lacked the intent requirement needed for it to qualify as a "violent felony" under the force clause of the ACCA. 842 F.3d at 311. The court rejected this argument for two reasons. First, the defendant "fail[ed] to cite a single case in South Carolina where a defendant negligently or recklessly used force in the commission of a robbery, or where a defendant negligently or recklessly intimidated a victim." *Id*. Second, the court found this lack of caselaw "unsurprising because the intentional taking of property, by means of violence or intimidation sufficient to overcome a person's resistance, must entail more than accidental, negligent, or reckless conduct." *Id*. In like manner, Fulks can point to no carjacking conviction where a defendant negligently or recklessly used force in the commission of a carjacking, or where a defendant negligently or recklessly intimidated a victim in order to commit a carjacking. Additionally, as with South Carolina robbery, the taking of a motor vehicle with the intent to cause death or serious bodily harm if needed, must entail more than accidental, negligent, or

reckless conduct.[1] *See also United States v. Edwards*, 857 F.3d 420, 425 (1st Cir. 2017) (assault with intent to kill, unlike simple assault, satisfies force clause because intent element makes it "implausible" that convictions will involve non-violent force); *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017) (assault with intent to do great bodily harm satisfies force clause because convictions for "nonviolent assault[s]" are not possible when offense "include[s] as an element an intent to do great bodily harm").

II.     **The Fourth Circuit required a crime of violence to be predicated on a *mens rea* above recklessness when it first held carjacking is a crime of violence, so *Borden* is irrelevant.**

*Borden* has no impact on Fourth Circuit law and does not change carjacking's status as a "crime of violence." In *Borden*, the Court held that the force clause in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i) — a clause that is materially identical to the force clause at issue in this case — does not encompass crimes with a *mens rea* of recklessness. *See Borden*, 141 S. Ct. at 1821. *Borden* explained that a crime that can be accomplished with a *mens rea* of recklessness cannot qualify under the force clause because attempting, threatening, or using force "against ... the person of another" "demands that the perpetrator direct his action at, or target, another individual" and "[r]eckless conduct is not aimed in that prescribed manner." 141 S. Ct. at 1825 (plurality opinion).

---

[1] Similarly, in *United States v. Dinkins*, 714 F. App'x 240, 242 (4th Cir. 2017), the court considered whether a defendant's conviction for South Carolina assault and battery with intent to kill satisfied the force clause. In finding that it did, the Fourth Circuit relied on the offense's *mens rea* element, requiring specific intent to "commit grievous bodily injury such that, had death occurred, the offense would have been murder." *Id*. (internal quotation marks and citation omitted). Even in a case in which the "actual injury" inflicted amounts to no more than "a mere offensive touching," the court concluded, when that touching is committed with the intent to cause "the more severe kind of bodily injury imagined by the force clause," it necessarily involves at least the "attempted or threatened" use of violent force required by the force clause. *Id.*

The *Borden* decision did not change the Fourth Circuit's case law; the Fourth Circuit has long held that a conviction predicated on a *mens rea* of recklessness does not satisfy the use of physical force requirement of the force clause of § 924(c) and other statutes. In *United States v. McNeal*, 818 F.3d 141, 154–55 (4th Cir. 2016), the Fourth Circuit held that reckless application of force could not qualify as a use of force under 18 U.S.C. § 924(c)(3): "recklessness was not enough."[2] *McNeal*'s holding was consistent with prior Fourth Circuit precedent. The Fourth Circuit in *United States Middleton*, 883 F.3d 485, 498 (4th Cir. 2018), emphasized that

> [t]he word "use" in the ACCA force clause also requires a higher degree of *mens rea* than recklessness. *See United States v. Doctor*, 842 F.3d 306, 311 (4th Cir. 2016); *see also McNeal*, 818 F.3d at 154–56 (concluding that the force clause under 18 U.S.C. § 924(c)(3) requires more than recklessness); *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) (stating that, under 18 U.S.C. § 16, "recklessness, like negligence is not enough to support a determination that a crime is a 'crime of violence.'").

*Id.* (Floyd and Harris, JJ., concurring).

For these reasons, the specific-intent crime of carjacking under 18 U.S.C. § 2119 remains a "crime of violence" after *Borden* and continues to support Fulks's §§ 924(c) and (o) convictions.

Respectfully submitted,

M. RHETT DEHART
ACTING U.S. ATTORNEY

/s/Robert F. Daley, Jr.
Robert F. Daley, Jr. (Fed. ID # 6460)
Assistant United States Attorney
U.S. Attorney's Office
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3000
Email: Bob.Daley@usdoj.gov

August 13, 2021

---

[2] *Evans* and *Runyon* both post-date *McNeal*, which made clear that the force clause under 18 U.S.C. § 924(c)(3) requires more than recklessness.