# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | 4:02-CR-992-JFA |
| | : | |
| Respondent, | : | Hon. Joseph F. Anderson, Jr. |
| | : | United States District Judge |
| | : | |
| v. | : | **CAPITAL CASE** |
| | : | |
| CHADRICK E. FULKS, | : | |
| | : | |
| Petitioner. | : | |
| | : | |

## UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE

Chadrick E. Fulks, a prisoner in the custody of the United States sentenced to death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully moves this Court to hold this case in abeyance pending the outcome of *United States v. Dickerson*, 4th Cir. No. 20-6578, and *United States v. Ogun*, 4th Cir. No. 16-7450. In support of this motion, Mr. Fulks states the following:

1. In 2004, Mr. Fulks pled guilty to possessing or using a firearm during or in relation to a crime of violence as defined by 18 U.S.C. § 924(c), conspiracy to carry or use a firearm during or in relation to a crime of violence as defined by 18 U.S.C. § 924(o), carjacking as defined by 18 U.S.C. § 2119, kidnapping as defined by 18 U.S.C. § 1201, and other charges. A contested sentencing hearing took place before a jury after Mr. Fulks's guilty plea was entered, and the jury sentenced Mr. Fulks to death. The Court of Appeals affirmed. *United States v. Fulks*, 454 F.3d 410 (4th Cir. 2006), cert. denied, *Fulks v. United States*, 551 U.S. 1147 (2006).

2.      On June 17, 2016, Mr. Fulks filed a successive motion under 28 U.S.C. § 2255 arguing that his §§ 924(c) and (o) convictions and his death sentence should be vacated pursuant to *Johnson v. United States*, 1325 S. Ct. 2551 (2015). Dkt. No. 1618. To qualify as a crime of violence under §§ 924(c) and (o), the underlying offenses must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." *Johnson*—as confirmed by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019)—invalidated § 924(c)'s residual clause.

3.      Mr. Fulks's proceedings were stayed pending the outcome of *Borden v. United States*, 141 S. Ct. 1817 (2021), which held that a predicate offense must require the purposeful or knowing use, attempted use, or threatened use of violent force for the force clause to be met. On June 23, 2021, the Court ordered supplemental briefing on *Borden*. The Government and Mr. Fulks filed supplemental briefing and replies on July 14, 2021 and August 13, 2021, respectively. Dkt. Nos. 1698, 1699, 1702, 1703.

4.      In prior pleadings, the Government had argued that both potential predicate offenses for Mr. Fulks's § 924 convictions—kidnapping and carjacking—constituted crimes of violence. However, in its supplemental briefing, the Government presumed without conceding that kidnapping cannot be a crime of violence under *Borden*. Dkt. No. 1698. Hence, the primary disputes remaining between the parties are whether Fourth Circuit precedent requires that kidnapping be assumed to have served as the predicate offense for Mr. Fulks's convictions and, if not, whether carjacking is a crime of violence in the wake of *Borden*.

5.      Mr. Fulks has previously argued that, even assuming carjacking is a crime of violence, the indictment to which he pled guilty alleged two predicate offenses in the conjunctive, and because only one of those two offenses was necessary to satisfy the disjunctive

statutory conduct, "the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." *United States v. Chapman*, 666 F.3d 220, 227–28 (4th Cir. 2012); Dkt. No. 1702 at 3-13. Here, the least serious of the conjunctively charged disjunctive conduct is the kidnapping charge, meaning the Court must presume that Mr. Fulks *actually* pled guilty to §§ 924(c) and (o) with kidnapping as the predicate. The Government, by contrast, has argued that the convictions were independently sustainable. In its June 14, 2021 supplemental briefing, the Government supported this position by relying on the recently issued decision in *United States v. Crawley*, 2 F.4th 257 (4th Cir. 2021), to argue that "when a defendant pleads guilty to a § 924(c) offense based on one valid and one invalid predicate and admits 'a sufficient factual basis' for the valid predicate, the defendant pleaded guilty 'to the § 924(c) offense in its entirety." Dkt. No. 1698 at 6.

6.      Mr. Fulks's August 13, 2021, reply argued, inter alia, that *Crawley* is inapposite because Crawley signed a written plea agreement that "unambiguously state[d]" that there were two independent bases for the § 924(c) conviction, and because Crawley pled pursuant to an agreement in which the Government agreed to vacate the valid predicate, meaning he would receive a "windfall" if now permitted to vacate his plea on the basis of the invalid predicate. Dkt. No. 1702 at 12. By contrast, Mr. Fulks did not enter into a negotiated guilty plea, there was no written plea agreement providing more context than the indictment and plea colloquy, and there was no document establishing which crime served as a predicate offense for the § 924 convictions.

7.      Mr. Fulks now requests that the Court stay these proceedings pending the outcome in *Dickerson* and *Ogun*, both of which involve a defendant who pled guilty to § 924 based on two potential predicates—only one of which is a crime of violence—and is now

seeking relief under *Johnson* and *Davis.* The initial round of briefing has been completed in each case and, as here, the Government has argued that the more serious predicate may be used to sustain the convictions, whereas the defendants insist that the predicate offense is unknowable and thus must be assumed to be the non-crime-of-violence offense. On September 8, 2021, the Fourth Circuit consolidated the two cases and ordered the parties to file supplemental briefing in light of *Crawley*. *See, e.g., Dickerson*, 20-6578, Doc. Nos. 48, 49. If resolved in favor of the defendants, the Fourth Circuit's decision in these cases may dictate that Mr. Fulks's kidnapping conviction be accepted as the predicate to his § 924 convictions and obviate any consideration whether carjacking is a crime of violence post-*Borden*. Accordingly, there is good cause for the stay Mr. Fulks seeks. *See Rhines v. Weber*, 544 U.S. 269 (2005).

8.      Counsel for Petitioner consulted with counsel for the Government regarding Mr. Fulks's request. Although the Government is unable to join in Mr. Fulks's motion as it maintains its position that *Crawley* governs Mr. Fulks's case, it has no objection to Mr. Fulks's motion.

WHEREFORE, Petitioner Chadrick Fulks requests that the foregoing motion be granted and that this Court stay proceedings in this case pending the issuance of decisions in *Dickerson* and *Ogun*.

Respectfully submitted,

/s/ Peter Williams
Peter Williams
Claudia Van Wyk
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Petitioner

Dated: September 21, 2021

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on this 21st day of September, 2021, I served the

foregoing by ECF filing on the following party:

Robert F. Daley, Esq.
Office of the United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201


/s/ Peter Williams
Peter Williams