# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : | 4:02-CR-992-JFA |
|  | : |  |
| Respondent, | : | Hon. Joseph F. Anderson |
|  | : | United States District Judge |
|  | : |  |
| v. | : | **CAPITAL CASE** |
|  | : |  |
| CHADRICK E. FULKS, | : |  |
|  | : |  |
| Petitioner. | : |  |
|  | : |  |

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE SUPPLEMENTAL BRIEF

Chadrick E. Fulks, a death-sentenced prisoner in the custody of the United States, respectfully moves this Court through his counsel for an extension of time to file his supplemental brief relating to *United States v. Taylor*, 142 S. Ct. 2015 (2022), *United States v. Ogun*, No. 16-7450 (4th Cir. March 22, 2022), and *United States v. Dickerson*, No. 20-6578 (4th Cir. March 22, 2022). Mr. Fulks respectfully requests an extension of thirty days, until September 14, 2022, to file his supplemental brief. In support of this motion, Mr. Fulks states the following:

1. On June 17, 2016, Mr. Fulks filed a successive § 2255 motion arguing that his 18 U.S.C. §§ 924(c) and (o) convictions and his death sentence should be vacated pursuant to *Johnson v. United States*, 576 U.S. 591 (2015). Dkt. No. 1618. To qualify as a crime of violence under §§ 924(c) and (o), the underlying offense(s) must qualify as a crime of violence under either the "residual clause" or the "force clause" of § 924(c). Mr. Fulks averred that *Johnson* invalidated the "residual clause" of § 924(c), that his convictions under §§ 924(c) and (o) could

not otherwise be sustained because the "force clause" of § 924(c) was not met, and that his death sentence should be vacated and a new capital penalty phase be held. *Id.*

2.      As the jurisprudence on these issues has developed, Mr. Fulks has incorporated the United States Supreme Court's rulings in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Borden v. United States*, 141 S. Ct. 1817 (2021), all of which support Mr. Fulks's claim for relief.

3.      On March 22, 2022, this Court ordered briefing on the recently issued opinions in *Ogun* and *Dickerson* after holding Mr. Fulks's proceedings in abeyance pending the outcome of those two cases. Dkt. No. 1710. On May 16, 2022, this Court extended the deadline for Mr. Fulks to submit briefing on *Ogun* and *Dickerson* until after the Supreme Court of the United States was expected issue an opinion in *United States v. Taylor*, No. 20-1459, which involved issues relevant to Mr. Fulks's claim for relief and was pending before the Supreme Court in at that time. Dkt. No. 1717. The Court directed Mr. Fulks to file a consolidated brief addressing *Taylor*, *Ogun*, and *Dickerson* by August 15, 2022, and directed the government to file its response within fourteen days of Mr. Fulks's consolidated brief. *Id.* On June 21, 2022, the Supreme Court of the United States issued *United States v. Taylor*, 142 S. Ct. 2015 (2022).

4.      Mr. Fulks respectfully requests an extension of thirty days, until September 14, 2022, to file his supplemental briefing on *Taylor*, *Ogun*, and *Dickerson*. In this briefing, counsel must address whether federal carjacking under 18 U.S.C. § 2119 can serve as a valid predicate offense for a § 924(c) conviction under *Taylor*, the effects of *Taylor* on the other arguments that have been advanced by the parties during this litigation, whether *Ogun* and *Dickerson* affect Mr. Fulks's argument that carjacking did not serve as the predicate offense for Mr. Fulks's § 924 convictions, and the status of Mr. Fulks's claim for relief under current force-clause precedent.

These are complex issues and it will take a significant amount of time to conduct the careful research and drafting that counsel must undertake to provide this Court with a professionally adequate pleading. Counsel has made significant progress, but respectfully requests an additional thirty days to complete the supplemental brief.

5.     On August 9, 2022, Assistant United States Attorney Kathleen Stoughton indicated that the government does not oppose Mr. Fulks's request.

WHEREFORE, Petitioner Chadrick Fulks respectfully requests that his motion be granted, that he be permitted to file a supplemental brief addressing *Taylor*, *Ogun*, and *Dickerson* on or before September 14, 2022.

Respectfully submitted,

/s/ Peter Williams
Peter Williams
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520


Counsel for Petitioner

Dated:  August 10, 2022

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on this 10th day of August. 2022, I served the

foregoing by ECF filing on the following party:

Kathleen Stoughton, Esq.
Office of the United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201


/s/ Peter Williams
Peter Williams