# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

|  |  |  |
|---|---|---|
| _____ | : | 4:02-CR-992-JFA |
| THE UNITED STATES OF AMERICA, | : | |
|  | : | |
| Respondent, | : | Hon. Joseph F. Anderson |
|  | : | United States District Judge |
|  | : | |
| v. | : | **CAPITAL CASE** |
|  | : | |
| CHADRICK E. FULKS, | : | |
|  | : | |
| Petitioner. | : | |
| _____ | : | |

## PETITIONER'S SUPPLEMENTAL MEMORANDUM OF LAW
## REGARDING *UNITED STATES V. TAYLOR*, *UNITED STATES V. OGUN*, AND
## *UNITED STATES V. DICKERSON*

PETER WILLIAMS
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
pete_williams@fd.org

*Counsel for Petitioner*

Dated: September 14, 2022

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................................i

INTRODUCTION ................................................................................................................ 1

ARGUMENT....................................................................................................................... 3

I.   MR. FULKS'S § 924(C) CONVICTION IS INVALID BECAUSE CARJACKING IS NOT
     A CRIME OF VIOLENCE UNDER *TAYLOR*........................................................... 3

     A.  The Carjacking Statute Must Be Reviewed under the Categorical Approach Because
         the Definition of Carjacking under 18 U.S.C. § 2119 Is Not Divisible. ........................ 3

     B.  Federal Carjacking Is Not a Crime of Violence under *Taylor*. ..................................... 6

II.  FEDERAL CARJACKING IS NOT A CRIME OF VIOLENCE UNDER *BORDEN*. ........... 9

III. *OGUN* DOES NOT UNDERMINE MR. FULKS'S CLAIM FOR RELIEF......................... 12

IV. MR. FULKS'S CLAIM IS NOT PROCEDURALLY DEFAULTED. ................................. 16

CONCLUSION.................................................................................................................. 17

**INTRODUCTION**

Mr. Fulks's convictions under 18 U.S.C. §§ 924(c) and (o), which criminalize the use of firearms in crimes of violence, should be vacated pursuant to *Johnson v. United States*, 576 U.S. 591 (2015); *Davis v. United States*, 139 S. Ct. 2319 (2019); and *Borden v. United States*, 141 S. Ct. 1817 (2021).[1] To qualify as a crime of violence under §§ 924(c) and (o), the underlying offenses must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause."[2] Because *Johnson* and *Davis* invalidated § 924(c)'s residual clause, an offense can only be a valid predicate for § 924(c) if it satisfies the force clause. Under *Borden*, a crime must require the knowing or purposeful use of force for an offense to be a predicate crime of violence under the force clause. Petitioner has averred that neither of Mr. Fulks's potential predicate offenses—carjacking and kidnapping resulting in death—are crimes of violence because neither of them satisfies *Borden*'s intent requirement.

The Government has assumed without conceding that federal kidnapping resulting in death cannot serve as a valid predicate offense under *Borden*, but argued that Mr. Fulks's § 924 convictions were based on both carjacking and kidnapping as predicates. Because, in the Government's view, carjacking is a crime of violence under *Borden*, it argues that Mr. Fulks's § 924 convictions should not be reversed. *See, e.g.,* Dkt. No. 1698 at 3-8.

---

[1] Section 924(c) prohibits the use of a firearm during the course of a crime of violence. Section 924(o) prohibits conspiracy to use firearms in a crime of violence. As the arguments raised in Mr. Fulks's successive 28 U.S.C. § 2255 proceedings apply equally to both offenses, §§ 924(c) and (o) shall be referred to collectively throughout this pleading.

[2] Section 924(c)(3)(A) and the analogous subsections of similar crimes-of-violence statutes have been referred to as both "force clauses" and "elements clauses." To avoid confusion, Mr. Fulks shall use the term "force clause" to refer to § 924(c)(3)(A) and the analogous subsections of similar statutes.

The Government's argument fails in light of the Supreme Court's June 21, 2022, opinion in *United States v. Taylor*, 142 S. Ct. 2015 (2022). *Taylor* held that an attempt to commit a Hobbs Act robbery was not a crime of violence because an attempted robbery did not require the use, threatened use, or attempted use of force. *Id.* at 2021. Because the federal carjacking statute can be satisfied by the attempted taking of a car, it is not a crime of violence under *Taylor*. Even if carjacking is considered a potential predicate offense, it cannot be used to support Mr. Fulks's § 924 convictions. While the United States Court of Appeals for the Fourth Circuit has previously found carjacking to be a crime of violence in *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017), the *Evans* court's analysis is abrogated by *Taylor*.

Furthermore, carjacking remains an invalid predicate offense under *Borden*. Because federal carjacking requires only conditional intent as to the use of force—i.e., the conditional intention to use force should it become necessary to effect the carjacking—the offense does not categorically require that force be purposefully or intentionally used.

Moreover, it is not clear from Mr. Fulks's indictment which of the two offenses served as the predicate for the §§ 924(c) and (o) convictions. Under *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011), and *United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012), kidnapping is assumed to have been the predicate offense and Mr. Fulks is entitled to relief regardless of the crime-of-violence status of the carjacking.

At Mr. Fulks's request, this Court held these proceedings in abeyance pending the outcome of the United States Court of Appeals for the Fourth Circuit's resolution of *United States v. Ogun*, No. 16-7450, and *United States v. Dickerson*, 20-6578. Dkt. No. 1708. In both of these opinions, the Fourth Circuit considered cases where the defendants entered into negotiated guilty pleas which included § 924(c) convictions based on two possible predicate offenses: one

2

of which was a crime of violence and one of which was not. On March 22, 2022, citing *United States v. Crawley*, 2 F.4th 257 (4th Cir. 2021), and *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021), the Fourth Circuit denied relief to Ogun and Dickerson because their § 924(c) convictions were "expressly predicated on at least one offense that categorically qualifies as a crime of violence or drug trafficking crime." *United States v. Ogun*, Nos. 16-7450, 20-6578, 2022 WL 843899, at *2 (4th Cir. Mar. 22, 2022) (unpublished).

The consolidated decision in *Ogun* does nothing to undermine Mr. Fulks's claim for relief. The *Ogun* panel's determination was predicated on the fact that the § 924(c) convictions were "expressly predicated" on both the valid and invalid convictions. *Id.* Because Mr. Fulks's § 924(c) convictions are not "expressly predicated" on both kidnapping and carjacking, these convictions are invalid and should be vacated. In any event, because carjacking is not a crime of violence under *Taylor* and *Borden*, neither potential predicate offense is a crime of violence and Mr. Fulks's convictions under §§ 924(c) and (o) are invalid. These convictions should be reversed and Mr. Fulks's death sentence should be vacated.

## ARGUMENT

**I.  MR. FULKS'S § 924(C) CONVICTION IS INVALID BECAUSE CARJACKING IS NOT A CRIME OF VIOLENCE UNDER *TAYLOR*.**

### A.  The Carjacking Statute Must Be Reviewed under the Categorical Approach Because the Definition of Carjacking under 18 U.S.C. § 2119 Is Not Divisible.

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), reviewing courts must use the categorical approach. *Descamps v. United States*, 570 U.S. 254, 260-65 (2013). The categorical approach requires that courts "'look only to the statutory definitions'—i.e., the elements—of a defendant's [offense] and *not* 'to the particular facts underlying [the offense].'" *Id.* at 261 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)) (emphasis in original). The categorical approach focuses "on the elements, rather than the facts,

3

of a crime," because "the only facts the court can be sure the jury . . . found are those constituting elements of the offense." *Id.* at 263, 269-70. Courts must also presume that the predicate offense "rested upon [nothing] more than the least of th[e] acts criminalized" by the statute or elements in question. *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (quoting *Johnson (Curtis) v. United States*, 559 U.S. 133, 137 (2010)). "The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020.

Although the modified categorical approach—which can involve review of underlying documents such as an indictment or guilty plea colloquy—can also be employed to determine if a predicate offense is a crime of violence, the Court has confined this approach to divisible statutes. *Descamps*, 570 U.S. at 257-58. A statute is only divisible when it has alternative elements rather than alternative means. *Id.* at 278. Elements as used this context are statutory phrases that a jury must find "unanimously and beyond a reasonable doubt" to convict the defendant. *Id.*; *see also Mathis v. United States*, 579 U.S. 500, 504 (2016) (same). "Means," by contrast, are statutory phrases that a jury need not unanimously find. *Mathis*, 579 U.S. at 517-18. Thus, when a statute has two disjunctive statutory phrases, they are alternative "means" if "it is enough that each juror agree only that one of the two occurred without settling on which." *United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013). In other words, if the statute does not require the jury to select one statutory phrase to the exclusion of the other in order to find guilt, then the terms are alternative means rather than elements.

It is the Government's burden to prove with certainty that a statute is divisible under these terms. If the law does not "speak plainly" on whether an offense is divisible, "a sentencing

judge will not be able to satisfy [the Supreme Court's] demand for certainty when determining whether a defendant was convicted of" a "crime of violence." *Mathis*, 579 U.S. at 519 (citation and internal quotation marks omitted). Thus, "[i]f [the court] cannot ultimately say with certainty that the statute is divisible" the statute is not divisible and the court cannot apply the modified-categorical approach. *United States v. Cantu*, 964 F.3d 924, 929 (10th Cir. 2020) (citation omitted). *See also United States v. Degeare*, 884 F.3d 1241, 1248 (10th Cir. 2020) ("[U]nless we are certain that a statute's alternatives are elements rather than means, the statute isn't divisible and we must eschew the modified categorical approach.").

The Government cannot meet its burden of proving with certainty that the definition of a carjacking under § 2119 is divisible. Section 2119 defines carjacking and the three possible sentences as follows:

> Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence *or by intimidation*, *or attempts to do so*, shall—
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both and
>
> (3) if death results, be fined under this title or imprisoned for a number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119 (emphasis added).

In *Jones v. United States*, 526 U.S. 227 (1999), the Supreme Court considered whether the jury had to agree on the level-of-injury components to the carjacking statute or whether §§ 2119(1)-(3) described sentencing enhancements that need not be ruled on by the jury. *Id.* at 232-33. While the *Jones* Court held that the numbered sections constituted three separate elements describing the level of harm that resulted and divided the carjacking statute into three

5

separate offenses based on that level of harm, *Jones* did not hold or imply that § 2119 should be subdivided in any other way. *Id.* at 252-53. Accordingly, the definition of carjacking (i.e., the taking) is not divisible as the jury need not agree on whether the defendant took or only attempted to take the car.

When a statute assigns the same penalty for the different ways of committing a crime, that is further evidence that statute is indivisible with alternative means. *See United States v. McKibbon*, 878 F.3d 967, 975 (10th Cir. 2017) (citing *Mathis*, 579 U.S. at 518). Here, the penalty is based on the level of injury that resulted by the carjacking. §§ 2119(1)-(3). There is no greater or lesser penalty for carjacking by taking as opposed to carjacking by attempted taking.

Furthermore, the Pattern Jury Instructions for the District of South Carolina for federal carjacking do not separate an attempt from the actual taking, do not require the jury to agree on whether the defendant took or attempted to take the motor vehicle, and instead describe this element as "that the defendant took, *or attempted to take*, a motor vehicle." Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, at 485-85 (2020 Online Edition) (available at http://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf) (emphasis added).

For the reasons set forth above, the sentence in § 2119 containing taking and attempted taking is indivisible and the categorical approach must be employed. Even if any ambiguity remains about the divisibility of § 2119, that would mean that the Government cannot establish that the definition of carjacking under § 2119 is divisible, this Court must assume that it is indivisible, and the categorical approach must be applied.

**B.** **Federal Carjacking Is Not a Crime of Violence under *Taylor*.**

In *Taylor*, the Supreme Court held that a violent felony as defined by § 924(c) is not satisfied by a robbery statute that can be satisfied by an attempted taking by means of threatened

force. 142 S. Ct. at 2022-21. Taylor challenged his § 924(c) conviction, which relied on attempted Hobbs Act robbery as a predicate offense. *Id.* at 2020. The *Taylor* Court recognized that an attempt only required that the defendant had the intent to commit the crime in question and "completed a substantial step towards that end." *Id.* at 2022. *Taylor* held that "whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Id.* "'If, for example, the defendant is apprehended before he reaches his robbery victim and thus before he has actually engaged in threatening conduct, proof of his purpose to engage in such conduct' can 'justify a conviction of attempted robbery' so long as his intention and some other substantial step are present." *Id.* (quoting ALI, Model Penal Code § 222.1 at 115).

Here, just as in *Taylor*, because carjacking can be established through the actual taking of a vehicle through "force and violence or by intimidation" or the *attempted* taking by "force and violence or by intimidation," § 2119 (emphasis added), a defendant can be convicted of carjacking for attempting to take a motor vehicle. Because a defendant can satisfy the carjacking statute with an *attempt*, the statute does not constitute a crime of violence.

While the Fourth Circuit held that carjacking was a crime of violence under the force clause in *Evans*, this determination does not survive the reasoning in *Taylor*. In *Evans*, the Fourth Circuit concluded that carjacking "'by force and violence' requires the use of violent physical force" and carjacking "'by intimidation' requires the threatened use of such force," but did not address whether the fact that a carjacking violation can result from an attempted taking means that it is not categorically a crime of violence. *Evans*, 848 F.3d at 247-48.[3]

---

[3] *United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021), also held that carjacking was a crime of violence under the force clause, but did so by only by recognizing *Evans* as binding precedent,

*Taylor* also undermines *Evans* in a different way. *Taylor* rejected the requirement imposed in a number of cases that a defendant has to provide an empirical example of someone being prosecuted for conduct under the predicate statute that would not constitute a crime of violence. 142 S. Ct. at 2024. As the *Taylor* Court held:

> But what does that [the lack of an empirical example] prove? Put aside the fact that Mr. Taylor has identified cases in which the government has apparently convicted individuals for attempted Hobbs Act robbery without proving a communicated threat. . . . Put aside the oddity of placing a burden on the defendant to present empirical evidence about the government's own prosecutorial habits. Put aside, too, the practical challenges such a burden would present in a world where most cases end in plea agreements, and not all of those cases make their way into easily accessible commercial databases.

> \*       \*       \*

> An even more fundamental and by now familiar problem lurks here. To determine whether a federal felony qualifies as a crime of violence, § 924(c)(3)(A) doesn't ask whether the crime is sometimes or even usually associated with communicated threats of force (or, for that matter, with the actual or attempted use of force). It asks whether the government must prove, as an element of its case, the use, attempted use, or threatened use of force.

*Id.* (internal citations omitted).

Thus, the *Taylor* Court determined that Congress, in drafting § 924(c)(3)(A)'s force clause, "did not mandate an empirical inquiry into how crimes are usually committed, let alone impose a burden on the defendant to present proof about the government's own prosecutorial habits." *Id.* at 2025. Instead, "Congress tasked the courts with a much more straightforward job: Look at the elements of the underlying crime and ask whether they require the government to prove the use, attempted use, or threatened use of force." *Id.*

---

while failing to conduct any independent analysis of whether the use of force and violence required the purposeful or knowing use of force. *Id.* at 201.

8

The *Evans* decision was based on the Fourth Circuit's decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), which held that identical "force and violence or by intimidation" language in the federal bank robbery statute established bank robbery as a crime of violence. *See Evans*, 848 F.3d at 246 ("Our analysis whether the federal crime of carjacking is a crime of violence for purposes of Section 924(c) is governed directly by our recent decision in *McNeal*, 818 F.3d 141."). The *McNeal* court relied on its determination that the defendants "ha[d] not identified a single bank robbery prosecution where the victim feared bodily harm from something other than violent physical force." *Id.* at 156. Because that type of analysis is no longer valid under *Taylor*, *McNeal* and *Evans* are likewise no longer valid.

In short, because carjacking can be committed through the attempted taking of a car and because the Fourth Circuit's crime-of-violence precedent as to carjacking is based on the premise that the defendant must provide an empirical example in support of his or her position, *Taylor* undermines Fourth Circuit precedent on whether carjacking is categorically a crime of violence.

## II.     FEDERAL CARJACKING IS NOT A CRIME OF VIOLENCE UNDER *BORDEN*.

As Mr. Fulks has set forth in detail previously, *Borden* holds that a potential predicate offense cannot be a crime of violence under § 924(c)(3)(A)'s force clause unless it categorically requires that the use, attempted use, or threatened use of force be knowingly or purposefully employed. *See* Dkt. No. 1699 at 5-6. Carjacking is therefore not a crime of violence under *Borden* because it does not require the knowing or purposeful use, threatened use, or attempted use of force. *Id.* at 13-14; Dkt. No. 1702 at 10-13. In *Holloway v. United States*, 526 U.S. 1 (1999), the Supreme Court held that carjacking requires only *conditional* intent to cause death or serious bodily injury should it be necessary to take possession of the car. *Id.* at 7-9. This conditional intent does not require that force, attempted force, or the threat of force be used at all, let alone used in a knowing, purposeful, and non-reckless fashion. *See* Dkt. No. 1702 at 10-13.

For this reason, in addition to being invalidated by *Taylor*, *Evans* is also invalid under *Borden*. *Id.* The *Evans* court made no determination as to whether carjacking accomplished by "force and violence" excluded force that was recklessly employed. 848 F.3d at 247-48. Similarly, when *Evans* held that intimidation in the context of a carjacking included a threat of force, it did not address the level of intent needed under this definition. *Id.* at 247. Because *Borden* requires the carjacking statute to exclude everything but a purposeful or knowing threat of violent force before carjacking can serve as a crime of violence, the *Evans* court's ruling on intimidation is no longer valid. *See* Dkt. No. 1702 at 10-13.

The jury instructions in Mr. Basham's case illustrate that carjacking is not a crime of violence after *Borden*. The Court's instructions on intimidation read:

> The third element that the Government must prove beyond a reasonable doubt is that the defendant took the vehicle from the victim by using force and violence or by acting in an intimidating manner.

> The Government can meet its burden on this element either by proving the defendant used force and violence or that the defendant acted in an intimidating manner.

> The phrase "intimidating manner" means that the defendant did or said something that would make an ordinary, reasonable person fear bodily harm. *Your focus should be on the defendant's behavior.* The Government does not have to prove that the defendant's behavior caused or could have caused great terror or panic. But it must show that an ordinary person would have feared bodily harm because of the defendant's behavior. The Government also does not have to prove that the defendant made explicit threats of bodily harm. *If you find that the defendant confronted the victim in such a way that it would reasonably create a fear of bodily harm, that is sufficient.*

Tr. 9/29/04 (Basham) at 199-200 (emphasis added).

While *Borden* requires that the defendant knowingly or purposefully use, attempt to use, or threaten to use force, the definition of intimidation that was employed in Mr. Basham's jury instructions only focused on the defendant's *behavior* rather than his or her *knowledge* or *purpose*. And, the threshold set by the instructions is met whenever "the defendant confronted

10

the victim in such a way that it would reasonably create a fear of bodily harm." *Id.* This threshold can easily be met with reckless or even negligent conduct. Thus, § 2119 does not meet the definition of a violent crime under *Borden*.

Citing *Holloway*; *United States v. Small*, 944 F.3d 490 (4th Cir. 2019); and *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016), the Government has argued that Mr. Fulks's *Borden* claim is not valid because federal carjacking meets the intent requirement set forth in *Borden*. Dkt. No. 1703 at 3-6.

The Government errs. *Holloway* and *Small* do not, as the Government contends, require the intentional use of force in a carjacking, but the *conditional intent* to use force *should such force become necessary to take the car. See Holloway*, *supra*; *see also Small*, 944 F.3d at 498 (requiring only conditional intent for a carjacking and holding that "the government need not prove that the defendant intended to cause death or serious harm 'if unnecessary to steal the car,' so long as it shows that 'at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car'") (quoting *Holloway*). Because the conditional intent to use force does not require the use of force, the Government's argument lacks merit.

The Government's reliance on *Doctor* is similarly misplaced. *Doctor* ruled that a South Carolina carjacking statute was a crime of violence, in part, because the defendant "fail[ed] to cite a single case in South Carolina where the defendant negligently or recklessly used force in the commission of a robbery, or where a defendant negligently or recklessly intimidated a victim." 842 F.3d at 311. The Government argued "[i]n like manner, Fulks can point to no carjacking conviction where a defendant negligently or

recklessly used force in the commission of a carjacking, or where a defendant negligently or recklessly intimidated a victim to commit a carjacking." Dkt. No. 1703 at 4. Because *Taylor* rejected the proposition that a defendant must provide examples to show that a predicate offense is not a crime of violence, *see* Section I, *supra*, both the Fourth Circuit's holding in *Doctor* and the Government's argument are invalid under *Taylor*. Although he has provided examples above, Mr. Fulks is not required to do so. He must only establish that the elements of carjacking as set forth by the statute did not require the knowing or purposeful use, attempted use, or threatened use of force. Because he has met this threshold, Mr. Fulks is entitled to relief.

Finally, it does not matter, as the Government argues, *id.* at 5-6, that the Fourth Circuit required a knowing or purposeful *mens rea* before holding that an offense was a crime of violence. As set forth in *McNeal* and *Doctor*, in reaching a determination as to what statutes required knowing or purposeful behavior and what statutes did not, the Fourth Circuit faulted litigants who failed to produce examples of a defendant who was convicted of the predicate offense for conduct that did not involve the requisite *mens rea*. Because the manner in which the Fourth Circuit interpreted and applied its *mens rea* standard is now invalid after *Taylor*, that standard can provide no support for the Government here. For the reasons set forth above, the federal carjacking statute does not require the level of intent set forth in *Borden*. Relief should be granted on Mr. Fulks's § 924 convictions.

## III.    *OGUN* DOES NOT UNDERMINE MR. FULKS'S CLAIM FOR RELIEF.

Mr. Fulks has shown that his §§ 924(c) and (o) convictions are invalid because this Court must presume that those convictions were based on kidnapping alone and kidnapping is not a crime of violence. *See, e.g.*, Dkt. No. 1702 at 3-10; Dkt. No. 1677 at 13-20. "A plea of guilty

12

admits only to the elements of the charge necessary for a conviction." *Vann*, 660 F.3d at 774 (quoting *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1082 n.3 (9th Cir. 2007)). "[W]hen a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, *the rule is that the defendant admits to the least serious of the disjunctive statutory conduct*." *Chapman*, 666 F.3d at 227-28 (emphasis added); *see also Vann*, 660 F.3d at 775 ("The formal legal charge . . . *is nothing more than the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive*.") (emphasis added).

Here, because the indictment to which Mr. Fulks pled guilty alleged two predicate offenses in the conjunctive, and only one of those two offenses was necessary to satisfy the disjunctive statutory conduct, "the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." *Chapman*, 666 F.3d at 227-28. And because the least serious of the conjunctively charged disjunctive conduct is the kidnapping charge, kidnapping was the predicate offense for his §§ 924(c) and (o) convictions. Dkt. No. 1702 at 4. The point is not what offense *could have* formed the predicate offense for Mr. Fulks's §§ 924(c) and (o) convictions, but what crime *did* form the basis for those convictions. *Id.* at 4, 6. Because kidnapping resulting in death is not a crime of violence—particularly in the wake of *Borden*—Mr. Fulks's convictions under §§ 924(c) and (o) are invalid.

The unpublished decision in *Ogun* is not to the contrary. In *Ogun*, the panel ruled that § 924(c) convictions that are "'expressly predicated' on at least one offense that categorically qualifies as a crime of violence or drug trafficking crime" will be upheld after *Johnson*. 2022 WL 843899, at *2 (quoting *Crawley*, 2 F.4th at 263). Relying on both the indictments and written plea agreements, the *Ogun* panel ruled that the defendants' § 924(c) convictions were

13

"expressly based" on both a valid and invalid predicate, and that there was "no ambiguity in the predicates that underlaid Appellants' § 924(c) convictions." *Id.*

*Crawley*, upon which the *Ogun* panel relied, considered a § 2255 proceeding where the defendant pled guilty to two possible predicate offenses for § 924(c) and one of the offenses was found not to be a crime of violence in the wake of *Johnson*. 2 F.4th at 259, 267. Crawley entered a negotiated guilty plea and signed a written plea agreement that "unambiguously state[d]" that there were two independent bases for the § 924(c) conviction: an offense that was later held not to be a crime of violence post-*Johnson* and a drug trafficking crime under § 924(c)(1)(A) that formed the basis for the § 924(c) conviction irrespective of the residual and force clauses. *Id.* at 267-68. Moreover, the Government dismissed the now-valid crime-of-violence predicate as a part of that negotiated resolution, meaning that Crawley would have received a "windfall" were he permitted to vacate his guilty plea on § 924(c) after he received the benefit of the negotiations. *Id.* In that context, the *Crawley* court approved the use of the statement of facts in Crawley's plea agreement to identify the factual basis of the guilty plea, stated that the agreement's statement of facts was akin to a special verdict form, and denied relief. *Id.*

Mr. Fulks's case stands in stark contrast to *Crawley* and *Ogun*. The indictment and plea colloquy do not establish that Mr. Fulks's § 924 convictions were expressly predicated on the carjacking conviction. In contrast to Crawley, Mr. Fulks did not enter into a negotiated guilty plea agreement, there was no written agreement providing more context than the indictment and plea colloquy, and there was no document expressly establishing which crime served as a predicate offense for the § 924 convictions. *See* Dkt. No. 1702 at 3-8.

Furthermore, even if the factual basis for the plea *is* considered, it supports the proposition that the § 924(c) conviction relied solely on the kidnapping charge. The FBI 302

report documenting Mr. Fulks's statement to law enforcement was entered into evidence as the factual basis for Mr. Fulks's guilty plea. According to that report, when the two defendants parted ways in the Walmart parking lot, Mr. Fulks believed Mr. Basham was going to steal an unoccupied car and did not know that he was going to carjack an occupied vehicle. *See* 302 Report (attached as Ex. A). By the time Mr. Fulks arrived at the decedent's car, Mr. Basham had already taken control of it. *Id.* In contrast, the 302 established that Mr. Fulks directly took part in the kidnapping from the time he joined Mr. Basham at the decedent's car through the point at which Mr. Basham took the decedent into the woods. *Id.* In this way, Mr. Fulks's involvement in the kidnapping was much more prominent than his involvement in the carjacking. For this reason, even if the facts in the 302 are considered, the kidnapping is the probable predicate offense for the § 924(c) conviction.

While the Government has relied on *Ali* to argue that any defect in Mr. Fulks's § 924(c) conviction is harmless error and did not establish prejudice for Mr. Fulks under § 2255, Dkt. No. 1698 at 4-8, this argument lacks merit. In *Ali*, the defendant had been charged under § 924(c) based on alternative predicates of conspiracy to commit Hobbs Act robbery (an invalid predicate) as well as aiding and abetting Hobbs Act robbery (a then-valid predicate). 991 F.3d at 573. Pointing to unrebutted evidence at trial demonstrating that Ali had assisted in the robbery and used a firearm in the process, the *Ali* court found "strong proof" that Ali had committed the valid predicate and that the "overwhelming weight" of the evidence supported a finding that the jury based Ali's § 924(c) conviction the valid aiding and abetting predicate. *Id.* The *Ali* court found that Ali had not met the plain error standard that governed his claim and determined that the inclusion of the invalid predicate was harmless. *Id.* at 576. Similarly, in *United States v. Said*, 26 F.4th 653 (4th Cir. 2022), the Fourth Circuit held that ambiguity as to whether the jury based

its § 924(c) conviction on a valid or invalid predicate was not sufficient to warrant relief in § 2255 proceedings as it did not establish "more than a reasonable probability" that the inclusion of the invalid predicate was harmful. *Id.* at 661-62 (internal citations and quotations omitted) (applying the *Brecht v. Abrahamson*, 507 U.S. 619 (1993), standard). Under the fact-specific inquiry conducted by the court, *Said* concluded that petitioner's argument that the jury relied on the invalid predicate by itself was "counterintuitive," his position "simply strain[ed] credulity," and he had failed to show the prejudice needed to entitle him to relief under § 2255 *Id.* at 665.

In contrast to *Ali* and *Said*, Mr. Fulks incurred prejudice. As Mr. Fulks's § 924 convictions resulted from a guilty plea and are governed by *Vann* and *Chapman*—which assume that a defendant admitted to the least serious of disjunctive conduct—*Ali* and *Said* do not apply to his case. *See* Dkt. No. 1702 at 8-10, 13-14; Dkt. No. 1677 at 13-20. But even if *Ali* and *Said* did apply here, the 302 establishes that Mr. Fulks did not assist in the taking of the car, did not know that it was going to occur, and did not possess a firearm when it did occur. Accordingly, under the fact-specific analysis that must be employed under *Ali* and *Said*, the factual predicate upon which his guilty plea was based demonstrated that the kidnapping, and not the carjacking, formed the probable basis for the § 924(c) conviction and that Mr. Fulks was indeed prejudiced by the inclusion of an invalid predicate in this case.

## IV.     MR. FULKS'S CLAIM IS NOT PROCEDURALLY DEFAULTED.

The Government has argued that Mr. Fulks's claim for relief is procedurally defaulted because he did not raise it in earlier proceedings and he should have anticipated the issuance of *Johnson*. Dkt. No. 1689 at 15-16. Mr. Fulks argued that he did not procedurally default this claim because it was not viable prior to the issuance of *Johnson*. Dkt. No. 1677 at 27-29. The Fourth Circuit's opinion in *United States v. Jackson*, 32 F.4th 278 (4th Cir. Apr. 20, 2022) (*pet. rehr'g* denied on June 17, 2022), defeats the Government's procedural defense. The *Jackson*

court rejected a similar argument made by the Government holding that, because *Davis* was a new and retroactively applied rule of constitutional law, a claim based on *Davis* cannot be procedurally defaulted. *Id.* at 283, n3. Because Mr. Fulks relies on *Johnson* and *Davis*, which are both new, retroactively applied rules of constitutional law, the Government's procedural default defense fails.

## CONCLUSION

For the reasons set forth above as well as those set forth in his prior pleadings, Mr. Fulks respectfully requests that the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment be denied, and that Mr. Fulks's convictions under §§ 924(c) and (o) and his death sentence be vacated.[4]

Respectfully Submitted,

/s/ Peter Williams
Peter Williams
Assistant Federal Defender
Federal Community Defender Office
 for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Petitioner

Dated: September 14, 2022

---

[4] Mr. Fulks has previously addressed the effect of invalid §§ 924(c) and (o) convictions on the outcome of his capital sentencing proceeding. *See* Dkt. No 1664 at 13-15; Dkt. No. 1677 at 20-27. To avoid repetition, he does not restate those arguments here.

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that, on this day, I served the foregoing document by ECF filing on the following party:

> Kathleen Stoughton, Esq.
> Office of the United States Attorney
> 1441 Main Street, Suite 500
> Columbia, SC 29201


> /s/ Peter Williams
> Peter Williams

Dated:  September 14, 2022