| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:02-CR-00992-JFA |
| Plaintiff-Respondent, | |
| *versus* | |
| CHADRICK E. FULKS, | |
| Defendant-Petitioner. | |

### GOVERNMENT'S RESPONSE TO FULKS' SUPPLEMENTAL MEMORANDUM REGARDING *UNITED STATES V. TAYLOR*, *UNITED STATES V. OGUN*, AND *UNITED STATES V. DICKERSON*

Petitioner Chadrick E. Fulks' motion to correct his sentence under 28 U.S.C. § 2255 should be denied. As explained below, and in the Government's previous filings in this matter, Fulks' convictions under 18 U.S.C. §§ 924(c) and (o) are based on carjacking resulting in death, which remains a § 924(c) predicate crime of violence. Fulks is therefore not entitled to relief.

## I. PROCEDURAL HISTORY

In May 2004, Fulks pleaded guilty to the kidnapping and carjacking of Alice Donovan, resulting in her death (Counts One and Two of the Superseding Indictment). ECF No. 555. He was sentenced to death for each of these two crimes. ECF Nos. 648, 649.

Fulks also pleaded guilty to six other charges, including conspiracy to use and carry a firearm during and in relation to, and to possess a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(o) (Count Five), and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Six). ECF No. 555. The crimes of violence underlying these two convictions were kidnapping resulting in death and carjacking resulting in death. The Court sentenced Fulks to 240 months on the

§ 924(o) count and 84 months on the § 924(c) count.  ECF No. 853.  These terms, and all others imposed, were ordered to run consecutively.  *Id.*

The Fourth Circuit affirmed Fulks' convictions and sentence.  ECF No. 983.  This Court denied Fulks' first motion to vacate his sentence under 28 U.S.C. § 2255, ECF Nos. 1344, 1348, and the Fourth Circuit affirmed, ECF No. 1520.

In June 2016, the Fourth Circuit authorized Fulks to file a second § 2255 motion.  ECF No. 1617.  The same day, the district court docketed his motion to vacate his §§ 924(c) and (o) convictions.  ECF No. 1618.  Fulks asserted that these two convictions were no longer supported by valid predicate crimes of violence because the § 924(c) residual clause is unconstitutional and neither possible predicate—kidnapping resulting in death and carjacking resulting in death—requires a sufficient use of intentional, violent physical force to satisfy the § 924(c) elements clause.  *Id.* at 1–2.  Fulks requested that the Court vacate his §§ 924(c) and (o) convictions and order a new penalty phase of trial.  *Id.* at 2.

The Government moved to dismiss the § 2255 motion.  ECF No. 1626.  Fulks' claim was based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S.Ct. 1257 (2016), which applied to the residual clause in the Armed Career Criminal Act—not to §§ 924(c) and 924(o), which were Fulks' statutes of conviction.  *See id.* at 1–2.  The Supreme Court had not yet declared § 924(c)'s residual clause unconstitutional, so Fulks' claim was untimely.  *Id.* at 3.  Fulks responded in opposition to the Government's motion to dismiss.  ECF No. 1635.

The Court then held the § 2255 motion in abeyance pending resolution by the Supreme Court of *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), ECF No. 1642; *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), ECF No. 1649; and *United States v. Davis*, 139 S.Ct. 2319 (2019), ECF No. 1652.  *Davis* held § 924(c)(3)(B)'s residual clause is unconstitutional, 139 S.Ct. at 2323, and Fulks filed a supplemental brief in support of his § 2255 motion.  ECF No. 1664.  He again argued

his §§ 924(c) and (o) convictions are invalid predicates under the elements clause because kidnapping and carjacking do not require the intentional use of physical force. *Id.* at 8, 12. And he renewed his request for a new penalty phase. *Id.* at 15.

The Government filed a second motion to dismiss or, in the alternative, for summary judgment. ECF No. 1665. It argued kidnapping resulting in death and carjacking resulting in death remain predicate crimes of violence under § 924(c)'s elements clause even after *Davis*. ECF No. 1666 at 18–24. Assuming kidnapping resulting in death were not a valid predicate, the Government argued Fulks' §§ 924(c) and (o) convictions are still supported by the carjacking resulting in the death of Alice Donovan. *Id.* at 24–29. And it asserted that even if both convictions were vacated, vacatur of the death sentences would not be the proper remedy. *Id.* at 29–34. In the alternative, the Government argued that Fulks' *Davis* claim should be dismissed because it was procedurally defaulted. *Id.* at 35 n.16.

Fulks responded in opposition to the second motion to dismiss. ECF No. 1677. He renewed his claim that kidnapping resulting in death is not a crime of violence under the force clause, *id.* at 4–11, and argued that defect alone warranted relief from his §§ 924(c) and (o) convictions, *id.* at 13–20. He again contended his invalid §§ 924(c) and (o) convictions entitled him to a new penalty phase. *Id.* at 20–27. And he argued his *Davis* claim was not procedurally defaulted. *Id.* at 27–29. The Government replied in support of its second motion to dismiss. ECF No. 1689.

The Court then stayed these proceedings pending resolution by the Supreme Court of *Borden v. United States*, 141 S.Ct. 1817 (2021). ECF No. 1692. *Borden* held the Armed Career Criminal Act's elements clause—which requires the use, attempted use, or threatened use of physical force "against the person of another"—does not include offenses criminalizing reckless conduct. 141 S.Ct. at 1825 (plurality opinion).

The Government filed a supplemental brief in support of the second motion to dismiss in which it presumed, without conceding, that kidnapping resulting in death no longer qualifies as a crime of violence. ECF No. 1698 at 3–4. Nonetheless, the Government argued, Fulks' §§ 924(c) and (o) convictions are still valid because they are based on carjacking resulting in death. *Id.* at 4–8. And even if those convictions must be vacated, the Government again contended that vacatur of Fulks' death sentences would not be the appropriate remedy. *Id.* at 8–9.

Fulks filed a supplemental brief regarding *Borden*. ECF No. 1699. He maintained that neither kidnapping resulting in death nor carjacking resulting in death is a predicate crime of violence under § 924(c)'s elements clause. *Id.* at 3. And he again disputed that his *Davis* claim is procedurally defaulted. *Id.* at 14. Fulks also replied to the Government's *Borden* brief, ECF No. 1702, and the Government replied to Fulks' *Borden* brief, arguing that carjacking remains a crime of violence after *Borden*, ECF No. 1703.

The Court then stayed these proceedings pending resolution of *United States v. Dickerson and Ogun*, Nos. 20-6578, 16-7450, 2022 WL 843899 (4th Cir. Mar. 22, 2022) (unpublished), and *United States v. Taylor*, 142 S.Ct. 2015 (2022). ECF Nos. 1708, 1717. Fulks has filed a supplemental brief based on these cases. ECF No. 1722.

Now pending before the Court are Fulks' second § 2255 motion, ECF No. 1618; the Government's first motion to dismiss, ECF No. 1626; and the Government's second motion to dismiss, ECF No. 1665.

Because *Davis* held § 924(c)'s residual clause is unconstitutional while Fulks' § 2255 motion was pending, the Government's first motion to dismiss should be denied. The Government's second motion to dismiss should be granted. The remaining issues are (1) whether carjacking resulting in death is a predicate crime of violence, (2) assuming it is, whether Fulks' §§ 924(c) and (o) convictions were based on the carjacking resulting in the death of Alice Donovan, and (3) assuming it is not,

4

whether the proper remedy is to vacate Fulks' sentences on these counts or award him a new penalty phase. This brief addresses only the arguments Fulks raised in his most recent filing. *See* ECF No. 1722. In all other respects, except as otherwise noted herein, the Government renews its prior arguments that carjacking (and carjacking resulting in death) has as an element the intentional use, attempted use, or threatened use of force, *see, e.g.*, ECF No. 1666 at 18–24; ECF No. 1689 at 5; ECF No. 1703 at 1–6; that Fulks' §§ 924(c) and (o) convictions are still valid because they were based on both kidnapping resulting in death and carjacking resulting in death, *see, e.g.*, ECF No. 1666 at 24–29; ECF No. 1689 at 5–12; ECF No. 1698 at 4–8; and that vacatur of Fulks' §§ 924(c) and (o) convictions should not result in a new penalty phase, *see, e.g.*, ECF No. 1666 at 29–34; ECF No. 1689 at 12–14; ECF No. 1698 at 8–9.[1]

## II. CARJACKING RESULTING IN DEATH IS A § 924(c) PREDICATE CRIME OF VIOLENCE.

Carjacking resulting in death is a § 924(c) predicate crime of violence that supports Fulks' §§ 924(c) and (o) convictions. Both statutes impose liability on those who use or carry a gun during and in relation to, or possess a gun in furtherance of, a crime of violence. 18 U.S.C. §§ 924(c)(1)(A), (o). Under the § 924(c) elements clause at issue in this case, a crime of violence is an offense that is a felony and "has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Courts employ a categorical approach to determine whether a predicate offense constitutes a crime of violence, "look[ing] exclusively to the elements of the [predicate] offense rather than the conduct underlying" it. *United States v. Barcenas-Yanez*, 826 F.3d 752, 756 (4th Cir. 2016) (cleaned up). Where a statute of conviction lists multiple alternative elements, as opposed to alternative means

---

[1] In *United States v. Jackson*, 32 F.4th 278, 283 n.3 (4th Cir. 2022), the Fourth Circuit held *Davis*' new rule of constitutional law made retroactive on collateral review defeated the Government's procedural default argument. The Government therefore no longer argues Fulks' claim is procedurally defaulted.

of committing a single element, it is "divisible" into different offenses. *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016). To classify a conviction under a divisible statute, a court may look to a limited class of documents—such as the indictment, plea agreement, or plea colloquy—to determine what crime, with what elements, the defendant was convicted of. *Id.* A predicate offense qualifies as a crime of violence if "all of the conduct criminalized by the statute—including the most innocent conduct—matches or is narrower than the . . . definition of crime of violence." *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017) (quotation marks omitted).

To qualify as a crime of violence under the elements clause, a crime must require both a sufficient use of force under *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010), and a sufficient degree of intent under *Borden*, 141 S.Ct. at 1825 (plurality opinion). Carjacking resulting in death meets both requirements: it requires the intentional use, attempted use, or threatened use of force.

### A. Carjacking resulting in death requires a sufficient use of force to be deemed a crime of violence.

Binding Fourth Circuit precedent forecloses Fulks' claim that carjacking resulting in death can be committed without the use, attempted use, or threatened use of force. In *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017), the Fourth Circuit held "the carjacking statute includes the statutory element of 'by force and violence or by intimidation.'" And "the term 'intimidation' used in this context means a threat of violent force." *Id.* Thus, the Court concluded, carjacking is categorically a § 924(c) crime of violence. *Id.* at 247–48; *see also United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021). Carjacking resulting in death cannot, as Fulks claims, be committed by attempting to threaten to use force. It requires the actual use, attempted use, or threatened use of force.

The Supreme Court's decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022), does not abrogate *Evans*. In *Taylor*, the Supreme Court held attempted Hobbs Act robbery is not a § 924(c)

6

predicate crime of violence because it does not have as an element the use, attempted use, or threatened use of physical force. It explained that an attempted Hobbs Act robbery can be committed if (1) the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a "substantial step" toward that end. *Id.* at 2020. And "whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Id.* *Taylor* is irrelevant to Fulks' case because Fulks was not convicted of an attempt crime. He was convicted of carjacking resulting in death.

**1. Carjacking and attempted carjacking are two separate crimes.**

The carjacking statute is divisible into completed and attempt alternatives. A statute is divisible if it "specifies elements in the alternative, thereby defining multiple offenses." *United States v. Furlow*, 928 F.3d 311, 318 (4th Cir. 2019), *certiorari granted and judgment vacated on other grounds by Furlow v. United States*, 140 S.Ct. 2824 (2020). "The elements of an offense are the constituent parts of a crime's legal definition – the things the prosecution must prove to sustain a conviction." *Id.* (quotation marks omitted). "[A]t a trial, elements are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, elements are what the defendant necessarily admits when he pleads guilty." *Id.* (cleaned up). "Means," by contrast, "are the various factual ways of committing an element of an offense." *Id.* (quotation marks omitted).

The Fourth Circuit has identified several "indicia of divisibility." *United States v. Jackson*, 32 F.4th 278, 286 (4th Cir. 2022). "While not dispositive, when a criminal statute is phrased disjunctively it serves as a signal that it may well be divisible." *Id.* (cleaned up). The court has also considered how prosecutors charge the offenses, the elements on which juries are instructed, and the manner in which courts treat convictions under the statutes. *United States v. Marshall*, 747 F. App'x

139, 150 (4th Cir. 2018) (argued but unpublished).  In this case, each of these indicia points to divisibility.

First, the statute is phrased disjunctively:  It applies to "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . , or attempts to do so."  18 U.S.C. § 2119.

Second, case law shows that prosecutors universally charge defendants with a specific alternative version of the statute—either attempted or completed carjacking—and courts instruct juries they must unanimously find the defendant guilty of the charged alternative.  *See, e.g.*, *Plea Agreement*, *United States v. Bruzon-Velazquez*, No. 3:17-cr-442 (D.P.R. Jan. 16, 2020), ECF No. 232 at 2 ("the defendant . . . did attempt to take a motor vehicle"); *Indictment*, *United States v. Gardner*, No. 2:17-cr-20683 (E.D. Mich. Oct. 17, 2017), ECF No. 12 at 9 (alleging defendants did "attempt to take" a motor vehicle"); *Verdict Form*, *Id.*, ECF No. 70 at 11 (noting jury unanimously found defendant guilty "on the charge of attempted carjacking");[2] *Indictment*, *United States v. Evans*, No. 0:15-cr-16 (D. Minn. Jan. 22, 2015), ECF No. 1 at 2 (alleging defendant "did knowingly and unlawfully attempt to take a motor vehicle"); *Verdict Form*, *Id.*, ECF No. 72 at 1 (noting jury unanimously found defendant guilty "of the crime of attempted carjacking"); *Jury Instructions*, *Id.*, ECF No. 71 at 22 ("The crime of attempted carjacking, as charged in Count 2 of the indictment, has four elements, which are:  *One*, the Defendant attempted to take a motor vehicle"); *Indictment, United States v. Granda*, No. 1:07-cr-20155 (S.D. Fla. Mar. 12, 2007), ECF No. 23 at 4 (alleging the defendants "did attempt to take a motor vehicle"); *Jury Charge*, *Id.*, ECF No. 200 at 22 ("A defendant can be found guilty of [a violation of Title 18, United States Code, Section 2119] only if all of the following facts are proved beyond a reasonable doubt:  First, that the Defendant attempted to take a

---

[2] *Gardner* illustrates the difference between how completed and attempting carjackings are charged and proven in federal court.  Counts Two, Seven, Ten, and Thirteen alleged completed carjackings, and the verdict form required the jury to find the same.  *Indictment*, *Id.*, ECF No. 12 at 2, 4, 6, 7; *Verdict Form*, *Id.*, ECF No. 70 at 2, 4, 6, 8.  Count Sixteen, by contrast, alleged an attempted carjacking.  *Indictment*, *Id.*, ECF No. 12 at 9; *Verdict Form*, *Id.*, ECF No. 70 at 11.

motor vehicle from the person or presence of another"); *Jury Charge*, *United States v. Basham*, No. 4:02-cr-992 (D.S.C. Sept. 29, 2004), Trial Tr. Vol. XII (ECF No. 951) at 197 ("In order for you to find the defendant guilty of this charge, Count One [carjacking resulting in death], the Government must prove four elements beyond a reasonable doubt. Number one, the defendant took a motor vehicle from the person or presence of another.").

Fulks argues the South Carolina pattern jury instructions do not separate an attempt from an actual taking or require the jury to agree on whether the defendant took or attempted to take the car. ECF No. 1722 at 6 (citing Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases*, *District of South Carolina*, at 384–85 (2020 Online Ed.)). South Carolina's jury instructions carry little weight when evaluating the elements of a federal crime prosecuted in all 94 federal districts. But more importantly, the undersigned has not located a single case in which the pattern instructions have actually been used in the District of South Carolina. In the only jury charges the undersigned has identified from this District—including in Fulks' co-defendant's case—the Court has required the jury to unanimously find a completed carjacking where a completed carjacking was alleged in the indictment. *Indictment*, *United States v. Brown*, No. 4:05-cr-770-TLW (D.S.C. July 26, 2005), ECF No. 3 at 1 (alleging the defendants "did take from the person and presence of another, a motor vehicle"); *Jury Instructions*, *Id.*, ECF No. 175 at 18 ("In order for you to find the defendant guilty of this charge [carjacking], the Government must prove four elements beyond a reasonable doubt: (1) the defendant *took a motor vehicle* from the person or presence of another, and/or aided and abetted another in such acts" (emphasis added)); *Superseding Indictment*, *United States v. Basham*, No. 4:02-cr-992-JFA (D.S.C. Apr. 23, 2003), ECF No. 1666-1 (alleging the defendants "did take from the person and presence of another, to wit Alice Donovan, a motor vehicle"); *Jury Trial Transcript*, *Id.*, Tr. Vol. XII at 197 ("In order for you to find the defendant guilty of this charge, Count One [carjacking resulting in death], the Government must prove four elements beyond a reasonable doubt. Number

9

one, the defendant *took a motor vehicle* from the person or presence of another." (emphasis added)). Indictments, jury charges, and verdict forms from throughout the country reflect that carjacking and attempted carjacking are separate offenses.

Fulks also argues that completed and attempted carjacking must be one crime because their penalties are the same. ECF No. 1722 at 6. The Fourth Circuit has expressly rejected this logic. In *Jackson*, the court explained that "while the existence of different penalties for different segments of a statute necessitates finding divisibility, the absence of distinct punishments is not dispositive." 32 F.4th at 286 n.8. This aspect of the statute therefore "provides little guidance" on the question of divisibility. *United States v. Burtons*, 696 F. App'x 372, 378 (10th Cir. 2017) (unpublished).

Statutory structure, indictments, jury charges, and verdict forms all confirm that carjacking and attempted carjacking are separate offenses. The statute is therefore divisible, and the modified categorical approach applies. Fulks' indictment and plea colloquy clearly establish he did not plead guilty to an attempted carjacking. He pleaded guilty to carjacking resulting in the death of Alice Donovan, which necessarily requires at least the threatened use of force. *See United States v. Roof*, 10 F.4th 314, 404 (4th Cir. 2021) ("We are not reviewing an attempt crime; we are reviewing a death-results . . . crime, which by definition is a completed rather than inchoate crime."). *Taylor* is therefore irrelevant to his case.

### 2. *Taylor* does not disturb Fourth Circuit law holding carjacking requires the use, attempted use, or threatened use of force.

*Taylor* does not support Fulks' claim that carjacking is not a crime of violence. Under *Taylor*, "where a crime may be committed by the threatened use of force, an attempt to commit that crime— *i.e.*, an attempt to threaten—falls outside the elements clause." *Alvarado-Linares v. United States*, 44 F.4th 1334, 1346 (11th Cir. 2022). For example, Hobbs Act robbery can be committed by the threatened use of force, so an attempted Hobbs Act robbery could be committed by an attempt to threaten to use force, which is insufficient under *Johnson*. Similarly, carjacking can be committed

10

by the threatened use of force, so—at least in theory—an attempted carjacking could be committed by an attempt to threaten to use force.

*Taylor* does not affect *Evans*, which addressed completed carjacking.[3]  In fact, the Fourth Circuit recognized the distinction between completed and attempted carjacking in *Taylor*.  *United States v. Taylor*, 979 F.3d 203, 208–09 (4th Cir. 2020), *aff'd by Taylor*, 142 S.Ct. 2015.  It explained that "certain crimes of violence – like Hobbs Act robbery, federal bank robbery, and carjacking – may be committed *without* the use or attempted use of physical force because they be committed merely by means of threats."  *Id.* at 208 (citing *Evans*, 848 F.3d at 247).  Evaluating an attempt to commit Hobbs Act robbery, the court concluded that "an attempt to *threaten* force does not constitute an attempt to *use* force," and attempted Hobbs Act robbery is therefore not categorically a crime of violence.  *Id.* at 209.  *Taylor* embraced *Evans*' holding that completed carjacking is a crime of violence; it merely distinguished attempt offenses.

*Taylor*'s rejection of the "realistic probability" test when applying the categorical approach to federal statutes also fails to undermine *Evans*.  In *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), the Supreme Court tested a petitioner's assertion that a state offense had been interpreted to reach conduct beyond the generic offense by looking to state decisional law and asking whether there was a "realistic probability" that the state "would apply its statute to conduct that falls outside" the federal generic definition.  *Id.* at 191–92, 193.  Since *Duenas-Alvarez*, the Fourth Circuit has routinely consulted state law to determine the minimum conduct punishable under state statutes, including any conduct to which there is a "realistic probability, not a theoretical possibility," that a state would apply

---

[3] Fulks argues *Evans* "did not address whether the fact that a carjacking violation can result from an attempted taking means that it is not categorically a crime of violence."  ECF No. 1722 at 7. *Evans* focused on whether the least culpable conduct that would sustain a carjacking conviction— taking a car by intimidation—required a sufficient use of force under the elements clause.  *See* 848 F.3d at 247.  The fact that the court did not address *attempted* carjacking further establishes that carjacking and attempted carjacking are separate offenses.

the law. *See, e.g.*, *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016), *abrogated on other grounds by Stokeling v. United States*, 139 S.Ct. 544 (2019); *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016).

*Taylor* undercuts the use of this analysis when evaluating *federal* statutes, but *Evans* did not base its reasoning on the defendant's failure to identify a case where the federal government prosecuted a carjacking based on something less than the threatened use of force. And although *United States v. McNeal*, 818 F.3d 141, 156 (4th Cir. 2016), which *Evans* cited, did note the defendants hadn't identified a bank robbery prosecution where the victim feared bodily harm based on less than violent force, *McNeal*'s holding was based on the Supreme Court's holding in *Carter v. United States* that the bank robbery statute requires the defendant to know he took property and that his actions were objectively intimidating. *Id.* at 155 (citing *Carter v. United States*, 530 U.S. 255, 268 (2000)). *Taylor* does not undermine *Evans* or *McNeal*. Binding Fourth Circuit precedent establishes that carjacking is a crime of violence. Fulks' §§ 924(c) and (o) convictions are still intact, and his claim should be denied.

**B. Carjacking resulting in death requires a sufficient intent to be deemed a crime of violence.**

Binding Fourth Circuit precedent also forecloses Fulks' claim that carjacking resulting in death can be committed by less than intentional conduct. In *McNeal*, the Fourth Circuit made clear that, "to qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use, or attempted use of physical force." 818 F.3d at 155–56. It determined that "intimidation" under the bank robbery statute met that requirement. *Id.* at 155. Then in *Evans*, the Fourth Circuit held the phrase "by force and violence, or by intimidation" in the carjacking statute is substantively the same as in the bank robbery statute. 848 F.3d at 246–47. And as explained above, *Evans* held carjacking is a predicate crime of violence. *Id.* at 247–48. *Borden* does not affect *McNeal* or *Evans*.

12

In *Borden*, the Supreme Court held an offense that may be committed recklessly lacks a mens rea element sufficient to satisfy the definition of a "violent felony" under the Armed Career Criminal Act. 141 S.Ct. 1817 (2021) (plurality opinion). The ACCA's use of the phrase "physical force against the person of another" "demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner." *Id.* at 1825 (plurality opinion). Instead, the ACCA's force clause is "best understood" to cover crimes involving "a purposeful or knowing mental state—a deliberate choice of wreaking harm on another, rather than mere indifference to risk." *Id.* at 1830 (plurality opinion).

Another court in this District has already rejected the contention that *Borden* compels a finding that carjacking is not a § 924(c) crime of violence. In *Vaughan v. United States*, No. 2:94-cr-511-RMG, 2021 WL 4993537, at *4 (D.S.C. Oct. 27, 2021), the court concluded the 1992 version of the federal carjacking statute could not be committed recklessly. The court recognized that "*Borden* did not change Fourth Circuit law." *Id.*

It looked first to *McNeal*, where the Fourth Circuit concluded "recklessness was not enough" to qualify as a use of force under § 924(c). *Id.* (citing *McNeal*, 818 F.3d at 155). Under *McNeal*, federal bank robbery by intimidation is a crime of violence because "the government must prove not only that the accused *knowingly* took property, but also that *he knew* that his actions were objectively intimidating."[4] *McNeal*, 818 F.3d at 155 (emphasis added). Thus, the Fourth Circuit concluded, federal bank robbery required "*either specific intent or knowledge* with respect to the use, threatened use, or attempted use of physical force." *Id.* at 155–56 (emphasis added).

---

[4] The jury charge from Basham's trial, which Fulks claims shows carjacking can be committed recklessly or negligently, is a red herring. *See* ECF No. 1722 at 10. Basham's trial was in 2004, well before the Fourth Circuit held in *McNeal* that a conviction for robbery committed "by intimidation" requires proof that the defendant knew his actions were objectively intimidating. *See* 818 F.3d at 155. Whether and to what extent Basham's 2004 jury charge comports with *McNeal* and *Evans* is not an issue in Fulks' successive § 2255 motion.

The court in *Vaughan*, like the Fourth Circuit in *Evans*, determined that the "intimidation" required by the carjacking statute is "the same as the 'intimidation' required by the federal bank robbery statute." 2021 WL 4993537, at *5; *see Evans*, 848 F.3d at 246–47. Therefore, *Vaughan* held, "like federal bank robbery, carjacking (1992 version) by intimidation meets the *mens rea* threshold set by *Borden*." 2021 WL 4993537, at *5.

The conditional intent element added to the carjacking statute in 1994 bolsters *Vaughan*'s analysis.[5] The Supreme Court explained in *Holloway v. United States*, 526 U.S. 1, 7–8 (1999), that the carjacking statute allows for conviction with a showing of conditional intent, meaning the defendant was willing to inflict death or serious bodily injury had it become necessary to take the vehicle. The Government must prove that, "*at the moment the defendant demanded or took control of the vehicle*, the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." *United States v. Foster*, 507 F.3d 233, 247 (4th Cir. 2007) (emphasis added). Although the use of force is conditional, the intent requirement is not: In every carjacking case, the defendant must have "unconditionally or conditionally intended to cause death or serious bodily harm." *United States v. Small*, 944 F.3d 490, 498 (4th Cir. 2019) (cleaned up). The carjacking statute's specific intent requirement is sufficient to satisfy *Borden*.

In attempting to argue otherwise, Fulks conflates the *Borden* and *Taylor* issues. He argues that the conditional intent requirement "does not require the use of force," so the statute does not require intentional conduct. ECF No. 1722 at 11. But intent and use of force are two different things, and the absence of one does not equate to the absence of the other. One can intend to use force without actually using it. And one can use force without intending to use it. *Borden* requires intent, and *Small* and *Foster* establish that, at the moment the defendant takes or tries to take a car, he must

---

[5] In 1994, the carjacking statute was amended to add a conditional intent element: "Whoever, *with the intent to cause death or serious bodily harm*, takes a motor vehicle . . . ." Pub. L. 103-322, 108 Stat 1796, 1970 (1994).

14

intend to injure or kill the driver if necessary.[6] *Small*, 994 F.3d at 498; *Foster*, 507 F.3d at 247. *Borden*'s mens rea requirement is satisfied.

Finally, Fulks' efforts to convince the Court that *McNeal* and *United States v. Doctor*, 842 F.3d 306, 311 (4th Cir. 2016), have been abrogated are unavailing. As the Government explained in a previous response, ECF No. 1703 at 4–5, *Doctor* rejected a claim that South Carolina common law robbery can be committed without the intentional use or threat of force and thus is not a predicate crime of violence. In doing so, the court pointed out that the defendant "fail[ed] to cite a single case in South Carolina where a defendant negligently or recklessly used force in the commission of a robbery," which was "unsurprising because the intentional taking of property, by means of violence or intimidation sufficient to overcome a person's resistance, must entail more than accidental, negligent, or reckless conduct." *Id. Doctor* is still good law, and its commonsense point is still valid.

*Taylor* did not reject the use of the "realistic probability" standard when evaluating *state* statutes, which the court in *Doctor* did. Instead, *Taylor* points out that when determining whether the elements of one *federal* law align with those of another, there is no need "to consult how a state court would interpret its own State's laws." 142 S.Ct. at 2025. That reasoning is limited to federal offenses, and *Taylor* does not, as Fulks claims, "reject[] the proposition that a defendant must provide examples to show that a predicate offense is not a crime of violence."[7] ECF No. 1722 at 12. *Taylor* does not undermine *Doctor*, which deals with a state crime. Nor does *Taylor* abrogate another important principle on which *Doctor* relies: the "inquiry into the most innocent conduct, or minimum conduct criminalized by the statute, is not an invitation to apply legal imagination" to an offense. *United*

---

[6] As discussed above, *Evans* establishes that completed carjacking has as an element the use, attempted use, or threatened use of physical force, as required by *Taylor*.

[7] Based on this portion of *Taylor*, however, the Government withdraws its arguments that Fulks must point to a case in which kidnapping resulting in death or carjacking resulting in death was prosecuted despite there being no use, attempted use, or threatened use of physical force. *See, e.g.*, ECF No. 1666 at 23; ECF No. 1703 at 4.

*States v. Rice*, 36 F.3d 578, 580 (4th Cir. 2022) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)) (quotation marks and alteration omitted). In that respect, *Doctor*'s observation that the *intentional* taking of property by force and violence or by intimidation cannot be committed by accidental, negligent, or reckless conduct remains good law.

*Evans*, *Runyon*, *Foster*, and *Small* all establish that carjacking requires the intentional use, attempted use, or threatened use of force. *Borden* does not disturb those holdings, and Fulks' claim should be rejected.

### III. FULKS' §§ 924(c) AND (o) CONVICTIONS ARE STILL VALID BASED ON THE CARJACKING RESULTING IN DEATH PREDICATE.

Fulks' § 2255 motion should be denied because carjacking resulting in death is a § 924(c) predicate crime of violence supporting his §§ 924(c) and (o) convictions. Fulks admitted his legal and factual guilt of the still-valid predicate of carjacking resulting in death. There is no possibility his §§ 924(c) and (o) convictions rest solely on an invalid predicate, and any error resulting from reliance on the kidnapping resulting in death predicate is necessarily harmless.

Since the Supreme Court struck down the § 924(c) residual clause in *United States v. Davis*, 139 S.Ct. 2319 (2019), courts across the country—including the Fourth Circuit—have upheld § 924(c) convictions as long as they are sustained by at least one valid predicate. *See, e.g.*, *United States v. Crawley*, 2 F.4th 257, 267 (4th Cir. 2021); *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021); *Granda v. United States*, 990 F.3d 1272, 1280 (11th Cir. 2021); *United States v. Reed*, 48 F.4th 1082 (9th Cir. 2022). Fulks' attempts to argue his §§ 924(c) and (o) convictions were not based, at least in part, on carjacking resulting in death should be rejected.

Fulks erroneously relies on *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) (en banc), and *United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012), to argue the only predicate to which he admitted was kidnapping resulting in death. Both cases are distinguishable. In *Vann*, the defendant was charged "in a single charging document with alternative types of conduct in the conjunctive,"

and he did not plead guilty, separately, to any one of the alternatives. 660 F.3d at 774. The court held "a guilty plea admits all the elements of a formal criminal charge," and "the formal criminal charge" is "nothing more than the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive." *Id.* at 775. In *Chapman*, the defendant pleaded guilty to a statute with two subsections without specifying which he violated. 666 F.3d at 227. Relying on *Vann*, the Fourth Circuit held that "when a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." *Id.* at 228. Neither case helps Fulks.

First, unlike in *Vann* and *Chapman*, there is no "least serious" offense contained in Fulks' statutes of conviction—§§ 924(c) and (o). The statutes describe a single crime: using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). A defendant who pleads guilty to violating § 924(c) or § 924(o) is guilty of the same offense and subject to the same penalty regardless of the predicate supporting the conviction. *Vann* and *Chapman* do not support Fulks' claim that a defendant admits only to the least serious *predicate* charged in a § 924(c) count.

Second, in both *Vann* and *Chapman*, the Fourth Circuit applied an interpretive rule in the absence of any evidence that established the offense to which the defendant had pleaded guilty. The question in *Vann* was whether a guilty plea "necessarily" admitted to "all allegations charged conjunctively" where the defendant did not expressly admit to all of those allegations. 660 F.3d at 774. Fulks' case is different because he *did* expressly admit to all of the allegations: the record confirms he knowingly and voluntarily agreed to plead guilty to the §§ 924(c) and (o) charges based on both kidnapping resulting in death and carjacking resulting in death.

The FBI 302 relied upon to support Fulks' guilty plea establishes that he pleaded guilty to the §§ 924(c) and (o) charges based on both offenses. The two predicates rested on the same operative

facts and a single set of events.  During the change-of-plea hearing, both the Court and Fulks' counsel

acknowledged that the offenses were inextricably intertwined:

> The Court:  Well, the plea is all or nothing.
> Mr. Nettles:  That's right.
> The Court:  If he pleads guilty to count 1, he's pleading guilty to count 2 as well.
> Mr. Nettles:  Right.

Tr. of Change-of-Plea Hearing at 29 (D.S.C. May 4, 2004).  The Court noted "the 302 form by Mr.

Fulks admits that he was involved in helping abduct Ms. Donovan and take her car, so he has admitted

his complicity in car-jacking and kidnapping."  *Id.* at 66–67.  It found a factual basis for the plea as

to both kidnapping resulting in death and carjacking resulting in death.  *Id.* at 100.

In an effort to escape this conclusion, Fulks goes so far as to argue the §§ 924(c) and (o)

convictions were based only on the kidnapping, not the carjacking, because "the 302 establishes that

Mr. Fulks did not assist in the taking of the car, did not know that it was going to occur, and did not

possess a firearm when it did occur."  ECF No. 1722 at 16.  He claims his "involvement in the

kidnapping was much more prominent than his involvement in the carjacking," so "the kidnapping is

the probable predicate offense."  *Id.* at 15.  To the extent Fulks is trying to minimize his culpability

for—or suggest that he did not actually commit—carjacking resulting in the death of Alice Donovan,

this Court should roundly reject his effort.  Fulks pleaded guilty to carjacking resulting in death.  The

Court found his plea was knowing and voluntary, and his conviction has repeatedly been affirmed.

Fulks cannot now argue that his §§ 924(c) and (o) convictions rested on the kidnapping, but not the

carjacking, because he was somehow "less guilty" of the carjacking resulting in death.  "Logic and

the record show that they were inextricably intertwined."  *Reed*, 48 F.4th at 1091.  Fulks is guilty of

both predicates, and both predicates supported the §§ 924(c) and (o) convictions.

Third, Fulks continues to offer no authority to support his contention that kidnapping resulting

in death is a less serious offense than carjacking resulting in death.  Both crimes are punishable by up

to life in prison or death.  *See* 18 U.S.C. § 1201(a); 18 U.S.C. § 2119(3).  There is no basis to conclude

kidnapping resulting in death is a less serious offense. "As such, even if the Court were forced to consider only the 'least serious' charge to which [Fulks] may have pleaded guilty, there is no winner and no loser." *Castellon v. United States*, 435 F. Supp. 3d 694, 699 (W.D.N.C. 2020) (noting two predicates had same statutory punishment and were subject to the same Sentencing Guideline). "The Court cannot arbitrarily pick one over the other to suit [Fulks'] purposes." *Id.*

Courts have repeatedly rejected claims—like Fulks'—that they should assume §§ 924(c) or (o) convictions were based only on now-invalid predicates. *See, e.g.*, *United States v. Foye*, No. 16-4659, 2022 WL 521722, at *1 (4th Cir. Feb. 22, 2022) (rejecting defendant's claim that "for the purposes of § 924(c), he only admitted to the allegedly less serious predicate offense"). In *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021), the Fourth Circuit held "a § 924(c) conviction based on one valid and one invalid predicate remains sound," and that holding extends "to cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." *See also United States v. Ogun*, Nos. 16-7450, 20-6578, 2022 WL 843899, at *2 (4th Cir. Mar. 22, 2022) (holding the Fourth Circuit "will uphold a § 924(c) conviction if it is 'expressly predicated' on at least one offense that categorically qualifies as a crime of violence or drug trafficking crime," and explaining that courts can look to "the indictment, the plea agreement, the statement of facts, and the plea colloquy"). Fulks argues his case is different because there is no written plea agreement "expressly establishing which crime served as a predicate offense for the § 924 convictions." ECF No. 1722 at 14.

But the Superseding Indictment, 302, and plea colloquy make clear that the convictions were based on both offenses. *See* ECF No. 1666-1 at 10–11 (Superseding Indictment) (alleging §§ 924(o) and (c) violations were predicated on Counts One and Two (kidnapping and carjacking resulting in death)); Tr. of Change-of-Plea Hearing at 66–67 (The Court: Mr. Fulks "has admitted his complicity in car-jacking and kidnapping."); *id.* at 165–66 (Mr. Gasser: "With regard to count 5, we – it's the

19

government's position that the 302 and the government's presentation account for the three elements . . . ." Mr. Nettles: "We would agree that the 302 establishes guilt under that – under this crime."); *id.* at 166–67 (Mr. Nettles: "I think the 302 establishes all of these elements [on Count Six], Judge."); *id.* at 190 (The Court: "Having been through all of that, do you still want to plead guilty to all eight counts of the indictment against you?" Fulks: "Yes, sir.").

In similar circumstances, courts have found § 924 convictions supported by the still-valid predicates. For example, in *United States v. Dickerson*, No. 3:09-cr-283, 2020 WL 954973, at *2 (E.D. Va. Feb. 27, 2020), *aff'd sub nom.*, *Ogun*, 2022 WL 843899, the defendant was charged with a § 924(c) violation based on Hobbs Act robbery and Hobbs Act conspiracy. He pleaded guilty to the § 924(c) charge but not the underlying Hobbs Act offenses. *Id.* After *Davis*, he argued his § 924(c) conviction is invalid because the predicate was not specified in his plea agreement. *Id.* He urged the court to assume the conviction was based on the least serious charged predicate (which, he claimed, was Hobbs Act conspiracy). *Id.* The Eastern District of Virginia rejected the defendant's claim, reasoning that the record did not establish "that the government intended to narrow or amend the predicate offenses supporting [the § 924(c) count] in the indictment through the plea agreement." *Id.* The court noted it "has previously looked to the predicate offenses included in the indictment when the plea agreement did not specify the predicate offenses for the § 924(c) charge." *Id.* Based on the indictment and the defendant's admissions in the statement of facts supporting the guilty plea, the court found the § 924(c) conviction was based on both Hobbs Act robbery and Hobbs Act conspiracy. *Id.*; *see also Suttles-Barden v. United States*, No. 3:16-cv-438, 2020 WL 1061222, at *4–5 (W.D.N.C. Mar. 4, 2020) (rejecting claim that §§ 924(c) and (o) convictions were based only on Hobbs Act conspiracy under *Vann* and *Chapman* where indictment alleged Hobbs Act conspiracy, drug trafficking conspiracy, and §§ 924(c) and (o) violations based on both offenses, and defendant pleaded guilty to all four offenses). Fulks' case is indistinguishable.

20

Fulks pleaded guilty to the still-valid predicate of carjacking resulting in death. His §§ 924(c) and (o) convictions therefore remain intact, and he is not entitled to relief.

## IV.   CONCLUSION

Fulks pleaded guilty to the §§ 924(c) and (o) charges based on both the kidnapping and the carjacking resulting in the death of Alice Donovan. Carjacking resulting in death is a § 924(c) predicate crime of violence: it requires the intentional use, attempted use, or threatened use of force. Fulks' §§ 924(c) and (o) convictions are therefore valid even if kidnapping is no longer a predicate, and Fulks' motion should be denied. However, as discussed in the Government's earlier responses, should the Court vacate these convictions, the appropriate remedy would be to vacate their accompanying sentences, not to award Fulks a new penalty phase of his trial.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: */s/Kathleen Michelle Stoughton*
Kathleen Michelle Stoughton
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel.    (803) 929-3114
Fax.    (803) 254-2912
Email: Kathleen.Stoughton@usdoj.gov

October 19, 2022

21