# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | **CAPITAL CASE** |
| | ) | |
| Defendant-Petitioner. | ) | |

**PETITIONER'S (Basham) REPLY IN SUPPORT OF HIS SUPPLEMENTAL MEMORANDUM OF LAW REGARDING THE IMPACT OF *UNITED STATES V. TAYLOR* AND THE FOURTH CIRCUIT COURT OF APPEALS' ORDER IN *UNITED STATES V. DICKERSON* AND *UNITED STATES V. OGUN***

JON M. SANDS
Federal Public Defender

Leticia Marquez
Lindsey Layer
Assistant Federal Public Defenders
407 W. Congress Street, Suite 501
Tucson, Arizona 85701
Tel: (520) 879-7614
Leticia_Marquez@fd.org
Lindsey_Layer@fd.org


*Attorneys for Petitioner*

TABLE OF CONTENTS

I.     Introduction and Relevant History ...................................................................1

II.    Carjacking resulting in death is not a predicate crime of violence pursuant to
       18 U.S.C. § 924(c) .........................................................................................3

       A.     *Evans* is abrogated by *Taylor* and does not control in this case ...........3

       B.     Carjacking resulting in death fails to meet *Borden's* mens rea
              requirement.................................................................................5

III.   Conclusion .....................................................................................6

Brandon Basham, a condemned inmate in the custody of the United States, respectfully submits this reply in support of his 28 U.S.C. § 2255 motion pursuant to this Court's orders regarding the impact of *United States v. Dickerson*, *United States v. Ogun*, and *United States v. Taylor* on this case. (ECF Nos. 1710, 1717.)

## I. Introduction and Relevant History

Since the 2016 filing of Mr. Basham's successive § 2255 motion based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) (ECF No. 1615), there is no doubt the Supreme Court has moved in a single direction in this area; that is, to narrow the construction of the force clause of 18 U.S.C. § 924(c)(3)(A)[1]. *See Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *United States v. Davis*, 139 S. Ct. 2319 (2019); *Borden v. United States*, 141 S. Ct. 1817, 1832 (2021) (plurality opinion); *United States v. Taylor*, 142 S. Ct. 2015 (2022).

Mr. Basham was convicted of carjacking resulting in death pursuant to 18 U.S.C. § 2119(3), and kidnapping resulting in death pursuant to 18 U.S.C. § 1201. *See United States v. Basham*, 561 F.3d 302, 314 (4th Cir. 2009). In addition, he was convicted of conspiracy to use and carry firearms during and in relation to crimes of violence and using a firearm during and in relation to a crime of violence, pursuant

---

[1] The Fourth Circuit followed suit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

1

to 18 U.S.C. § 924(o) and 924(c), respectively. *Id*. The underlying crimes of violence were the kidnapping resulting in death and carjacking resulting in death convictions.

Over a series of briefs before this Court, Mr. Basham argued that his 18 U.S.C. § 924(c) and § 924(o) convictions should be vacated because *Johnson*, and the Supreme Court's decisions that followed, have invalidated the statute's "residual clause" and furthermore, his convictions cannot be upheld under the "force clause," therefore he should be resentenced. Although the Government has argued that both the kidnapping resulting in death and the carjacking resulting in death convictions support the 18 U.S.C. § 924(o), and (c) convictions, now the Government presumes without conceding that "kidnapping resulting in death no longer qualifies as a crime of violence." (ECF No. 1705 at 5–6; ECF No. 1729 at 4.) The only outstanding issue is whether the single remaining predicate felony, carjacking resulting in death, qualifies as a crime of violence under what is left of 18 U.S.C. § 924. *See Mills v. Maryland*, 486 U.S. 367, 376 (1988) ("With respect to findings of guilt on criminal charges, the Court consistently has followed the rule that the jury's verdict must be set aside if it could be supported on one ground but not on another, and the reviewing court was uncertain which of the two grounds was relied upon by the jury in reaching the verdict." (internal citations omitted)).

In addition to the arguments set forth herein, Mr. Basham relies on the arguments and authorities set forth in his prior pleadings. (*See* ECF Nos. 1616, 1634, 1669, 1679, 1706, 1723.)

**II.    Carjacking resulting in death is not a predicate crime of violence pursuant to 18 U.S.C. § 924(c)**

**A.    *Evans* is abrogated by *Taylor* and does not control in this case**

The Government relies on *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017),[2] for its proposition that carjacking resulting in death cannot be accomplished without the use, attempted use, or threatened use of force. However, the Fourth Circuit decided *Evans* without the benefit of the Supreme Court's guidance and reasoning in *Dimaya*, *Davis*, *Borden*, and *Taylor*. In fact, as the Government acknowledges (ECF No. 1729 at 2-3), the Supreme Court did not declare § 924(c)'s residual clause unconstitutionally vague until its decision in *Davis*. *See* 139 S. Ct. at 2323-24. Any reliance on *Evans*, in light of the Supreme Court's more recent decisions, would be erroneous.

The Supreme Court's rejection of an empirical approach in *Taylor*, abrogates *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), and therefore *Evans*, which

---

[2] The Government also relies on *United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021), which also held that carjacking was a crime of violence under the force clause, however that panel only cited to *Evans* as precedent and failed to set out its reasoning on whether use of force and violence required the purposeful or knowing use of force. *Id*. at 201.

relies on *McNeal*'s now-rejected analysis.[3] Despite the fact that *Taylor* undermined the *Evans* panel's analysis, the Government argues that this does not abrogate *Evans* because the *Taylor* predicate felony was an attempted crime and Mr. Basham was not convicted of an attempted crime. However, similar to the predicate felony in *Taylor*, here, a defendant can be convicted of carjacking for attempting to take a car. In fact, the prosecutor during closing gave the following jury instruction in this case:

> In order for you to find the defendant guilty of this charge, count one, the Government must prove four elements beyond a reasonable doubt.
>
> Number one, the defendant took a motor vehicle from the person or presence of another.
>
> Number two, the motor vehicle had been transported, shipped, or received in interstate or foreign commerce.
>
> Number three, the taking was done *or attempted* by force and violence or by intimidation. and, number four, while taking the motor vehicle, the defendant intended to cause death or serious bodily harm.

(R.T. Sept. 29, 2004 at 196–98) (emphasis added.) The plain meaning of this instruction is that either a completed *or attempted* carjacking is enough to satisfy the third element, as described. Because a defendant can satisfy the carjacking statute with an attempt, the statute does not constitute a crime of violence. *See Taylor*, 142 S. Ct. 2021.

---

[3] In fact, the government withdraws its augment based on the use of any realistic probability tests. (ECF No. 1729 at 8 n.3.)

While the Fourth Circuit held that carjacking was a crime of violence under the force clause in *Evans*, this determination does not survive the reasoning in *Taylor*. In *Evans*, the Court concluded that carjacking by force and violence requires the use of violent physical force and carjacking by intimidation requires the threatened use of such force, but failed to analyze whether a carjacking can result from an attempted taking that would not be a crime of violence. *Evans*, 848 F.3d at 247–48.

**B.      Carjacking resulting in death fails to meet *Borden*'s mens rea requirement**

*Borden* holds that a potential predicate offense cannot be a crime of violence under § 924(c)(3)(A)'s force clause unless it requires that the use, attempted use, or threatened use of force be knowingly or purposefully employed. *See Borden*, 141 S. Ct. at 1825. Under a *Borden* analysis, carjacking is not a crime of violence because it does not require the knowing or purposeful use, threatened use, or attempted use of force. This supports the conclusion that *Evans* is further abrogated by *Borden* as well as by *Taylor*.

In *Evans* the Court failed to consider whether carjacking accomplished by force and violence included a reckless mens rea. 848 F.3d at 247–48. It further failed to consider whether intimidation, in the context of a carjacking, included a threat of force; it did not address the level of intent needed under this definition. *Id.* Because *Borden* requires a purposeful or knowing threat of violent force before carjacking

5

can serve as a crime of violence, the *Evans* court's analysis regarding intimidation does not survive.

Since carjacking requires only conditional intent, i.e., the intent to use force should it become necessary to take the car, carjacking can be established through the reckless or negligent use of force or intimidation and is not a crime of violence under *Borden*. In fact, the Government's instruction to the jury as to intent supports this argument:

> The Government may also meet its burden as to the intent element by proving, at the moment the defendant demanded or took control of the vehicle, that the defendant possessed the intent to seriously harm or kill the victim, if necessary, to steal the car. *The Government need not prove that the defendant actually intended to cause the harm*; it is sufficient that the defendant was conditionally prepared to act if the victim failed to relinquish the car.

(R.T. Sept. 29, 2004 at 200.) (emphasis added)

Carjacking does not satisfy this requirement because it only requires conditional intent, i.e., "that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car" *Holloway v. United States*, 526 U.S. 1, 12 (1999)

It is clear that conditional intent to use force does not require the use of force. Carjacking remains an invalid predicate offense under *Borden*.

## III.  Conclusion

The *Mills* Court warned that "[u]nless we can rule out the substantial possibility that the jury may have rested its verdict on the "improper" ground, we

must remand for resentencing." 486 U.S. at 377. The Court further clarified that "[i]n reviewing death sentences, the Court has demanded even greater certainty that the jury's conclusions rested on proper grounds." *Id*. at 376-77 (emphasis added) (citing *Lockett v. Ohio*, 438 U.S. 586, 605 (1978) ("[T]he risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty . . . is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments")). This Court cannot rule out this probability in Mr. Basham's case, therefore he must be resentenced.

For the foregoing reasons, as well as those set forth in prior pleadings, Mr. Basham respectfully requests that this Court grant his § 2255 motion for relief from his unconstitutional convictions and that his death sentence be vacated, and a new penalty phase be ordered.

Respectfully submitted this 17th day of November, 2022.

> Jon M. Sands
> Federal Public Defender
> Leticia Marquez
> Lindsey Layer
> Assistant Federal Public Defenders
>
> By /s/ Leticia Marquez
> Counsel for Defendant-Petitioner

I hereby certify that on this 17th day of November, 2022, I electronically filed the foregoing Petitioner's (Basham) Reply in Support of his Supplemental Memorandum of Law Regarding the Impact Of *United States v. Taylor* and the Fourth Circuit Court of Appeals' Order in *United States v. Dickerson* and *United States v. Ogun* with the Clerk's Office by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service of this document will be accomplished by the CM/ECF system.

/s/Leticia Marquez
Assistant Federal Public Defender
Federal Public Defender's Office
District of Arizona